# Exhibit E

*CFPB Response by Amy Dale – Misrepresentation of Communication*

This exhibit contains the official response issued by Amy Dale, Senior Vice President of Customer Service for New American Funding (NAF), to the Consumer Financial Protection Bureau (CFPB) in response to Complaint No. 250319-19425105.

In her April 7, 2025, statement, Ms. Dale falsely claims that the Plaintiff's authorized representative, Mr. Audury Petie Davis, was impersonating his mother and using multiple unidentified email addresses. This is demonstrably untrue and contradicted by prior emails between Ms. Dale and Mr. Davis, as well as formal authorization provided in Exhibit A.

The misrepresentation to a federal agency reflects an intentional attempt to discredit the Plaintiff's complaint and obstruct scrutiny into the mishandling of the loan process. It also supports Plaintiff's motion for discovery regarding internal communications and formal interrogatories of Amy Dale, to evaluate her actions and statements under oath.

 Consumer Financial Protection Bureau (https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

# 250319-19425105
CLOSED

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
| --- | --- | --- |
| Submitted to the CFPB on 3/19/2025 | Mortgage | Applying for a mortgage or refinancing an existing mortgage |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

### YOUR COMPLAINT

Here is the finalized and structured CFPB complaint in a professional and legal format:
—— Consumer Financial Protection Bureau (CFPB) Complaint Against New American Funding (NAF) Company Information New American Funding Corporate Office: 14511 Myford Road, Suite 100, Tustin, CA 92780 Customer Service: (800) 450-2010 Loan Officer: Shawn Wainwright Supervising Executive: Jason Miller, Branch Manager —— Complaint Summary I applied for an FHA Cash-Out Refinance loan with New American Funding (NAF) for my property located at 1823 State Street, Harrisburg, PA 17103. Throughout this process, I have fully complied with all lender requests and provided all required documentation. Despite this, NAF has engaged in deliberate delays, contradictory statements, and regulatory violations, obstructing my ability to complete my refinance and causing financial harm. On March 12, 2025, at 8:37 AM, my loan officer, Shawn Wainwright, left a voicemail confirming that my employment verification was completed and that my file was moving forward. However, later that same day, NAF falsely claimed they had "no update available" on my loan, directly contradicting Wainwright's voicemail. On March 12, 2025, I formally requested the immediate release of my FHA Case Number and Appraisal Transfer Code in accordance with HUD Mortgagee Letter 2009-40, which explicitly states that lenders must transfer the FHA case number upon borrower request. NAF unlawfully refused to comply. On March 13, 2025, I received a phone call from Shawn Wainwright, during which he admitted that he "dropped the ball" on my loan processing, apologized for the delays, and assured me that my mother's loan was moving forward. On March 14, 2025, I received an email from Wainwright stating that my file had been reassigned to the Processing Manager and that "upper management is aware" of my concerns. Despite this acknowledgment, no resolution was provided, and I continued receiving vague and contradictory responses. On March 18, 2025, Jason Miller, Branch Manager at NAF and Wainwright's supervisor, contacted me for the first time, claiming he was "just now hearing about this" and that he would assist with resolving the issue. This directly contradicts Wainwright's March 14 email, which stated that upper management was already aware. This further demonstrates New

