**Verified Motion to Expedite Discovery**
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



Audury Petie Davis,
Plaintiff,
v.
New American Funding,
Defendant.

Case No. 1:25-CV-690

**MOTION TO EXPEDITE DISCOVERY**

COMES NOW, Plaintiff Audury Petie Davis, pro se, and respectfully moves this Honorable
Court to expedite discovery in the above-captioned matter, pursuant to Federal Rule of Civil
Procedure 26(d), and in support thereof states as follows

## 1. Legal Basis and Good Cause

Good cause exists here under Rule 26(d) (1) because there is imminent risk of spoliation of
digital evidence and potential harm to other FHA borrowers similarly situated. Defendant,
as a freely backed lender, is subject to heightened regulatory duties of care, and the issues
raised may implicate broader patterns of misconduct affecting the public interest. Therefore,
early judicial intervention is both reasonable and necessary to prevent further prejudice,
preserve key evidence, and ensure the efficient administration of justice.

## 2. Spoliation and Misrepresentation

Plaintiff has submitted evidence of key digital communications being withheld, delayed, or
bounced back without explanation. Verified digital records contained on Exhibit F2,
including voicemail and transcript materials, reveal inconsistent statements,
misrepresentations, and critical omissions related to the loan file and authorization process.

A bounce-back occurred on March 19, 2025, just one day before the Plaintiff's rate lock was
set to expire, showing that Defendant obstructed communication at a time when access to
accurate loan terms and case escalation was essential. This is documented in Exhibit D. A
second bounce-back was triggered on April 17, 2025, following Plaintiff's good faith
submission of a legal preservation request. That message was also ignored and returned
undelivered, as shown in Exhibit D2. These events support a credible concern that
Defendant's actions were not accidental but part of a broader pattern of digital evasion.

Contained within the Verified USB is an authenticated voicemail from Defendant's loan officer, referenced in Exhibit F2. The recording directly contradicts the Defendant's position by confirming Plaintiff's role and standing. The voicemail, along with the pattern of missed or blocked communications, shows that evidence central to this case is at risk of being concealed, altered, or deleted.

Expedited discovery is therefore necessary to preserve this material evidence, confirm its chain of custody, and allow the Court to evaluate the conduct of all involved parties before the opportunity for further concealment arises.

## 3. Regulatory Exposure and Urgency

Defendant operates as an FHA-approved mortgage lender and is therefore subject to strict federal oversight, including compliance with HUD Handbook 4000.1 and associated electronic document retention standards. Plaintiff has identified specific conduct by Defendant that raises concern for violations of these federal obligations, including the use of unsecured email to transmit sensitive borrower documents and the failure to maintain consistent communications through the designated loan portal. (See Exhibit O)

The pattern of off-portal transmissions, unexplained document handling, and delayed or blocked responses indicates more than administrative error. These actions may signal broader compliance deficiencies with implications for other FHA borrowers under Defendant's servicing authority. Given the federal nature of the Defendant's lending status, these practices carry risk beyond the immediate harm to Plaintiff and may implicate systemic issues affecting consumer protection and HUD reporting requirements.

Plaintiff submits that expedited discovery is necessary to uncover the extent of these violations, prevent further concealment of internal protocols, and allow the Court to promptly assess the scope and gravity of Defendant's regulatory misconduct.

Exhibit O was originally submitted as part of Plaintiffs Notice of Urgency Addendum and now formally incorporated into this Verified Motion to Expedite Discovery to support both judicial screening and discovery intervention.

## 4. Request for Relief

Plaintiff respectfully requests that this Court grant limited expedited discovery under Rule 26(d)(1) and issue an order requiring Defendant to produce, within seven to fourteen days of the Court's ruling, the following materials directly related to the allegations in this case:

a) All internal emails, chat logs, or written communications between Defendant's loan officers, branch managers, underwriters, and compliance staff regarding Plaintiff's loan file from January 1, 2025 through May 1, 2025

b) All document retention logs, internal audits, or compliance reports related to the handling, transmission, or storage of Plaintiff's documents, whether through the portal, unsecured email, or any third-party vendor system

c) All digital audit trails, logs, or access records for any third-party platforms or communication systems used during the processing of Plaintiff's loan application, including but not limited to Floify, Blend, or internal CRM platforms

This request is narrowly tailored to evidence already referenced in the Verified Exhibits and is made in good faith to prevent further delay, mitigate evidentiary loss, and protect judicial efficiency. The scope is limited to materials already implicated by Exhibits D, D2, F2, P and O

This motion is made in good faith to prevent further delay, mitigate harm, and aid in the administration of accountability.

Respectfully submitted,

Audury Petie Davis
Pro Se Plaintiff
Date: June 06 2025

**Verification**

I, Audury Petie Davis, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this _6_ day of June 2025.

Audury Petie Davis
Pro Se Plaintiff

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Verified Motion to Expedite Discovery was served upon the Defendant, New American Funding, via certified mail to its registered agent at:

New American Funding
125 Locust Street
Harrisburg, Pennsylvania 17101

on this _6_ day of June 2025.

Audury Petie Davis
Pro Se Plaintiff