UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUN 12 2025
PER _____
DEPUTY CLERK

MARYANN BUTLER,

Plaintiff,

and

AUDURY PETIE DAVIS, III,

Co-Plaintiff,

v.

NEW AMERICAN FUNDING, LLC,

Defendant.

Civil Action No. 1:25-cv-690-PJC

MOTION FOR SANCTIONS FOR DISCOVERY MISCONDUCT, SPOLIATION, AND BAD FAITH CONDUCT

# Motion for Sanctions Pursuant to Rule 11 and Request for Immediate Court Supervision

**Procedural History**

Plaintiff Maryann Butler and her Authorized Representative, Petie Davis, filed a Verified Complaint against New American Funding on April 21, 2025, alleging misconduct involving a federally backed FHA cash-out refinance. The Complaint was accepted and docketed by this Court under Case No. 1:25-cv-690-PJC. On June 6, 2025, Plaintiffs filed a Verified Motion to Expedite Discovery, citing ongoing risk of evidence spoliation and obstruction of federal consumer rights.

Despite formal service of the Complaint and motions on June 6, 2025, Defendants have failed to file an Answer, enter an appearance, or respond to the Court. As of the date of this filing, Plaintiffs' requests for discovery and regulatory accountability remain unopposed, justifying further court intervention under Rule 11 and the Court's inherent supervisory authority.

**GROUNDS FOR SANCTIONS**

**Ground 1: False Statements in Regulatory Filings**

> Defendant Amy Dale, Senior Vice President of New American Funding, submitted materially false statements to the Consumer Financial Protection Bureau (CFPB) in direct response to a consumer complaint. Specifically, she falsely claimed that the loan file was incomplete and that multiple individuals had interfered with the process. These statements were knowingly inaccurate. In fact, the full loan file had already been submitted to Loan Officer Sean Wainwright (See Exhibit O), and Amy Dale had personally provided FHA case transfer instructions (See Exhibit E).

These misrepresentations to a federal agency were not made under the supervision of counsel and reflect willful misconduct. Making false or misleading statements in a formal regulatory response constitutes a direct breach of ethical responsibilities and federal consumer protection obligations. This is a textbook basis for monetary and procedural sanctions under Rule 11 and the Court's inherent authority to prevent abuse of process.

### Ground 2: Spoliation of Evidence and Communication Blockages

Plaintiff submitted a legal preservation request to Loan Officer Sean Wainwright on April 17, 2025, via email. That email bounced back as undeliverable, raising immediate red flags that communications from the Plaintiff were being intentionally blocked or filtered. This bounce-back (See Exhibit D2) occurred after the Defendant had already received multiple direct inquiries and formal requests related to the FHA case transfer and settlement discussions.

This conduct supports a strong inference of intentional spoliation and interference with discovery, particularly given that Defendants also failed to upload key documents (including the appraisal) to the secure portal, choosing instead to transmit them through unsecured email (See Exhibit C and Exhibit O).

Blocking emails, refusing to confirm receipt of preservation notices, and failing to safeguard sensitive FHA documentation demonstrates willful noncompliance with federal lending standards and court-bound discovery obligations. Spoliation warrants sanctions because it compromises the judicial process and prejudices the Plaintiff's ability to litigate fairly.

### Ground 3: Mishandling of Sensitive FHA Documents Off-Portal

Defendants knowingly transmitted the Plaintiff's sensitive FHA documents including the appraisal and loan disclosures outside of the secure loan portal, violating standard industry protocols for FHA-backed transactions. These

documents were emailed directly to Loan Officer Sean Wainwright rather than uploaded to the designated secure system, which is a serious breach of confidentiality and data security (See Exhibit C and Exhibit O).

Amy Dale, Senior Vice President of Customer Service, later admitted in her Consumer Financial Protection Bureau (CFPB) response that these documents were sent off-portal, despite the company's obligation to maintain a secure chain of custody. Her statements serve as a direct acknowledgment of regulatory mishandling and confirm that the company circumvented its own compliance protocols.

