# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| MARYANN BUTLER, | : |
| | : Case No. 1:25-cv-00690 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NEW AMERICAN FUNDING, | : |
| | : |
| Defendant. | : |

## **MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SANCTIONS**

                    **COHEN, SEGLIAS, PALLAS,**
                    **GREENHALL & FURMAN, PC**

                    /s/James McNally
                    James McNally, Esquire
                    PA I.D. No. 78341
                    Cohen Seglias Pallas Greenhall
                    & Furman PC
                    626 Washington Place, Suite 1902
                    Pittsburgh, PA  15219
                    T: 412-434-5530
                    jmcnally@cohenseglias.com

                    *Attorneys for Defendant,*
                    *New American Funding*

Defendant, New American Funding ("NAF"), by and through its undersigned counsel, Cohen Seglias Pallas Greenhall & Furman, P.C., and in accordance with Local Rules 7.6 and 7.8, hereby submits this Memorandum of Law in Opposition to Movant Audury P. Davis's ("Movant" or "Mr. Davis") Motion for Sanctions for Discovery Misconduct, Spoliation, and Bad Faith Conduct pursuant to Federal Rule of Civil Procedure 11 (the "Motion").

## I. INTRODUCTION[1]

This action arises from a loan transaction between Butler and NAF. Since Butler filed her Complaint, her son, Movant, has made multiple filings alleging that NAF and its employees have committed sanctionable conduct and engaged in other actions warranting expedited discovery. All of these filings and requests have been made prior to NAF's opportunity to file an Answer and before this matter has properly entered the discovery phase. Now, Movant moves for sanctions against NAF for not responding to his procedurally improper discovery requests.

Rule 11 forbids sanctions based on discovery requests. Even so, sanctions can only be awarded upon a showing of "exceptional circumstances." Movant fails to demonstrate that exceptional circumstances exist here. As this Court recently ordered, Plaintiff's Complaint is held in abeyance, thereby also staying NAF's

---

[1] At the time of the filing this Opposition, Movant is not yet a named party to this suit. Currently pending is Movant's Motion to Amend and Substitute. [ECF No. 19.]

obligation to file a response or Answer to the Complaint. By extension, discovery has yet to begin and NAF is also thereby not obligated to produce any documents to Butler or Movant until discovery has begun and Plaintiff has made proper discovery demands upon NAF. NAF's "failure to respond" to Movant's discovery demands is therefore not sanctionable and no other circumstances, exceptional or otherwise, warrant an order from this Court sanctioning NAF.

For these and the reasons provided below, Mr. Davis's Motion for Sanctions should be denied.

## II. COUNTERSTATEMENT OF THE FACTS[2]

Amy Dale, Senior Vice President of NAF, never submitted materially false statements to the Consumer Financial Protection Bureau. Butler's loan application was defective and/or incomplete, which necessarily led to the denial of her application. Despite what Movant infers from his own cited "evidence" (Exhibits C and O), bounce-back emails and a completed loan application at best imply technical difficulties, which Plaintiff or Movant could have remedied or addressed by calling NAF, rather than "willful noncompliance with federal lending standards." [ECF No. 16.]

---

[2] NAF Defendants have yet to file their Answer due to Movant's currently pending Motion to Amend Complaint and Substitute Plaintiff and Court's recent order granting NAF's Motion for Extension of Time. [ECF Nos. 19 and 30.] NAF's counterstatement of facts are not intended to serve as a substitute for any responses that may be contained in NAF's Answer.

It is NAF's position that any alleged "mishandling" of FHA documents did not compromise any confidential information or data security. Even if it did, neither Butler nor the Movant present evidence or even claim that they have been damaged or harmed in any way. Additionally, Movant does not cite to any legal or policy provision to show that providing any documents "off portal" constitutes a violation of any regulation to which NAF may be subject. NAF's handling of Plaintiff and Movant's documents was at all times compliant with all applicable regulations and rules. Nor has NAF "willfully obstructed" Plaintiff's discovery through any kind of interference. No formal discovery requests have been sent by Plaintiff or Movant. Any such requests to NAF through alternative communications have been noted and NAF continues to preserve any documentation in accordance with its business practices. Furthermore, any communications that NAF has made to third parties concerning Plaintiff's loan application and the inquiries that followed were never false, reckless, or contradictory.

NAF reserves the right to respond to all allegations asserted by Plaintiff and Movant in its Answer.

