IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Maryann Butler and Audury Petie Davis,

Plaintiffs,

v.

Broker Solutions, Inc. d/b/a New American Funding,

Defendant.

Civil Action No. 1:25-cv-00690

FILED
HARRISBURG, PA

JUL 1 6 2025

PER ___IOL___
DEPUTY CLERK

# RULE 55(a) MOTION FOR ENTRY OF DEFAULT

(Pursuant to Fed. R. Civ. P. 55(a))

Plaintiffs Maryann Butler and Audury Petie Davis respectfully move this Court on July 16, 2025 to direct the Clerk to enter default against Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs state the following:

## Procedural Background

1. This case was originally filed on April 21, 2025, and entered screening shortly thereafter.

2. On June 6, 2025, Plaintiff Audury Petie Davis personally paid the filing fee and initiated service upon Defendant, causing the case to exit screening and proceed onto the active docket.

3. Following multiple preliminary filings, the Court issued a July 11, 2025 Order (Dkt. 37) striking certain docket entries for procedural standing issues.

4. On July 14, 2025, Plaintiffs timely filed a Verified Curative Complaint, an Emergency Judicial Notice of Imminent Third-Party Harm, and a sworn Declaration from Maryann Butler, all of which remain unstricken and active on the docket as of the date of this filing.

5. Plaintiffs' Emergency Judicial Notice of Imminent Third-Party Harm (Docket Entry 40) sought immediate court intervention and placed Defendant on notice of escalating third-party consequences, referencing the active judicial record and newly filed curative pleadings.

6. While the Emergency Notice did not expressly warn of an impending Rule 55 motion, Defendant has willfully ignored the court-ordered timeline and made no filing or responsive pleading within the 48+ hours since the July 14th curative filings. As of July 16, 2025, Defendant remains silent on the merits, standing, or facts.

7. Notably, Defendant's only appearance in the docket relates to its objection to sanctions not to the Verified Complaint, the Court's July 11 Order, nor any of the active filings since cure. This pattern of procedural evasion and selective engagement demonstrates bad faith and is sufficient to trigger Rule 55(a).

8. In addition, Defendant's failure to answer or otherwise respond is occurring within the context of documented third-party harm, regulatory exposure, and an active record of evidentiary exhibits and sworn declarations that were never challenged, rebutted, or moved to strike.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that the Clerk of Court enter default against Defendant Broker Solutions, Inc. d/b/a New American Funding, pursuant to Rule 55(a), based on its failure to plead or otherwise defend following Plaintiffs' curative filings on July 14, 2025. At the time of this filing, the 72-hour response window referenced in the Emergency Judicial Notice is actively elapsing, with more than 48 hours of procedural silence now on record.

Plaintiffs reserve the right to seek further relief under Rule 55(b), including judgment and enforcement remedies, pending the Court's entry of default under Rule 55(a).

Respectfully submitted,

/s/ Audury Petie Davis

Audury Petie Davis

Authorized Representative & Co-Plaintiff

2041 Greenwood Street

Harrisburg, PA 17104

717-424-8220

mfmallah87@icloud.com

Dated: July 16, 2025

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Rule 55(a) Motion for Entry of Default was served via email on July 16, 2025, to the following:

James McNally, Esq.

jmcnally@cohenseglias.com

/s/ Audury Petie Davis

Audury Petie Davis