**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MARYANN BUTLER and AUDURY PETIE DAVIS,
Plaintiffs,
v.
NEW AMERICAN FUNDING,
Defendant.

Case No.: 1:25-cv-00690

FILED
HARRISBURG, PA

JUL 18 2025

PER _____
DEPUTY CLERK

**JUDICIAL NOTICE OF PROCEDURAL DISCREPANCY AND STANDING CLARIFICATION PURSUANT TO FEDERAL EMERGENCY RELIEF DOCTRINE AND REQUEST FOR IMMEDIATE DOCKET RECTIFICATION**

TO THE HONORABLE COURT:

Plaintiffs respectfully submit this Judicial Notice pursuant to Rule 201 of the Federal Rules of Evidence and consistent with the emergency equity principles articulated in Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982), to formally alert the Court to ongoing docket irregularities that materially impair Plaintiffs' access to timely and fair adjudication particularly where third-party harm and active curative filings remain unaddressed.

**I. PROCEDURAL DISCREPANCY AFFECTING CASE INTEGRITY**

On July 11, 2025, the Court entered an Order (ECF No. 37) striking various Plaintiff filings due to a standing deficiency that has since been cured. However, two critical entries remain:

• **Docket Entry 19 (Plaintiffs' Motion to Amend)** remains live and was never ruled upon or stricken despite being filed during the period now retroactively deemed deficient.

• **Docket Entry 31 (Defendant's Objection to Sanctions)**, filed after the Court's abeyance directive, was neither rejected nor struck, allowing the Defendant to maintain active litigation posture during the same period Plaintiffs were barred.

In contrast, all other Plaintiff filings, including multiple verified motions and evidentiary exhibits, were struck without individualized review despite carrying more procedural and evidentiary merit than Dkt. 31.

This asymmetry raises serious due process and docket consistency concerns, undermining public confidence in the Court's neutrality and depriving Plaintiffs of equitable access

.

1

## II. ACTIVE VERIFIED CURATIVE COMPLAINT THIRD-PARTY IMMINENT HARM

On July 14, 2025, Plaintiffs timely filed the following pursuant to the Court's 30-day cure directive:

• Verified Curative Complaint (ECF No. 40) jointly verified by both named Plaintiffs, resolving all standing defects.

• Judicial Notice of Imminent Harm (ECF No. 41) requesting a 72-hour response window due to new third-party threats stemming from the original FHA transaction collapse.

As of this filing, no activity has occurred regarding these filings. Rule 55(a) relief and the third-party threat remain pending, and the silence effectively denies urgent relief in real time.

## III. EMERGENCY RELIEF DOCTRINE AND DUE PROCESS CONCERNS

Federal emergency relief doctrine authorizes courts to act swiftly where delay causes real harm:

"The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." Weinberger, 456 U.S. at 312.

Moreover, procedural disparities that disadvantage pro se litigants while enabling licensed defense counsel to proceed unchecked constitute a potential violation of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which requires balancing procedural safeguards against the risk of erroneous deprivation of rights.

## IV. RELIEF REQUESTED

Plaintiffs respectfully request:

1. Clarification regarding the current legal status of Docket Entry 19 and Docket Entry 31;

2. Formal recognition and acceptance of the Verified Curative Complaint (ECF No. 40);

3. Ruling on ECF No. 41 consistent with Plaintiffs' 72-hour emergency request and Rule 55(a) pendency;

4. Clarification as to whether Defendant's response deadline was tolled, extended, or miscalculated given that the Court did not strike the operative Complaint (ECF No. 1) nor address this inconsistency directly.

## V. GOOD FAITH NOTICE AND PRESERVATION OF APPELLATE RIGHTS

This filing is submitted in good faith to preserve Plaintiffs' rights and uphold procedural fairness. If the Court elects not to address these matters, Plaintiffs respectfully reserve the right to seek interlocutory or appellate review based on judicial delay, record disparity, or deprivation of emergency relief. See *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996); United States v. Hasting, 461 U.S. 499, 505 (1983) (errors undermining the integrity of the proceeding warrant appellate correction).

Respectfully submitted,

/s/ Audury Petie Davis
Audury Petie Davis, Pro Se
On behalf of himself and Maryann Butler
2041 Greenwood Street
Harrisburg, PA 17104
(717) 424-8220
Mfmallah87@icloud.com
Dated: July 18, 2025


## VERIFICATION

I, Audury Petie Davis, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Judicial Notice is true and correct to the best of my knowledge, information, and belief.

Executed on July 18, 2025.

Respectfully submitted,

/s/ Audury Petie Davis
Audury Petie Davis
Plaintiff and Authorized Representative

## CERTIFICATE OF SERVICE
I certify that a true and correct copy of the foregoing Judicial Notice has been served on Defendant's counsel of record, James McNally (jmcnally@cohenseglias.com), via electronic mail on this 18th day of July 2025.

/s/ Audury Petie Davis
Audury Petie Davis

Audury Petie Davis

2041 Greenwood Street

Harrisburg, PA 17104

(717) 424-8220

July 18, 2025

Clerk of Court

United States District Court

Middle District of Pennsylvania

Sylvia H. Rambo United States Courthouse

1501 North 6th Street

Harrisburg, PA 17102

**RE: Filing of Judicial Notice – Davis et al. v. New American Funding, Case No. 1:25-cv-00690**

Dear Clerk of Court,

Please accept for filing the enclosed Judicial Notice of Procedural Discrepancy and Emergency Doctrinal Risk in the above captioned matter. This filing is submitted by the undersigned pro se party, Audury Petie Davis, and pertains to recent procedural inconsistencies on the docket, third-party harm, and an ongoing emergency legal posture.

This document is intended to provide urgent clarification and compel appropriate docket correction or judicial attention to Rule 55(a) and related motions currently pending.

Thank you for your attention and assistance in ensuring the Court's record is accurately maintained.

Respectfully submitted,

/s/ Audury Petie Davis

Audury Petie Davis

Pro Se Plaintiff

2041 Greenwood Street

Harrisburg, PA 17104