IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Case No. 1:25-cv-00690

AUDURY PETIE DAVIS and MARYANN BUTLER,

Plaintiffs,

v.

NEW AMERICAN FUNDING (BROKER SOLUTIONS, INC.),

Defendant.

FILED
HARRISBURG, PA

JUL 2 1 2025

PER _____
DEPUTY CLERK

# RULE 55(b) MOTION FOR DEFAULT JUDGMENT

WITH VERIFIED DECLARATION, REQUEST FOR EMERGENCY RELIEF,

AND INCORPORATED SANCTIONS NOTICE

NOW COME the Plaintiffs, Audury Petie Davis and Maryann Butler, and respectfully move this Court for entry of Default Judgment under Rule 55(b) of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs state as follows:

## I. Procedural History and Standing Correction

1. This action arises from serious misconduct during the processing of a federally backed FHA refinance loan, wherein Defendant engaged in deceptive, obstructive, and off-portal activity that ultimately caused severe financial and third-party harm.

2. The Court initially struck various filings due to a procedural standing concern, which has since been cured through the Verified Curative Complaint (ECF No. 39) filed on July 14, 2025, supported by a sworn Declaration of Maryann Butler.

3. That complaint now fully vests both Plaintiffs with standing as real parties in interest, supported by Exhibits A–Y, 1–5, and Supplemental Exhibits A–C.

4. The Verified Complaint has not been challenged nor answered. No responsive pleading has been filed by Defendant within the required time, as 72 hours have passed since

entry of the Rule 55(a) Motion (ECF No. 42).

## II. Procedural Delay and Docket Discrepancy

5. Despite curing standing and placing the Court on notice via multiple judicial notices (see ECF Nos. 40 and 41), the docket remains unbalanced.

6. The Court struck Plaintiffs' filings en masse in its July 11, 2025 Order (ECF No. 37) but did not strike the Defendant's opposition brief (ECF No. 31) nor the Plaintiff's Motion to Amend (ECF No. 19), creating a procedural inconsistency that now obstructs clear adjudication.

7. These discrepancies, coupled with the Judge's acknowledged hypothetical ruling language ("assuming standing existed..."), reflect both delay and tactical restraint in rendering any decision that would correct the docket or acknowledge liability.

8. As a result, Plaintiffs have preserved appellate rights and served notice of imminent escalation to the Third Circuit Court of Appeals, which further justifies this request for immediate entry of judgment to preserve judicial economy and integrity.

## III. Legal Standard

Under Rule 55(b)(2), a district court may enter default judgment against a party that has failed to plead or otherwise defend. See Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991). A default judgment may include declaratory relief, sanctions, and monetary damages where appropriate and supported by the record.

## IV. Verified Declaration of Harm and Record Summary

Plaintiffs hereby affirm under penalty of perjury:

- Defendant received a full, valid loan file via direct email communication with licensed loan officer Sean Wainwright (Exhibit O).

- Plaintiffs delivered a USB drive with recorded voicemail (Exhibit F2) to Defendant's registered agent in May 2025. The USB was also authenticated through the Court.

- Defendant's senior executive Amy Dale knowingly misrepresented material facts to the CFPB in a written statement (Exhibit E).

- Multiple preservation notices were sent and bounced back (Exhibits D, D2), indicating technological obstruction.

- All loan-related documents were handled off-portal, exposing Plaintiffs to further risk, confusion, and noncompliance with HUD's recordkeeping expectations.

- Plaintiffs experienced third-party financial fallout from a roofing contractor who relied on the pending FHA refinance to initiate a $40,000 contract (Supplemental Exhibit A), which led to certified threats of garnishment and emergency repair delays (see also Supplemental Exhibits B–C).

## V. Sanctions for Litigation Misconduct

Plaintiffs respectfully seek sanctions under Rule 11 and the Court's inherent authority based on:

- False statements to the CFPB (Exhibit E);

- Failure to acknowledge a valid loan file (Exhibit O);

- Disregard of judicially submitted digital evidence (Exhibit F2);

- Off-portal handling, ghosting, and failure to cooperate during a federal loan transaction.

These constitute bad faith litigation conduct and willful evasion of both regulatory and judicial responsibilities.

See Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991).

## VI. Request for Judgment

Plaintiffs respectfully request the following relief:

1. Entry of Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b);

2. Award of $6,500,000 in damages, with all federal, state, and local taxes to be borne by Defendant;

3. An order directing limited post-judgment discovery for asset verification and enforcement;

4. An order imposing sanctions under Rule 11 and the Court's inherent powers;

5. Referral of this matter to any relevant insurance or regulatory entity for further action;

6. A provision stating that all prior exhibits (A–Y, 1–5, and Supplemental A–C) are incorporated into judgment by reference;

7. Any other relief this Court deems just and proper.

## VII. Certificate of Service

I certify that on July 21, 2025, a true and correct copy of this Motion was served by hand delivery and email to:

James McNally

jmcnally@cohenseglias.com

Respectfully submitted,

/s/ Audury Petie Davis

Petie Davis, Authorized Representative

2041 Greenwood Street

Harrisburg, PA 17104

Email: [mfmallah87@icloud.com]

Phone: 717-424-8220

Dated: July 21, 2025