IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

               Plaintiff,

    v.

NEW AMERICAN FUNDING,

               Defendant.

Case No. 1:25-cv-00690

## **DEFENDANT'S MOTION TO STRIKE**

Defendant, New American funding ("NAF"), by and through its undersigned counsel, hereby submits this motion to strike all submissions filed by Audury Petie Davis pursuant to Fed. R. Civ. P. 12(f), based upon the following:

1.      Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination.

2.      "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (citing, in part, *Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir. 1909)).

3.      "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Zaloga*, 671 F. Supp. 2d at 633 (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002)).

4.     Furthermore, "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations," i.e., those that "improperly casts a derogatory light on someone."  5C Fed. Prac & Proc. Civ. § 1382 (3d ed.).

5.     Pleadings or filings of any kind in violation of a court's order should be stricken. *Talley v. Se. Pennsylvania Transportation Auth.*, 2016 WL 6648628, at *2 (E.D. Pa. Nov. 10, 2016).

6.     On July 11, 2025, this Court entered an Order finding that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf of [Plaintiff Maryann] Butler." Exhibit 1 at 2 (ECF No. 37) (citing *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); 28 U.S.C.A. § 1654; *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam)).

7.     "[Mr.] Davis likewise has not demonstrated any legally recognized status as a guardian, next friend, or other exception permitting non-attorneys to represent a litigant, pursuant to Fed. R. Civ. P. 17." Ex. 1 at 3.

8.     Additionally, the Court found "that it is not clear based on [Mr.] Davis's representations that [Mr.] Davis is the real party in interest." Ex. 1 at 4.

9.     "[I]n other words, if any rights are involved here, they are for [Ms.] Butler, not [Mr.] Davis, to assert." Ex. 1 at 4.

10.     The Court therefore denied all motions filed by Mr. Davis on behalf of Ms. Butler. *Id.* at ¶ 1.

11.     Additionally, the Court also directed the Clerk's Office to strike "all [twenty-one (21)] remaining filings made on behalf of Plaintiff Maryann Butler by Audury Petie Davis." *Id.* at ¶ 2.

175212392.1

12.     Furthermore, the Court ordered that "Audury Davis **SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." *Id.* at ¶ 3 (emphasis in original).

13.     In the time since the Court entered that Order, Mr. Davis has continued to file documents purportedly on Ms. Butler's behalf as her "Authorized Agent" and has thus far filed no fewer than seventeen (17) documents, none of which demonstrates that Mr. Davis is now qualified to represent Ms. Butler pursuant to Fed. R. Civ. P. 17.

14.     Those improper filings include ECF Nos. 38, 40-50, 53-55, 57-58.

15.     Among the documents recently filed by Mr. Davis is a "JUDICIAL NOTICE OF COUNSEL IRREGULARITIES AND PROCEDURAL MISCONDUCT TO PRESERVE APPELLATE RECORD" alleging, among other things, that NAF's former counsel, James McNally, Esq. (ECF No. 56), and NAF's current counsel, John Q. Howard, Esq.,[1] have engaged in "procedural misconduct," have made "improper legal threats," and have engaged in "improper conduct." Ex. 2 (ECF No. 49) (emphasis in original).

16.     Nothing in the federal or local rules requires counsel for a party to refrain from communicating on behalf of their client until that attorney has filed his or her appearance before the Court.

17.     Additionally, nothing contained in Mr. McNally's or Mr. Howard's communications or filings indicate misconduct. Ex. 2.

18.     More importantly, Mr. Davis's recent filings are in direct violation of the Court's Order.

---

[1] Mr. Howard is scheduled to be admitted to practice before the District Court of the Middle District of Pennsylvania on August 8, 2025. He intends on filing his Notice of Appearance as counsel for NAF immediately following his admittance.

19.     Furthermore, some of Mr. Davis's filings, including ECF Nos. 49, 54, 55, contain scandalous allegations that cast improper derogatory light on both NAF's former and current counsel and are irrelevant to these proceedings. Ex. 2.

20.     Neither Ms. Butler nor Mr. Davis consents to this Motion.

WHEREFORE, New American Funding, respectfully requests that this Court enter the attached Order for the reasons stated above.

