IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER and AUDURY PETIE DAVIS,

Plaintiffs,

v.

NEW AMERICAN FUNDING,

Defendant.

Case No. 1:25-cv-00690

**FILED**
HARRISBURG, PA
AUG 05 2025
PER _____
DEPUTY CLERK

# JUDICIAL NOTICE OF COUNSEL CONFLICTS, STRATEGIC REINFORCEMENT, AND PRESERVATION OF PARTY STATUS

Plaintiffs, by and through undersigned co-plaintiff Audury Petie Davis, respectfully submit this Judicial Notice for the limited purpose of preserving the record, reinforcing ethical objections already raised, and clarifying the adverse and escalating role of Attorney John Q. Howard, whose conduct continues to affect this matter despite lack of formal entry of appearance.

This filing is submitted in direct response to defense counsel's recent efforts to both strike filings and downplay the seriousness of earlier threats, off-record communications, and third-party harm. The record will reflect that Attorney John Q. Howard issued pre-appearance legal threats, demanded withdrawal of filings, and is now strategically entangled in all Fox Rothschild communications, including those signed by Ronald Williams. These tactics are creating procedural and reputational ambiguity, and raising exposure for all involved.

## 1. Preservation of Record and Appellate Clarity

Plaintiffs assert this Judicial Notice solely for the purpose of reinforcing the factual and procedural posture of the record, including prior filings under ECF 49 and responses thereto. The underlying facts surrounding Attorney Howard's conduct are already judicially noticed and preserved. However, based on defense counsel's reply brief and the attempt to strike filings that directly reference Mr. Howard's off-record threats, it has become necessary to clarify that:

- Attorney John Q. Howard issued threat-based communications following proper attempts to confer in good faith;

- His actions occurred after plaintiffs had raised claims of third-party harm, raising potential for witness intimidation or obstruction;

- Despite defense counsel's claim that Mr. Howard has not violated any ethical rules, his reappearance in ongoing correspondence and internal coordination calls into question his independence and Fox Rothschild's strategic use of him.

## 2. Ethical Exposure and Strategic Signaling

This notice is not duplicative of ECF 49 but is strategic reinforcement in light of defense counsel's recent motion practice. While John Q. Howard has not entered an appearance, he is the originator of legal threats that form a substantial basis for plaintiffs' objections to Fox Rothschild's role in this litigation. His presence continues to color the firm's strategy and liability posture. The following is now evident:

- Defense counsel has attempted to sanitize Mr. Howard's threats by claiming they are "not misconduct", while simultaneously cc'ing Mr. Howard on case communications;

- This tactic attempts to use Howard's threats to pressure plaintiffs while evading responsibility for them a strategic ambiguity that is both procedurally improper and potentially sanctionable;

- Fox Rothschild cannot both disclaim Mr. Howard's involvement and rely on him as a shadow operator in sensitive party communications.

This creates a clear and continuing conflict-of-interest risk, especially in light of:

- The known third-party harm (roofing contract, threats, and escalation);

- Pending appellate filings in the Third Circuit regarding procedural defects and delay;

- Possible exposure of Fox Rothschild's insurance carrier to future claims of improper supervision, retaliation, or obstruction.

## 3. Standing and Co-Plaintiff Clarification

Plaintiff Audury Petie Davis reiterates that he is a named co-plaintiff, a real party in interest, and a directly harmed individual due to the failed refinance transaction at the core of this litigation. The Middle District has not ruled on the Verified Motion to Amend (ECF 19), nor the Verified Curative Complaint (ECF 38), which clearly asserts dual-party status, imminent third-party harm, and standing. This Judicial Notice should be read in full light of those filings and their evidentiary attachments.

## 4. Enforcement-Oriented Language for the Record

Plaintiffs reserve the right to:

- Seek sanctions or ethical review against Fox Rothschild LLP and Attorney John Q. Howard for his continuing role in this matter;

- Present these facts to regulatory authorities, including the Pennsylvania Department of State and any relevant bar disciplinary board;

- Reinforce these issues in appellate submissions now pending before the Third Circuit Court of Appeals (Case No. 25-2365).

Let the record reflect: Plaintiffs do not consent to the procedural or reputational laundering of John Q. Howard's earlier threats and object to any internal coordination that positions him as an advisor or shadow participant while disclaiming responsibility for his conduct.

