UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

Plaintiff,

v.

NEW AMERICAN FUNDING,

Defendant.

Case No. 1:25-cv-00690-PJC

# RESPONSE IN OPPOSITION TO MOTION TO STRIKE AND MOTION TO DISMISS VERIFIED FILINGS (ECF Nos. 38–40, 49–55)

Plaintiffs respectfully oppose Defendant's motion to strike and dismiss ECF Nos. 38 through 40, 46 through 47, and 49 through 55. These filings were entered to preserve appellate rights, clarify standing under Rule 17, document third-party harm, and provide notice of ongoing procedural misconduct. Each remains relevant and rooted in the procedural posture of this case and must not be struck without violating the Federal Rules, prejudicing appeal rights, or potentially whitewashing attorney conduct.

## I.

## THESE FILINGS CURED STANDING AND PRESERVED JURISDICTION UNDER RULE 17(a)(3)

1

Under Fed. R. Civ. P. 17(a)(3), a party "may not be dismissed" for lack of standing "until a reasonable time has been allowed to cure." The following filings were submitted for that exact purpose:

- ECF 38 (Verified Curative Complaint)
- ECF 39 (Verified Declaration under penalty of perjury)
- ECF 40 (Notice of Third-Party Harm)
- ECF 46–47 (Notice of Appeal + Amended Complaint)
- ECF 49–55 (Judicial notices verifying submission of appellate evidence)

Together, these documents cured all defects previously cited by the Court, including:

- Standing and real party in interest status (Butler + Davis joint assertion)
- Verified declarations (ECF 39)
- Imminent third-party harm (ECF 40; Exhibits B1–B6)
- Notice to the Third Circuit (ECF 46, 53–55)

To strike them now after appellate review has commenced would be premature and prejudicial, and would violate the remedial intent of Rule 17(a)(3) and the doctrine recognized in Walker v. Pacific Maritime Ass'n, 2022 WL 4596637, at 4 (N.D. Cal. 2022).

## II.

## DEFENDANT'S MOTION ATTEMPTS TO SUPPRESS VERIFIED NOTICES CONCERNING MISCONDUCT BY PRIOR COUNSEL

At the center of Defendant's motion is an effort to erase public record filings that document misconduct by prior and overlapping counsel. These include Exhibit C1, a threat letter sent by John Q. Howard during a period of active third-party harm. The firm now seeks to:

- Downplay Howard's role by asserting he was not "yet" counsel
- Distance itself while actively CC'ing him in litigation correspondence
- Request that all related filings including judicial notices be removed from view

But under Sciarra v. Lynch, 362 F. Supp. 3d 166, 175 (D.D.C. 2019), "Judicial process cannot countenance suppression of procedural irregularities simply by altering titles of representation."

Howard's conduct including written threats, timing of his communication during counsel transition, and continuing involvement remains a matter of material concern to this litigation. These issues were raised in ECF 49, ECF 54, and ECF 55, each of which:

- Was verified under penalty of perjury
- Properly served via PACER
- Identifies overlapping exposure between Howard and Fox Rothschild LLP

Striking such filings without formal rebuttal or evidentiary counterproof would give the appearance of procedural cleansing a dangerous precedent that exposes the record to appeal.

## III.

### APPELLATE REVIEW IS UNDERWAY — STRIKING THESE FILINGS CREATES APPEALABLE ERROR

Plaintiffs have filed a corrected Notice of Appeal in Third Circuit Case No. 25-2365, which is now live and includes filings referenced in this response. USB-based evidence, physical exhibits, and verified declarations were submitted to the appellate panel.

These filings are not "impertinent" or "scandalous" under Rule 12(f). Instead, they:

- Document third-party harm, including legal threats and potential litigation against Plaintiff and her authorized agent (ECF 40; Exhibits B1–B6)
- Identify communications breakdowns and procedural irregularities (ECF 49, ECF 54)
- Preserve the appellate record in accordance with Sciarra and Rule 5

To strike them now would risk suppressing filings that are actively under review by a higher court. The Third Circuit is entitled to a full record of procedural conduct, particularly when counsel irregularities form part of the appeal grounds.

## IV.

### PRAYER FOR RELIEF

Plaintiffs respectfully request:

1. That Defendant's Motion to Strike and Dismiss (ECF 60) be denied in its entirety;
2. That this Court take no further action to strike or suppress ECF Nos. 38–40, 46–47, 49–55, or related notices pending resolution of Third Circuit Case No. 25-2365;
3. That the Court acknowledge that John Q. Howard's communications including Exhibit C1 remain unrebutted and subject to future regulatory review if not resolved here.

Respectfully submitted,

August 5, 2025

/s/ Audury Petie Davis

Audury Petie Davis

On behalf of Maryann Butler (Authorized Agent)

2041 Greenwood Street

Harrisburg, PA 17104

mfmfallah87@icloud.com

# VERIFICATION

4

I, Audury Petie Davis, declare under penalty of perjury that the foregoing statements and all referenced filings (ECF Nos. 38–40, 46–47, 49–55) are true and correct to the best of my knowledge, based on personal knowledge and verified exhibits previously filed.

Executed on August 4, 2025

/s/ Audury Petie Davis

# CERTIFICATE OF SERVICE

I certify that on August 4, 2025, I served this filing via PACER upon:

Ronald L. Williams

Fox Rothschild LLP

rwilliams@foxrothschild.com

CC:

General Counsel, Fox Rothschild LLP (via certified mail)

CC: Third Circuit Court of Appeals (record reference only)

/s/ Audury Petie Davis