UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Case No. 1:25-cv-00690-PJC

Maryann Butler and Audury Petie Davis,

Plaintiffs,

v.

New American Funding, et al.,

Defendants.

FILED
HARRISBURG, PA
AUG 0 6 2025
PER _____
DEPUTY CLERK

# SUPPLEMENTAL VERIFIED RESPONSE IN OPPOSITION

TO DEFENDANTS' MOTION TO STRIKE AND DISMISS

(Pursuant to ECF No. 59)

Plaintiffs, appearing pro se, submit this supplemental verified response to further oppose Defendants' Motion to Strike and Dismiss. This supplemental filing is necessary to correct the record and counter procedural misrepresentations made by defense counsel Ronald Williams of Fox Rothschild LLP.

## I. PROCEDURAL CONTEXT AND CLARIFICATION

Defendants falsely assert that all post-ECF 19 filings are improper, disregarding the procedural record and intentionally omitting the sequence of corrective actions undertaken to cure defects originally flagged by the Court.

- ECF No. 19 was a verified Motion for Leave to Amend the Complaint, submitted to address standing and formally name Audury Petie Davis as co-plaintiff.

- The Court never ruled on ECF 19. Instead, it issued an omnibus order (ECF 37) striking various filings without prejudice, while leaving the verified motion to amend unresolved.

- Following that, Plaintiffs filed:
    - ECF 38 (Verified Curative Complaint),
    - ECF 39 (Verified Declaration),
    - ECF 40 (Third-Party Harm Notice), and
    - ECF 41 (Registration Irregularities),

    to cure every defect identified.

These filings fall within the scope of curative relief permitted under Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (district courts must permit amendment or correction of deficiencies when addressing pro se complaints). See also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

## II. DEFENDANTS' STRATEGIC MISREPRESENTATION

Defendants have attempted to isolate ECF 19 and ignore all subsequent curative filings, while simultaneously advancing a Motion to Dismiss against ECF 1 (the original Complaint), a pleading that was neither verified nor inclusive of necessary declarations.

This maneuver is not merely procedural it is a calculated effort to strip standing from a co-plaintiff (Mr. Davis), discredit verified evidence, and evade accountability for third-party harm, regulatory misconduct, and record obstruction.

## III. COURT'S DUTY TO CONSIDER VERIFIED FILINGS

Once verified declarations and amended pleadings have been submitted to cure defects, courts have a duty to consider those filings in good faith. See Santiago v. Warminster Twp., 629 F.3d 121, 130 n.8 (3d Cir. 2010) (where plaintiff submits amended and verified filings, the court should evaluate those on the merits).

Plaintiffs' filings have not been ruled upon, and no final order has been issued striking or denying the curative submissions. Accordingly, the docket remains open and procedurally viable. Defendants' assertion that Mr. Davis acted without leave is hollow—leave was requested and the Court simply never ruled.

## IV. MISUSE OF STRIKING TO EVADE REVIEW

Fox Rothschild's Motion to Strike (ECF 59) seeks to retroactively cleanse the docket of curative filings that would otherwise survive scrutiny. The timing of this motion coming only after Plaintiffs filed verified declarations, judicial notices, and escalated appellate efforts suggests abuse of Rule 12(f).

Striking verified filings that have not been adjudicated would contradict Zuk v. EPPI, 103 F.3d 294 (3d Cir. 1996), which cautions against dismissing pro se claims where curative amendment is feasible or pending.

## V. STANDING CLARIFICATION

Standing has been procedurally cured:

- Mr. Davis acted as an authorized agent for Ms. Butler during the FHA transaction.

- Both names appear on the third-party roofing contract, and both have received threat letters cited in exhibits.

- Verified declarations (ECF 39) establish Mr. Davis as a direct party in interest and recipient of harm.

- This Court has discretion to permit joinder or amendment to avoid procedural injustice. See United States v. Hougham, 364 U.S. 310, 317 (1960).

## VI. JURISDICTIONAL PROTECTION

This supplemental response is submitted to reinforce jurisdictional integrity in both this Court and the Third Circuit. It preserves the factual and procedural record from post hoc erasure or manipulation. Fox Rothschild LLP, acting under strategic pressure, is attempting a clean sweep to limit insurance exposure and delay public disclosure.

The Court is urged to deny the Motion to Strike and Dismiss and proceed to adjudicate the cured filings (ECF 38–41) on their merits.

## VERIFIED DECLARATION

I, Audury Petie Davis, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge. This supplemental response is submitted in good faith and is based on firsthand knowledge of procedural filings, docket history, and the events underlying this litigation.

Executed on: August 5, 2025

/s/ Audury Petie Davis

Audury Petie Davis, Co-Plaintiff

Executed on: August 5, 2025

/s/ Maryann Butler

Maryann Butler, Plaintiff

---

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this filing was submitted to the Court and served via PACER electronic filing upon:

- Ronald Williams, Esq., Fox Rothschild LLP
- Counsel of record for Defendants

Executed on: August 5, 2025

/s/ Audury Petie Davis