THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AND

IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

AUDURY PETIE DAVIS and MARYANN BUTLER,

Plaintiffs,

v.

NEW AMERICAN FUNDING, et al.,

Defendants.

M.D. Pa. Case No. 1:25-cv-00690-PJC

Third Circuit Case No. 25-2365

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; EXPEDITED DISCOVERY; AND SANCTIONS PRESERVATION

Plaintiffs Audury Petie Davis and Maryann Butler (pro se) move for a narrowly tailored Temporary Restraining Order ("TRO") and Order to Show Cause regarding a preliminary injunction under Fed. R. Civ. P. 65 to prevent imminent third-party harm caused by Defendants' failed FHA refinance and non-cure after demand. Plaintiffs also seek expedited discovery (limited, short duration) to support the preliminary-injunction hearing and ask the Court to preserve (but not decide now) their sanctions rights under 28 U.S.C. § 1927 and the Court's inherent authority.

## Requested Relief (tight and specific)

For 14 days (or until the PI hearing), the Court should:

1. Restrain Defendants and all persons in active concert or participation with them (Rule 65(d)(2)) from inducing, directing, facilitating, or threatening any third-party collection or lawsuit against Plaintiffs arising from the failed refinance;

2. Require Defendants, within 24 hours, to transmit a neutral one-paragraph confirmation to American Remodeling (copy to Plaintiffs) stating the refinance did not close and should not be treated as funding for contractor collection pending further order; this order binds Defendants and those in concert with them and does not purport to command a non-party contractor directly;

3. Require a sworn declaration from a knowledgeable officer within 72 hours attaching the ¶2 confirmation and identifying who authorized and sent it;

4. Authorize expedited discovery limited to a single 2-hour Rule 30(b)(1) deposition of loan officer Sean Wainwright (or a corporate designee) to occur by Monday, August 18, 2025, confined to: (a) refinance status; (b) post-demand cure efforts; and (c) communications concerning American Remodeling; transcript may be used at the PI hearing;

5. Set an OSC schedule: Defendants to show cause in writing by Thursday, August 14, 2025 at 5:00 p.m. ET; Plaintiffs may reply by Friday, August 15, 2025 at 12:00 p.m. ET; hearing on Monday, August 18, 2025 at 10:00 a.m. ET, or another time convenient to Chambers;

6. Bond: waive or set security at $0 based on indigency and the minimal risk from this narrow restraint; in the alternative, if security is required, set a nominal $100 bond;

7. Permit service of any TRO/OSC and related papers by CM/ECF and email as sufficient notice under Rule 65(d).

## Jurisdiction, Posture, and Limited Stay Modification / FRAP 8 Fallback

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367; venue is proper under § 1391. Although the case reflects a stay and an appeal is pending (No. 25-2365), the Court retains authority to manage and, if needed, narrowly modify its own stay to preserve the status quo and prevent irreparable harm without disturbing issues on appeal. See Landis v. North American Co., 299 U.S. 248, 254 (1936) (inherent docket power). The divestiture rule removes jurisdiction only over aspects involved in the appeal, not over interim status-quo measures. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Plaintiffs therefore request a limited status-quo modification to permit entry/enforcement of this TRO/OSC and nothing more.

FRAP 8 Fallback. If the Court concludes the stay or divestiture doctrine prevents action, Plaintiffs request an order noting that Plaintiffs first sought relief here and that, but for jurisdictional concerns, the Court would grant (or recommends) this limited relief so Plaintiffs may immediately seek an injunction pending appeal in the Third Circuit under Fed. R. App. P. 8(a)(2).

## Statement of Facts (record-grounded)

1. Defendants' handling of Plaintiffs' FHA refinance failed and was not cured despite specific demand and notices. (Exhibits O; D; D2.)

2. American Remodeling issued escalating collection/litigation threats culminating September 25, 2025, directly tied to the failed refinance and non-cure. (Exhibits A2, B1, B2, C1.)

3. Plaintiffs submitted unrebutted materials, including D (bounce-back), D2 (good-faith preservation/demand), F2 (USB voicemail acknowledging mishandling), and O (off-portal loan file communications). Defendants have not substantively refuted these materials in either court.

4. Without interim relief, Plaintiffs face imminent suit/collection, credit harm, loss of litigation leverage, and duplicative proceedings harms not fixable by later money damages.

