**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
HARRISBURG, PA

AUG 1 5 2025

PER _____
DEPUTY CLERK

MARYANN BUTLER,

    Plaintiff,　　　　　　　CIVIL ACTION NO. 1:25-cv-00690-KMN

　　　　　　　　　　　　　　　(Judge Neary)

v.

NEW AMERICAN FUNDING, LLC, et al.,

    Defendants.

**PLAINTIFFS' MOTION TO ESTABLISH (CONFIRM) ARTICLE III STANDING**

TO THE HONORABLE COURT:

Plaintiffs Audury Petie Davis and Maryann Butler respectfully move for an order confirming that Article III

standing is established. Despite Defendants' procedural objections, the matured record contains unrebutted

evidence of concrete, particularized harm traceable to Defendants and redressable by this Court. This motion

is submitted in light of the Court's August 14, 2025 order (ECF 71) and consolidates the standing showing.[1]

**I. BACKGROUND**

1. Plaintiffs pursued an FHA refinance with New American Funding ("NAF") in or about January 2025. In line

   with the assigned loan officer's instructions, supporting documents were transmitted off-portal to the loan

   officer's email (Exhibit O).

2. Communications then failed (Exhibits D and D2). On March 12, 2025, the loan officer left a voicemail

   acknowledging a late-arriving VOE and that it "has been sent up," apologizing for being out of office, and

   requesting a call back. The Google Fi transcript is Exhibit F; the audio is Exhibit F2 (submitted by

   conventional filing; SHA-256 hash b96555a6812aaa8b2b3da58f5c9e9e0a3e950aff797b38472786834c187992ba).

3. The refinance was tied to a necessary roofing project; the roofing contract and demand/threat letters are

   Exhibits B1–B3, which personally name Plaintiffs and seek payment conditioned on the refinance outcome.

4. Plaintiffs never requested or consented to a withdrawal and never received an ECOA/Reg B adverse-action

   notice. See 12 C.F.R. § 1002.9(a); 15 U.S.C. § 1691(d).

## II. LEGAL STANDARD

Article III standing requires: (1) injury-in-fact; (2) causation; and (3) redressability. Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560–61 (1992).

## III. ARGUMENT

A. Injury-in-Fact. Plaintiffs are personally named on the roofing contract and demand/threat letters (B1–B3)

and face imminent enforcement/collection exposure; they also incurred processing costs and risk tied to the

refinance handling.

B. Causation. The injuries are fairly traceable to NAF's handling: off-portal submission to the loan officer's

email (O), communication failures (D/D2), and the loan officer's admitted delay/ongoing processing (F/F2).

C. Redressability. Court relief (injunctive measures and/or damages) will halt third-party enforcement and

compensate losses, fully redressing the injury.

D. Cure & Preservation (Rule 17(a)(3)). Any earlier uncertainty noted in ECF 71 is expressly cured by the

Verified Curative Complaint and Verified Declaration (ECF 38–39) and the contemporaneous Verified

Declaration filed today incorporating Exhibits B1–B3, O, D/D2, F, and F2. To the extent any real-party/

joinder concern was perceived, Fed. R. Civ. P. 17(a)(3) allows cure; this case should proceed on the merits.

## IV. RELIEF REQUESTED

Plaintiffs respectfully request that the Court enter an order:

1. Confirming that Article III standing is established for Plaintiffs Audury Petie Davis and Maryann Butler; and

2. Directing that the case proceed on the merits; or, in the alternative,

3. Deeming standing satisfied for all pending motions (including ECF 68) and forthcoming proceedings, with any

prior real-party/joinder concern deemed cured under Fed. R. Civ. P. 17(a)(3).

Respectfully submitted,

Dated: August 15, 2025

/s/ Audury Petie Davis

Audury Petie Davis, Pro Se

2041 Greenwood Street

Harrisburg, PA 17104

(717) 424-8220

mfmallah87@icloud.com

/s/ Maryann Butler

Maryann Butler, Pro Se

1823 State Street

Harrisburg, PA 17103

**VERIFICATION (28 U.S.C. § 1746)**

We, Audury Petie Davis and Maryann Butler, are over 18 and competent to testify. This motion's factual statements

are based on our personal knowledge unless stated on information and belief. We declare under penalty of perjury

that they are true and correct to the best of our knowledge, information, and belief.

Executed on August 15, 2025, in Harrisburg, Pennsylvania.

/s/ Audury Petie Davis

/s/ Maryann Butler

**CERTIFICATE OF SERVICE**

I certify that on August 15, 2025, I hand-delivered the foregoing to the Clerk for filing and caused service via the

Court's CM/ECF system on all counsel of record.

/s/ Audury Petie Davis

Caption conformity note: This filing is on behalf of both Plaintiffs (Davis and Butler). The header mirrors ECF 71 for

administrative conformity and does not waive Plaintiff Davis's standing. See ECF 38–39.

[1] Submitted in light of ECF 71; standing is shown via ECF 38–39 and Exhibits B1–B3, O, D/D2, F, and F2, and is further

consolidated by the contemporaneous Verified Declaration and Judicial Notices (including conventional filing of F2).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,
   Plaintiff,

CIVIL ACTION NO. 1:25-cv-00690-KMN
(Judge Neary)

v.

NEW AMERICAN FUNDING, LLC, et al.,
   Defendants.

[PROPOSED] ORDER CONFIRMING ARTICLE III STANDING

Consistent with the Court's August 14, 2025 Order (ECF 71), and upon consideration of Plaintiffs' Motion to Establish (Confirm) Article III Standing and the record before the Court, it is hereby ORDERED:

1. Article III standing is established for Plaintiffs Audury Petie Davis and Maryann Butler.

2. This action shall proceed on the merits.

3. Alternative/Clarifying Relief: To the extent any prior uncertainty existed, standing is deemed satisfied for all pending motions (including ECF 68) and forthcoming proceedings.

4. Rule 17(a)(3) Clarification: Any earlier real-party-in-interest/joinder issue is cured by Plaintiffs' curative filings and verified submissions, consistent with Fed. R. Civ. P. 17(a)(3).

5. The Clerk shall reflect this determination on the docket as appropriate.

IT IS SO ORDERED.

Date: _____   _____
                                Keli M. Neary
                                United States District Judge
                                Middle District of Pennsylvania