FILED
HARRISBURG, PA

AUG 15 2025

PER [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,
   Plaintiff,                  CIVIL ACTION NO. 1:25-cv-00690-KMN
                                  (Judge Neary)

v.

NEW AMERICAN FUNDING, LLC, et al.,
   Defendants.

**VERIFIED DECLARATION**
(Standing Clarification under ECF 71; Regulatory Contradiction; Support for ECF 68;
and Incorporation of Exhibits B1–B3, O, D/D2, F & F2)

I, Audury Petie Davis, and I, Maryann Butler, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

0. Personal Knowledge. We are over 18 and competent to testify. This declaration is based on our personal
   knowledge unless stated on information and belief; if called as witnesses we could and would testify to the
   facts stated herein.

**Purpose and Scope**

1. This Verified Declaration clarifies Article III standing in light of the Court's August 14, 2025 Order (ECF 71),
   identifies material regulatory contradictions bearing on Plaintiffs' pending ECF 68 motion (TRO / OSC /
   expedited discovery / sanctions preservation), and incorporates Exhibits B1–B3, O, D/D2, F (transcript), and
   F2 (audio) by reference. Contemporaneously, Plaintiffs are re-establishing any previously-stricken exhibits
   without prejudice and providing a conventional filing of Exhibit F2 (audio).

**Background & Core Facts**

2. In or about January 2025, Plaintiffs pursued an FHA refinance with New American Funding (NAF). Consistent
   with the assigned loan officer's instructions, supporting documents (including paystubs, VOE materials, bank

statements, and related items) were transmitted off-portal to the loan officer's email. Exhibit O evidences
those off-portal transmissions and related handling.

3. After submission, communication from the loan officer ceased. Plaintiffs never received a written denial,
adverse action notice under the Equal Credit Opportunity Act/Regulation B, or any written confirmation of a
voluntary withdrawal. Plaintiffs did not request or consent to any withdrawal. Exhibits D and D2 reflect
failed delivery/bounce-backs during the harm window.

4. On March 12, 2025, Plaintiffs received a voicemail from loan officer Shawn Wainwright acknowledging ongoing
processing activity and delay ("your mother's second verification of employment just came in late last week;
that has been sent up…"), apologizing for being out of the office, and requesting a call back. The Google Fi
transcript is Exhibit F. The audio recording is Exhibit F2 (file: "NAF Loan Officer, Shawn Wainwright.mp3";
duration ≈ 00:34; SHA-256: b96555a6812aaa8b2b3da58f5c9e9e0a3e950aff797b38472786834c187992ba).
Exhibit F2 is submitted by conventional filing. We exported the voicemail from our device and computed the
SHA-256 using standard tools; later copies were verified to the same hash. Any brief inaudible ending does not
alter the quoted content, which is clear on both transcript and audio.

5. The refinance was tied to a necessary roofing project. The roofing contract and demand/threat letters (Exhibits
B1–B3) personally name Plaintiffs and seek payment conditioned on the refinance outcome.

**Standing Clarification (ECF 71) — Lujan Elements**

6. Injury-in-Fact. Plaintiffs are personally named on the roofing contract and demand/threat letters (B1–B3) and
face imminent enforcement/collection exposure; Plaintiffs also incurred out-of-pocket costs and processing
risk traceable to NAF's handling.

7. Causation. The injury is fairly traceable to NAF's conduct: the off-portal handling (O), communications failures
(D/D2), and the loan officer's admitted delay/ongoing processing (F/F2) together caused the project-linked

harm and third-party enforcement pressure against Plaintiffs.

8. Redressability. Court relief, including injunctive relief and/or damages, will halt third-party enforcement and
   compensate losses, fully redressing the injury.

9. Cure & Preservation. Any earlier uncertainty noted in ECF 71 is expressly cured by Plaintiffs' Verified Curative
   Complaint (ECF 38) and Verified Declaration (ECF 39) and by this consolidated declaration incorporating
   Exhibits B1–B3, O, D/D2, F, and F2. Additionally, to the extent any earlier real-party-in-interest/joinder issue
   was perceived, Fed. R. Civ. P. 17(a)(3) applies; the curative filings operate as ratification/joinder and this case
   should proceed on the merits.

### Regulatory Contradiction & ECF 68 Support (summary)

10. Regulation B requires timely and proper adverse-action notice, see 12 C.F.R. § 1002.9(a); 15 U.S.C. § 1691(d).
    No such notice was provided to Plaintiffs, even as the loan officer acknowledged VOE-based processing and
    delay (F/F2). Off-portal collection/handling (O), coupled with systematic communication failures (D/D2),
    contradict NAF's position that Plaintiffs "withdrew." The record shows no request/consent to withdrawal and
    no ECOA/Reg B denial letter.

11. These contradictions directly support the urgent relief sought in ECF 68 (including targeted expedited discovery
    into call logs, email routing/delivery, loan-processing notes, and rate-lock status) and justify evidentiary
    preservation measures.

### Exhibit Incorporation & Conventional Filing

12. Plaintiffs incorporate by reference Exhibits B1–B3, O, D, D2, F, and F2. To the extent any exhibit was previously
    stricken without prejudice, Plaintiffs are contemporaneously re-establishing it and linking it to ECF 68 through
    separate judicial notices. Plaintiffs are contemporaneously submitting Exhibit F2 by conventional filing (USB)
    with the identification above and the SHA-256 hash for authentication.

**Caption Conformity**

13. This filing is submitted on behalf of both Plaintiffs, Audury Petie Davis and Maryann Butler. The header mirrors

ECF 71 for administrative conformity and does not waive Plaintiff Davis's standing. See ECF 38–39.

Executed on August 15, 2025, in Harrisburg, Pennsylvania.

_/s/ Audury Petie Davis_                               _/s/ Maryann Butler_
Audury Petie Davis                                         Maryann Butler
2041 Greenwood Street                                 1823 State Street
Harrisburg, PA 17104                                      Harrisburg, PA 17103
(717) 424-8220
mfmallah87@icloud.com

**CERTIFICATE OF SERVICE**

I certify that on August 15, 2025, I hand-delivered the foregoing to the Clerk for filing and caused service via
the Court's CM/ECF system on all counsel of record.

_/s/ Audury Petie Davis_
Audury Petie Davis