# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Docket No. 25-2365

Maryann Butler,

        Plaintiff/Appelle,

v.

New American Funding, LLC,

        Defendant/Appellant.

On Appeal from the U.S. District Court for the Middle District of Pennsylvania,
Civil Action No. 1:25-cv-00690
Honorable Phillip J. Caraballo

## WRITTEN ARGUMENT IN SUPPORT OF DISMISSAL DUE TO JURISDICTIONAL DEFECT

Ronald L. Williams
rwilliams@foxrothschild.com
FOX ROTHSCHILD LLP
747 Constitution Drive, Suite 100
Exton, PA 19341
Tel: (215) 299-2854
Fax: (215) 299-2150

*Attorney for Defendant/Appellant,*
*New American Funding, LLC*

# **TABLE OF CONTENTS**

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ................................ 2

STATEMENT OF THE CASE .......................................................................... 2

SUMMARY OF ARGUMENT .......................................................................... 3

ARGUMENT ..................................................................................................... 5

    I.    This Court Lacks Appellate Jurisdiction Over The District Court's Order. ...................................................................................... 5

        A.    Standard of Review. ............................................................... 5

        B.    The District Court's Order Is Not Reviewable by This Court Because The Order Is Not Final, Is Not Appealable Under The Collateral Order Doctrine, And Because Mr. Davis Is A Non-Party Who Has No Stake in The Outcome of The Proceedings That Is Discernible from The Record. ........ 6

            i.    The Order Is Not Final, But Rather Interlocutory. ............ 6

            ii.    The Order Does Not Meet The Elements of The Collateral Order Doctrine to Be Eligible for Immediate Appellate Review. ........................................... 7

            iii.    Mr. Davis Is A Non-Party That Has No Stake in The Outcome of The Proceedings That Is Discernible from The Record. ..................................................................... 9

    II.    This Court Should Take Summary Action And Deny Mr. Davis's Petition. ....................................................................................... 11

        A.    Standard of Review. ............................................................. 11

        B.    The Court Should Take Summary Action And Affirm The District Court's Order For All The Aforementioned Reasons Provided Under Argument Section I. .................... 11

CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Camest v. Univ. of Pittsburgh Med. Ctr.*,
729 F.3d 239 (3d Cir. 2013) .................................................................................. 6

*Caplan v. Fellheimer Eichen Braverman & Kaskey*,
68 F.3d 828 (3d Cir. 1995) ...................................................................................... 9

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) ................................................................................................ 7

*Gunn v. Credit Suisse Grp. AG*,
610 F. App'x 155 (3d Cir. 2015) (per curiam) ...................................................... 3

*Kengerski v. Harper*,
6 F.4th 531 (3d Cir. 2021) ...................................................................................... 6

*Marino v. Ortiz*,
484 U.S. 301 (1988) ................................................................................................ 9

*Midland Asphalt Corp. v. United States*,
489 U.S. 794 (1989) ............................................................................................ 7, 8

*Murray on behalf of Purnell v. City of Philadelphia*,
901 F.3d 169 (3d Cir. 2018) .................................................................................. 3

*Northview Motors, Inc. v. Chrysler Motors Corp.*,
186 F.3d 346 (3d Cir. 1999) .................................................................................. 9

*United States v. MacDonald*,
435 U.S. 850 (1978) ................................................................................................ 8

*United States v. Stoerr*,
695 F.3d 271 (3d Cir. 2012) .................................................................................. 9

*United States v. Univ. of Massachusetts, Worcester*,
812 F.3d 35 (1st Cir. 2016) .................................................................................... 7

*United States v. Wright*,
776 F.3d 134 (3d Cir. 2015) .................................................................................. 6

**Statutes**

12 U.S.C. § 2601 ............................................................................................................2

15 U.S.C. § 1601 ............................................................................................................2

15 U.S.C. § 1691 ............................................................................................................2

28 U.S.C. § 1291 ....................................................................................................*passim*

28 U.S.C. § 1292 ............................................................................................................6

