IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

               Plaintiff,

    v.

NEW AMERICAN FUNDING,

               Defendant.

Case No. 1:25-cv-00690

**DEFENDANT'S BRIEF IN OPPOSITION TO
EMERGENCY MOTION FOR TEMPORARY
<u>RESTRAINING ORDER AND ORDER TO SHOW CAUSE</u>**

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................1

II.   PROCEDURAL AND FACTUAL HISTORY ................................3

III.  FACTUAL BACKGROUND........................................................5

IV.   ISSUES PRESENTED ................................................................5

V.    LEGAL ANALYSIS ...................................................................6

      A.    The Court Lacks Jurisdiction to Consider The Current Motion
           Because The Pending Appeal of This Court's Interlocutory
           Order Concerns Issues That Affect Every Aspect of This Case. ..........6

           i.    Standard of Review..................................................6

           ii.   In Accordance with The *Griggs* Principle, This Court
                Should Not Entertain The Current Motion at This Time
                And Until The Stay Is Lifted Because The Pending
                Appeal Could Affect Every Aspect of This Matter. ..................7

      B.    Mr. Davis Is Not Permitted to File The Current Motion, And
           The Reasons As to Why This Court Does Not Permit Mr. Davis
           To File Motions, Including The Current Motion, or Represent
           The Plaintiff Remain Sound..................................................9

      C.    The Current Motion Lacks Merit Because Ms. Butler and Mr.
           Davis Fail to Meet All Criteria Required Under Fed. R. Civ. P.
           65 to Be Granted The Requested TRO: (1) Ms. Butler and Mr.
           Davis Are Not Likely to Succeed on The Merits Since Mr.
           Davis Is Not A Plaintiff in This Case and Because The
           Complaint Is Likely to Be Dismissed; (2) Ms. Butler and Mr.
           Davis Will Not Be Irreparably Harmed Should the Court Deny
           The Motion Since The Harm Alleged By Them Is Not
           Imminent, Bears No Connection to NAF, And Is Relief NAF
           Should Not Be Obligated to Give; (3) The Equities Would Be
           Wholly Unbalanced And NAF Would Be Unjustifiably
           Prejudiced if The current Motion Is Granted; and (4) The Public
           Interest Would Be Harmed By Allowing A Non-Party to Obtain
           The Relief He Seeks From This Court, Which Would Establish
           Dangerous Precedent..........................................................12

i.      Standard of Review..................................................................12

ii.     Ms. Butler and Mr. Davis Are Unlikely to Succeed on
        The Merits Since Mr. Davis Is Not A Plaintiff in This
        Case And Because The Complaint Is Likely to Be
        Dismissed. ...........................................................................13

iii.    Ms. Butler and Mr. Davis Will Not Be Irreparably
        Harmed if The Motion Is Not Granted Since It Is Not
        NAF's Responsibility to Cease Collection Efforts By
        Other Entities Or To Provide Remedies for Harm That It
        Did Not Commit.....................................................................16

iv.     The Equities Would Be Unwholly Unbalanced And NAF
        Would Be Unjustifiably Prejudiced if The Current
        Motion Is Granted. ...............................................................18

v.      The Public Interest Would Be Harmed If This Motion Is
        Granted Since It Would Establish Dangerous Precedent
        That Would Allow Both Parties and Non-Parties to
        Obtain Relief To Which They Are Not Entitled........................20

VI.   CONCLUSION...........................................................................20

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*,
    42 F.3d 1421 (3d Cir. 1994) ................................................................16

*Amato v. UPMC*,
    371 F.Supp.2d 752 (W.D.Pa.2005) ....................................................13

*Baker v. City of Pittsburgh*,
    2025 WL 33637 (W.D. Pa. Jan. 6, 2025) ...........................................14

*Baraka v. McGreevey*,
    481 F.3d 187 (3d Cir. 2007) ...............................................................15

*Bieros v. Nicola*,
    857 F.Supp. 445 (E.D.Pa.1994) ..........................................................12

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
    128 F.3d 504 (7th Cir. 1997) .................................................................7

*Burton v. Peartree*,
    326 F. Supp. 755 (E.D. Pa. 1971) .......................................................15

*Carter v. Kane*,
    2018 WL 774468 (W.D. Pa. Feb. 8, 2018) .........................................15

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736 (2023) ...........................................................1, 6, 7, 8

*Continental Group v. Amoco Chemicals Corp.*,
    614 F.2d 351 (3d Cir.1980) ...........................................................13, 16

