# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,            :      No. 1:25-CV-690
                          :
    Plaintiff        :
                          :      (Caraballo, M.J.)
    v.               :
                          :
NEW AMERICAN FUNDING,     :
                          :
    Defendant         :

## ORDER

On April 21, 2025, plaintiff Maryann Butler, proceeding *pro se*,
initiated this action by filing a federal lending law complaint against
defendant New American Funding. Doc 1. That same day, Butler
applied for leave of the Court to proceed in forma pauperis. Doc. 2. The
Court granted the motion to proceed in forma pauperis and deemed the
complaint filed on May 8, 2025, but held service in abeyance pending its
obligatory screening of the complaint under 28 U.S.C. § 1915(e)(2)(B).
Doc. 12. Butler subsequently paid the full filing fee, and counsel for
New American Funding entered an appearance. Doc. 17.

Since applying for leave to proceed in forma pauperis, Butler has
ceased filing documents on her own behalf. Instead, Audury Petie
Davis, who claims to be Butler's "authorized representative," has filed a

total of 26 documents, purportedly on Butler's behalf. Docs. 3, 5, 7–10, 12, 13, 15, 16, 18–23, 25–29, 32–36. These include: motions to expedite (Docs. 5, 13); various declarations (Docs. 10, 15, 20, 21, 32, 33); supplements (Docs. 8, 22); notices (Docs. 7, 23, 25, 26, 28, 36); addendums (Docs. 9, 12, 35); a motion for sanctions and brief in support (Docs. 16, 18); an exhibit (Doc. 29); a motion for default judgment (Doc. 34); a motion to file electronically (Doc. 3); a brief in opposition to New American Funding's request for an extension (Doc. 27); and finally, a motion to amend the complaint and substitute Davis as the plaintiff. (Doc. 19). Davis also sought to withdraw all the pending motions in the most recent filing. Doc. 36 at 1. Davis, however, does not claim to be an attorney, and thus lacks authority to litigate this matter on behalf of Butler.

Indeed, "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654 ([T]the parties may plead and conduct their own cases personally or by counsel"). "[F]ederal courts have routinely adhered to the general rule prohibiting pro se plaintiffs

from pursuing claims on behalf of others in a representative capacity."
*Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015)
(per curiam). Davis, a non-attorney, has acted in a representative
capacity for Butler in all the filings described above, has not appeared
as an attorney in this matter, and does not claim in any of those filings
to be an attorney. Davis's lone reason for prosecuting this action on
behalf of Butler is that Davis is Butler's child. Doc. 1-5 at 1; Doc. 20 at
1.

Davis likewise has not demonstrated any legally recognized status
as a guardian, next friend, or other exception permitting non-attorneys
to represent a litigant, pursuant to Fed. R. Civ. P. 17. ("A minor or an
incompetent person who does not have a duly appointed representative
may sue by a next friend or by a guardian ad litem. The court must
appoint a guardian ad litem—or issue another appropriate order—to
protect a minor or incompetent person who is unrepresented in an
action.").

The motion to amend the complaint and substitute Davis as the
plaintiff is also unavailing. "A filing by a non-lawyer on behalf of
another person or entity cannot be considered by the Court" for "it is a

3

legal nullity that the Court cannot adjudicate, and it must be dismissed." *In re 69 N. Franklin Tpk., LLC*, 2017 WL 773875, at *3, *4 (D.N.J. 2017). But even if the Court could consider the issue, it is not clear based on Davis's representations that Davis is the real party in interest. The definition of a "real party in interest" is "the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 733 (D.N.J. 2013). The alleged injury giving rise to the action, as far as the Court can tell, seems to stem from a denied application for a home-repair loan made in Butler's name and for her home. Doc. 1-5 at 1. In other words, if any rights are involved here, they are for Butler, not Davis, to assert.

Accordingly, it is **ORDERED** that:

1.      The motions filed by Audury Petie Davis on behalf of Plaintiff Maryann Butler (Docs. 13, 16, 19, 27, 34) are **DENIED WITHOUT PREJUDICE.**

2.      The Clerk's Office is **DIRECTED** to **STRIKE** all remaining filings made on behalf of Plaintiff Maryann Butler by

Audury Petie Davis (Docs. 3, 5, 7–10, 12, 15, 18, 20–23, 25–26, 28–29, 32–33, 35–36).

3.   Audury Petie Davis **SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated.

4.   Defendant New American Funding is **DIRECTED** to respond to the Complaint (Doc. 1) within **30 days** of this Order.

Date:  July 11, 2025                 *s/ Phillip J. Caraballo*
                                     Phillip J. Caraballo
                                     United States Magistrate Judge