# EXHIBIT 8

2004 WL 2384993
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Gordon Roy PARKER, Plaintiff,
v.
LEARN THE SKILLS CORP., et al., Defendants.

No. 03–6936.
|
Oct. 25, 2004.

**Attorneys and Law Firms**

Gordon Roy Parker, Philadelphia, PA, pro se.

*MEMORANDUM AND ORDER*

KELLY, J.

**\*1** Presently before the Court is Plaintiff Gordon Roy Parker's ("Plaintiff") Amended Complaint (Doc. No. 2), Defendant Thomas Geiger's ("Defendant") motion captioned, "Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim upon which Relief can be Granted, Improper Venue or, in the Alternative, For a More Definite Statement" ("Motion") (Doc. No. 6) and Defendant's Amended Motion to Dismiss ("Amended Motion") (Doc. No. 25), and Plaintiff's respective Responses in opposition thereto (Doc. Nos. 21 & 30). For the reasons set out below, Plaintiff's Amended Complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE.[1]

*I. INTRODUCTION*

On December 30, 2004, *pro se* Plaintiff Gordon Roy Parker filed this action against *pro se* Defendant Geiger, Defendant Learn The Skills Corporation, and one-hundred anonymous defendants. Plaintiff's Amended Complaint seeks relief under theories of Libel, Trade Libel, Invasion of Privacy, Copyright Infringement, Unfair Competition, Unjust Enrichment, Tortious Interference and Civil Conspiracy, and for Federal Lanham Act and RICO Violations. In response, *pro se* Defendant Geiger moves for a more definite statement of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(e).[2] Defendant Geiger argues that the substance of Plaintiff's claims is unascertainable from the eighty page Amended Complaint. After reviewing *pro se* Defendant Geiger's argument, we also construe his motion as seeking dismissal for Plaintiff's failure to comply with the "short and plain statement" requirements of Federal Rule of Civil Procedure 8(a)(2).[3]

*II. STANDARD OF REVIEW*

Federal Rules of Civil Procedure 12(e) and 8(a)(2) guard against vague and ambiguous complaints that impede either the defendants' receipt of adequate notice of the claims asserted against them or their ability to form a responsive pleading. *See Schaedler v. Reading Eagle Publications, Inc.,* 370 F.2d 795, 798 (3d Cir.1967). *Pro se* Defendant Geiger's Motion argues that the Amended Complaint does not state Plaintiff's claims with clarity sufficient to allow him to frame a responsive pleading. We find *pro se* Defendant Geiger's inability to respond is due in large part to the lack of a "short and plain statement" of the claims upon which relief should be granted and, therefore, we discuss *pro se* Defendant Geiger's arguments under Rule 8(a)(2).

Rule 8(a) calls for a "short and plain statement" of both the jurisdictional grounds and the claims supporting the plaintiff's request for relief. Fed.R.Civ.P. 8(a). The purpose of the "short and plain statement" requirement is "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Violations of the short and plain statement rule have included complaints that were too long, repetitious, or confused. *See In re Westinghouse Secs. Litigation,* 90 F.3d 696, 703 (3d Cir.1996) (finding that a complaint more than 600 paragraphs and 240 pages was too long); *see also U.S. ex rel Dattola v. National Treasury Employees Union,* 86 F.R.D. 496 (W.D.Pa.1980) (holding that a *pro se* complaint charging over one-hundred defendants with several claims was too confused). In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir.2003).

*III. DISCUSSION*

**\*2** Plaintiff's Amended Complaint is long and disorderly. The length of Plaintiff's Amended Complaint ballooned to eighty single and double spaced pages with 320 paragraphs. As part of his Amended Complaint, Plaintiff wrote an overview of the alleged wrongful conduct that consists of fifty-three pages and 208 paragraphs with cross references to another eighty-seven pages of single-spaced exhibits. A lenient reading of Plaintiff's Amended Complaint does not reveal a short and plain statement. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (stating the proposition that *pro se* complaints must be reviewed with leniency).

While a complaint's excessive length alone is not determinative for a Rule 8(a) dismissal, its excessive length compounded by a lack of clarity should deem it unacceptable. *See In re Westinghouse Secs. Litigation,* 90 F.3d at 703. Plaintiff's Amended Complaint is marred by its near-incomprehensible structure and content. For example, it appears as if the first sixty pages of Plaintiff's Amended Complaint are superfluous because they consist of alleged facts with no contextual structure. It is not until page sixty-one that Plaintiff begins describing the twenty-three counts he alleges against the 102 defendants. Instead of plainly stating his claims against the defendants, Plaintiff overwhelms the defendants with acronyms and confusing cross-references to the alleged facts and anonymous defendants.[4] Therefore, throughout Plaintiff's entire Amended Complaint, there is a complete omission of a "short and plain statement" necessary to give the defendants proper notice of the claims against them.

