# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARYANN BUTLER,** | : CIVIL ACTION NO. 1:25-CV-690 |
| **Plaintiff** | : (Judge Neary) |
| v. | : |
| **NEW AMERICAN FUNDING, et al.,** | : |
| **Defendants** | : |

## **ORDER**

Presently before the court is a motion (Doc. 68) for temporary restraining order and order to show cause (hereinafter just "TRO") filed by plaintiff Maryann Butler.[1] This combined motion seeks to enjoin collection efforts by defendant New American Funding against Butler and for expedited discovery. (See Doc. 68 at ECF 2).

Interestingly, Bulter filed her combined motion with this court approximately three weeks *after* a notice of appeal (Doc. 46) had already been filed with the Third Circuit Court of Appeals ("first appeal"). The first appeal sought to challenge a prior court order (Doc. 37) striking several documents from the docket, including a

---

[1] The motion is also brought by Audury Petie Davis, the son of Butler, who filed a number of motions and documents in this case on behalf of his mother as her "authorized representative," which were stricken by the court because Davis is not an attorney. (Doc. 37). That order is the subject of an appeal to the Third Circuit and this matter is presently stayed pending that appeal. (Docs. 46, 66). Between the filing of the notice of appeal and the entry of the stay, Butler purportedly filed an amended complaint in which Davis is also listed as a plaintiff, but it continues to note that he is the "authorized representative" of Butler. (Doc. 47). Davis has yet to be recognized as a proper party in this matter, and in any event, cannot represent another *pro se* party even if he is a party to the suit.

request to stay discovery. The first appeal notwithstanding, a purported amended complaint, motion to strike, motion to dismiss, and a brief in opposition were then filed on the docket. (Docs. 47, 60, 61, 64). Given the pending appeal, the court stayed all matters until the Third Circuit issued its decision. (Doc. 66). Only after all of that, was a motion for a TRO filed. Then, less than one week after the filing of a motion for a TRO, a second notice of appeal (Doc. 81) was filed, this time challenging the stay order (Doc. 66).

Since *two* notices of appeal have now been filed, it appears one party has expressed a clear desire to have its concerns heard by our court of appeals. This court shall respect that decision.[2] Therefore, AND NOW, this 21st day of August, it is hereby ORDERED that all proceedings in this matter are STAYED pending disposition of the appeals to the Third Circuit.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

---

[2] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." Coinbase, Inc. v. Bielski, 599 U.S. 736, 752 (2023) (Jackson, J., dissenting) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)) (alteration in original).