FILED
HARRISBURG, PA
AUG 2 6 2025
PER _____ / DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Case No. 1:25-cv-00690-KMN

Maryann Butler, Plaintiff,

v.

New American Funding, et al., Defendants.

## SUPPLEMENTAL NOTICE IN SUPPORT OF RULE 62.1 MOTION (ECF 84)

Re: Targeted Preservation of Exhibit DD8

Filed: August 26, 2025

### INTRODUCTION & PROCEDURAL POSTURE

Plaintiff submits this Supplemental Notice in support of a narrow, maintenance-only preservation order under Fed. R. Civ. P. 62.1 concerning Exhibit DD8 (native email with full headers/metadata and associated journaling/transport logs). No production or merits discovery is sought; the request is limited to preventing imminent loss of metadata and logs during the appellate stay.

On August 7, 2025, the Court stayed the case pending appeal (ECF 66). On August 14, 2025, the matter was reassigned and the Court directed briefing on its jurisdiction in light of Coinbase/Griggs (ECF 71). On August 21, 2025, the Court stayed all proceedings pending disposition of the appeals (ECF 83). On August 22, 2025, Plaintiff filed a Rule 62.1 motion seeking this limited preservation relief (ECF 84). Because a notice of appeal has been filed (see ECF 81) and the case is stayed, the Court's authority is constrained; Rule 62.1 provides the proper vehicle for narrow action that maintains the status quo.

Accordingly, Plaintiff respectfully requests that the Court (i) under Rule 62.1(a)(3) indicate it would grant the preservation order if jurisdiction were restored (or, in the alternative, briefly modify the stay solely to enter that order); and (ii) upon such indication, that Plaintiff may promptly notify the Third Circuit under FRAP 12.1 and seek a limited remand for entry of the order. The order would require a 72-hour notice of compliance (or IT-custodian declaration) confirming the hold, and would expire after 30 days or further order, without altering the merits or the stay beyond preservation.

1

## II. RELIEF REQUESTED (Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1 ( Preservation Only)

1. Indicative ruling / limited stay modification. Pursuant to Rule 62.1(a)(3), the Court should indicate that if jurisdiction were restored it would grant a narrowly tailored preservation order as set forth herein; or, in the alternative, briefly modify the stay solely to enter such order.

2. Preservation scope (Exhibit DD8 only). Direct Defendants (and any archiving/journaling vendors within their control) to preserve the complete native MIME/EML message identified as Exhibit DD8, including full Internet headers, metadata, attachments, and associated journaling/transport logs, without any production or merits discovery. (Detailed scope in Section II.2.)

3. 72-hour compliance notice. Within 72 hours, require Defendants to file a short notice of compliance (or an IT-custodian declaration) confirming that the hold described in Section II.2 has been applied.

4. Duration. Maintain the hold for the shorter of thirty (30) days or further order of the Court.

5. FRAP 12.1 bridge. Upon issuance of an indicative ruling, permit Plaintiff to notify the Third Circuit under FRAP 12.1 and seek a limited remand for entry of the preservation order.

No merits discovery or production is authorized by this relief; it is maintenance-only to prevent spoliation during the appellate stay.

## III. EXHIBIT DD8 PARTICULARS

1. Message-ID: <2618D94B-68B6-4C89-A3FF-ED00737194EA@icloud.com>

2. Date/Time (EST): Jan. 31, 2025, 08:32:16 (-0500)

2

3. Sender: mfmallah87@icloud.com

4. Recipient: Shawn.Wainwright@nafinc.com

5. Format sought to be preserved: complete native MIME/EML (all body parts, embedded images, attachments, full Internet headers) plus associated journaling/transport logs and message-trace artifacts that presently exist.

6. Hash / checksum (DD9): SHA-256 393bebad23182ef4269a8cac33c68936e4a3760de8cfd6ab0d8c2fa4fb6efaff (Declaration of Hash Integrity signed by Audury Petie Davis in Exhibit DD9). Identifier only; no export/production requested.

7. Unique identification rule: If internal system identifiers (mailbox/item ID, thread ID, journaling pointer) differ, the DD8 exhibit controls; preservation does not narrow due to differing internal IDs.

8. No production sought: This is maintenance-only during the stay; no collection or production at this time.

Optional one-liner for II.2(a):

For identification only, DD8 corresponds to SHA-256 393bebad23182ef4269a8cac33c68936e4a3760de8cfd6ab0d8c2fa4fb6efaff as attested in Exhibit DD9.

## IV. IRREPARABLE HARM / RISK OF LOSS

1. Ephemeral logs and traces. Server-side message-tracking/journaling logs and gateway/audit artifacts are routinely rotated, compacted, or overwritten on fixed schedules. Once overwritten, they cannot be recreated from the live system.

2. Metadata volatility. Only the native MIME/EML of the Exhibit DD8 email preserves the full Internet headers (e.g., the complete "Received" chain, DKIM fields, and Message-ID) exactly as transmitted. Forwarding, exporting, or re-saving the email can alter headers, time stamps, and content hashes, degrading evidentiary value.

3. Automated retention policies. Organization-level retention/label policies, mailbox clean-up rules, and archive settings can expire the specific item or its related logs without human action unless a targeted hold is in place.

4. Third-party custody. Any archiving/journaling vendors used by Defendants will continue to apply their standard cycling unless Defendants issue a narrow litigation hold directing preservation of the single DD8 item and its directly associated logs.

