IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARYANN BUTLER, | : | Civil No. 1:25-CV-0690 |
| Plaintiff | : | |
| | : | (Judge Neary) |
| v. | : | |
| NEW AMERICAN FUNDING, LLC, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

## I. Background

This is a *pro se* civil action which arose out of a mortgage transaction. (Doc. 1). This case was referred to the undersigned on September 4, 2025. At that time the case had been stayed pending an appeal to the United Sates Court of Appeals. The Court of Appeals has now ruled in this case. (Doc. 94). Accordingly, we have entered an order lifting the stay and notifying the parties that we would address the pending motions that are outstanding in this litigation. (Doc. 95).

On this score, we note that the plaintiff filed two motions seeking the entry of a default judgment in her favor, neither of which is supported by a brief as required by our local rules. (Docs. 42, 44). Moreover, Butler requests the entry of default

1

judgments against the defendants even though it is evident from the docket that they have not defaulted since the have responded to her complaint by moving to dismiss this complaint. (Doc. 61). 1 the defendants have responded to Hunter's consolidated amended complaint, (Doc. 28), by filing motions to dismiss that complaint. (Docs. 34 and 43). Since the defendants have not defaulted, but rather are actively litigating this case, for the reasons set forth below the plaintiff's motion for entry of default should be denied.[2]

## II. <u>Discussion</u>

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Fed. R. Civ. P. 55(a). Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default

---

[1] We will address the motion to dismiss through a separate Report and Recommendation.

[2] We address this motion through a Report and Recommendation, acting out of an abundance of caution since this could be viewed as a case dispositive matter. <u>See</u> <u>Sims v. EGA Products, Inc.</u>, 475 F.3d 865, 866 (7th Cir. 2007)

> judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, we find that all of these discretionary factors favor denial of entry of default judgment against these defendants at this time. At the outset, Butler errs when she suggests that there has been a default by the defendants. Quite the contrary, the defendants have responded; they have moved to dismiss this complaint. (Doc. 61).

Further, allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, since the plaintiff's entitlement to judgment on the merits is unclear. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this early stage of the litigation.

However, entry of default would be highly prejudicial to the defendants. Finally, there has been no showing of culpable misconduct or delay by the defense which would warrant the entry of judgment against these defendants at this stage of this litigation. Quite the contrary, the defendants are actively litigating this case. Therefore, all of the discretionary factors which govern entry of default judgments weigh against granting the plaintiff the relief that she seeks in this case.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motions for entry of default judgment, which are upon the erroneous premise that the defendants have not responded to this complaint (Docs. 42, 44), be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of November 2025.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge