IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Maryann Butler, Plaintiff (pro se),
v.
New American Funding, LLC, et al., Defendants.

Civil Action No. 1:25-cv-00690-PJC
Before: Hon. Martin C. Carlson, U.S. Magistrate Judge

**PLAINTIFF'S BRIEF IN SUPPORT OF
EMERGENCY MOTION FOR PRESERVATION-ONLY ORDER
REGARDING ELECTRONICALLY STORED INFORMATION**

Question Presented

Whether the Court should enter a content-neutral, preservation-only order that pauses routine deletion/overwrite for a short, defined window (January 31, 2025 through the present) and specific ESI repositories (custodian mailboxes, enterprise gateway/journaling logs, voicemail, and intake/ticketing systems), without compelling any search, collection, review, production, or merits ruling.

Suggested Answer

Yes. The order preserves status-quo evidence footprints at minimal burden and is consistent with this Court's case-management authority and Third Circuit spoliation principles.

**I. Background and Posture**

This case concerns Plaintiff's home-mortgage loan process, where key events and communications occurred off-portal, by email and voicemail, including payment for an appraisal and submission of sensitive personal and financial documents.

Prior stays were entered at ECF 66 and 83 while the appeal in Case No. 25-2365 was pending. On November 13, 2025, the Third Circuit transmitted an in-lieu-of-mandate instrument returning control of the action to this Court (Ex. T). By Order at ECF 95, this Court has now lifted the earlier stays, and the case is active.

Before filing suit, Plaintiff sent a preservation request seeking that loan-file ESI be preserved. The server returned an SMTP 5xx "Access Denied" response, indicating that the request did not lodge (Ex. D; see also ECF 74). That failed attempt underscores the risk that ordinary rotation may erase relevant system footprints.

1

The loan process itself ran off-portal. Exhibit DD-8 consists of off-portal loan-file emails with header/meta lines identifying the actual custodian mailboxes and enterprise gateway/journaling paths where duplicates and audit/retention logs reside (ECF 86). A voicemail confirming loan-file status is identified in the record via transcript (Ex. F) and audio cross-referenced at ECF 88 (F2), which in turn identifies the voicemail system that should be preserved.

Enterprise email, gateway/journaling, and voicemail systems typically operate on 30–90 day rotation cycles. Without a do-not-delete/overwrite directive, time alone can purge unique ESI footprints. Plaintiff's Motion seeks only to pause deletion/overwrite for a specified Window and Repositories while the parties and the Court address further scheduling.

## II. Legal Standard

Courts possess inherent authority to manage proceedings and to deter spoliation of evidence. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991). That authority includes the power to enter tailored case-management orders that preserve the status quo without deciding the merits. See Landis v. North American Co., 299 U.S. 248, 254–55 (1936).

The Third Circuit's spoliation jurisprudence recognizes duties to preserve when litigation is pending or reasonably anticipated and emphasizes the importance of maintaining evidence for fair adjudication. See, e.g., Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78–80 (3d Cir. 1994); Bull v. UPS, 665 F.3d 68, 73–75 (3d Cir. 2012).

A narrow, preservation-only directive that imposes no search, collection, review, or production is consistent with Fed. R. Civ. P. 1, 16, and 26(b)(1), which emphasize just, speedy, and inexpensive resolutions through proportional case management.

## III. Argument

A. The Requested Relief Is Necessary and Minimal.

The record already identifies the relevant ESI targets:

• Exhibit D shows a pre-suit preservation request and a server "Access Denied" response, indicating that the request did not lodge.

• Exhibit DD-8 identifies the specific custodian mailboxes and enterprise gateway/journaling paths where duplicate messages and audit/retention logs reside.

• Exhibit F and ECF 88 (F2) identify the voicemail carrying loan-status information and the voicemail system that should be preserved.

The risk is ordinary system rotation, not speculative fishing. The requested order simply pauses deletion/overwrite in those systems for the Window; it does not compel any party to search, collect, review, or produce ESI.

B. The Order Is Neutral and Compatible with the Case's Posture.

The requested directive is content-neutral. It preserves ESI regardless of which side it ultimately favors and does not assume relevance, authenticity, or completeness. The Order expressly avoids any ruling on standing, jurisdiction, or merits, and does not alter any party's rights or defenses.

The Court's Order at ECF 95 has lifted prior stays and restored active status to this case. The requested relief does not attempt to revisit those stays. Instead, it uses the current posture to narrowly protect ESI from further routine loss while the case proceeds.

C. **Proportionality Favors Entry.**

The operational burden on Defendants is modest. The Order would:

• identify a finite Window (January 31, 2025 through the present);

• identify discrete Repositories (custodian mailboxes, enterprise gateway/journaling logs, voicemail system(s), and ticketing/intake system(s)); and

• pause deletion/overwrite and maintain any existing litigation holds in those systems.

This is the narrowest available tool to prevent loss of ESI while the parties and the Court address threshold issues and any future discovery.

D. A Paper Decision and Short Schedule Are Appropriate.

Because ESI rotation cycles can be as short as 30–90 days and holiday staffing can slow implementation, Plaintiff respectfully requests that the Court decide this Motion on the papers under Fed. R. Civ. P. 78(b), with a five-business-day response period and a three-business-day certification if relief is granted. If no opposition is filed within the response period, treating the Motion as unopposed will be efficient and fair.

IV. **Local Rule Compliance**

On November 17, 2025, Plaintiff sought concurrence from counsel for New American Funding. Counsel does not concur and will oppose. This Brief is filed contemporaneously with the Emergency Motion for Preservation-Only Order, in compliance with Local Rule 7.5.

**Conclusion**

Plaintiff respectfully requests that the Court grant the Emergency Motion for a Preservation-Only Order regarding ESI, with:

• Window: January 31, 2025 through the present;

• Repositories: custodian mailboxes, enterprise gateway/journaling logs, voicemail system(s), and ticketing/intake systems used in the Butler loan process;

• Scope: preservation only (do-not-delete/overwrite); no search, collection, review, or production; and

• Certification: a short filing by Defendants within three business days confirming implementation, without any admission of relevance, authenticity, or completeness and without waiver of any privilege or defense.

Dated: November 19, 2025

/s/ Maryann Butler (pro se)
1823 State Street
Harrisburg, PA 17103

## CERTIFICATE OF SERVICE

I certify that on November 19, 2025, I delivered this Brief by hand to the Clerk of Court together with Plaintiff's Emergency Motion for Preservation-Only Order and served a copy on counsel for Defendants by first-class mail (and by courtesy email) at:

Fox Rothschild LLP
2001 Market Street, Suite 1700
Philadelphia, PA 19103

and at counsel's email address of record.

Date: November 19, 2025

/s/ Maryann Butler

4