IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

Plaintiff,

v.                               Civil Action No. 1:25-cv-00690

NEW AMERICAN FUNDING, LLC,

Defendant.

FILED
HARRISBURG, PA

NOV 19 2025

PER _____
DEPUTY CLERK

## PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO

## DEFENDANT'S MOTION TO DISMISS (ECF 60) AND

## MOTION TO STRIKE (ECF 61–62)

Plaintiff, Maryann Butler ("Plaintiff" or "Butler"), proceeding pro se, respectfully submits this consolidated brief in opposition to Defendant New American Funding, LLC's ("NAF" or "Defendant") motion to dismiss (ECF 60) and motion to strike (ECF 61–62).

# I. INTRODUCTION

This case is no longer in the confused early posture where filings were made through Audury Petie Davis. The Court has already:

1. Entered a July 11, 2025 order (ECF 37) striking earlier Davis-submitted filings without prejudice and addressing representation concerns;

2. Received and docketed Butler's Verified Curative Complaint (ECF 38) and supporting declaration (ECF 39), filed in her own name as borrower and homeowner;

3. Managed the case through an appeal and administrative inquiries involving the United States Court of Appeals for the Third Circuit and the Administrative Office; and

4. Issued a November 2025 order (ECF 95) lifting the stays previously imposed at ECF 66 and 83 and setting fresh briefing deadlines on Defendant's pending dispositive motions.

1

The current posture is straightforward:

- Butler alone is the FHA refinance borrower, homeowner, and aggrieved party;

- Davis is not seeking party status and is not attempting to represent Butler;

- The operative pleading is Butler's Verified Curative Complaint (ECF 38), supported by her own sworn declaration (ECF 39) and later record-housekeeping filings (including ECF 103).

Defendant's motion to dismiss nevertheless proceeds as if ECF 37 permanently ended the case and as if Davis remains the real litigant. Defendant's motion to strike likewise seeks an overbroad "second sanitizing" of the docket under Rule 12(f), targeting judicial notices and exhibits that this Court and the Third Circuit have already relied upon in untangling the record, including the USB audio of the loan-officer voicemail (Exhibit F2), the transcript of that voicemail (Exhibit F), off-portal loan-file headers and metadata (Exhibit DD-8), and documentation of pre-suit preservation efforts (including D1/D2).

Under the Federal Rules and Third Circuit precedent, this Court should:

- Recognize Butler as the real party in interest under Rule 17(a);

- Treat her Verified Curative Complaint as the operative pleading for purposes of Rule 12(b)(6);

- Hold that her complaint easily states a plausible FHA/ECOA/consumer-protection claim; and

- Deny Defendant's effort under Rule 12(f) to strip away judicial notices and exhibits that are directly relevant to standing, record integrity, and preservation.

At a minimum, if the Court perceives any remaining technical defect, Rule 17(a)(3) and Rule 15(a)(2) require affording Butler a reasonable opportunity to cure, not dismissing her FHA case or erasing core record materials.

# II. PROCEDURAL BACKGROUND AND CURRENT POSTURE

### A. Initial Complaint and July 11, 2025 Order (ECF 37)

On April 21, 2025, Plaintiff filed her original complaint against New American Funding, LLC concerning an FHA refinance transaction on her home. (ECF 1). During the early months of the case, filings were submitted through Audury Petie Davis, who attempted to act as an "authorized representative" for Butler and attached numerous exhibits, including loan disclosures, contractor documents, and loan-officer communications.

On July 11, 2025, the Court entered an omnibus order (ECF 37) that:

- Struck multiple Davis-submitted filings;
- Denied several motions without prejudice; and
- Admonished that Davis, as a non-lawyer, could not represent Butler.

Crucially, ECF 37 did not dismiss Plaintiff's claims with prejudice or hold that no FHA-related claim could ever be stated. It addressed who may file (representation and docket management), not the substantive viability of the FHA credit-denial allegations.

## B. Butler's Curative Filings: Verified Curative Complaint and Declaration (ECF 38–39)

In response to ECF 37, Butler herself filed a Verified Curative Complaint (ECF 38) on July 14, 2025. That complaint:

- Names only Butler as plaintiff;
- Re-pleads the FHA loan facts in Butler's own voice as borrower and homeowner;
- Re-alleges the refinance application, appraisal payment, underwriting posture, and non-closing; and
- Incorporates the relevant factual narrative and exhibits to clarify standing and party status.

Butler also filed a supporting declaration (ECF 39) verifying, among other things, that:

- She is the homeowner, FHA applicant, and person who paid for the appraisal;
- She adopts and reasserts, in her own name, the core evidence earlier funneled through Davis; and

3

- She personally experienced the financial harm from the failed refinance, including exposure to a roofing contractor and resulting credit and financial damage.

