**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARYANN BUTLER,

               Plaintiffs,

        v.

NEW AMERICAN FUNDING,

             Defendant.

Case No. 1:25-cv-00690


## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................1

II. PROCEDURAL HISTORY .....................................................................2

III. FACTUAL BACKGROUND.....................................................................3

IV. QUESTION PRESENTED.........................................................................4

V. ARGUMENT...........................................................................................5

    A. Legal Standard.............................................................................5

    B. All Papers Should Be Dismissed Because Ms. Butler Has Not Signed Any of The Papers, Except the "COMPLAINT IN A CIVIL CASE" Form. ..................................................................................7

    C. Each of Ms. Butler's (Potential) Claims Should Be Dismissed Because They Are Meritless or Because They Fail to Meet Every Element..................................................................................9

        1. Ms. Butler Fails to Plead An Equal Credit Opportunity Act ("ECOA") (15 U.S.C. §§ 1691 to 1691f) Violation Claim Because Plaintiff Pleads None of The Elements. .......................9

        2. Ms. Butler Fails to Plead A Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601) Violation Claim Because Plaintiff Pleads None of The Elements....................................10

        3. Ms. Butler Fails to Plead A Truth In Lending Act ("TILA") (15 U.S.C. § 1601) Violation Claim Because Ms. Butler Pleads None of The Elements. ....................................................................11

        4. Ms. Butler Fails to Plead A Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681) Violation Claim Because Ms. Butler Pleads None of The Elements. ............................................................12

        5. Ms. Butler's Cause of Action Based on HUD Mortgagee Letter 2009-40 Should Be Dismissed Because It Is Not A Recognized Cause of Action.....................................................................12

VI.   CONCLUSION...................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................5, 6

*Brown v. Lynn*,
  385 F.Supp. 986 (N.D. Ill. 1974) ........................................................................12

*Chiang v. Veneman*,
  385 F.3d 256 (3d Cir.2004) ..................................................................................9

*Clegg* v. *Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ..................................................................................6

*Cole v. Wells Fargo Bank, N.A.*,
  790 F.App'x 460 (3d Cir. 2019) ..........................................................................10

*Collinsgru v. Palmyra Bd. of Educ.*,
  161 F.3d 225 (3d Cir.1998), *abrogated on other grounds by
  Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S.
  516 (2007)..............................................................................................................8

*Eagle Assocs. v. Bank of Montreal*,
  926 F.2d 1305 (2d Cir.1991) ................................................................................7

*In re Epps*,
  110 B.R. 691 (E.D. Pa. 1990) ..............................................................................12

*Garrett v. Wexford Health*,
  938 F.3d 69 (3d Cir. 2019) ............................................................................5, 6, 7

*Gray v. Cap. One Fin. Corp.*,
  No. 25-CV-0925, 2025 WL 1644421 (E.D. Pa. June 6, 2025) ............................9

*Horan v. Wetzel*,
  No. CIV. 13-CV-140, 2015 WL 365676 (M.D. Pa. Jan. 27, 2015) ....................7

176749483.5

*In re Hydrogen Peroxide Antitrust Litig.*,
    552 F.3d 305 (3d Cir.2009) .................................................................9

*Iannaccone v. Law*,
    142 F.3d 553 (2d Cir.1998) ................................................................8

*Igou v. Bank of Am., N.A.*,
    634 F.App'x 208 (10th Cir. 2015) .....................................................11

*Karakus v. Wells Fargo Bank, N.A.*,
    941 F.Supp.2d 318 (E.D.N.Y. 2013) .................................................11

*Meeks v. Ocwen Loan Servicing, LLC*,
    681 F.App'x 791 (11th Cir. 2017) .....................................................10

*Mejia v. Ocwen Loan Servicing, LLC*,
    703 F.App'x 860 (11th Cir. 2017) .....................................................10

*Nichols v. BAC Home Loan Servicing LP*,
    2013 WL 5723072 (N.D.N.Y. Oct. 18, 2013) ...................................11