American Funding's internal communication failures, delays, and neglect in handling my refinance. Additionally, NAF's customer service agent, Carlos, refused to provide contact information for their compliance department, obstructing my ability to escalate the issue to regulatory authorities. This pattern of misconduct has caused financial harm, unnecessary delays, and significant distress, as detailed in the following timeline. ——— Timeline of Events January 31, 2025 • Loan disclosures were sent for review and e-sign. February 3, 2025 • Interest rate locked at 7.25%, with an expiration date of March 20, 2025. February 5, 2025 • Signed and acknowledged a changed circumstance document, confirming intent to proceed. February 18, 2025 • Appraisal was completed and uploaded to the loan portal. • No official repair requirements were documented, violating FHA loan processing rules. March 11, 2025 • Follow-up email sent requesting a loan status update. • No response from NAF. March 12, 2025 (8:37 AM) • Loan officer Shawn Wainwright left a voicemail confirming that employment verification was completed and that my file was moving forward. March 12, 2025 (Later That Day) • NAF falsely claimed they had "no update available" on my loan, contradicting Wainwright's voicemail. March 12, 2025 (Formal FHA Case Number Request) • Formally requested the immediate release of my FHA Case Number and Appraisal Transfer Code per HUD Mortgagee Letter 2009-40. • Request was unlawfully denied. March 13, 2025 • Received a phone call from Shawn Wainwright, where he admitted he "dropped the ball" on my loan processing, apologized, and assured me my mother's loan was moving forward. March 14, 2025 • Received an email from Wainwright stating that my file was reassigned to the Processing Manager and that upper management was aware of my concerns. • Despite this, no corrective action was taken, and my loan continued to face delays. March 18, 2025 • Jason Miller, Branch Manager at NAF and Wainwright's supervisor, contacted me for the first time, claiming he was "just now hearing about this." • This contradicts Wainwright's March 14 email, which stated that upper management was already aware. • This demonstrates further delays, internal miscommunication, and mismanagement by NAF. ——— Relief Sought 1. Monetary Compensation • Compensation for financial harm, emotional distress, and increased costs due to delayed loan processing. • Reimbursement for any financial damages, including lost time and opportunities caused by NAF's mishandling. 2. Fair Market Interest Rate & Immediate Closing • NAF must honor a new, fair market interest rate BELOW my previous locked-in rate of 7.25%, considering the delays were entirely their fault. • NAF must immediately approve and close my loan at the newly negotiated lower rate. 3. Formal Investigation & Compliance Review • CFPB should investigate NAF's failure to comply with HUD guidelines, their refusal to transfer my FHA Case Number, and the internal mismanagement that caused these delays. 4. Formal Written Response from NAF's Compliance Department • NAF must provide: • Underwriting notes • Internal communications • A documented explanation for the excessive delays and contradictory statements made by loan officers and executives. ——— Conclusion This complaint highlights severe negligence, non-compliance with HUD/FHA guidelines, and unethical business practices by New American Funding. Their failure to handle my refinance in a timely and compliant manner has caused unnecessary distress and financial uncertainty. I respectfully request immediate action to resolve these violations. ——— This document is ready to be submitted. If you need any final adjustments, let me know. Otherwise, copy and paste it into the CFPB complaint submission form.

**ATTACHMENTS**

| | | | | |
|---|---|---|---|---|
| FHA_Application_of_Unused_Escrow_Funds.pdf (92.2 KB) | Lock-In_Agreement.pdf (102.7 KB) | IMG_2591.jpeg (1 MB) | Maryann Butler.zip (1.8 MB) | D 2 W 2 (7 |

View full complaint ⊕

✓ Sent to company



**STATUS**

Sent to company on 3/19/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✅ Company still working

**STATUS**

Company response is in progress as of 4/3/2025

**The company has responded that it is still working on your issue**

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

New American Funding is currently researching into this matter and need additional time to complete our review and provide our findings. Thank you in advance for your understanding. Respectfully, Customer Service Management

## ✅ Company responded

**STATUS**

Company responded on 4/7/2025

**RESPONSE TYPE**

Closed with explanation

### Company's Response

Consumer Financial Protection Bureau RE: Complaint No. 250319-19425105 / Maryann Butler To Whom It May Concern, New American Funding, LLC ("NAF") is responding to the complaint filed by Maryann Butler. In researching this matter, our records indicate in February 2025, Ms. Butler contacted NAF regarding a cash-out refinance of her subject property located at 1823 State Street, Harrisburg, PA 17103. Loan Consultant, Mr. Wainwright, was assigned to assist with the loan inquiry. Mr. Wainwright had initially been communicating with Ms. Butler's son, Mr. Davis, who stated he was assisting his mom with the loan process. During some of their calls, Mr. Davis advised the loan consultant he would place a separate call to Ms. Butler, then join or add her on the call. They were seeking assistance to pay off and consolidate debt. Ms. Butler gave Mr. Wainwright her authorization to go through her son for communications for her refinance. During the initial phone conversation, information was obtained including income, assets, and employment information. Ms. Butler agreed to having her consumer credit report obtained. The loan program discussed was for an FHA 20-year fixed rate cash-out refinance of the subject property. Ms. Butler was also advised an appraisal of the subject property would be needed, and she would be required to make payment directly to the appraisal management company for the appraiser's services. Ms. Butler had also been advised once the appraisal service had been provided by a third-party licensed FHA appraiser, the fee would be non-refundable. Ms. Butler was conditionally pre-approved for a loan, however, this was not a guarantee that the loan would close or fund, as NAF would need to verify all the information Ms. Butler provided at the initial stage of the loan process. A written verification of employment ("WVOE") was also part of the loan process. Initially there was a Pin No. needed to verify employment. Mr. Wainwright spoke with Mr. Davis regarding the Pin No needed. He eventually provided this information to verify employment. When NAF received the WVOE from Ms. Butler's