The mishandling of federally regulated documents particularly FHA appraisals outside of approved channels constitutes gross negligence and invites federal scrutiny, especially when combined with the intentional blocking of follow up communications from the Plaintiff. Such conduct not only violates HUD and RESPA standards, but also obstructs fair and transparent discovery in this matter.

### Ground 4: Willful Obstruction of Discovery Through Communication Interference

Defendants willfully obstructed discovery and the judicial process by systematically interfering with Plaintiff's ability to communicate during critical phases of the refinance and complaint process. This obstruction occurred after formal requests for evidence preservation were made and during ongoing regulatory complaints, amplifying the severity of the misconduct.

Specifically, Plaintiff was blocked from emailing Loan Officer Sean Wainwright at his corporate address, even while attempting to finalize the FHA case transfer and request appraisal documentation. These communications were essential to understanding the loan file and asserting Plaintiff's rights during HUD and CFPB disputes. Blocking Plaintiff during this

phase constitutes intentional interference with a party's ability to preserve and request discoverable materials — a sanctionable offense under Rule 37 and the court's inherent authority.

Moreover, Defendants failed to acknowledge or respond to multiple legal notices and CFPB filings that explicitly cited violations of federal mortgage servicing standards. By suppressing direct communication, Defendants concealed internal activity, delayed the record, and attempted to insulate key employees from exposure — including Amy Dale, who later submitted a materially misleading regulatory response.

This pattern of interference is not mere negligence; it represents a strategic effort to deny Plaintiff access to discovery, obstruct lawful proceedings, and avoid regulatory accountability — all while litigation was reasonably foreseeable. Sanctions are not only appropriate — they are essential to protect the integrity of the court.

### Ground 5: Misuse of Regulatory Channels to Submit Misleading and Evasive Responses

Defendant Amy Dale, a Senior Vice President at New American Funding, submitted a formal response to the Consumer Financial Protection Bureau (CFPB) containing materially misleading statements. Rather than directly addressing the substance of the consumer complaint, she deflected blame onto the borrower's authorized representative, falsely implying negligence and mismanagement of the loan file. Despite full documentation and verifiable email threads proving timely and complete submissions including FHA Case Transfer requests and loan documents Ms. Dale stated the process was delayed due to communication from "various emails" and an "incomplete loan file." These statements were knowingly false or recklessly made, without legal review, and in direct contradiction to the documentary record already submitted to the CFPB and attached to the federal complaint. Misuse of a federal regulatory channel to obscure material facts

constitutes bad faith and supports sanctions under Rule 11(b) and the Court's inherent authority.

## Ground 6: Breach of Duty to Preserve Evidence Following Legal Notice

Despite receiving a formal legal preservation notice sent via email on April 3, 2025, New American Funding failed to acknowledge, confirm, or act upon the directive to preserve all relevant communications, loan documents, and digital records tied to the refinance transaction. Instead, the email bounced back—indicating that key personnel had either blocked communications or failed to maintain open regulatory channels. This silent disregard of a known preservation duty, especially in a federal matter involving FHA lending protocols and pending discovery, represents willful misconduct. Such a breach invites adverse inference, regulatory scrutiny, and court sanctions under Rule 37(e) for failure to preserve electronically stored information (ESI) in anticipation of litigation.

## Ground 7: Intentional Concealment of Sensitive Loan Documents Outside Secure Portals

New American Funding knowingly transmitted appraisal reports, underwriting materials, and other critical documents via unsecured personal emails, bypassing their own secure loan portal. This intentional circumvention of established data security protocols endangered borrower privacy and undermined federal compliance standards under FHA and RESPA. Their internal admission that appraisal reports were "not uploaded" and sent directly to the loan officer's personal inbox confirms a deliberate concealment of regulatory sensitive documents from the official record raising grave concerns about data manipulation and document tampering.