## III. COUNTER-HISTORY OF THE CASE[3]

Plaintiff Maryann Butler ("Butler") filed her Complaint (ECF No. 1) with this Court on April 21, 2025. On June 6, 2025, NAF was served a copy of the Complaint and Summons. [ECF No. 11.] On the same date, Movant filed a Motion to Expedite Discovery. [ECF No. 13.][4] On June 12, 2025, Movant filed the current Motion for Sanctions based on his Motion to Expedite. [ECF No. 16.] On June 17, 2025, Movant then filed a brief in support of his Motion for Sanctions. [ECF No. 18.] On June 23, 2025, Mr. Davis filed a Motion to Amend Complaint and Substitute Plaintiff. [ECF No. 19.] On June 26, 2025, NAF filed its Motion for Extension of Time in response to Movant's Motion to Amend Complaint and Substitute Plaintiff. [ECF No. 24.] Movant's Motion to Amend Complaint and Substitute Plaintiff remains pending. On July 1, 2025, this Court granted NAF's Motion for Extension of Time and is currently holding Plaintiff's Complaint in Abeyance. [ECF No. 30.]

---

[3] Combined, Plaintiff and Movant have made multiple filings, most of which do not require a response and are not worth recounting at this juncture and for the purposes of this motion.

[4] Per Local Rule LR 7.5, any party filing a motion is required to file a brief in support of the motion within fourteen (14) days from the date of filing the motion. Failure to file a supporting brief constitutes withdrawal of the motion. *Id.* Since Movant never filed a brief in support his Motion to Expedite Discovery, the motion should be considered withdrawn and NAF should not be required to file opposition.

## IV. STATEMENT OF QUESTION INVOLVED

Is Movant's current Motion permitted under Rule 11 and do exceptional circumstances exist to award either Butler or Movant sanctions for NAF not responding to their discovery requests before NAF has even filed an Answer?

*Suggested Answer:* **NO.**

## V. LEGAL ARGUMENT

### A. Legal Standard

"Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.'" *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). Rule 11 "imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Id.* (citing *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)). "An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Id.* (internal quotations and citations omitted).

The Third Circuit has described this standard as "stringent" because sanctions: "1) are in derogation of the general American policy of encouraging resort to the

courts for peaceful resolution of disputes ... 2) tend to spawn satellite litigation counter-productive to efficient disposition of cases ... and 3) increase tensions among the litigating bar and between [the] bench and [the] bar." *Doering*, 857 F.2d at 194. Accordingly, Rule 11 should be interpreted "to prescribe sanctions, including fees, only in the exceptional circumstance ... where a claim or motion is patently unmeritorious or frivolous." *Id.*

## B. DISCUSSION

First, Movant's underlying Motion to Expedite Discovery is considered withdrawn per Local Rule 7.5. Per Local Rule LR 7.5, any party filing a motion is required to file a brief in support of the motion within fourteen (14) days from the date of filing the motion. Failure to file a supporting brief constitutes withdrawal of the motion. *Id.* Since Movant never filed a brief in support his Motion to Expedite Discovery, the motion should be considered withdrawn. Therefore, the very motion that serves as the basis for Movant's current motion for sanctions does not exist. For that reasons alone the current Motion should be denied.

Second, Rule 11 does not provide a basis for a party or non-party to seek sanctions for not receiving documents immediately or at a time of his choosing. In fact, Rule 11 explicitly forbids sanctions based on discovery requests:

> (d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

6

[Fed. R. Civ. P. 11(d).]

As stated above, the basis of this Motion is Movant's previously filed Motion to Expedite Discovery. Therefore, the rules forbid Movant from seeking sanctions on the grounds asserted by Movant and his Motion should be denied.

Third, even if the Rule 11(d) prohibition did not exist, Movant has presented no exceptional circumstances to warrant sanctions. As this Court recently ordered, Plaintiff's Complaint is held in abeyance, thereby also staying NAF's obligation to file a response or Answer to the Complaint. By extension, discovery has yet to begin and NAF is also thereby not obligated to produce any documents to Butler or Movant until discovery has begun and Plaintiff has made proper discovery demands upon NAF. Additionally, Movant's underlying Motion to Expedite Discovery has yet to be granted, which the Court should not grant since, among other reasons, Movant failed to file a supporting brief to support that motion and is thereby effectively withdrawn per the local rules.

## VI. CONCLUSION

For the foregoing reasons, Mr. Davis's Motion for Sanctions should be denied.

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, PC**

/s/James McNally
James McNally, Esquire
PA I.D. No. 78341
Cohen Seglias Pallas Greenhall
& Furman PC
626 Washington Place, Suite 1902
Pittsburgh, PA  15219
T: 412-434-5530
jmcnally@cohenseglias.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8**

I hereby certify that the foregoing Memorandum of Law in Opposition to Movant Audury P. Davis's Motion for Sanctions complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8.  The number of words in the Memorandum, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Memorandum, exclusive of this Certificate, is 1,505.

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, PC**

/s/James McNally
James McNally, Esquire
PA I.D. No. 78341
Cohen Seglias Pallas Greenhall
& Furman PC
626 Washington Place, Suite 1902
Pittsburgh, PA  15219
T: 412-434-5530
jmcnally@cohenseglias.com