Respectfully submitted,

FOX ROTHSCHILD LLP

*Ronald L. Williams*

_____

Ronald L. Williams
Eagleview Corporate Center
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
Tel:    610.458.7500
Fax:    610.458.7337
rwilliams@foxrothschild.com
Attorneys for Defendant

175212392.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

Plaintiff,

v.

NEW AMERICAN FUNDING,

Defendant.

Case No. 1:25-cv-00690

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, a copy of the foregoing MOTION TO STRIKE, was served upon the following via first class mail and via email:

Maryann Butler
1823 State Street
Harrisburg, Dauphin, PA 17103
Mfmallah87@icloud.com

-and-

Audury P. Davis
2041 Greenwood St.
Harrisburg, PA 17103
Mfmallah87@icloud.com

Dated: August 4, 2025

FOX ROTHSCHILD LLP

*Ronald L. Williams*

Ronald L. Williams
Eagleview Corporate Center
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
Tel:   610.458.7500
Fax:   610.458.7337
rwilliams@foxrothschild.com
Attorneys for Defendant

175212392.1

MARYANN BUTLER,

         Plaintiff,

    v.

NEW AMERICAN FUNDING,

        Defendant.

Case No. 1:25-cv-00690

## CERTIFICATE OF CONCURRENCE

I, Ronald L. Williams, Esq., hereby certify that Plaintiff's "authorized representative," Audury Petie Davis, does not concur in Defendant's Motion to Strike. Defendant's counsel has not had any communication with the named Plaintiff, Maryann Butler.

Dated: August 4, 2025

FOX ROTHSCHILD LLP

*Ronald L. Williams*

Ronald L. Williams
Eagleview Corporate Center
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
Tel:   610.458.7500
Fax:   610.458.7337
rwilliams@foxrothschild.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

MARYANN BUTLER,

               Plaintiff,

    v.

NEW AMERICAN FUNDING,

               Defendant.

Case No. 1:25-cv-00690

## ORDER

Based upon Defendant New American Funding's Motion to Strike, concurred in or opposed by Plaintiff MaryAnn Butler and Movant Audury Petie Davis, this _____ day of _____, 2025, this Court orders and directs the Clerk's Office to strike all documents filed by Audury Petie Davis, including, but not limited to, ECF Nos. 38, 40-50, 53-55, 57-58. The Court further orders that if Audury Petie Davis continues to file unnecessary or irrelevant pleadings and documents containing redundant, immaterial, scandalous, or impertinent material, he may be subject to sanctions.

BY THE COURT:

_____
The Honorable Philip J. Caraballo
United States Magistrate Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,        :     No. 1:25-CV-690
                           :
      Plaintiff          :
                           :     (Caraballo, M.J.)
      v.                :
                           :
NEW AMERICAN FUNDING,   :
                           :
      Defendant     :

## ORDER

On April 21, 2025, plaintiff Maryann Butler, proceeding *pro se*,

initiated this action by filing a federal lending law complaint against

defendant New American Funding. Doc 1. That same day, Butler

applied for leave of the Court to proceed in forma pauperis. Doc. 2. The

Court granted the motion to proceed in forma pauperis and deemed the

complaint filed on May 8, 2025, but held service in abeyance pending its

obligatory screening of the complaint under 28 U.S.C. § 1915(e)(2)(B).

Doc. 12. Butler subsequently paid the full filing fee, and counsel for

New American Funding entered an appearance. Doc. 17.

Since applying for leave to proceed in forma pauperis, Butler has

ceased filing documents on her own behalf. Instead, Audury Petie

Davis, who claims to be Butler's "authorized representative," has filed a

1

total of 26 documents, purportedly on Butler's behalf. Docs. 3, 5, 7–10, 12, 13, 15, 16, 18–23, 25–29, 32–36. These include: motions to expedite (Docs. 5, 13); various declarations (Docs. 10, 15, 20, 21, 32, 33); supplements (Docs. 8, 22); notices (Docs. 7, 23, 25, 26, 28, 36); addendums (Docs. 9, 12, 35); a motion for sanctions and brief in support (Docs. 16, 18); an exhibit (Doc. 29); a motion for default judgment (Doc. 34); a motion to file electronically (Doc. 3); a brief in opposition to New American Funding's request for an extension (Doc. 27); and finally, a motion to amend the complaint and substitute Davis as the plaintiff. (Doc. 19). Davis also sought to withdraw all the pending motions in the most recent filing. Doc. 36 at 1. Davis, however, does not claim to be an attorney, and thus lacks authority to litigate this matter on behalf of Butler.