## CONCLUSION

This Judicial Notice is narrowly tailored to preserve the record, reinforce party status, and warn of ongoing ethical risk to the defendant and its counsel. This matter remains active in two courts, and the record must reflect the reality of counsel's entanglements and strategic inconsistencies.

Respectfully submitted,

August 5, 2025

/s/ Audury Petie Davis

Audury Petie Davis

Co-Plaintiff and Party in Interest

2041 Greenwood Street

Harrisburg, PA 17104

## VERIFICATION

I, Audury Petie Davis, declare under penalty of perjury under the laws of the United States that the foregoing Judicial Notice is true and correct to the best of my knowledge, and that I am a co-plaintiff and a directly harmed party in this matter.

Executed this 5th day of August, 2025.

Respectfully submitted,

Audury Petie Davis

Co-Plaintiff and Party in Interest

2041 Greenwood Street

Harrisburg, PA 17104

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Judicial Notice was filed via PACER and served electronically on all counsel of record through the Court's CM/ECF system on August 5, 2025. No courtesy copy was sent to non-appearing counsel.

/s/ Audury Petie Davis

Audury Petie Davis

Audury Petie Davis

1823 State

Harrisburg PA, 17104

717-424-8220

mfmallah87@icloud.com

August 5, 2025

Disciplinary Board of the Supreme Court of Pennsylvania

100 Pine Street, Suite 400

Harrisburg, PA 17101

RE: Follow-Up Submission – Complaint No. 20250805003

Respondent: Attorney John Q. Howard (PA Bar No. 333-217)

Date of Original Complaint: August 5, 2025

To Whom It May Concern:

This correspondence serves as a formal follow-up to my complaint, filed August 5, 2025, against Attorney John Q. Howard (PA Attorney ID No. 333-217), and now officially logged under Complaint No. 20250805003. I respectfully request that the following supplemental documents be included in the investigation record for full and proper evaluation.

Enclosures:

1. Exhibit C1 – Threat Letter issued by Mr. Howard, which includes language interpreted as coercive, advising me to withdraw my pending federal filings despite his lack of formal entry of appearance at the time. This document implicates serious concerns regarding professional boundaries, threats during pending litigation, and unauthorized conduct.

2. Judicial Notice – ECF 49 as filed in the U.S. District Court for the Middle District of Pennsylvania, which formally preserves the threat letter and contextualizes it within ongoing litigation. The notice highlights misconduct, record manipulation attempts, and prejudice during an active period of third-party harm involving both me and my co-plaintiff.

These documents suggest a prima facie ethical breach under the following Pennsylvania Rules of Professional Conduct:

- Rule 4.1 (Truthfulness in Statements to Others)
- Rule 4.3 (Dealing with Unrepresented Persons)
- Rule 5.5 (Unauthorized Practice of Law)
- Rule 8.4 (Misconduct – including threats, dishonesty, and conduct prejudicial to the administration of justice)

I request the Board to conduct a full inquiry into Mr. Howard's behavior and to consider the appropriateness of any corrective or disciplinary action under Pennsylvania law and ethics rules. If further documents or statements are required, I am available to cooperate fully.

Thank you for your time, professionalism, and integrity in reviewing this complaint.

Respectfully,

Audury Petie Davis

Complainant

---

Attachments:

- Exhibit C1 – Threat Letter from John Q. Howard
- ECF 49 – Judicial Notice of Counsel Irregularities

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER and

AUDURY PETIE DAVIS,

Plaintiffs,

v.

NEW AMERICAN FUNDING,

Defendant.

Civil Action No. 1:25-cv-00690



FILED
HARRISBURG, PA
JUL 24 2025
PER _____
DEPUTY CLERK

# JUDICIAL NOTICE OF COUNSEL IRREGULARITIES AND PROCEDURAL MISCONDUCT TO PRESERVE APPELLATE RECORD

Plaintiffs Maryann Butler and Audury Petie Davis respectfully submit this Judicial Notice to alert the Court to ongoing procedural misconduct, apparent conflicts of interest, and violations of Rule 11(b) involving both former counsel James McNally and newly emergent communications from John Q. Howard, an attorney not formally entered as counsel of record. This filing is made to preserve issues for appellate review and to document irregular behavior now infecting the record at multiple levels.