## Legal Standard

Preliminary relief turns on: (1) likelihood of success and (2) irreparable harm (gateway factors), then (3) balance of equities and (4) public interest. Reilly v. City of Harrisburg, 858 F.3d 173, 176–79 (3d Cir. 2017); Winter v. NRDC, 555 U.S. 7, 20 (2008). Orders must be specific and narrowly tailored. Fed. R. Civ. P. 65(d).

## Argument

### A. Likelihood of success is satisfied on this record.

The motion relies on contemporaneous, unrebutted documents and a voicemail admission (Ex. F2) that, together with D, D2, O and the contractor letters (A2, B1, B2, C1), show mishandling and non-cure after demand causing the third-party cascade. At the TRO stage, courts may credit such evidence in assessing the gateway factors.

### B. Irreparable harm is concrete and imminent.

The September 25, 2025 deadline and active collection threats present immediate harm credit damage, leverage loss, and exposure to duplicative litigation that cannot be cured later by money alone. Reilly, 858 F.3d at 179.

### C. Equities and public interest favor a narrow status-quo restraint.

The requested order (i) does not command the contractor; it binds only Defendants/agents; (ii) imposes a minimal burden a neutral confirmation letter and short officer declaration; and (iii) prevents unnecessary satellite litigation, protecting judicial economy and appellate jurisdiction.

### D. Tailoring under Rule 65(d) is precise.

The relief tracks Rule 65(d)(2), binding Defendants and those in concert, and is limited in time (14 days), scope (third-party collection activity arising from the refinance), and content (neutral confirmation only).

### E. Limited stay modification is appropriate; otherwise use FRAP 8.

A short, surgical TRO to preserve the status quo while the appeal proceeds is within the Court's inherent powers to manage its docket and protect its and the appellate court's authority. If the Court declines based on jurisdiction, Plaintiffs request the FRAP 8(a)(2) pathway described above.

### F. Bond

Given indigency and the de minimis risk from the narrow restraint and neutral letter, the Court should waive security or set it at $0; alternatively $100 nominal security satisfies Rule 65(c).

### G. Sanctions preservation (no adjudication now)

Plaintiffs ask the Court to preserve, not decide, their rights under § 1927 and inherent authority regarding the litigation conduct reflected in Exhibit C1 and related materials. Sanctions briefing, if any, can be set after the emergency abates or resolved by stipulation.

# Local Rule 7.1 Concurrence Statement (Emergency Filing)

In light of the emergency nature of the requested relief and the early hour of filing, Plaintiffs respectfully request acceptance of this Motion without prior concurrence. Plaintiffs will seek concurrence today, August 11, 2025, at 9:10 a.m. Eastern by transmitting a proposed Stipulated TRO and requesting a same day telephonic conference. Plaintiffs will promptly file a short Judicial Notice today confirming whether concurrence was obtained.

## Rule 65(b) Notice Certification

This Motion is not ex parte. Plaintiffs will serve via CM/ECF and email contemporaneously and will supplement the record today with the concurrence update.

# WHEREFORE

Plaintiffs respectfully request that the Court grant the relief outlined in ¶¶1–7 above, take judicial notice of Exhibits B1, B2, C1, A2, D, D2, F2, and O for purposes of this emergency, preserve Plaintiffs' sanctions rights, and grant such other relief as the Court deems just.

Dated: August 11, 2025

Respectfully submitted,

/s/ Audury Petie Davis, Pro Se

2041 Greenwood Street, Harrisburg, PA 17104

Phone: 717-424-8220 | Email: mfmallah87@icloud.com

/s/ Maryann Butler, Pro Se

1823 State Street, Harrisburg, PA 17103

# VERIFICATIONS (28 U.S.C. § 1746)

I, Audury Petie Davis, declare under penalty of perjury that the facts stated in this Emergency Motion including the description of Exhibits B1, B2, C1, A2, D, D2, F2, and O, the September 25, 2025 deadline, and Plaintiffs' planned concurrence efforts stated herein are true and correct to the best of my knowledge, information, and belief.

Executed on August 11, 2025.

Audury Petie Davis

I, Maryann Butler, declare under penalty of perjury that the facts stated in this Motion are true and correct to the best of my knowledge, information, and belief.

Executed on August 11, 2025.

Maryann Butler

# CERTIFICATE OF SERVICE (VERIFIED)

I certify under penalty of perjury that on August 11, 2025, I filed the foregoing Emergency Motion for TRO and OSC via CM/ECF, which will serve all registered counsel of record. I will also transmit a courtesy copy by email to defense counsel today.

Executed on August 11, 2025.


Audury Petie Davis