28 U.S.C. § 1292(a)(1) ...................................................................................................6

28 U.S.C. § 1292(a)(2) ...................................................................................................6

28 U.S.C. § 1292(a)(3) ...................................................................................................6

28 U.S.C. § 1331 ............................................................................................................1

28 U.S.C. § 1654 ............................................................................................................3

**Other Authorities**

3d. Cir. L.A.R. 27.4 (2011) ..........................................................................................11

Fed. R. Civ. P. 8(a)(2) ...................................................................................................2

Fed. R. Civ. P. 8(a)(3) ...................................................................................................2

Fed. R. Civ. P. 12(b)(6) .................................................................................................2

Fed. R. Civ. P. 17 ................................................................................................. 1, 3, 8

## STATEMENT OF JURISDICTION

The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court does not have appellate jurisdiction over the order of the District Court for the Middle District of Pennsylvania (the "District Court") dated July 11, 2025 ("Order"), which, in part, denied without prejudice all motions filed by non-party Audury Petie Davis ("Mr. Davis"), directed the Clerk's Office of the District Court to strike "all remaining flings made on behalf of Plaintiff Maryann Butler [("Plaintiff" or "Ms. Butler")] by [Mr. Davis]," and ordered that Mr. Davis **"SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." Defendant's Exhibits ("DE") 4a-5a (emphasis in original). This Court lacks appellate jurisdiction over the District Court's Order because the Order is not a final order and the Order concerns motions that Mr. Davis filed as a non-party in the District Court, which he had no right to file. For the foregoing and additional reasons that are provided and further explained below this Court lacks appellate jurisdiction under 28 U.S.C. § 1291, or any other law, rule, or exception, to review the Order. Appellant Mr. Davis timely filed his Notice of Appeal on July 21, 2025.

1

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. Whether the District Court's Order is a final order and thereby subject to appellate jurisdiction under 28 U.S.C. § 1291, or otherwise reviewable by this Court under any other law, rule, or exception.

II. Whether the Court should take summary action on the current appeal and affirm the District Court's Order because no substantial question has been presented and because current precedent and circumstances warrant it.

## STATEMENT OF THE CASE

On April 21, 2025, Ms. Butler filed a Complaint against New American Funding, [LLC] ("NAF"), for purportedly violating five federal statutes that she claims are at issue in this case: Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; RESPA, 12 U.S.C. § 2601; TILA, 15 U.S.C. § 1601; HUD Mortgagee Letter 2009-40. DE8a.[1] For the next three months, Mr. Davis filed no fewer than twenty-six (26) documents, including motions. Among that multitude of filings by Mr. Davis was Mr. Davis's Motion to Amend Complaint and Substitute Plaintiff (i.e. Mr. Davis for Ms. Butler), which was not signed by Ms. Butler. DE163a-165a.

On July 11, 2025, this Court entered an Order finding that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf

---

[1] Currently pending in the District Court is NAF's Motion to Dismiss Ms. Butler's Complaint under Fed. R. Civ. P. 8(a)(2)-(3) and 12(b)(6). NAF therefore contests the allegations contained in the Complaint and does waive those arguments here.

2

of [Plaintiff Maryann] Butler." DE2a (citing *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); 28 U.S.C.A. § 1654; *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam)). "[Mr.] Davis likewise has not demonstrated any legally recognized status as a guardian, next friend, or other exception permitting non-attorneys to represent a litigant, pursuant to Fed. R. Civ. P. 17." DE3a. Additionally, the Court found "that it is not clear based on [Mr.] Davis's representations that [Mr.] Davis is the real party in interest." DE4a. "[I]n other words, if any rights are involved here, they are for [Ms.] Butler, not [Mr.] Davis, to assert." DE4a. The Court therefore denied all motions filed by Mr. Davis on behalf of Ms. Butler without prejudice, including Mr. Davis's Motion to Amend Complaint and Substitute Plaintiff. *Id.* at ¶ 1. Additionally, the Court also directed the Clerk's Office to strike "all [twenty-one (21)] remaining filings made on behalf of Plaintiff Maryann Butler by Audury Petie Davis." *Id.* at ¶ 2. Furthermore, the Court ordered that "Audury Davis **SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." *Id.* at ¶ 3 (emphasis in original).