*Data Based Sys. Int'l, Inc. v. Hewlett Packard*,
    2003 WL 22271639 (E.D. Pa. Sept. 30, 2003) .....................................9

*Dobbs v. Jackson Women's Health Org.*,
    597 U.S. 215 (2022) ............................................................................20

*Ecosave Automation, Inc. v. Delaware Valley Automation, LLC*,
    540 F. Supp. 3d 491 (E.D. Pa. 2021) ..................................................17

*ECRI v. McGraw–Hill, Inc.*,
  809 F.2d 223 (3d Cir.1987) ...............................................................16

*Estelle v. Gamble*,
  429 U.S. 97 (1976)..............................................................................14

*Great Lakes Dredge & Dock Co., LLC v. Philly Shipyard, Inc.*,
  759 F. Supp. 3d 580 (E.D. Pa. 2024).................................................20

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982).................................................................1, 6, 7, 8

*Gunn v. Credit Suisse Grp. AG*,
  610 F. App'x 155 (3d Cir. 2015) ..................................................4, 10

*Hamilton v. Leavy*,
  322 F.3d 776 (3d Cir.2003) ...........................................................9, 10

*Hohe v. Casey*,
  868 F.2d 69 (3d Cir. 1989) ................................................................17

*Hope v. Warden York Cnty. Prison*,
  956 F.3d 156 (3d Cir. 2020) ..............................................................12

*Hovey v. McDonald*,
  109 U.S. 150 (1883)..............................................................................6

*Hoxworth v. Blinder, Robinson & Co.*,
  903 F.2d 186 (3d Cir. 1990) ..............................................................16

*Instant Air Freight v. C.F. Air Freight, Inc.*,
  882 F.2d 797 (3d Cir. 1989) ..............................................................16

*Klitzman, Klitzman and Gallagher v. Krut*,
  744 F.2d 955 (3d Cir.1984) ...............................................................13

*Landis v. North American Co.*,
  299 U.S. 248 (1936)..............................................................................8

*Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.*,
  562 F.3d 553 (3d Cir.2009) ...............................................................17

*Little v. Mottern,*
    2015 WL 5954350 (M.D. Pa. Oct. 13, 2015) .....................................................12

*Maio v. Aetna, Inc.,*
    221 F.3d 472 (3d Cir.2000) ...............................................................................17

*Marrese v. American Academy of Orthopaedic Surgeons,*
    470 U.S. 373 (1985)..............................................................................................6

*Mazurek v. Armstrong,*
    520 U.S. 968 (1997).............................................................................................12

*Murray on behalf of Purnell v. City of Philadelphia,*
    901 F.3d 169 (3d Cir. 2018) ...........................................................................4, 10

*New Jersey Ass'n of Health Care Facilities, Inc. v. Gibbs,*
    838 F. Supp. 881 (D.N.J. 1993) ..........................................................................17

*Parker v. Learn the Skills Corp.,*
    2004 WL 2384993 (E.D. Pa. October 25, 2004) ................................................15

*United States, ex rel. Polansky v. Exec. Health Res., Inc.,*
    599 U.S. 419 (2023)..............................................................................................10

*Price v. Dunn,*
    587 U.S. 999 (2019)................................................................................................6

*SI Handling Sys., Inc. v. Heisley,*
    753 F.2d 1244 (3d Cir. 1985) ........................................................................13, 16

*Singer Mgmt. Consultants, Inc. v. Milgram,*
    650 F.3d 223 (3d Cir. 2011) ................................................................................13

*Walter v. Palisades Collection, LLC,*
    480 F. Supp. 2d 797 (E.D. Pa. 2007)...................................................................17

*Warth v. Seldin,*
    422 U.S. 490 (1975)................................................................................................9

*Winter v. Natural Resources Defense Council, Inc.,*
    555 U.S. 7 (2008)............................................................................................18, 20

**Statutes**

28 U.S.C.A. § 1654 ........................................................................4, 10

9 U.S.C. § 16(a) ...................................................................................7

12 U.S.C. § 2601 .............................................................................3, 14

15 U.S.C. § 1601 .............................................................................3, 14

Equal Credit Opportunity Act, 15 U.S.C. § 1691 ...............................3, 14

Federal Arbitration Act, 9 U.S.C. § 16 .................................................7

**Other Authorities**

11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure
    § 2948 (2d ed.1995) ....................................................................12, 16

Fed. R. Civ. P. 8 ...............................................................................15

Fed. R. Civ. P. 17 .......................................................................*passim*

Fed. R. Civ. P. 65 ...............................................................................12

U.S. Const. amend. I ...........................................................................19

Defendant, New American Funding, LLC ("NAF" or "Defendant"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Memorandum of Law in Opposition to the Emergency Motion for Temporary Restraining Order and Order to Show Cause ("Motion").