Although *pro se* complaints are held to a less stringent standard than those drafted by legal counsel, the concern of *pro se* Defendant Geiger that he has been bombarded with an exceedingly long and confusing complaint cannot be ignored. *See Alston v. Parker,* 363 F.3d 229, 234 (3d Cir.2004) (explaining that "[c]ourts are to construe complaints so 'as to do substantial justice' ... keeping in mind that *pro se* complaints in particular should be construed liberally" (citations omitted)); *But cf. Gay v. Shannon,* 2002 U.S. Dist. LEXIS 23621, at \*2 (E.D.Pa. Dec. 6, 2002) (finding that the *pro se* complaint failed this "substantial justice" balance and failed Rules 12(e) and 8(a)(2)). The leniency given to a *pro se* complaint must always be tempered by a defendant's, especially one appearing *pro se,* need for fair notice of the claims against them. *See Skolnick v. Clinton,* 1996 U.S. Dist. LEXIS 19333, at \*3–4 (N.D.Ill.Dec. 23, 1996). If a *pro se* complaint is so confusing or unintelligible that a party could not understand or reply to it, the court should dismiss the case for failure to comply with Rule 8(a). *King v. Fayette County,* 92 F.R.D. 457, 458 (W.D.Pa.1981); *see also Windsor v. Colorado Dep't of Corrections,* 9 Fed. Appx. 967 (10th Cir.2001) (explaining *pro se* complaints, after all, are required to follow the Federal Rules of Procedure, including Rule 8).

**\*3** Holding Plaintiff's Amended Complaint to the less stringent *pro se* standard does not save him from dismissal under Rule 8(a)'s "short and plain statement" requirement. We are satisfied that Plaintiff's Amended Complaint is so confusing and sprawling that *pro se* Defendant Geiger should not be required to reply to it as written. We therefore dismiss Plaintiff's Amended Complaint for failure to comply with the "short and plain statement" requirements of Federal Rule of Civil Procedure 8(a).[5]

*ORDER*

AND NOW, this day of October 2004, in consideration of Plaintiff Gordon Roy Parker's ("Plaintiff") Amended Complaint (Doc. No. 2), Defendant Geiger's ("Defendant") motion captioned, "Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim upon which Relief can be Granted, Improper Venue or, in the Alternative, For a More Definite Statement" ("Motion") (Doc. No. 6) and Defendant's Amended Motion to Dismiss ("Amended Motion") (Doc. No. 25), and Plaintiff's respective Responses in opposition thereto (Doc. Nos. 21 & 30), it is hereby ORDERED that:

1. Plaintiff's Amended Complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE;

2. If Plaintiff is able to cure the deficiencies set forth in the accompanying Memorandum through an amended pleading on or before November 26, 2004, then the Court will reopen this matter *sua sponte;*

3. Plaintiff's seven styled Motions (Doc. Nos. 19, 20, 22, 24, 41, 42 & 43) are DISMISSED AS MOOT;

4. Defendant Geiger's two styled Motions (Doc. Nos. 6 & 25) are DISMISSED AS MOOT;

5. Defendant Learn the Skills Corporation's two styled Motions (Doc. Nos. 29 & 46) are DISMISSED AS MOOT.

**All Citations**

Not Reported in F.Supp.2d, 2004 WL 2384993

---

## Footnotes

| | |
|---|---|
| 1 | If Plaintiff is able to cure the deficiencies set forth in this Memorandum through an amended pleading on or before November 26, 2004, then the Court will reopen Plaintiff's case *sua sponte. See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002). |
| 2 | Rule 12(e) provides: |
| | If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. |
| | Fed.R.Civ.P. 12(e). |
| 3 | Rule 8(a) provides, in pertinent part, "[a] pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). |
| 4 | By the time Plaintiff begins to assert claims against the defendants, 232 paragraphs have elapsed from which the defendants are to cross-reference in order to decipher the factual support of the claims against them. In essence, Plaintiff has created the "bucket of mud" that Rule 8(a) guards against. *See United States, ex rel. Garst,* 328 F.3d at 378; *see also Mendez v. Draham,* 182 F.Supp.2d 430, 433 (D.C.N.J.2002) (finding that "[o]nly through superhuman patience, effort, and insight could any attorney review the allegations of the Complaint and make paragraph-by-paragraph responses.... [T]he Defendants' attorneys do not have the luxury of clicking the 'paste' button on their computer; if they fail to notice that one or two words have been varied, with meaningful import ... they face the risk of malpractice"). |
| 5 | As we dismiss the Amended Complaint on this basis, we do not need to reach *pro se* Defendant Geiger's remaining arguments. |

---