5. Stay posture limits remedies. Because the case is stayed pending appeal, ordinary merits discovery is not available to secure preservation by agreement or collection. A maintenance-only order is the narrow tool that prevents loss without disturbing the stay.

6. Minimal burden vs. irreversible loss. The request targets one uniquely identified email and its directly associated logs, for a short duration, with no production required. The burden is negligible compared to the irreparable prejudice from loss of native metadata and traceability.

Accordingly, narrowly tailored preservation is necessary now to prevent spoliation of Exhibit DD8's native format and corroborating logs while the appeal proceeds.

## V. PRIOR PRESERVATION ATTEMPTS

1. April 17, 2025 Good-faith preservation notice (Exh. DD1).

    Plaintiff issued a written preservation request addressing the email later identified as Exhibit DD8 and related headers/logs. That notice was blocked, as reflected in the DD1 series.

4

2. Meet-and-confer email attached to Rule 62.1 filing (Exh. DD4).

   Plaintiff prepared a short meet-and-confer on a narrow DD8 hold and attached it as Exhibit DD4 to the Rule 62.1 submission to precisely identify the item and minimize burden.

3. On-record request (ECF 84).

   Plaintiff's Rule 62.1 motion formally sought a maintenance-only preservation order for Exhibit DD8 (native MIME/EML + full headers/metadata and associated journaling/transport logs), served via CM/ECF.

**Clarification (Exh. X2b).**

X2b reflects USPS proof of notice sent to Fox Rothschild's General Counsel; it was notice only, not a separate preservation demand.

Status. No DD8-specific hold has been confirmed on the record; a narrow preservation order is necessary to prevent loss during the appellate stay.

## VI. LEGAL AUTHORITY

A. Vehicle in a stayed, post-notice posture

- Fed. R. Civ. P. 62.1(a)(3) permits an indicative ruling stating the Court would grant the motion while the appeal divests jurisdiction. [1]

- FRAP 12.1(b) after an indicative ruling, the court of appeals may remand for the limited purpose of entering that relief while retaining jurisdiction. [2]

- Griggs v. Provident Consumer Discount Co. a notice of appeal divests the district court of control over the aspects on appeal. [3]

### B. Coinbase confirms the stay

- Coinbase, Inc. v. Bielski — district courts must stay merits proceedings during a properly taken interlocutory appeal on arbitrability; this ask respects that by seeking maintenance-only preservation. [4]

### C. Preservation orders fall within inherent authority

- Chambers v. NASCO, Inc. courts have inherent power to manage proceedings and craft tailored measures to protect the process (including preventing spoliation). [5]

- Capricorn Power Co. v. Siemens Westinghouse, applies a balancing test for preservation orders (risk of loss/irreparable harm vs. burden) and approves targeted holds. [6]

- MOSAID Techs. v. Samsung, litigation triggers a duty to preserve; courts can require a litigation hold and sanction failures. [7]

### D. Third Circuit spoliation framework supports prophylactic preservation

- Schmid v. Milwaukee Elec. Tool sanctions turn on fault, prejudice, and the availability of lesser measures. [8]

- Bull v. UPS, bad faith is pivotal to harsh sanctions; remedies should be tailored to cure prejudice. [9]

- GN Netcom v. Plantronics emphasizes proportionality; prejudice may be shown with plausible, concrete loss of evidence. [10]

Footnotes (pinpoints):

[1] Fed. R. Civ. P. 62.1(a)(3).

[2] Fed. R. App. P. 12.1(b).

[3] Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

[4] Coinbase, Inc. v. Bielski, 143 S. Ct. 1915, 1919–20 (2023).

[5] Chambers v. NASCO, Inc., 501 U.S. 32, 43–46, 50 (1991).

[6] Capricorn Power Co. v. Siemens Westinghouse Power Corp., 220 F.R.D. 429, 433–35 (W.D. Pa. 2004).

[7] MOSAID Techs. Inc. v. Samsung Elecs. Co., 348 F. Supp. 2d 332, 337–40 (D.N.J. 2004).

[8] Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994).

[9] Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73, 79 (3d Cir. 2012).

[10] GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82–84 (3d Cir. 2019).

## VII. EXHIBIT INDEX

Exhibit DD1 – Plaintiff's preservation notice (April 17, 2025) — blocked
Exhibit DD2–DD7 – Prior email headers and preservation effort records (filed with ECF 84)
Exhibit DD8 – Email from Petie Davis to NAF (Jan 31, 2025), containing W2s and banking info
Exhibit DD9 — Declaration of Hash Integrity of Audury Petie Davis (SHA-256 identifier for the native .eml of DD8).


## Verification (28 U.S.C. § 1746)

I, Maryann Butler, declare under penalty of perjury that the facts set forth in this Supplemental Notice and the attached exhibits are true and correct to the best of my knowledge, information, and belief.

Executed on August 26, 2025, at Harrisburg, Pennsylvania.

Maryann Butler (Pro Se)

Respectfully submitted,

/s/ Maryann Butler

Pro Se Plaintiff

Email: ms.mare26@gmail.com

**Certificate of Service**

I certify that on August 26, 2025, I filed the foregoing via the Court's CM/ECF system, which automatically serves all registered counsel of record. If any party is not a CM/ECF registrant, I will serve that party by first-class U.S. Mail at their last known address.

(s) Maryann Butler