These filings cured any standing and representation confusion that motivated ECF 37. From that point forward, the borrower herself was on the record as the verified plaintiff, speaking in her own name.

## C. Later Record Housekeeping and Clarification (Including ECF 103)

As the case continued, Butler filed additional judicial notices and motions to clarify the record, including a record-housekeeping / clarification motion (ECF 103). That motion:

- Confirms that Butler alone is the plaintiff, FHA borrower, and aggrieved party;

- Clarifies that Davis is not seeking party status in his own right; and

- Reaffirms that the critical exhibits such as the voicemail transcript and audio (Exhibits F and F2), the off-portal loan-file headers and metadata (Exhibit DD-8), and pre-suit preservation communications (including the corrected D1/D2) are now squarely lodged through Butler's ms.mare26@gmail.com, including ECF 38–39 and later preservation-related submissions (e.g., ECF 72–74, 86, 88, 90).

Thus, even if there was confusion earlier, the present record clearly designates Butler as the only plaintiff and real party in interest and places the key evidentiary materials in her name.

## D. Appeal, In-Lieu-of-Mandate, and ECF 95 (Stays Lifted)

In light of confusion regarding USB submissions, docketing delays, and the treatment of Exhibit F2 and related materials, Butler sought relief from the Third Circuit and raised concerns with the Administrative Office of the United States Courts. The Third Circuit ultimately issued an in-lieu-of-mandate transmission on November 13, 2025, returning control of the case to this Court to manage on a clarified record.

In November 2025, this Court entered ECF 95, which:

- Lifted the stays previously imposed at ECF 66 and 83; and

- Set fresh briefing deadlines for Defendant's motion to dismiss (ECF 60) and motion to strike (ECF 61–62).

This confirmed that the case is now proceeding on the merits before Magistrate Judge Carlson, based on the cleaned and corrected Butler-only record, not on the earlier, confused procedural posture.

# III. LEGAL STANDARDS

### A. Rule 12(b)(6) – Motion to Dismiss

A complaint survives a Rule 12(b)(6) motion if it states a claim that is "plausible on its face," meaning that the factual content, accepted as true, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Because Butler is proceeding pro se, her pleadings are entitled to a liberal construction and are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a complaint is deficient but potentially curable, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); Alston v. Parker, 363 F.3d 229, 235–36 (3d Cir. 2004).

### B. Rule 12(f) – Motion to Strike

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such motions are strongly disfavored because they propose a drastic remedy and are often used as a delaying tactic. See Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986) (motions to strike are not favored and are "usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (quotation omitted).

Rule 12(f) is not a vehicle to rewrite litigation history, sanitize the record a second time, or erase judicial notices and exhibits simply because they are uncomfortable for one party.

### C. Real Party in Interest and Opportunity to Cure – Rule 17(a)(3)

Rule 17(a)(1) requires that actions be prosecuted in the name of the real party in interest. But Rule 17(a)(3) expressly provides that:

> "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been

allowed for the real party in interest to ratify, join, or be substituted into the action."

Fed. R. Civ. P. 17(a)(3) (emphasis added).

Consistent with this rule, the Third Circuit has held that where a proper plaintiff is apparent and any misalignment is curable, dismissal is disfavored; the court should instead allow amendment or substitution. See, e.g., USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204–05 (3d Cir. 2003). That principle applies with even greater force in a pro se case where the underlying borrower has already stepped forward, filed a verified curative pleading, and clarified that she alone is the real party in interest.

# IV. ARGUMENT

## A. The Operative Pleading Is Butler's Verified Curative Complaint (ECF 38), Not the Struck Davis-Submitted Filings

Defendant's motion to dismiss is anchored in the July 11, 2025 order (ECF 37) and Davis's earlier attempts to file on Butler's behalf. But as of July 14, 2025, the operative complaint is Butler's Verified Curative Complaint (ECF 38), supported by her sworn declaration (ECF 39). Those filings:

- Remove Davis as a purported co-plaintiff;
- Clarify that Butler is the borrower, homeowner, and aggrieved party; and
- Incorporate the relevant facts and exhibits into a properly verified pleading in her own name.

ECF 37 struck certain filings without prejudice and addressed non-lawyer representation and docket clutter; it did not and under Rule 17(a)(3) could not permanently bar the real FHA borrower from filing her own complaint to cure standing and party-designation issues. Butler has now done precisely that.

To the extent Defendant relies on the notion that "Mr. Davis" is the real litigant, that argument is moot under the current record. The Court should evaluate the sufficiency of the Verified Curative Complaint (ECF 38) and related Butler-filed materials, not the superseded, struck filings submitted earlier through Davis.