*Northington v. Jackson*,
    973 F.2d 1518 (10th Cir. 1992) ..........................................................6

*Ocampo v. Carrington Mortg. Servs., LLC*,
    288 F.Supp.3d 1327 (S.D. Fla. 2017) ...............................................10

*Osei-Afriyie v. Medical College of Pa.*,
    937 F.2d 876 (3d Cir.1991) ................................................................8

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993) .............................................................6

*Murray ex rel. Purnell v. City of Philadelphia*,
    901 F.3d 169 (3d Cir. 2018) ...............................................................8

*Strubel v. Comenity Bank*,
    842 F.3d 181 (2d Cir. 2016) .............................................................11

*Thompson v. HSBC Bank USA, N.A.*,
    850 F.Supp.2d 269 (D.D.C. 2012).....................................................11

*Toro v. DYFS*,
    857 F.App'x 106 (3d Cir. 2021) ........................................................................8

*Toro v. DYFS*,
    No. 21-1375, 2021 WL 3781717 (3d Cir. Aug. 26, 2021) .................................8

*Turner v. Beneficial Corp.*,
    242 F.3d 1023 (11th Cir. 2001) ......................................................................11

*Vallies v. Sky Bank*,
    591 F.3d 152 (3d Cir. 2009) ...........................................................................11

*Xu v. Todd*,
    No. 1:25-CV-00439, 2025 WL 2811332 (M.D. Pa. Oct. 3, 2025),
    *reconsideration denied*, No. 1:25-CV-00439, 2025 WL 2989492
    (M.D. Pa. Oct. 23, 2025)....................................................................................5

**Statutes**

15 U.S.C.A. § 1681(n) ...........................................................................................12

15 U.S.C.A. § 1681(o) ...........................................................................................12

15 U.S.C.A. § 1691(d) .............................................................................................9

28 U.S.C.A. § 1654 ..................................................................................................7

12 U.S.C. § 2605 ...................................................................................................10

12 U.S.C. § 2605(f)(1)(a).......................................................................................10

15 U.S.C. § 1601(a) ...............................................................................................11

Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* ........................................12

Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 to 1691(f), *et seq.* ..............9, 10

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ............................................12

Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* .......................10

Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ..............................................11, 12

**Other Authorities**

Fed. R. Civ. P. 8 .................................................................4, 6, 7, 13

Fed. R. Civ. P. 8(a) ...............................................................................7

Fed. R. Civ. P. 8(a)(2) .........................................................................6

Fed. R. Civ. P. 11(a) .............................................................................8

Fed. R. Civ. P. 12(b)(6) ...............................................................4, 5, 6

Fed. R. Civ. P. 15(a) .............................................................................3

U.S. Const. art. III .............................................................................10

# I.    INTRODUCTION

Plaintiff Maryann Butler ("Ms. Butler") filed her Complaint against New American Funding, LLP ("Defendant" or "NAF") on April 21, 2025, and since then, numerous filings and motions have been submitted, almost all of which were signed not by Ms. Butler herself, but by Mr. Audury "Petie" Davis ("Mr. Davis"), a non-party and non-attorney. Among the papers signed by Mr. Davis, and attached to the Complaint, is "Attachment A: Statement of Facts" - i.e. Ms. Butler's statement of facts. This fundamental defect alone warrants dismissal, as federal law and court rules prohibit non-lawyers from representing others in court and require that pleadings be signed by the party or their counsel.

Even if the Statement of Facts are accepted, the Complaint asserts a claim that does not exist and fails to allege facts sufficient to support any of the asserted statutory claims. The arguments below address, in turn, Ms. Butler's purported claims under the Equal Credit Opportunity Act ("ECOA"), the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), and a claim based on HUD Mortgagee Letter 2009-40. In each instance, the Complaint is devoid of the necessary factual allegations to establish the elements of the claim. Additionally, Ms. Butler's allegations are vague, conclusory, and speculative, and do not provide Defendants with fair notice of the

claims or the grounds upon which they rest, as required by Federal Rules of Civil Procedure 8 and 12(b)(6).