employer, it reflected she did not have a 24-month employment history. This was an FHA requirement to obtain the FHA financing. Mr. Wainwright informed Ms. Davis regarding the employment requirement and NAF needed her previous employer information. Mr. Davis then advised Ms. Butler wanted to start another job with another company doing the same type of work as the current employer. Mr. Wainwright advised Mr. Davis to have Ms. Butler hold off with the new job switch due to the loan transaction and wait until her loan closes. Ms. Butler agreed to wait until the transaction was completed to switch to a new employer. In the meantime, the job verification from Ms. Butler's previous employer took slightly longer than expected. The loan was suspended by Underwriting due to Debt-to-Income ("DTI") ratio and while waiting for the verification from the previous employer. We needed paystubs from Ms. Butler's prior employer and most recent 30 days of employment to be able to meet the 24-months FHA requirement. Prior to receiving the complaint with the BBB, Mr. Davis sent an email to NAF requesting a copy of the appraisal and FHA case number released. The Sales Manager, Mr. Miller, responded to his email, advising he would be happy to assist with the request and asked for the new Lender's contact information, however, Mr. Davis would not provide this information. On 3/31/2025, I sent an email to Ms. Butler to advise FHA requirement 24-months employment to be eligible for FHA financing, and explained NAF needed paystubs from her prior employer and most recent 30 days of employment to be able to meet the 24-months FHA requirement. Ms. Butler was further advised once received, NAF would restructure her loan and more forward to determine if her loan meets the requirement. I included a copy of the email that contained the home appraisal and advised it was initially sent to her on 2/18/2025. Ms. Butler was further advised that NAF was unable to provide her with a closing date, as we had not obtained full loan approval, since we were still waiting for her to provide the documents needed to proceed. Mr. Davis began responding to me from a different email address than what was on file. On 2/18/2025, a copy of the appraisal of the subject property had been sent by email to Mr. Davis, as he was sending and replying to emails using Ms. Butler's email address on file. The report was also completed "subject to" repair work needed of all chipped paint, which meant that the chipped paint needed to be corrected, and a subsequent follow up appraisal inspection would be required to confirm the work was completed. On Thursday, 4/3/2025, I sent an email to Ms. Butler and Mr. Davis, regarding the FHA Case Transfer request to a new lender that Ms. Butler wished to proceed with. There is information NAF will require to be able to transfer the FHA case number and appraisal. Without this information, we are unable to complete the transfer request. Once the information is provided, we can proceed with the transfer. We hope this has addressed all concerns related to this matter and we were unable to finalize Ms. Butler's home financing needs. Please let us know if we can be of further assistance. Respectfully, Amy Dale Amy Dale SVP, Customer Service

## ✓ Feedback provided

**STATUS**
Feedback provided on 4/7/2025

### Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**
No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**
No

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**
No

**ADDITIONAL COMMENTS**
The response is factually misleading and incomplete. No loan, including the Plaintiff's, proceeds to lock, appraisal, payoff, and disclosures without verified income. I have voicemail (Exhibit O1) confirming verification on March 12. They requested paystubs AFTER that date (Exhibit Z). Screenshots confirm I was blocked from email (Exhibit T). Loan docs list payoffs and reserves (Exhibit Y), which require verified underwriting. No Notice of Incompleteness was issued. I reject their response due to misrepresentation and negligent processing. Full rebuttal with exhibits is retained for legal and agency review.

### What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).
- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.
- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

### ⊗ Closed

The CFPB has closed your complaint.

---

**Privacy Act Statement**

**OMB #3170-0011**

**Note on user experience**

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

 An official website of the United States Government