## Ground 8: Demonstrated Pattern and Practice of Targeted Consumer Harm and Regulatory Evasion, Disproportionately Affecting Black and Brown Borrowers

Defendants' conduct is not an isolated lapse; it reflects a demonstrable pattern and practice of obstructing federally backed loans and evading regulatory safeguards, disproportionately affecting Black and Brown borrowers. Public records, including complaints to the CFPB, HUD, and Better Business Bureau, show that New American Funding has repeatedly engaged in misconduct such as appraisal manipulation, failure to release FHA case numbers, and intentional communication breakdowns all targeting vulnerable communities.

In this case, Defendants delayed and sabotaged a refinance in a historically Black neighborhood, blocked direct communication, sent sensitive documents off-portal, and falsely accused the authorized representative of impersonation. This misconduct mirrors other cases where minority borrowers experienced similar treatment, suggesting systemic malfeasance not mere oversight.

The Court has broad authority to sanction such conduct under its inherent powers, particularly when it reveals discriminatory impact and a willful pattern of regulatory evasion. Plaintiffs request the Court consider this broader context and refer the matter for potential agency investigation under HUD Fair Lending and ECOA guidelines.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court impose sanctions against New American Funding and its agents, including but not limited to Amy Dale, based on their documented pattern of misconduct, obstruction, and abuse of the judicial process. The record establishes clear instances of spoliation, regulatory misrepresentation, and deliberate evasion—all occurring after formal notice of legal action and in direct violation of procedural and ethical duties.

This motion is not brought lightly. It is made in response to repeated acts that have prejudiced Plaintiffs' ability to seek relief and threatened the integrity of these proceedings. The misconduct is ongoing, the damage is measurable, and the conduct is sanctionable under federal rules and the Court's inherent authority.

## PRAYER FOR SANCTIONS AND RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Impose monetary sanctions against New American Funding in an amount not less than $5 million, or in an amount the Court deems appropriate to punish, deter, and remedy the cumulative misconduct and bad faith conduct described herein;

2. Order Amy Dale to appear for deposition in her personal capacity within 21 days of the Court's ruling, with any failure to appear resulting in further sanctions;

3. Refer this matter to HUD, the CFPB, or any appropriate federal regulatory agency for immediate review of potential systemic violations of FHA lending standards, consumer protection statutes, and ethical obligations;

4. Issue any further relief deemed just and proper, including relief under Rule 11, Rule 37, and the Court's inherent supervisory authority to safeguard the judicial process;

5. Reserve the right of Plaintiffs to supplement this motion with newly discovered evidence or misconduct uncovered through expedited discovery or deposition.

Respectfully Submitted,

/s/ Petie Davis

Audury Petie Davis III

Co-Plaintiff & Authorized Representative

The Davis Legacy Trust

Email: mfmallah87@icloud.com

Phone: 717-424-8220

Date: June 11, 2025

**VERIFICATION**

I, Audury Petie Davis III, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Motion for Sanctions, including all factual representations, exhibits, and legal arguments contained therein, is true and correct to the best of my knowledge, information, and belief.

Executed on June 11, 2025.

Respectfully submitted,

/s/ Audury Petie Davis III

Audury Petie Davis III

Authorized Representative and Co-Plaintiff

1823 State Street

Harrisburg, PA 17103

(717) 424-8220

mfmallah87@icloud.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, I served the foregoing Motion for Sanctions via United States Mail, First-Class postage prepaid, and/or by electronic mail, upon the following:

New American Funding

c/o Corporation Service Company

Registered Agent for Service of Process

125 Locust Street

Harrisburg Pa 17101

Amy Dale

Senior Vice President, Customer Service

New American Funding

Email: amy.dale@nafinc.com

I further certify that I will promptly file this certificate with the Court upon confirmation of service.

/s/ Audury Petie Davis III

Audury Petie Davis III

Authorized Representative and Co-Plaintiff