Indeed, "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654 ([T]the parties may plead and conduct their own cases personally or by counsel"). "[F]ederal courts have routinely adhered to the general rule prohibiting pro se plaintiffs

2

from pursuing claims on behalf of others in a representative capacity."
*Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015)
(per curiam). Davis, a non-attorney, has acted in a representative
capacity for Butler in all the filings described above, has not appeared
as an attorney in this matter, and does not claim in any of those filings
to be an attorney. Davis's lone reason for prosecuting this action on
behalf of Butler is that Davis is Butler's child. Doc. 1-5 at 1; Doc. 20 at
1.

Davis likewise has not demonstrated any legally recognized status
as a guardian, next friend, or other exception permitting non-attorneys
to represent a litigant, pursuant to Fed. R. Civ. P. 17. ("A minor or an
incompetent person who does not have a duly appointed representative
may sue by a next friend or by a guardian ad litem. The court must
appoint a guardian ad litem—or issue another appropriate order—to
protect a minor or incompetent person who is unrepresented in an
action.").

The motion to amend the complaint and substitute Davis as the
plaintiff is also unavailing. "A filing by a non-lawyer on behalf of
another person or entity cannot be considered by the Court" for "it is a

3

legal nullity that the Court cannot adjudicate, and it must be dismissed." *In re 69 N. Franklin Tpk., LLC*, 2017 WL 773875, at *3, *4 (D.N.J. 2017). But even if the Court could consider the issue, it is not clear based on Davis's representations that Davis is the real party in interest. The definition of a "real party in interest" is "the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 733 (D.N.J. 2013). The alleged injury giving rise to the action, as far as the Court can tell, seems to stem from a denied application for a home-repair loan made in Butler's name and for her home. Doc. 1-5 at 1. In other words, if any rights are involved here, they are for Butler, not Davis, to assert.

Accordingly, it is **ORDERED** that:

1.    The motions filed by Audury Petie Davis on behalf of Plaintiff Maryann Butler (Docs. 13, 16, 19, 27, 34) are **DENIED WITHOUT PREJUDICE.**

2.    The Clerk's Office is **DIRECTED** to **STRIKE** all remaining filings made on behalf of Plaintiff Maryann Butler by

Audury Petie Davis (Docs. 3, 5, 7–10, 12, 15, 18, 20–23, 25–26, 28–29, 32–33, 35–36).

3.    Audury Petie Davis **SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated.

4.    Defendant New American Funding is **DIRECTED** to respond to the Complaint (Doc. 1) within **30 days** of this Order.

Date:  July 11, 2025                           *s/ Phillip J. Caraballo*
                                               Phillip J. Caraballo
                                               United States Magistrate Judge

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER and

AUDURY PETIE DAVIS,

Plaintiffs,

v.

NEW AMERICAN FUNDING,

Defendant.

Civil Action No. 1:25-cv-00690

*FILED*
*HARRISBURG, PA*

*JUL 2 4 2025*

PER _____

DEPUTY CLERK

## JUDICIAL NOTICE OF COUNSEL IRREGULARITIES AND PROCEDURAL MISCONDUCT TO PRESERVE APPELLATE RECORD

Plaintiffs Maryann Butler and Audury Petie Davis respectfully submit this Judicial Notice to alert the Court to ongoing procedural misconduct, apparent conflicts of interest, and violations of Rule 11(b) involving both former counsel James McNally and newly emergent communications from John Q. Howard, an attorney not formally entered as counsel of record. This filing is made to preserve issues for appellate review and to document irregular behavior now infecting the record at multiple levels.

## I. Improper Threats and Procedural Irregularities by John Q. Howard

On July 22, 2025, Plaintiffs received a direct communication from attorney John Q. Howard, who is neither counsel of record in this matter nor listed in any Notice of Appearance. Despite this, Mr. Howard issued improper legal threats, demanded withdrawal of filings already submitted to this Court, and issued strategic instructions under the guise of representation. At no point has this Court recognized Mr. Howard as substituted counsel under Local Rule 83.15 or Rule 11(a) of the Federal Rules of Civil Procedure, yet he has inserted himself into the record.