## I. Improper Threats and Procedural Irregularities by John Q. Howard

On July 22, 2025, Plaintiffs received a direct communication from attorney John Q. Howard, who is neither counsel of record in this matter nor listed in any Notice of Appearance. Despite this, Mr. Howard issued improper legal threats, demanded withdrawal of filings already submitted to this Court, and issued strategic instructions under the guise of representation. At no point has this Court recognized Mr. Howard as substituted counsel under Local Rule 83.15 or Rule 11(a) of the Federal Rules of Civil Procedure, yet he has inserted himself into the record.

This activity constitutes an unauthorized interference with the record and raises serious ethical concerns regarding misrepresentation and improper conduct under Pennsylvania Rule of Professional Conduct 4.1.

## II. Conflicted Affiliations and Misleading Representations

Mr. Howard is publicly affiliated with Fox Rothschild LLP as of July 22, 2025, as evidenced by a LinkedIn announcement posted by him that same day. However, when Mr. Howard's name is searched in legal databases, he remains linked to Cohen Seglias Pallas Greenhall & Furman PC, the same firm that previously employed James McNally, who is still listed as counsel of record in this case.

This raises fundamental questions:

- Was Mr. Howard ever formally retained by New American Funding or is he simply operating as an informal actor?

- Did McNally, facing imminent sanctions or procedural exposure, deploy Mr. Howard in an attempt to redirect or derail pending motions?

Plaintiffs request that this Court take judicial notice of this ambiguity, which may reflect either bad-faith maneuvering or intentional concealment of representation.

## III. Defendant's Counsel Has Failed to Respond to Material Filings

Despite being served with a 24-hour notice regarding third-party harm (sent July 22, 2025), Mr. McNally failed to respond. This silence follows a sustained pattern of procedural evasion and non-responsiveness, including his failure to:

- Respond to the Verified Curative Complaint filed July 14, 2025;

- Respond to the Emergency Judicial Notice (ECF 40) and Notice of Procedural Discrepancy (ECF 41);

- Acknowledge the Court's July 11 Order striking Plaintiffs' filings;

- Address third-party legal threats tied directly to Defendant's misconduct.

As of this filing, no adverse action letter has ever been issued by Defendant, making it impossible for Plaintiffs to comply with third-party contractual demands and exposing them to escalating civil liability.

## IV. Judicial Record Is Now at Risk of Contamination

This case now implicates multiple levels of judicial integrity. Specifically:

- The docket contains irregularities, including unstruck filings that violate the July 11 Order;
- The record has not been ruled upon despite the passage of key procedural deadlines;
- Counsel with no formal status is interfering with litigants under color of representation.

These developments may trigger an automatic expansion of appellate jurisdiction under 28 U.S.C. § 1292 and raise serious questions about whether the Court's impartiality can be preserved.

## V. Relief Requested

Plaintiffs respectfully request that this Court:

1. Take judicial notice of the facts above for record preservation;
2. Acknowledge that Mr. John Q. Howard has no formal standing to issue threats or demands under Rule 11;
3. Permit Plaintiffs to reserve all rights to seek sanctions and referral for misconduct at a later procedural stage;
4. Allow this filing to stand as a record-building notice for all appellate purposes under Federal Rule of Appellate Procedure 10(e).

**Footnote**

*Plaintiffs have catalogued all relevant correspondence and communications referenced herein as follows:

- Exhibit B1 – Second threat letter from American Remodeling;
- Exhibit B2 – 24-Hour notice letter sent to James McNally;
- Exhibit C1 – Email from John Q. Howard containing improper threats;
- Exhibit C2 – LinkedIn screenshot showing John Q. Howard's affiliation with Fox Rothschild LLP.*

Plaintiffs reserve the right to formally attach these as exhibits in support of future motions or appellate submissions.

Respectfully submitted,

/s/ Audury Petie Davis

Audury Petie Davis

2041 Greenwood Street

Harrisburg, PA 17104

717-424-8220

mfmallah87@icloud.com

Pro Se Plaintiff

Dated: July 23, 2025

**VERIFICATION**