## SUMMARY OF ARGUMENT

The District Court's Order is non-appealable under 28 U.S.C. § 1291 or any other law, rule, or recognized exception. The Order at issue is not a final order, but an interlocutory order. Rather than end the litigation on the merits, the District Court

3

Case 1:25-cv-03850-KMN Document 73 Filed 08/15/25 Page 8 of 18

merely denied Mr. Davis's motions, which Mr. Davis was not permitted to file. In fact, all the motions were denied *without* prejudice, including Mr. Davis's Motion to Amend Complaint and Substitute Plaintiff.

Additionally, the Order does not meet any of elements of the collateral order doctrine to be appealable. The Order does not conclusively determine any disputed questions; the Order does not resolve any important issue separate from the merits of the action but merely enforces the procedural requirements set forth in the Federal Rules of Civil Procedure; and the Order is not effectively unreviewable from a final judgment since it does not involve "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." The Order does not determine any issue, separate or not from the merits of this action, with prejudice or otherwise render any issue unreviewable. If Mr. Davis wishes to insert himself as a party to this action, then he can do so in accordance with the Federal Rules of Civil Procedure and the District Court's Order.

Moreover, Mr. Davis is not aggrieved by the District Court's Order because he is not a party in this proceeding. While Mr. Davis did file a Motion to Amend Ms. Butler's Complaint and to substitute himself as Plaintiff, the Court rightly denied his Motion *without prejudice* because Mr. Davis was neither a party nor a licensed attorney and because Ms. Butler did not sign any of those Motions. Furthermore, Mr. Davis fails to meet at least two, if not all three, of the criteria to be permitted to

4

appeal as a non-party: (1) the nonparty has a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has participated in the proceedings before the district court; and (3) the equities favor the appeal. Mr. Davis has no stake in the outcome of the proceedings since it was Ms. Butler's loan application that she alleges was wrongfully denied, not his; it is arguable that Mr. Davis has not officially participated in proceedings before the District Court since he impermissibly filed all his motions and documents neither as a recognized party nor as a licensed attorney authorized on behalf of Ms. Butler; and the equities do not favor the appeal. The District Court denied Mr. Davis's Motions *without prejudice*, including his Motion to Amend Complaint and Substitute Plaintiff, which means Ms. Butler or even Mr. Davis can file his motions again should he eventually be added as a plaintiff or as a co-plaintiff.

For all the aforementioned reasons, this Court should find that it lacks appellate jurisdiction and take summary action to affirm the District Court's Order under Chapter 10.6.

## ARGUMENT

### I. This Court Lacks Appellate Jurisdiction Over The District Court's Order.

#### A. Standard of Review.

Under 28 U.S.C. § 1291, an aggrieved party generally has the right to appeal if the district court enters a final order or judgment. The United States Court of

5

Appeals for the Third Circuit has an independent obligation to ascertain whether it has jurisdiction, and its "review" of this threshold question is plenary. *See United States v. Wright*, 776 F.3d 134, 139 (3d Cir. 2015). "Plenary review requires us to review the question anew without giving deference to the District Court's assessment or interpretation." *See, e.g., Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021) ("Our review on appeal is plenary, which means we review each element anew").

    **B.**    **The District Court's Order Is Not Reviewable by This Court Because The Order Is Not Final, Is Not Appealable Under The Collateral Order Doctrine, And Because Mr. Davis Is A Non-Party Who Has No Stake in The Outcome of The Proceedings That Is Discernible from The Record.**

        **i.**    **The Order Is Not Final, But Rather Interlocutory.**

This Court has jurisdiction under 28 U.S.C. § 1291 to review "final decisions" of the district courts. "A final decision generally is one...[that] ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Camest v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 244 (3d Cir. 2013) (internal quotations and citations omitted). "The finality rule guards against piecemeal litigation." *Id.* (citation omitted). Under 28 U.S.C. § 1292, an aggrieved party has the right to appeal an interlocutory order that (1) grants, denies, dissolves, modifies, or refuses to dissolve or modify injunctions, (2) appoints a receiver or refuses to wind up a receivership, or (3) determines the rights and liabilities of the parties to an admiralty case. 28 U.S.C. § 1292(a)(1)-(3).