## I.  <u>INTRODUCTION</u>

Plaintiff, Maryann Butler ("Ms. Butler" or "Plaintiff"), and Nonparty's, Audury P. Davis ("Mr. Davis"), Motion should be denied because (1) the Court lacks jurisdiction to entertain this Motion while the current appeal is pending before the Third Circuit, (2) the Court has already entered an order forbidding Mr. Davis to file motions on his own or Ms. Butler's behalf, thus rendering the motion void, and (3) because the Motion is devoid of merit.

First, the Motion should be denied because this Court lacks jurisdiction to entertain the Motion while the Third Circuit is considering the pending appeal. Pursuant to the *Griggs* Principle, as the Supreme Court established in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) and emphasized in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023), this Court should not entertain the current Motion until Mr. Davis's current appeal has been decided by the Third Circuit. As the Supreme Court has stated in no uncertain terms, an appeal triggers an automatic stay of all proceedings before the district court that involve any of the issues before the Third Circuit, unless Congress says otherwise. In this instance,

Congress has not made any law that either prevents the automatic stay from being triggered the moment Mr. Davis filed his appeal or that precludes this Court from entering its own stay, as it did on August 7, 2025. The current appeal touches everything in this case since what is in question before the Third Circuit, essentially, is whether Mr. Davis is a party to this action or is otherwise authorized to file documents and motions before this Court. Mr. Davis's standing is a threshold issue and necessarily implicates every issue in this case, including those brought before the Court in the current Motion.

Second, this Court has already established that Mr. Davis cannot file any documents or motions on his or Ms. Butler's behalf since he is not a party in interest or otherwise authorized to represent Ms. Butler in this matter. Because Mr. Davis is a co-movant and is not authorized to represent himself or Ms. Butler in this case, the motion, which makes no distinction as to whom relief should be awarded, is dead-on-arrival and should be denied.

Third, the Motion fails to meet any of the factors required to be granted the extraordinary relief of a TRO. The merits of the Complaint are wholly lacking and the claims are deficient. (1) As explained in NAF's pending Motion to Dismiss (ECF No. 61), Mr. Davis, a nonparty, drafted most, if not all, of the Complaint. Additionally, the Complaint, at least what can be discerned from it, lacks factual support and fails to make allegations to demonstrate that each element is pleaded

for each identifiable claim. The Complaint is therefore unlikely to succeed on the merits. (2) Assuming Mr. Butler is permitted to join the Motion, neither Ms. Butler nor Mr. Davis have demonstrated immediate irreparable harm, only a lower credit score, collection threats, and other "harm" that does not originate from NAF and which NAF is not in a position to remedy. (3) The equities would be unbalanced and unjustifiably prejudice NAF if the Motion is granted in whole or in part. (4) The Motion, if granted, would establish dangerous precedent that would allow plaintiffs and nonparties to receive relief from defendants for harm that defendants did not cause or are otherwise responsible for.

For these and other reasons provided below, the Motion should not be entertained at the time or, in the alternative, the Motion should be denied.

## II.    <u>PROCEDURAL AND FACTUAL HISTORY</u>

Ms. Butler filed her Complaint on April 21, 2025. Exhibit 1 (ECF No. 1). Ms. Butler lists five federal statutes that she claims are at issue in this case: Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; RESPA, 12 U.S.C. § 2601; TILA, 15 U.S.C. § 1601; HUD Mortgagee Letter 2009-40. Ex. 1 at 3.

Shortly after Ms. Butler filed her Complaint, co-movant, Mr. Davis, began filing documents and motions on his own and, sometimes, purportedly on Ms. Butler's behalf. Among that multitude of filings by Mr. Davis was Mr. Davis's

Motion to Amend Complaint and Substitute Plaintiff (i.e. Mr. Davis for Ms. Butler), which was not signed by Ms. Butler. ECF No. 19.