## B. Butler Is the Real Party in Interest, and Any Earlier Confusion Has Been Cured

6

Defendant has repeatedly argued, in this Court and in the Third Circuit, that Davis lacked standing and could not represent Butler. Butler does not dispute that Davis, a non-lawyer, may not represent her. Instead, she has brought the case into alignment with Rule 17(a) by:

- Proceeding solely in her own name as plaintiff in ECF 38;

- Filing her own declaration (ECF 39) verifying that she is the homeowner, FHA borrower, and aggrieved party; and

- Filing a record-housekeeping motion (ECF 103) confirming that she alone is the plaintiff and that Davis is not seeking party status.

Under Rule 17(a)(3), the appropriate remedy for any earlier misalignment was to allow the real party in interest Butler to file or ratify the action, not to dismiss the case outright on a technicality. That is exactly what has occurred. Butler has stepped forward, filed a verified curative complaint, and confirmed that the core evidence (loan documents, contractor agreement, voicemail transcript and audio, off-portal metadata, and pre-suit preservation communications) belongs to her and relates to her home and credit.

Defendant's motion to dismiss does not seriously dispute that Butler:

- Signed the refinance application;

- Paid for the appraisal;

- Entered into the roofing contract in reliance on the anticipated refinance; and

- Experienced the resulting harm when the refinance did not close.

Instead, Defendant continues to attack Davis's role. That line of attack no longer matches the actual case now in front of this Court, where Butler is plainly the real party in interest and is prosecuting the action in her own name.

## C. Defendant's Rule 12(f) Motion to Strike Is Mis-Directed, Overbroad, and Prejudicial

Defendant's motion to strike invokes Rule 12(f) to target a broad range of judicial notices, declarations, and exhibits many of which this Court and the Third Circuit have already relied upon to understand the docket, USB evidence, and evolving appellate posture. Rule 12(f) does not permit this kind of sweeping "second sanitizing" of the record.

As the Third Circuit has explained, motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice."

Cipollone, 789 F.2d at 188 (citation omitted). Here, the challenged filings plainly do relate to the controversy. They include, among other things:

- Judicial notices and declarations describing counsel communications, bar-complaint and disciplinary confirmation numbers, and the chain of custody for Exhibit F2 (audio) and Exhibit DD-8 (off-portal loan-file metadata);

- Pre-suit preservation emails and an "Access Denied" SMTP bounce (D1/D2) confirming that at least one preservation-related email to NAF did not lodge as intended; and

- Voicemails and transcripts (Exhibits F and F2) in which Defendant's own loan officer acknowledged verified employment, a paid appraisal, and an active file—facts that contradict the notion that this was an incomplete or unserious application.

Far from being "impertinent" or "scandalous," these materials go directly to:

- Standing and real-party-in-interest, by showing that Butler is the real borrower and homeowner;

- Record integrity and USB handling, by documenting how Exhibit F2 and related evidence reached the Third Circuit and this Court;

- Litigation-hold and preservation obligations, by showing pre-suit preservation efforts, internal access blocks, and off-portal data flows; and

- The evidentiary context of Butler's FHA credit-denial claim.

If Defendant believes any statement in these judicial notices or declarations is inaccurate, the proper remedy is to rebut the facts on the record, not to erase the filings altogether. Striking them would not protect the Court from prejudice; it would only deprive this Court (and any reviewing court) of a clear picture of how the litigation reached its current posture, including the Third Circuit's in-lieu-of-mandate transmission and this Court's own stay-lifting and docket-cleaning efforts (ECF 95).

By contrast, Butler would suffer serious prejudice if these filings and exhibits were removed. They include the materials that show:

- She is the true borrower and FHA applicant;

- Her loan documentation was transmitted off-portal to loan officers and staff, rather than solely through a portal that now appears empty;

- She made pre-suit preservation efforts that triggered an "Access Denied" block; and

- Defendant's internal systems (mailboxes, logs, voicemail) contain or should contain the truth about what occurred.

To the extent the Court has any concern with the tone of particular sentences in any judicial notice, Butler has no objection to the Court disregarding rhetoric and focusing solely on the substantive facts and exhibits for limited purposes such as notice, case-management history, preservation, and appellate review. What Rule 12(f) does not authorize, however, is a second round of "sanitizing" the docket to remove inconvenient evidence under the guise of a motion to strike. Defendant's Rule 12(f) motion should therefore be denied.

## D. The Clarified Record and Curative Pleadings Eliminate Any Justification for Dismissal on "Standing" or Technical Grounds

Defendant's motion to dismiss leans heavily on the early confusion over who was filing, and on the fact that ECF 37 struck Davis-submitted filings and admonished him for attempting to represent Butler. That confusion has been resolved.