For these reasons, and as detailed in the arguments that follow, NAF respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

## II.    PROCEDURAL HISTORY

On April 21, 2025, Ms. Butler filed a Complaint against NAF. **Exhibit 1** (ECF No. 1). Summons was served on NAF on June 6, 2025. [ECF No. 14.] Since April 21, 2025, Ms. Butler has filed multiple papers, including various motions. [ECF Nos. 2-10, 12-16 18.] Every single one of those papers, except the "COMPLAINT IN A CIVIL CASE" form filed on April 21, 2025, has been signed by non-party Mr. Davis as an "Authorized Representative for Plaintiff," not by Ms. Butler herself. [ECF Nos. 2-10, 12-16, 18.] Even "Attachment A: Statement of Facts" of the Complaint is signed by Mr. Davis. [ECF No. 1-5.] Counsel for NAF filed his appearance on June 17, 2025. [ECF No. 17.] In the time since NAF filed its Motion to Dismiss on August 4, 2025, the procedural history of this case has progressed, including Ms. Butler's two Appeals to the Third Circuit [ECF Nos. 46 and 81], a myriad of motions and

filings by Ms. Butler and Mr. Davis, a Court ordered Stay [ECF No. 83], and an

Order lifting that Stay [ECF No. 95].[1]

## III. FACTUAL BACKGROUND[2]

On January 31, 2025, Ms. Butler submitted a "Technology Consent

Agreement" to NAF in which she consented to communicate with NAF via calls,

emails, and texts. [ECF No. 1-4.][3] On March 25, 2025, Ms. Butler also purportedly

submitted a certification to NAF in which she authorized Mr. Davis to act as her

representative during the loan application process. [ECF No. 1-4.] Ms. Butler later

filed a loan application to receive an FHA loan and even submitted a HUD

Addendum to her Uniform Residential Loan Application on February 5, 2025. [ECF

No. 1-6.]

On February 10, 2025, an Appraisal Report was prepared for the subject

property located at 1823 Street, Harrisburg, PA 17103. [ECF No. 1-7.] Ms. Butler

---

[1] Ms. Butler and Mr. Davis also filed a "Verified Supplemental Complaint Asserting Individual Liability for Fraud, Licensing Violations, Regulatory Misconduct, and Third-Party Harm." [ECF No. 47]. That filing is not an amended complaint. But even if it were, the filing is signed by a non-party, Mr. Davis, not Ms. Butler; and it is beyond the deadlines set by Federal Rule of Civil Procedure 15(a). The filing is therefore inherently defective and not addressed in this Motion.

[2] As further explained below, one of the grounds for NAF's current motion is that Ms. Butler's allegations are so vague as to fail to sufficiently apprise NAF of Ms. Butler's claims, even under the more liberal *pro se* standard. Nevertheless, NAF provides a recitation of the facts to the best of its ability based on the allegations and papers contained in the Complaint. Ms. Butler's statement of facts can be found in "Attachment A: Statement of Facts" of the Complaint (ECF No. 1-5) and the Amendment to Verified Complaint and Exhibit Index (ECF No. 12).

[3] It is not clear from the "Technology Consent Agreement" that Ms. Butler agreed to allow Mr. Davis to receive communications on her behalf since only Ms. Butler's name and information, not his, are identified in the form.

allegedly did not receive any cure notice or instructions from NAF to address the minor repairs identified in the appraisal report. [ECF No. 1-7.] On March 12, 2025, the NAF loan officer allegedly responsible for handling Ms. Butler's loan application left a voicemail allegedly acknowledging receipt of Ms. Butler's second verification of employment, a required portion of the loan application. [ECF No. 1-10.] On March 19, 2025, communications to NAF representatives allegedly began "bouncing." [ECF No. 1-8.]