This activity constitutes an unauthorized interference with the record and raises serious ethical concerns regarding misrepresentation and improper conduct under Pennsylvania Rule of Professional Conduct 4.1.

## II. Conflicted Affiliations and Misleading Representations

Mr. Howard is publicly affiliated with Fox Rothschild LLP as of July 22, 2025, as evidenced by a LinkedIn announcement posted by him that same day. However, when Mr. Howard's name is searched in legal databases, he remains linked to Cohen Seglias Pallas Greenhall & Furman PC, the same firm that previously employed James McNally, who is still listed as counsel of record in this case.

This raises fundamental questions:

- Was Mr. Howard ever formally retained by New American Funding or is he simply operating as an informal actor?

- Did McNally, facing imminent sanctions or procedural exposure, deploy Mr. Howard in an attempt to redirect or derail pending motions?

Plaintiffs request that this Court take judicial notice of this ambiguity, which may reflect either bad-faith maneuvering or intentional concealment of representation.

## III. Defendant's Counsel Has Failed to Respond to Material Filings

Despite being served with a 24-hour notice regarding third-party harm (sent July 22, 2025), Mr. McNally failed to respond. This silence follows a sustained pattern of procedural evasion and non-responsiveness, including his failure to:

- Respond to the Verified Curative Complaint filed July 14, 2025;

- Respond to the Emergency Judicial Notice (ECF 40) and Notice of Procedural Discrepancy (ECF 41);

- Acknowledge the Court's July 11 Order striking Plaintiffs' filings;

- Address third-party legal threats tied directly to Defendant's misconduct.

As of this filing, no adverse action letter has ever been issued by Defendant, making it impossible for Plaintiffs to comply with third-party contractual demands and exposing them to escalating civil liability.

## IV. Judicial Record Is Now at Risk of Contamination

This case now implicates multiple levels of judicial integrity. Specifically:

- The docket contains irregularities, including unstruck filings that violate the July 11 Order;

- The record has not been ruled upon despite the passage of key procedural deadlines;

- Counsel with no formal status is interfering with litigants under color of representation.

These developments may trigger an automatic expansion of appellate jurisdiction under 28 U.S.C. § 1292 and raise serious questions about whether the Court's impartiality can be preserved.

## V. Relief Requested

Plaintiffs respectfully request that this Court:

1. Take judicial notice of the facts above for record preservation;

2. Acknowledge that Mr. John Q. Howard has no formal standing to issue threats or demands under Rule 11;

3. Permit Plaintiffs to reserve all rights to seek sanctions and referral for misconduct at a later procedural stage;

4. Allow this filing to stand as a record-building notice for all appellate purposes under Federal Rule of Appellate Procedure 10(e).

**Footnote**

*Plaintiffs have catalogued all relevant correspondence and communications referenced herein as follows:

- Exhibit B1 -- Second threat letter from American Remodeling;

- Exhibit B2 -- 24-Hour notice letter sent to James McNally;

- Exhibit C1 – Email from John Q. Howard containing improper threats;

- Exhibit C2 – LinkedIn screenshot showing John Q. Howard's affiliation with Fox Rothschild LLP.*

Plaintiffs reserve the right to formally attach these as exhibits in support of future motions or appellate submissions.

---

Respectfully submitted,

/s/ Audury Petie Davis

Audury Petie Davis

2041 Greenwood Street

Harrisburg, PA 17104

717-424-8220

mfmallah87@icloud.com

Pro Se Plaintiff

Dated: July 23, 2025

**VERIFICATION**

I, Audury Petie Davis, hereby verify that the statements made in the foregoing Judicial Notice are true and correct to the best of my knowledge, information, and belief. The attached exhibits labeled B1 through C2 are true and accurate copies of correspondence, digital communications, and public records as received or observed by me.

I understand that false statements made herein are subject to penalties of perjury under 28 U.S.C. § 1746 and other applicable laws.

Executed this 23rd day of July, 2025.