6

Case 1:25-cv-03895-KMW　Document 73-2　Filed 08/28/25　Page 22 of 18

The Order in question is not final because none of Mr. Davis's motions, assuming Mr. Davis was permitted to file such motions, that the District Court denied resulted in ending the litigation on the merits. In fact, all the motions were denied without prejudice, including Mr. Davis's Motion to Amend Complaint and Substitute Plaintiff. DE4a, 163a-165a; *United States v. Univ. of Massachusetts, Worcester*, 812 F.3d 35, 44 n.7 (1st Cir. 2016) ("It is hornbook law that the denial of a motion to amend is not a 'final decision' within the meaning of section 1291"). Additionally, the Order does not fit any category listed in 28 U.S.C. § 1291 and is therefore simply interlocutory. Therefore, the Order is not appealable under 28 U.S.C. § 1291 and Mr. Davis's appeal should be dismissed.

### ii. The Order Does Not Meet The Elements of The Collateral Order Doctrine to Be Eligible for Immediate Appellate Review.

The collateral order doctrine is a narrow exception to the final judgment rule, which requires parties to wait for a final judgment before appealing any court ruling in a case. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). To be eligible for immediate appellate review under the collateral order doctrine, a district court order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

Here, the Order does not meet any of the elements of the collateral order doctrine to be appealable. First, the Order does not conclusively determine any disputed questions; it merely denies all motions filed by Mr. Davis without prejudice, strikes all documents that he filed on Ms. Butler's behalf, and prohibits Mr. Davis from continuing to file documents on Ms. Butler's behalf since he is neither a properly admitted party, an attorney, or otherwise qualified to do so under Fed. R. Civ. P. 17. DE1a-5a. Second, the Order does not resolve any important issue separate from the merits of the action but merely enforces the procedural requirements set forth in the Federal Rules of Civil Procedure. *Id.* Third, the Order is not effectively unreviewable from a final judgment. *Id.* "[O]nly where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland*, 489 U.S. 794, 799 (1989) (quoting *United States v. MacDonald*, 435 U.S. 850, 860 (1978)). Again, the Order does not determine any issue, separate or not from the merits of this action, with prejudice or otherwise render any issue unreviewable. If Mr. Davis wishes to insert himself as a party to this action, then he can do so in accordance with the Federal Rules of Civil Procedure and the District Court's Order. The Order does not permanently bar him from doing so; it only orders that he meet the same requirements as any other potential party to become or represent a party.

8

### iii. Mr. Davis Is A Non-Party That Has No Stake in The Outcome of The Proceedings That Is Discernible from The Record.

"To have standing to appeal, the appellant must be aggrieved by the order of the district court from which it seeks to appeal." *United States v. Stoerr*, 695 F.3d 271, 275 (3d Cir. 2012) (internal quotations and citations omitted). "Ordinarily, only parties to a proceeding adversely affected by the judgment entered in that proceeding are aggrieved by the judgment." *Id.* at 275-76 (citations omitted). "Accordingly, the Supreme Court and our Court have long recognized, as a general matter, that 'only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment.'" *Id.* at 276 (quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)).

However, a non-party is permitted to appeal when three conditions are met: "(1) the nonparty has a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has participated in the proceedings before the district court; and (3) the equities favor the appeal." *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 349 (3d Cir. 1999) (citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 836 (3d Cir.1995)).