On July 11, 2025, this Court entered an Order ("Order") finding that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf of [Ms.] Butler." Exhibit 2 at 2 (ECF No. 37) (citing *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); 28 U.S.C.A. § 1654; *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam)). "Davis likewise has not demonstrated any legally recognized status as a guardian, next friend, or other exception permitting non-attorneys to represent a litigant, pursuant to Fed. R. Civ. P. 17." Ex. 2 at 3. Additionally, the Court found "that it is not clear based on Davis's representations that [Mr.] Davis is the real party in interest." Ex. 2 at 4. "[I]n other words, if any rights are involved here, they are for [Ms.] Butler, not [Mr.] Davis, to assert." Ex. 2 at 4. The Court therefore denied all motions filed by Mr. Davis on behalf of Ms. Butler without prejudice, including Mr. Davis's Motion to Amend Complaint and Substitute Plaintiff. Ex. 2 at 4, ¶ 1. Additionally, the Court also directed the Clerk's Office to strike "all [twenty-one (21)] remaining filings made on behalf of Plaintiff Maryann Butler by Audury Petie Davis." Ex. at 4-5, ¶ 2. Furthermore, the Court ordered that "Audury Davis **SHALL NOT** file any new documents on behalf of Plaintiff

Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." Ex. 2 at 5, ¶ 3 (emphasis in original).

On July 21, 2025, Mr. Davis filed a Notice of Appeal to have the Court of Appeals for the Third Circuit consider this Court's Order. ECF No. 46.[1] That appeal is still pending. On August 4, 2025, NAF filed a Motion to Dismiss that is still pending due to this Court's issued stay. Exhibit 3 (ECF No. 61).[2] On August 8, 2025, this Court issued an order staying the case pending the appeal. ECF No. 66. On August 11, 2025, Mr. Davis filed this current Motion. ECF No. 68. As of the filing of this opposition, Mr. Davis remains a nonparty and the Court has not otherwise given Mr. Davis permission to file documents or represent Ms. Butler in this matter.

## III.   <u>FACTUAL BACKGROUND</u>

Defendant incorporates the preceding paragraphs.

## IV.   <u>ISSUES PRESENTED</u>

Whether the Court has jurisdiction over the current motion despite the current stay of proceedings and while Mr. Davis's interlocutory appeal is still pending before the United States Court of Appeals for the Third Circuit?

**Suggested Answer: No.**

---

[1] On August 18, 2025, Ms. Butler and Mr. Davis filed a Notice of Appeal (ECF No. 81) to appeal this Court's Order Staying Case (ECF No. 66). As of the filing of this brief, neither Ms. Butler nor Mr. Davis have filed an appeal before the Third Circuit as to the Order Staying Case.

[2] NAF has yet to file a brief in support of its Motion to Dismiss given the current stay of proceedings.

Whether the Court should entertain Mr. Davis's Motion despite the fact that he is not a party to this action and is not otherwise authorized or permitted under the Rules or by this Court to file documents or represent the Plaintiff?

**Suggested Answer:** No.

Whether either Ms. Butler or Mr. Davis, assuming he is permitted to file the current Motion, faces imminent irreparable harm caused by NAF and meets all other criteria to be granted the requested temporary restraining order?

**Suggested Answer:** No.

## V.    LEGAL ANALYSIS

**A.    The Court Lacks Jurisdiction to Consider The Current Motion Because The Pending Appeal of This Court's Interlocutory Order Concerns Issues That Affect Every Aspect of This Case.**

**i.    Standard of Review.**

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This rule, the *Griggs* principle, "reflects a longstanding tenet of American procedure." *Coinbase*, 599 U.S. at 740 (citing *Hovey v. McDonald*, 109 U.S. 150, 157 (1883); *Price v. Dunn*, 587 U.S. 999, 1003 (2019) (THOMAS, J., joined by ALITO and GORSUCH, JJ., concurring in denial of certiorari) (describing Griggs principle as "well settled"); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). Simply put,

6

"continuation of proceedings in the district court 'largely defeats the point of the appeal.'" *Coinbase*, 599 U.S. at 743 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)).