The record now shows:

- Butler is the only named plaintiff and FHA borrower;

- Davis is not attempting to act as her attorney and is not seeking separate party status;

- The operative complaint is the Verified Curative Complaint (ECF 38), supported by Butler's declaration (ECF 39) and later housekeeping filings, including ECF 103; and

- The stays have been lifted (ECF 95), and the case is proceeding on the merits under Judge Carlson's management.

Under these circumstances, dismissing the action based on now-cured representation issues would conflict with Rule 17(a)(3), which forbids dismissal for failure to sue in the name of the real party in interest until the court has allowed a reasonable time for ratification, joinder, or substitution. Butler has already used that "reasonable time" to file and verify her own curative complaint. At worst, if the Court believes some technical pleading detail remains to be fixed, Rule 15(a)(2) and Third Circuit precedent mandate that leave to amend be "freely given." Alston, 363 F.3d at 235–36.

## E. Merits Snapshot: The Verified Curative Complaint States a Plausible Claim

Even setting procedural and housekeeping issues aside, Defendant has not carried its burden to show that Butler's Verified Curative Complaint (ECF 38) fails as a matter of law. Taking the well-pleaded facts as true and drawing all reasonable inferences in Plaintiff's favor, the complaint describes a straightforward FHA credit-denial pattern that is more than "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678.

In summary, Butler alleges that:

- She applied for an FHA refinance loan on her home in her own name;

- She supplied the requested documentation and paid for an appraisal out of pocket;

- She received communications from NAF's loan officer and staff including a voicemail message indicating that her file was in underwriting, her employment had been verified, and the transaction was moving toward closing;

- Key documents were transmitted off-portal via email to NAF, with headers and metadata later captured in Exhibit DD-8;

- Despite this, NAF failed to close the loan and did not give her a coherent non-discriminatory explanation, leaving her exposed to a roofing contractor and credit harm; and

- This breakdown occurred after she had relied on the anticipated refinance to enter into a roofing contract and incurred real financial risk and damage.

These allegations, if proven, fit comfortably within the types of claims federal courts entertain under the Fair Housing Act (FHA), the Equal Credit Opportunity Act (ECOA), and related consumer-protection statutes. They involve a real borrower, a real loan application, a real appraisal, and concrete downstream harm not abstract grievances. Defendant may ultimately dispute the facts or the meaning of its own emails, voicemails, and logs, but those disputes belong in discovery and, if necessary, summary judgment not at the Rule 12(b)(6) stage.

At this stage, the question is whether Butler has stated a plausible claim. She has. The Verified Curative Complaint therefore should not be dismissed.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Deny Defendant's motion to dismiss (ECF 60);

2. Deny Defendant's motion to strike (ECF 61–62);

3. Confirm that the operative pleading is Plaintiff Butler's Verified Curative Complaint (ECF 38), supported by her declaration (ECF 39) and later record-housekeeping filings (including ECF 103); and

4. Proceed to manage this case on the merits based on the corrected and preserved record, including Exhibits F and F2 (voicemail transcript and audio), Exhibit DD-8 (off-portal loan-file metadata), pre-suit preservation communications (including D1/D2), and the related judicial notices and declarations incorporated through Butler's filings.

To the extent the Court identifies any remaining technical pleading defect, Plaintiff further requests leave to amend under Rule 15(a)(2) and Rule 17(a)(3) so that this case may be resolved on the merits rather than on curable procedural confusion.

Respectfully submitted,

Date: November 19, 2025


Maryann Butler

Plaintiff, pro se

1823 State Street

Harrisburg, Pennsylvania 17103

[ms.mare26@gmail.com]


## VERIFICATION

I, Maryann Butler, declare under penalty of perjury under the laws of the United States of America that the factual statements made in this Brief specifically, the descriptions of my loan application, appraisal payment, communications with New American Funding, the July 11, 2025 order (ECF 37), my Verified Curative Complaint (ECF 38), my declaration (ECF 39), my record-housekeeping filings (including ECF 103), and my subsequent efforts to preserve and clarify the record are true and correct to the best of my knowledge, information, and belief.

Executed on November 19, 2025, in Harrisburg, Pennsylvania.

Maryann Butler

Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2025, I caused a true and correct copy of the foregoing Plaintiff's Consolidated Brief in Opposition to Defendant's Motion to Dismiss (ECF 60) and Motion to Strike (ECF 61–62) to be served upon counsel for Defendant, New American Funding, LLC, by:

- First-class mail and/or hand-delivery to counsel's address of record; and
- (If applicable) Courtesy electronic service by email to counsel of record,

in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Maryann Butler

Plaintiff, pro se

Address for Plaintiff:

1823 State Street

Harrisburg, Pennsylvania 17103