Despite these bounce back emails, Ms. Butler, Mr. Davis, and NAF were able to continue communication with each other throughout March and into April regarding Ms. Butler's loan application and its deficiencies. [ECF No. 1-12.] On March 19, 2025, either Ms. Butler or Mr. Davis submitted a complaint to the Consumer Financial Protection Bureau ("CFPB") alleging that NAF had engaged in "severe negligence, non-compliance with HUD/FHA guidelines, and unethical business practices." [ECF No. 1-9.] NAF responded to Ms. Butler's complaint in a letter dated April 4, 2025. [ECF No. 1-11.] The CFPB has since closed the complaint. [ECF No. 1-9.] On July 11, 2025, this Court found that Mr. Davis is a non-attorney and not authorized to represent Ms. Butler. **Exhibit 2** (ECF No. 37).

## IV.    QUESTION PRESENTED

**Question:** Should Ms. Butler's Complaint be dismissed with prejudice under Federal Rules of Civil Procedure 8 and 12(b)(6)?

**Recommended Answer:** Yes.

## V. ARGUMENT

### A. <u>Legal Standard.</u>

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when the complaint does not give the defendant fair notice of a cognizable claim and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept all material allegations as true and analyze them in the light most favorable to the plaintiff in deciding whether the complaint is sufficient, this principle is inapplicable to legal conclusions. *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not taken as true. *Id.* Dismissal of *pro se* pleadings "is usually reserved for cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019) (quotation omitted). However, "***[c]ourts in this Circuit have held that even though pro se pleadings must be liberally construed, courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations***." *Xu v. Todd*, No. 1:25-CV-00439, 2025 WL 2811332, at *2 (M.D. Pa. Oct. 3, 2025) (emphasis added), *reconsideration*

*denied*, No. 1:25-CV-00439, 2025 WL 2989492 (M.D. Pa. Oct. 23, 2025); *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citation omitted).

In analyzing whether a plaintiff's claims should be dismissed pursuant to Rule 12(b)(6), the court's review is "limited to the contents of the complaint." *Clegg* v. *Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994). The court may consider exhibits attached to the complaint when deciding a motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the documentation upon which the present motion must be analyzed is the Complaint and the exhibits attached thereto.

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal citations and quotation marks omitted). A court must deduce "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)).

Additionally, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir.

2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a *pro se* complaint's language ... presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## B. All Papers Should Be Dismissed Because Ms. Butler Has Not Signed Any of The Papers, Except the "COMPLAINT IN A CIVIL CASE" Form.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "This statute, however, 'does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Horan v. Wetzel*, No. CIV. 13-CV-140, 2015 WL 365676, at *2 (M.D. Pa. Jan. 27, 2015) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991)). "Because pro se means to appear for one's self, a person may not

appear on another person's behalf in the other's cause." *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998); *see also Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 232 (3d Cir.1998), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007), ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."). In fact, a non-lawyer with power of attorney is not even permitted to represent his family members in court. *See Osei-Afriyie v. Medical College of Pa.,* 937 F.2d 876, 882-83 (3d Cir.1991); *see Toro v. DYFS*, No. 21-1375, 2021 WL 3781717, at *107 (3d Cir. Aug. 26, 2021) (any party to a complaint must sign )). Additionally, Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented." *See Toro v. DYFS*, 857 F. App'x 106, 106 n.1 (3d Cir. 2021) (Mem.) (holding that pleadings must be signed by all co-plaintiffs, even if they are *pro se*) (citing *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)).

Mr. Davis has already been found in this Court to be a non-attorney and not authorized to represent Ms. Butler. [ECF No. 37.] Mr. Davis, as noted *supra*, signed "Attachment A: Statement of Facts" of the Complaint, on which Ms. Butler bases all of her causes of action. [ECF No. 1 at 10]. However, an attorney-in-fact is not authorized to sign a complaint or otherwise sign any of plaintiff's pleadings.

For this reason alone, the Complaint should be dismissed.