Respectfully submitted,

/s/ Audury Petie Davis

Audury Petie Davis

2041 Greenwood Street

Harrisburg, PA 17104

717-424-8220

Mfmallah87@icloud.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2025, I served a true and correct copy of the foregoing Judicial Notice and attached Exhibits B1 through C2 upon counsel for Defendant via U.S. Mail, first class postage prepaid, addressed as follows:

James A. McNally

Jmcnally@cohenseglias.com

Respectfully submitted,


/s/ Audury Petie Davis

Audury Petie Davis

**Exhibit B1 – Second Threat Letter from American Remodeling (July 22, 2025)**

**Submitted By:**

Plaintiffs Maryann Butler and Audury Petie Davis

FILED
HARRISBURG, PA

JUL 2 4 2025

PER_____
DEPUTY CLERK

**Filing Context:**

This exhibit is submitted in connection with Plaintiffs' Emergency Judicial Notice of Third-Party
Imminent Harm and serves as a follow-up to Judicial Notice Supplemental Exhibit A, the first
third-party demand letter from American Remodeling.

**Exhibit Description:**

This second written demand, dated July 22, 2025, issued by American Remodeling Enterprises,
threatens imminent legal action unless Plaintiffs provide a formal loan denial letter from
Defendant New American Funding (NAF) within seven (7) business days. The demand explicitly
references a failed cash-out refinance application and cites breach of contract allegations arising
from NAF's refusal to issue a denial letter. Plaintiffs never received such letter, as Defendant
failed to formally conclude the loan file.

**Strategic Purpose:**

This exhibit confirms escalating real-world harm, further substantiating Plaintiffs' emergency
filings in the Middle District of Pennsylvania and Third Circuit Court of Appeals. It also
highlights Defendant's failure to issue required regulatory disclosures (e.g., adverse action
notices) as mandated under 15 U.S.C. § 1691(d) of the Equal Credit Opportunity Act (ECOA).
Defendant's conduct has placed Plaintiffs at risk of third-party litigation stemming directly from
the incomplete refinance process.

**Relationship to Other Exhibits:**

• This letter supplements Judicial Notice Supplemental Exhibit A (first threat letter).

• Supports all references to third-party fallout, denial letter misconduct, and failure to conclude
the refinance file in Exhibits D, D2, E, F, F2, and O.

• Forms part of the evidentiary chain in all pending emergency filings.

**Filed With:**

Judicial Notice of Third-Party Escalation and Procedural Misconduct

United States District Court for the Middle District of Pennsylvania

Case No. 1:25-cv-00690-CCC



American Remodeling
ENTERPRISES
57 St James Street
Schuylkill Haven, PA 17972

CERTIFIED MAIL

Retail

9589 0710 5270 3147 0608 69

Maryann Buttler + Peter Devlin
1823 State Street
Harrisburg, Pa. 17103

RDC 99

17103

U.S. POSTAGE PAID
FCM LETTER
SCHUYLKILL HAVEN
PA 17972
JUL 18, 2025
$10.48
R2304E104818-01

17103-155223



57 St James Street, Schuylkill Haven, PA 17972    570-739-1980

PA 004002                                    PA 008737

Maryann Butler & Pete Davis

1823 State Street                                57 St James Street

Harrisburg, Pa. 17103                           Schuylkill Haven, Pa. 17972

To; Maryann Butler & Pete Davis:

   I am writing to you in requards to that you signed your contract on 1/28/25 and werew to have a down payment of $11,736.00 due by 4/1/25 which was not received. The contract states that it is contingent on a loan that you were to aquire for this job. You have already received the cancelations fees letter, this letter is to state that if you have been denied for the loan then we will need a copy of the denial letter and once we receive that we will cancel the job completely with no cancelation fees.

                                         Respectfully,

                         Kristie Ellis/Installation Scheduling Manager

**Exhibit B2 – 24-Hour Notice Email to James McNally (July 22, 2025)**

Submitted By:

Plaintiffs Maryann Butler and Audury Petie Davis

Filing Context:

This exhibit is submitted in connection with Plaintiffs' Emergency Judicial Notice of Counsel Irregularities and Imminent Harm and documents a direct email sent by Plaintiff Audury Petie Davis to attorney James McNally on July 22, 2025. The email serves as a final 24-hour notice addressing imminent third-party contract threats, failure to issue a denial letter, and refusal to respond to prior judicial filings.