Here, Mr. Davis is not aggrieved by the District Court's Order because he is not a party in this proceeding. While Mr. Davis did file a Motion to Amend Ms. Butler's Complaint and to substitute himself as Plaintiff, the Court rightly denied his Motion without prejudice because Mr. Davis was neither a party nor a licensed

9

attorney and because Ms. Butler did not sign any of those Motions.[2] DE1a-5a. Additionally, Mr. Davis fails to meet at least two, if not all three, of the criteria to be permitted to appeal as a non-party. He has no stake in the outcome of the proceedings that is discernible from the record since the Complaint, as far as it can be gleaned, asserts that Ms. Butler's loan application was wrongfully denied; Mr. Davis was not the named applicant of the loan application. It is also arguable that Mr. Davis has not officially participated in proceedings before the District Court since his filings, as deemed by the District Court, were impermissibly filed since he is not a recognized party nor a licensed attorney authorized to file documents on behalf of Ms. Butler. Lastly, the equities do not favor the appeal. As explained, Mr. Davis has no discernible stake in this matter and has presented no other considerations as to why he should be able to insert himself in these proceedings, let alone file the current appeal. Furthermore, the District Court denied Mr. Davis's Motions *without prejudice*, including his Motion to Amend Complaint and Substitute Plaintiff, which means that Ms. Butler or even Mr. Davis can file his motions again should he eventually be added as a plaintiff or as a co-plaintiff.

---

[2] It should be noted that Mr. Davis, in the time since the District Court issued its Order, has filed an Amended Complaint without Ms. Butler's signature naming himself as a co-plaintiff despite the clear language in the Order denying his Motion and in contravention of the Order's clear language that he not file additional documents on behalf of Ms. Butler.

10

## II. This Court Should Take Summary Action And Deny Mr. Davis's Petition.

### A. Standard of Review.

Pursuant to Chapter 10.6 of the Internal Operation Procedures of the United States Court of Appeals for the Third Circuit, the Court can consider possible summary action "granting or denying a petition for review." Third Circuit Internal Operating Procedure 10.6. "A party may move for summary action...when no substantial question is presented." 3d Cir. L.A.R. 27.4 (2011).

### B. The Court Should Take Summary Action And Affirm The District Court's Order For All The Aforementioned Reasons Provided Under Argument Section I.

For all the aforementioned reasons, this Court should affirm the District Court's Order. As explained under Section I of the "Argument" section of this brief, the Court lacks appellate jurisdiction, the Order is not final or otherwise reviewable under any other law, rule, or exception, and because the Order concerns motions by the non-party Mr. Davis who has no stake in the outcome of these proceedings. This Court should therefore exercise its discretion to take summary action under Chapter 10.6 and affirm the Order.

## CONCLUSION

For these reasons, Appellee respectfully requests that the Third Circuit find that it lacks appellate jurisdiction to review the District Court's Order and affirm the District Court's Order.

Date: August 15, 2025 Respectfully submitted,

*/s/ Roanld L. Williams*
Ronald L. Williams (PA I.D. No. 47912)
rwilliams@foxrothschild.com
FOX ROTHSCHILD LLP
747 Constitution Drive, Suite 100
Exton, Pennsylvania 19341
Telephone: (215) 299-2854
Facsimile: (215) 299-2150

*Attorney for Defendant New American Funding, LLC*

12

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(A) and the Local Rules of this Court, the undersigned hereby certifies that the foregoing Brief of Appellee complies with the page limitation set forth in the above-referenced rules. Exclusive of the exempted portions under Fed. R. App. P. 32(f), the foregoing Reply Brief of Appellant contains 2747 words.

The undersigned further certifies that this document has been prepared in a proportionally-spaced typeface using Microsoft Word in Century Schoolbook 14 point. The text of the electronic brief is identical to the text in the paper copies. Carbon Black Defense, a virus detection program, has been run on the electronic brief, and no virus was detected.

/s/ *Ronald L. Williams*
Ronald L. Williams (PA I.D. No. 47912)

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 31(a)(1), and the Local Rules of this Court, the undersigned hereby certifies that the foregoing Brief of Appellee was served this 15th day of August, 2025 upon all parties through this Court's electronic filing system and email.

/s/ *Ronald L. Williams*
Ronald L. Williams (PA I.D. No. 47912)