> **ii.    In Accordance with The *Griggs* Principle, This Court Should Not Entertain The Current Motion at This Time And Until The Stay Is Lifted Because The Pending Appeal Could Affect Every Aspect of This Matter.**

"The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings." *Coinbase*, 599 U.S. at 738. While *Coinbase* was decided in the context of the Federal Arbitration Act (9 U.S.C. § 16), the Supreme Court emphasized that "[§ 16(a) was] enacted[…]against *a clear background principle* prescribed by this Court's precedents: An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 740 (emphasis added) (quoting *Griggs*, 459 U.S. at 58). "At least absent contrary indications, the background *Griggs* principle already requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal. By contrast, when Congress wants to authorize an interlocutory appeal, but *not* to automatically stay district court

proceedings pending that appeal, Congress typically says so." *Coinbase*, 599 U.S. at 744 (emphasis in original).[3]

Pursuant to the *Griggs* Principle, as the Supreme Court established in *Griggs* and emphasized in *Coinbase*, this Court should not entertain the current Emergency Motion until Mr. Davis's current appeal has been decided by the Third Circuit. As the Supreme Court has stated in no uncertain terms, an appeal triggers an automatic stay of all proceedings before the district court that involve any of the issues before the Third Circuit, unless Congress says otherwise. In this instance, Congress has not made any law that either prevents the automatic stay from being triggered the moment Mr. Davis filed his appeal or that precludes this Court from entering its own stay on August 7, 2025. *See* ECF No. 66.

Here, the central issue before the Third Circuit is whether Mr. Davis has standing in this case or is otherwise authorized to file documents and motions on his or on Ms. Butler's behalf, which this Court has determined in the negative. Specifically, Mr. Davis appealed this Court's Order that, among other things, denied Mr. Davis's various motions filed prior to July 11, 2025. Ex. 2 at 1-5.

---

[3] It is worth noting that, in support of their request for a modification of the current stay, Ms. Butler and Mr. Davis cite *Landis v. North American Co.*, 299 U.S. 248 (1936). In their opinion, *Landis* supports their position that this Court should modify the current stay and allow this Motion to proceed while their current appeal is pending before the Third Circuit that would otherwise warrant a complete stay of proceedings. *See* ECF No. 68 at 2. But the holding in *Landis* is far narrower than Ms. Butler and Mr. Davis suggest. That case was decided in the context of actions pending in two Federal District Courts. *Landis*, 299 U.S. at 254. There, the Supreme Court held that it was an abuse of discretion under the circumstances for one District Court to stay its own proceedings until the proceedings in the other District Court, which involved different parties, concluded. *Id.* at 255-56. Those are not the circumstances here.

Among the motions Mr. Davis filed were his Moton to Amend Complaint and Substitute Plaintiff (ECF No. 19) and a Motion for Default Judgment (ECF No. 34). *Id.* at 4-5. To reach its decision to deny Mr. Davis's motions, this Court correctly reasoned that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf of [Ms.] Butler" and that "Davis likewise has not demonstrated any legally recognized status as a guardian, next friend, or other exception permitting non-attorneys to represent a litigant, pursuant to Fed. R. Civ. P. 17." Ex. 2 at 2-3. This determination, while interlocutory and not final, is an issue that concerns every aspect of this case: Mr. Davis's standing as a co-plaintiff. As the Supreme Court has also held, whether a party has standing "is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Therefore, the current pending appeal could affect every aspect of this case, which thus warrants this Court to maintain its stay until the Third Circuit has rendered a decision. For this reason alone, the Motion should not be entertained, or, in the alternative, the Motion should be denied.

**B.    Mr. Davis Is Not Permitted to File The Current Motion, And The Reasons As to Why This Court Does Not Permit Mr. Davis To File Motions, Including The Current Motion, or Represent The Plaintiff Remain Sound.**

"Under the law-of-the-case doctrine, this court is bound by the findings and Orders previously rendered […]in this case." *Data Based Sys. Int'l, Inc. v. Hewlett Packard*, 2003 WL 22271639, at *3 n.5 (E.D. Pa. Sept. 30, 2003) (citing *Hamilton*

*v. Leavy*, 322 F.3d 776, 786–787 (3d Cir.2003)). "The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton*, 322 F.3d at 786 (quotation marks and citations omitted). "We apply the doctrine with the intent that it will promote finality, consistency, and judicial economy." *Id.* at 787. "[N]on-parties typically cannot do much of anything in a lawsuit." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 430 (2023).