**C.** **Each of Ms. Butler's (Potential) Claims Should Be Dismissed Because They Are Meritless or Because They Fail to Meet Every Element.**

Should the Court accept the entirety of the Complaint, Ms. Butler's claims should be dismissed on the following grounds.

### 1. Ms. Butler Fails to Plead An Equal Credit Opportunity Act ("ECOA") (15 U.S.C. §§ 1691 to 1691f) Violation Claim Because Plaintiff Pleads None of The Elements.

The ECOA grants a plaintiff a private right of action against a lender based on a lender's failure to adhere to notice requirements for taking adverse action regarding the plaintiff's credit application. 15 U.S.C.A. § 1691(d). To state a claim for failure to comply with the notice requirements of ECOA, a plaintiff must allege: [1]The plaintiff applied for credit; [2] The defendant is a creditor; [3] The defendant took adverse action regarding the plaintiff's credit application; and [4] The defendant failed to provide notice of the adverse action to the plaintiff within 30 days. *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir.2004), *abrog. on other grounds by In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 n. 18 (3d Cir.2009). Additionally, the District Court of the Eastern District of Pennsylvania has similarly stated that a "conclusory statement that [plaintiff] was not provided an adequate explanation for the denial of his 'application,' without more factual detail, does not state a claim under the ECOA." *Gray v. Cap. One Fin. Corp.*, No. 25-CV-0925, 2025 WL 1644421, at *2 (E.D. Pa. June 6, 2025).

Here, Ms. Butler does not plead any elements in her Complaint. Only that NAF "fail[ed] to issue an adverse action notice." Ex. 1 at 3. For this reason alone, the Complaint should be dismissed.

### 2. Ms. Butler Fails to Plead A Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601) Violation Claim Because Plaintiff Pleads None of The Elements.

Like the ECOA claim, Ms. Butler pleads no elements and only states that NAF "fail[ed] to transfer FHA case and disclose settlement info." Ex. 1 at 3. Additionally, actual damages is an element of a RESPA claim brought under Section 2605. "RESPA requires that the plaintiff establish 'actual damages' causally related to the violation." *Cole v. Wells Fargo Bank, N.A.*, 790 F. App'x 460, 465 (3d Cir. 2019) (citing 12 U.S.C. § 2605(f)(1)(a)). Servicers have also successfully obtained dismissal of RESPA claims under *Spokeo*, arguing that plaintiffs lack Article III standing to assert purely procedural statutory violations without any other alleged harm. *See, e.g.*, *Mejia v. Ocwen Loan Servicing, LLC*, 703 F. App'x 860, 864 (11th Cir. 2017); *Meeks v. Ocwen Loan Servicing, LLC*, 681 F. App'x 791, 793 (11th Cir. 2017); *Ocampo v. Carrington Mortg. Servs., LLC*, 288 F. Supp. 3d 1327 (S.D. Fla. 2017)).

Like ECOA claim, Ms. Butler does not plead any elements or any damages. At best, she only pleads a statutory violation. For these reasons, the RESPA claim should be dismissed.

### 3. Ms. Butler Fails to Plead A Truth In Lending Act ("TILA") (15 U.S.C. § 1601) Violation Claim Because Ms. Butler Pleads None of The Elements.

TILA was created "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). To state a claim alleging a TILA violation, a plaintiff must allege specific facts showing that either: (1) the plaintiff did not receive a required disclosure; or (2) the plaintiff received disclosures that were not clear and conspicuous. *See e.g.*, *Igou v. Bank of Am., N.A.*, 634 F. App'x 208, 211 (10th Cir. 2015); *Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 276 (D.D.C. 2012); *Karakus v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 318, 327-335 (E.D.N.Y. 2013); *Nichols v. BAC Home Loan Servicing LP*, 2013 WL 5723072, at *10 (N.D.N.Y. Oct. 18, 2013).) To receive actual damages for TILA violations, a plaintiff must show: (1) the plaintiff relied on an inaccurate or incomplete disclosure; (2) The plaintiff suffered a loss; and (3) the plaintiff's reliance caused their loss. *See*, *e.g.*, *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009); *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1026 (11th Cir. 2001). "If a plaintiff has not incurred actual damages, they may not have standing to bring the TILA claim in federal court unless the alleged TILA violation presents a risk of real harm to a concrete interest." *see Strubel v. Comenity Bank*, 842 F.3d 181, 187-195 (2d Cir. 2016).