Exhibit Description:

This email communication, sent by Audury Petie Davis on July 22, 2025, was addressed to James McNally of Cohen Seglias Pallas Greenhall & Furman PC. It constitutes a final 24-hour notice before escalation, demanding formal acknowledgment of third-party threat letters, a loan denial letter, and clarification of legal representation status. The message directly cites unresolved harm stemming from New American Funding's failed refinance process and McNally's failure to respond to multiple judicial notices and evidentiary filings.

Strategic Purpose:

This exhibit confirms Plaintiff's good faith efforts to prevent further third-party fallout and preserve judicial resources. It strengthens the evidentiary basis for sanctions and emergency relief sought against New American Funding and its legal representatives. It also establishes notice and opportunity for counsel to cure, satisfying any safe harbor requirement under Rule 11 prior to escalation in the Third Circuit Court of Appeals.

Relationship to Other Exhibits:

• This exhibit follows Judicial Notice Supplemental Exhibit A (first threat letter) and Exhibit B1 (second threat letter).
• Supports judicial escalation alongside Exhibits D, D2, E, F, F2, O, and Y.
• Reinforces ongoing counsel misconduct and refusal to mitigate third-party litigation exposure.

From: mfmallah87@icloud.com
Subject: Final 24-Hour Notice – Personal Representation Confirmation and Imminent Harm Escalation
Date: Jul 22, 2025 at 2:54:46 PM
To: James McNally jmcnally@cohenseglias.com

Mr. McNally,

I am writing to formally notify you that I received a second threat letter from American Remodeling Enterprises earlier today, dated July 22, 2025. This follows the first letter already filed in the record in Butler & Davis v. New American Funding, and reflects a growing third-party legal threat directly caused by your client's failure to issue a denial letter or resolve the refinance fallout.

Despite your July 1st email indicating that your client was "not interested in settling," you have filed no substantive defense, even as third-party litigation now looms. This is real-world financial and legal harm being inflicted on me and my family, and I am forced to pursue emergency appellate relief as a result.

Accordingly, you are hereby placed on 24-hour notice to:

1. Respond by 3:00 PM on July 23, 2025, confirming whether your client intends to:

   ◦ Settle this matter, or

   ◦ Issue a formal loan denial letter to be forwarded to the contractor.

2. Confirm in writing whether you represent Amy Dale, Sean Wainwright, and Enrico Arvielo in their individual capacities in connection with the Verified Supplemental Complaint recently filed. If you do not respond, I will presume you do not represent them personally, and proceed with individual service.

Failure to respond to this final request will result in:

- Immediate filing of an Emergency Interlocutory Appeal with the Third Circuit Court of Appeals;
- Filing of a bar complaint regarding your failure to act ethically or protect the public from escalating third-party harm;
- Filing of a Motion for Sanctions in the district court regarding your role in prolonging financial injury and obstructing resolution.

This is your last opportunity to engage in good faith before escalation proceeds. I urge to please to take this seriously, because this is real life … This company is pursuing me over your client's inaction to either settle or defensively litigate.

Respectfully,

Audury Petie Davis

Mfmallah87@icloud.com

(717) 424-8220



**Photo.pdf**
16.1 MB

Sent from my iPhone

# EXHIBIT C1

Email from Attorney John Q. Howard – Procedural Threats Without Standing

Submitted by:

Audury Petie Davis, Pro Se Plaintiff

On behalf of Maryann Butler and Audury Petie Davis


Filing Context:

This exhibit is submitted into the Middle District of Pennsylvania case record to support Plaintiffs' forthcoming judicial notice regarding counsel irregularities, sanctions exposure, and intimidation tactics used outside of proper procedural channels.


Exhibit Description:

Exhibit C1 consists of an email sent by attorney John Q. Howard on or around July 22, 2025, in which Mr. Howard issued threats of sanctions and attempted to pressure Plaintiff Audury Petie Davis to withdraw properly filed federal pleadings. At the time of the email, Mr. Howard had not formally entered an appearance in the case and was not recognized as counsel of record by the Court.