On July 11, 2025, this Court entered an Order finding that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf of [Plaintiff Maryann] Butler." Exhibit 2 at 2 (ECF No. 37) (citing *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); 28 U.S.C.A. § 1654; *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam)). As this Court stated in the Order, "[Mr.] Davis likewise has not demonstrated any legally recognized status as a guardian, next friend, or other exception permitting non-attorneys to represent a litigant, pursuant to Fed. R. Civ. P. 17." Ex. 2 at 3. Additionally, the Court found "that it is not clear based on [Mr.] Davis's representations that [Mr.] Davis is the real party in interest." Ex. 2 at 4. "[I]n other words, if any rights are involved here, they are for [Ms.] Butler, not [Mr.] Davis, to assert." Ex. 2 at 4. The Court therefore denied all motions filed by Mr. Davis on behalf of Ms. Butler. Ex. 2 at 4, ¶ 1. Additionally, the Court also

directed the Clerk's Office to strike "all [twenty-one (21)] remaining filings made on behalf of Plaintiff Maryann Butler by Audury Petie Davis." Ex. 2 at 4-5, ¶ 2. Furthermore, the Court ordered that "Audury Davis **SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." Ex. 2 at 5, ¶ 3 (emphasis in original).

There is no reason for this Court to abandon its prior Order and grant Mr. Davis leave to file the current Motion and for this Court to entertain it. Mr. Davis remains a non-party in this action and has yet to show that he meets the requirements under Fed. R. Civ. P. 17. Additionally, the Motion makes no distinction as to whom relief shall be granted, whether it is Mr. Davis – a nonparty – or Ms. Butler. Because the Motion is jointly filed by Mr. Davis, who is not permitted to file this current Motion, and because the Motion does not distinguish the requested relief between Mr. Davis and Ms. Butler, the Motion is necessarily dead-on-arrival. For this reason alone, the Motion should not be entertained, or, in the alternative, the Motion should be denied.

**C.    The Current Motion Lacks Merit Because Ms. Butler and Mr. Davis Fail to Meet All Criteria Required Under Fed. R. Civ. P. 65 to Be Granted The Requested TRO: (1) Ms. Butler and Mr. Davis Are Not Likely to Succeed on The Merits Since Mr. Davis Is Not A Plaintiff in This Case and Because The Complaint Is Likely to Be Dismissed; (2) Ms. Butler and Mr. Davis Will Not Be Irreparably Harmed Should the Court Deny The Motion Since The Harm Alleged By Them Is Not Imminent, Bears No Connection to NAF, And Is Relief NAF Should Not Be Obligated to Give; (3) The Equities Would Be Wholly Unbalanced And NAF Would Be Unjustifiably Prejudiced if The current Motion Is Granted; and (4) The Public Interest Would Be Harmed By Allowing A Non-Party to Obtain The Relief He Seeks From This Court, Which Would Establish Dangerous Precedent.**

**i.    Standard of Review.**

"The standard for deciding a motion for a temporary restraining order is the same as the test for ruling on a motion for a preliminary injunction." *Little v. Mottern*, 2015 WL 5954350, at *1 (M.D. Pa. Oct. 13, 2015) (citing *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D.Pa.1994)). A TRO preserves the status quo until the court decides whether to issue a preliminary injunction. *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed.1995)). "In considering a motion for preliminary injunctive relief, a court must carefully weigh four factors: (1) whether

the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of such relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985) (citing *Klitzman, Klitzman and Gallagher v. Krut,* 744 F.2d 955, 958–59 (3d Cir.1984); *Continental Group v. Amoco Chemicals Corp.,* 614 F.2d 351, 356–57 (3d Cir.1980)).

### ii.    Ms. Butler and Mr. Davis Are Unlikely to Succeed on The Merits Since Mr. Davis Is Not A Plaintiff in This Case And Because The Complaint Is Likely to Be Dismissed.

A plaintiff's claim lacks standing if he lacks standing to sue. *Amato v. UPMC*, 371 F.Supp.2d 752, 758 (W.D.Pa.2005). Additionally, the Third Circuit has held the "the 'merits' requirement is difficult to meet in the context of TROs and preliminary injunctions, as the plaintiff in those instances needs only to show a *likelihood* of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." S*inger Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (emphasis in original).

Ms. Butler and Mr. Davis' claims lacks merit for the simple reason that the Complaint is fraught with allegations asserted by Mr. Davis, not Ms. Butler. This Court has already determined that Mr. Davis is not a party or otherwise authorized

to represent himself or Ms. Butler in this matter, which is why this Court struck Mr. Davis's filings from the docket and denied his motions. *See* Ex. 2. In her Complaint, Ms. Butler lists five federal statutes that she claims are at issue in this case: Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; RESPA, 12 U.S.C. § 2601; TILA, 15 U.S.C. § 1601; HUD Mortgagee Letter 2009-40. Ex. 1 at 3. Beside each listed statute is a single phrase purportedly establishing the basis for each cause of action. *Id.* In further support of these claims, Ms. Butler refers to "Attachment A – Statement of Facts." Ex. 1 at 18-19 (ECF No. 1-5). However, "Attachment A" is not signed by Ms. Butler but by her son, Mr. Davis. *Id.* Therefore, the Complaint, when stripped down to those statements only made by Ms. Butler, is totally devoid of allegations and elements and contains only conclusory statements with references to federal statutes. That is not enough to support any cause of action and is subject to dismissal.