Here, Ms. Butler has not shown that she has relied on an inaccurate or incomplete disclosure, suffered a loss, and that her reliance has caused her loss. For these reasons, the Ms. Butler' TILA claim should be dismissed.

### 4. Ms. Butler Fails to Plead A Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681) Violation Claim Because Ms. Butler Pleads None of The Elements.

The FCRA grants consumers only two private rights of action. Specifically, the FCRA only imposes civil liability on a lender for "willful noncompliance" and "negligent noncompliance." 15 U.S.C.A. §§ 1681n, o. Here, Ms. Butler alleges that NAF's violation the FCRA by making "unauthorized or excessive credit inquiries." Ex. 1 at 3. The allegations do not constitute willful noncompliance or negligence noncompliance. On the contrary, they reflect NAF's eagerness to abide by the FCRA and any and all relevant statutes. Furthermore, there is no cause of action under the FCRA for "unauthorized or excessive credit inquiries."

For these reasons, Ms. Butler's FCRA claim should be dismissed.

### 5. Ms. Butler's Cause of Action Based on HUD Mortgagee Letter 2009-40 Should Be Dismissed Because It Is Not A Recognized Cause of Action.

"[A]dministrative guidelines that are not published in accordance with the Administrative Procedure Act do not have the force of law and are mere statements of policy." *In re Epps*, 110 B.R. 691 (E.D. Pa. 1990) (citing *Brown v. Lynn*, 385 F. Supp. 986, 998 (N.D. Ill. 1974)). NAF as found no evidence that HUD Mortgagee

Letter 2009-40 has ever been published by the APA or has ever served as a basis for any claim in any court. Additionally, Ms. Butler only alleges that NAF committed a "wrongful obstruction of FHA case transfer." Ex. 1 at 3.

For these reasons, the HUD Mortgagee Letter 2009-40 claim should be dismissed.

## VI.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6) and Rule 8 should be granted.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**


Dated:     December 3, 2025     _____
RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

I hereby certify that the foregoing Brief in Support of Motion to Dismiss complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Brief, exclusive of this Certificate is 2941.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: December 3, 2025

_Ronald L. Williams_

RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN BUTLER,<br><br>Plaintiffs,<br><br>v.<br><br>NEW AMERICAN FUNDING,<br><br>Defendant. | Case No. 1:25-cv-00690 |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
### TABLE OF EXHIBITS AND UNPUBLISHED CASES

| Exhibit | Description |
|---|---|
| 1 | Complaint |
| 2 | Order |

| Exhibit | Unpublished Case |
|---|---|
| 3 | *Gray v. Cap. One Fin. Corp.*,<br>No. 25-CV-0925, 2025 WL 1644421 (E.D. Pa. June 6, 2025) |
| 4 | *Horan v. Wetzel*,<br>No. CIV. 13-CV-140, 2015 WL 365676 (M.D. Pa. Jan. 27, 2015) |
| 5 | *Nichols v. BAC Home Loan Servicing LP*,<br>2013 WL 5723072 (N.D.N.Y. Oct. 18, 2013) |
| 6 | *Toro v. DYFS*,<br>No. 21-1375, 2021 WL 3781717 (3d Cir. Aug. 26, 2021) |
| 7 | *Xu v. Todd*,<br>No. 1:25-CV-00439, 2025 WL 2811332 (M.D. Pa. Oct. 3, 2025), *reconsideration denied*, No. 1:25-CV-00439, 2025 WL 2989492 (M.D. Pa. Oct. 23, 2025) |