Strategic Purpose:

This exhibit documents a pattern of off-record misconduct, improper threat tactics, and procedural overreach. It reinforces Plaintiffs' argument that defense counsel has engaged in bad faith attempts to disrupt judicial proceedings through unauthorized communication and intimidation.


Relation to Other Exhibits:

This exhibit complements Exhibit B2 (24-Hour Notice to James McNally) and aligns with Exhibit B1 (Second Third-Party Threat Letter from American Remodeling). Together, these materials support sanctions exposure, protective relief requests, and future judicial notices identifying procedural misconduct and counsel substitution irregularities.

From: **Howard, John Q.** jqhoward@foxrothschild.com
Subject: **New Counsel & Final 24-Hour Notice – Personal Representation**
**Confirmation and Imminent Harm Escalation**
Date: Jul 23, 2025 at 2:32:27 PM
To: mfmallah87@icloud.com
Cc: jmcnally@cohenseglias.com

Dear Mr. Davis:

My name is John Howard. I will be substituting in for Mr. McNally as counsel for New American Funding, LLC ("NAF") in this matter in the near future. We are still in the process of transferring the case but you can expect to see a substitution of counsel filing in the very near future. I therefore ask that you direct all future communications concerning my client and this matter to Mr. McNally and me until substitution is complete, at which point you can direct all communications to just me.

In response to your email to Mr. McNally dated July 22, 2025, I must remind you that your mother's loan application was withdrawn. Under such circumstances, NAF is not required to issue a formal denial letter since there was no loan for NAF to deny. With respect to your demand for a response to your "notice," please note that my client remains uninterested in engaging in any settlement discussions.

As to whether my firm intends to represent Amy Dale, Sean Wainwright, and Enrico Arvielo in their individual capacities in connection with your "Verified Supplemental Complaint," I can only say that your newly filed complaint is both procedurally and substantively defective and therefore requires no response. Among other things, your complaint, in addition to nearly all, if not all, other filings you have submitted since July 14th, is in direct violation of the Court's Order dated July 11, 2025 that expressly states that you "SHALL NOT file any documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." To my knowledge, those requirements have not been met and these filings remain improper.

To that end, I hereby demand that you withdraw your latest filings, including your "Verified Supplemental Complaint" and Motions for Default Judgment by Friday, July 25, 2025. We are prepared to file a motion to strike these filings and to seek any and all relief, including sanctions, should you refuse.

Please be guided accordingly,
John



**John Q. Howard**
Associate
**Two Commerce Square**
2001 Market Street
Suite 1700
Philadelphia, PA 19103
📞 (215) 299-2002
🖨 (215) 299-2150
✉ jqhoward@foxrothschild.com

**Learn about our new brand.**

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

**EXHIBIT C2**

LinkedIn Screenshot – John Q. Howard Announces New Role at Fox Rothschild

**Submitted by:**

Audury Petie Davis, Pro Se Plaintiff
On behalf of Maryann Butler and Audury Petie Davis

**Filing Context:**

Submitted into the Middle District of Pennsylvania case record to document recent professional affiliations and potential conflict disclosures regarding opposing counsel.

**Exhibit Description:**

Screenshot from LinkedIn dated July 22, 2025, showing attorney John Q. Howard announcing his new affiliation with Fox Rothschild LLP.

**Strategic Purpose:**

To support Plaintiffs' judicial notice regarding counsel irregularities, conflicts of interest, and improper substitution tactics amid pending litigation.

**Relation to Other Exhibits:**

Complements Exhibit C1 (Howard's threat email) and Exhibit C3 (screenshot showing concurrent association with Cohen Seglias). Reinforces strategic claims of procedural misconduct and appearance manipulation.



## About

Currently working as a construction litigation associate at Cohen Seglias Pallas Greenhall & Furman, P.C.

## Activity
385 followers

**Posts**   Comments   Images



**John Howard** 🔹 · 3rd+        **+ Follow**   •••
Litigation Attorney
2h · 🌐

I'm very pleased to share that I have joined Fox Rothschild, LLP as an associate litigation attorney. Thank you to all of my mentors, teachers, and friends who have helped me to reach this point in my career. To all of my new colleagues, I look forward to working together.



🏠 **Home**    My Network    Post    🔔19 Notifications    Jobs