But even if "Attachment A" were admissible and could be construed as an integrated part of the Complaint, "Attachment A" fails to state all elements of a cause of action and presents the facts in a non-cohesive manner. Though *pro se* complaints are to be construed liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a district court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baker v. City of Pittsburgh*, 2025 WL 33637, at *2 (W.D. Pa. Jan. 6, 2025)

(quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). While the pleading requirements of Rule 8 are liberally construed, courts have consistently held that disorganized and highly repetitive complaints fail to satisfy Rule 8. *See Parker v. Learn the Skills Corp.*, 2004 WL 2384993, at *2 (E.D. Pa. October 25, 2004) (stating that while excessive length alone is not a sufficient reason to dismiss a complaint, when accompanied by a lack of clarity, a dismissal is proper); *Burton v. Peartree*, 326 F. Supp. 755, 758–59 (E.D. Pa. 1971) (holding that "a lengthy rambling complaint which contains little more than demands, charges and conclusions ... is not a short and plain statement of the case and flagrantly violates" Rule 8). "This rule is violated when the factual allegations and elements of the claim are scattered throughout the complaint." *Carter v. Kane*, 2018 WL 774468, at *2 (W.D. Pa. Feb. 8, 2018) (citing *Burton v. Peartree*, 326 F. Supp. 755, 758-59 (E.D. Pa. 1971)). Since "Attachment A" is conclusory, vague, and scattered, the entire Complaint, by extension, is deficient and subject to dismissal. For these, and other reasons, NAF has already filed a Motion to Dismiss that is still pending and that will likely be granted, and Ms. Butler and Mr. Davis are unlikely to succeed on the merits.

### iii. Ms. Butler and Mr. Davis Will Not Be Irreparably Harmed if The Motion Is Not Granted Since It Is Not NAF's Responsibility to Cease Collection Efforts By Other Entities Or To Provide Remedies for Harm That It Did Not Commit.

"Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186 (3d Cir. 1990) (citations omitted), holding modified by *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (*ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 225 (3d Cir.1987) (citation omitted). "To support a preliminary injunction, the moving party must demonstrate that irreparable injury will occur if relief is not granted to maintain the status quo until a final adjudication on the merits can be made[.]" *Continental Group*, 614 F.2d at 356; *see* Wright & Miller, Federal Practice and Procedure: Civil Sec. 2948 at 431 (1973). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling* Sys, 753 F.2d at 1264.

The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801

(3d Cir. 1989). The Third Circuit has also made clear that it has "long held that an injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir.2009). "Injury to one's credit score is analogous to injury to one's reputation, and is not actionable." *Walter v. Palisades Collection, LLC*, 480 F. Supp. 2d 797, 805 (E.D. Pa. 2007) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir.2000)). Additionally, "[t]he risk of harm must not only be irreparable ***but also imminent***." *Ecosave Automation, Inc. v. Delaware Valley Automation, LLC*, 540 F. Supp. 3d 491, 500 (E.D. Pa. 2021) (emphasis added) (citing *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989)). Moreover, "relief will not be granted unless it can be shown that the harm is the direct result of actions by the defendant." *New Jersey Ass'n of Health Care Facilities, Inc. v. Gibbs*, 838 F. Supp. 881 (D.N.J. 1993) (citation omitted).

Here, Ms. Butler and Mr. Davis allege that if a TRO is not granted, then they will face collection threats, credit harm, "leverage loss," and exposure to duplicative litigation. ECF No. 68 at 3-4. However, the alleged September 25, 2025 deadline for the collection is not imminent. But even if it were, no evidence has been presented that these collection efforts exist or will take place at the time specified. Moreover, these potential harms, including the collection efforts, do not stem from any actions from NAF. The current Motion suggests that these

collection threats or other specified potential harms originate from obligations that Ms. Butler, Mr. Davis, or both incurred themselves and failed to meet, to which NAF was not a party. NAF is not responsible or otherwise obligated to defend Ms. Butler or Mr. Davis from debts that they themselves incurred. Ms. Butler and Mr. Davis therefore fail to meet the irreparable harm criterion.

### iv.    The Equities Would Be Unwholly Unbalanced And NAF Would Be Unjustifiably Prejudiced if The Current Motion Is Granted.

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (quotation marks and citations omitted). "An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." *Id.* at 32.

Should the Court grant the present equitable relief, NAF will be severely prejudiced and suffer greater harm than any that Ms. Butler or Mr. Davis may incur if their request for a TRO is denied. As stated above, the "irreparable harm" that Ms. Butler and Mr. Davis allege may follow from the denial of a TRO is that they will face collection threats, credit harm, "leverage loss," and exposure to duplicative litigation. This is not harm, or at least any harm that can be attributed to

NAF and to a denial of a TRO. The alleged potential harm is self-inflicted and has not been demonstrated to be imminent.

Indeed, if the TRO is granted, NAF will actually be harmed and forced to commit or abstain from actions that neither Ms. Butler nor Mr. Davis can demand from NAF or this Court. Should the TRO be granted in whole or in part, NAF would be barred, among other things, from filing counterclaims or initiating suit against Ms. Butler, Mr. Davis, or both; NAF would be forced to communicate with third parties that have no direct contractual connection with NAF, implicating a First Amendment violation of forced speech;[4] and require discovery to be expedited and only permit Plaintiff to take a deposition of one of NAF's employees while not allowing NAF the same right, which in any case would be premature since discovery has yet to begin. In other words, the equities be wholly unbalanced and severely prejudice NAF while simultaneously granting rights and privileges to Ms. Butler and Mr. Davis that have no relation to the matter at hand and to which neither Ms. Butler nor Mr. Davis are entitled. Ms. Butler and Mr. Davis therefore fail to show that equities would be balanced here.

---

[4] The current Motion fails to provide any reason as to why neither Ms. Butler nor Mr. Davis can communicate to the third parties that the loan did not close.

  **v. The Public Interest Would Be Harmed If This Motion Is Granted Since It Would Establish Dangerous Precedent That Would Allow Both Parties and Non-Parties to Obtain Relief To Which They Are Not Entitled.**

"Courts 'of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Great Lakes Dredge & Dock Co., LLC v. Philly Shipyard, Inc.*, 759 F. Supp. 3d 580, 597 (E.D. Pa. 2024) (quoting *Winter*, 555 U.S. at 24). "Adherence to precedent is the norm, and *stare decisis* imposes a high bar before this Court may overrule a precedent." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 341 (2022) (Kavanaugh, J., concurring).

Should the Court grant the current Motion in whole or in part, the Court would be establishing precedent that challenges the legally established criteria for granting TROs and would allow parties and nonparties alike to obtain relief against defendants from whom they are not entitled to receive relief and who are not connected in any way to the alleged imminent harm. Ms. Butler and Mr. Davis therefore fail to demonstrate that the public good would be served or otherwise unharmed if the TRO is granted.

## VI. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant, New American Funding, LLC, respectfully requests that this Honorable Court refuse to entertain the current Motion or, in the alternative, enter an Order denying Plaintiff, Ms. Butler, and

Nonparty's, Mr. Davis, Emergency Motion for Temporary Restraining Order and Order to Show Cause.

Respectfully submitted,

**FOX ROTHSCHILD LLP**


By:    /s/    Ronald L. Williams
       Ronald L. Williams
       John Q. Howard
       Eagleview Corporate Center
       747 Constitution Drive, Suite 100
       Exton, PA 19341
       Tel:   610.458.7500
       Fax:   610.458.7337
       rwilliams@foxrothschild.com
       jqhoward@foxrothschild.com
       *Attorneys for Defendant*


Date:  August 20, 2025

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8</u>

I hereby certify that the foregoing Brief in Opposition to Emergency Motion for Temporary Restraining Order and Order to Show Cause complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Memorandum, exclusive of this Certificate, is 4,885.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:    /s/  Ronald L. Williams
   Ronald L. Williams
   John Q. Howard
   Eagleview Corporate Center
   747 Constitution Drive, Suite 100
   Exton, PA 19341
   Tel:   610.458.7500
   Fax:   610.458.7337
   rwilliams@foxrothschild.com
   jqhoward@foxrothschild.com
   *Attorneys for Defendant*

Date:  August 20, 2025