# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN BUTLER,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW AMERICAN FUNDING,<br><br>    Defendant. | Case No. 1:25-cv-00690 |

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION TO STRIKE

179729440.1

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   PROCEDURAL HISTORY ....................................................................................2

III.  FACTUAL BACKGROUND..................................................................................3

IV.  QUESTION PRESENTED......................................................................................5

V.   ARGUMENT............................................................................................................5

VI.  CONCLUSION........................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gunn v. Credit Suisse Grp. AG*,
    610 F.App'x 155 (3d Cir. 2015) ...................................................................................6

*McInerney v. Moyer Lumber & Hardware, Inc.*,
    244 F.Supp.2d 393 (E.D. Pa. 2002) ..............................................................................6

*of Purnell v. City of Philadelphia*,
    901 F.3d 169 (3d Cir. 2018) .........................................................................................6

*Snare & Triest v. Friedman*,
    169 F. 1 (3d Cir. 1909) .................................................................................................5

*Talley v. Se. Pennsylvania Transportation Auth.*,
    2016 WL 6648628 (E.D. Pa. Nov. 10, 2016) ...............................................................6

*Zaloga v. Provident Life & Acc. Ins. Co. of Am.*,
    671 F.Supp.2d 623 (M.D. Pa. 2009) ..........................................................................5, 6

**Statutes**

28 U.S.C.A. § 1654 ................................................................................................................6

**Other Authorities**

5C Fed. Prac & Proc. Civ. § 1382 (3d ed.) ............................................................................6

Fed. R. of Civ. P. 12(f) .......................................................................................................5, 6

Fed. R. of Civ. P. 15(a) ..........................................................................................................3

Fed. R. Civ. P. 17 ................................................................................................................6, 7

**I.     INTRODUCTION**

This case arises from a series of filings and procedural developments following Plaintiff Maryann Butler's ("Ms. Butler") initiation of a civil action against Defendant New American Funding, LLC ("NAF") on April 21, 2025. After service of the summons on June 6, 2025, Ms. Butler, often through non-party Mr. Audury "Petie" Davis ("Mr. Davis") acting as her purported "Authorized Representative," submitted numerous motions and documents to the Court. With the exception of the original complaint, all subsequent filings—including critical documents such as the "Attachment A: Statement of Facts"—were signed by Mr. Davis rather than Ms. Butler herself.

On July 11, 2025, the Court issued an Order explicitly finding that Mr. Davis, a non-attorney, lacked authority to represent Ms. Butler in this matter and was not otherwise qualified under Federal Rule of Civil Procedure 17 to act on her behalf. The Court directed the Clerk's Office to strike all then-pending filings made by Mr. Davis for Ms. Butler and prohibited Mr. Davis from submitting any further documents on her behalf absent compliance with Rule 17.

Despite this clear directive, Mr. Davis continued to file documents as Ms. Butler's "Authorized Agent," including filings containing scandalous and immaterial allegations against NAF's counsel. These actions have resulted in a proliferation of improper filings, many of which violate both the Court's prior Order

1

and the Federal Rules of Civil Procedure. The procedural history is further complicated by Ms. Butler's appeals to the Third Circuit, a Court-ordered stay and subsequent lifting of that stay, and Mr. Davis's voluntary withdrawal as a party on August 22, 2025.

In light of this history, NAF now moves to strike the improper filings submitted by Mr. Davis after the Court's July 11, 2025 Order, as well as to preclude any future unauthorized filings, in order to preserve the integrity of the proceedings and ensure compliance with the Court's directives and applicable procedural rules. NAF reserves the right to move for sanctions under Federal Rule of Civil Procedure 11(c)(2) for Ms. Butler's and Ms. Davis's disregard for this Court's July 11, 2025 Order and for requiring NAF to file the current motion.

## II.   PROCEDURAL HISTORY

On April 21, 2025, Ms. Butler filed a Complaint against NAF. **Exhibit 1** (ECF No. 1). Summons was served on NAF on June 6, 2025. [ECF No. 14.] Since April 21, 2025, Ms. Butler has filed multiple papers, including various motions. [ECF Nos. 2-10, 12-16 18.] Every single one of those papers, except the "COMPLAINT IN A CIVIL CASE" form filed on April 21, 2025, has been signed by non-party Mr. Davis as an "Authorized Representative for Plaintiff," not by Ms. Butler herself. [ECF Nos. 2-10, 12-16, 18.] Even "Attachment A: Statement of Facts" of the Complaint is signed by Mr. Davis. [ECF No. 1-5.] Counsel for NAF filed his appearance on June

17, 2025. [ECF No. 17.] On July 11, 2025, this Court entered an Order finding that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf of [Plaintiff Maryann] Butler." **Exhibit 2** at 2 (ECF No. 37).

In the time since NAF filed its Motion to Strike on August 4, 2025 (ECF No. 60), the procedural history of this case has progressed, including Ms. Butler's two Appeals to the Third Circuit [ECF Nos. 46 and 81], a myriad of motions and filings by Ms. Butler and Mr. Davis, a Court ordered Stay [ECF No. 83], and an Order lifting that Stay [ECF No. 95].[1] Mr. Davis voluntarily withdrew as a party on August 22, 2025. **Exhibit 3** (ECF No. 85.)

### III. FACTUAL BACKGROUND[2]

On January 31, 2025, Ms. Butler submitted a "Technology Consent Agreement" to NAF in which she consented to communicate with NAF via calls, emails, and texts. [ECF No. 1-4.][3] On March 25, 2025, Ms. Butler also purportedly

---

[1] Ms. Butler and Mr. Davis also filed a "Verified Supplemental Complaint Asserting Individual Liability for Fraud, Licensing Violations, Regulatory Misconduct, and Third-Party Harm." [ECF No. 47]. That filing is not an amended complaint. But even if it were, the filing is signed by a non-party, Mr. Davis, not Ms. Butler; and it is beyond the deadlines set by Federal Rule of Civil Procedure 15(a).

[2] As further explained below, one of the grounds for NAF's current motion is that Ms. Butler's allegations are so vague as to fail to sufficiently apprise NAF of Ms. Butler's claims, even under the more liberal *pro se* standard. Nevertheless, NAF provides a recitation of the facts to the best of its ability based on the allegations and papers contained in the Complaint. Ms. Butler's statement of facts can be found in "Attachment A: Statement of Facts" of the Complaint (ECF No. 1-5) and the Amendment to Verified Complaint and Exhibit Index (ECF No. 12).

[3] It is not clear from the "Technology Consent Agreement" that Ms. Butler agreed to allow Mr. Davis to receive communications on her behalf since only Ms. Butler's name and information, not his, are identified in the form.

submitted a certification to NAF in which she authorized Mr. Davis to act as her representative during the loan application process. [ECF No. 1-4.] Ms. Butler later filed a loan application to receive an FHA loan and even submitted a HUD Addendum to her Uniform Residential Loan Application on February 5, 2025. [ECF No. 1-6.]

On February 10, 2025, an Appraisal Report was prepared for the subject property located at 1823 Street, Harrisburg, PA 17103. [ECF No. 1-7.] Ms. Butler allegedly did not receive any cure notice or instructions from NAF to address the minor repairs identified in the appraisal report. [ECF No. 1-7.] On March 12, 2025, the NAF loan officer allegedly responsible for handling Ms. Butler's loan application left a voicemail allegedly acknowledging receipt of Ms. Butler's second verification of employment, a required portion of the loan application. [ECF No. 1-10.] On March 19, 2025, communications to NAF representatives allegedly began "bouncing." [ECF No. 1-8.]

Despite these bounce back emails, Ms. Butler, Mr. Davis, and NAF were able to continue communication with each other throughout March and into April regarding Ms. Butler's loan application and its deficiencies. [ECF No. 1-12.] On March 19, 2025, either Ms. Butler or Mr. Davis submitted a complaint to the Consumer Financial Protection Bureau ("CFPB") alleging that NAF had engaged in "severe negligence, non-compliance with HUD/FHA guidelines, and unethical

business practices." [ECF No. 1-9.] NAF responded to Ms. Butler's complaint in a letter dated April 4, 2025. [ECF No. 1-11.] The CFPB has since closed the complaint. [ECF No. 1-9.]

On July 11, 2025, this Court found that Mr. Davis is a non-attorney and not authorized to represent Ms. Butler. [ECF No. 37.]

## IV.   QUESTION PRESENTED

**Question:** Should the following filings, and all other future improper filings, other than those that the Court has already directed to strike, also be stricken?:

ECF Nos. 38, 40-50, 53-55, 57-58, 59, 62-63, 65, 67, 68, 69, 73-80, 84, 88-93.[4]

**Recommended Answer:** Yes.

## V.   ARGUMENT

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (citing, in part, *Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir. 1909)). "The purpose of a motion to strike is to clean up the

---

[4] Both Ms. Butler and Mr. Davis have jointly made a myriad of filings since NAF filed its Motion to Strike, which this Brief supports, on August 4, 2025.

pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Zaloga*, 671 F. Supp. 2d at 633 (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002)). Furthermore, "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations," i.e., those that "improperly casts a derogatory light on someone." 5C Fed. Prac & Proc. Civ. § 1382 (3d ed.). Pleadings or filings of any kind in violation of a court's order should be stricken. *Talley v. Se. Pennsylvania Transportation Auth.*, 2016 WL 6648628, at *2 (E.D. Pa. Nov. 10, 2016).

On July 11, 2025, this Court entered an Order finding that Mr. Davis "does not claim the be an attorney, and thus lacks authority to litigate this matter on behalf of [Plaintiff Maryann] Butler." Exhibit 1 at 2 (ECF No. 37) (citing *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); 28 U.S.C.A. § 1654; *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam)). "[Mr.] Davis likewise has not demonstrated any legally recognized status as a guardian, next friend, or other exception permitting non-attorneys to represent a litigant, pursuant to Fed. R. Civ. P. 17." Ex. 1 at 3. Additionally, the Court found "that it is not clear based on [Mr.] Davis's representations that [Mr.] Davis is the real party in interest." Ex. 1 at 4. "[I]n other words, if any rights are involved here, they are for [Ms.] Butler, not [Mr.] Davis, to assert." Ex. 1 at 4. "[I]n other words, if any rights are involved here, they are for [Ms.] Butler, not [Mr.] Davis, to assert." Ex. 1

at 4. Additionally, the Court also directed the Clerk's Office to strike "all [twenty-one (21)] remaining filings made on behalf of Plaintiff Maryann Butler by Audury Petie Davis." *Id.* at ¶ 2. Furthermore, the Court ordered that "Audury Davis **SHALL NOT** file any new documents on behalf of Plaintiff Maryann Butler, unless compliance with the requirements of Fed. R. Civ. P. 17 is demonstrated." *Id.* at ¶ 3 (emphasis in original). In the time since the Court entered that Order, Mr. Davis has continued to file documents purportedly on Ms. Butler's behalf as her "Authorized Agent" and has thus far filed no fewer than seventeen (17) documents, none of which demonstrates that Mr. Davis is now qualified to represent Ms. Butler pursuant to Fed. R. Civ. P. 17.

Ms. Butler's and Mr. Davis's improper filings include ECF Nos. 38, 40-50, 53-55, 57-58, 59, 62-63, 65, 67, 68, 69, 73-80, 84, 88-93. Among the documents filed by Mr. Davis is a "JUDICIAL NOTICE OF COUNSEL IRREGULARITIES AND PROCEDURAL MISCONDUCT TO PRESERVE APPELLATE RECORD" alleging, among other things, that NAF's former counsel, James McNally, Esq. (ECF No. 56), and NAF's current counsel, John Q. Howard, Esq., have engaged in "procedural misconduct," have made "improper legal threats," and have engaged in "improper conduct." Ex. 2 (ECF No. 49) (emphasis in original). Nothing in the federal or local rules requires counsel for a party to refrain from communicating on behalf of their client until that attorney has filed his or her appearance before the

Court. Additionally, nothing contained in Mr. McNally's or Mr. Howard's communications or filings indicate misconduct. Ex. 2. More importantly, Mr. Davis's recent filings are in direct violation of the Court's Order. Furthermore, some of Mr. Davis's filings, including ECF Nos. 49, 54, 55, contain scandalous allegations that cast improper derogatory light on both NAF's former and current counsel and are irrelevant to these proceedings. Ex. 2. In fact, all of the above-listed filings are signed by Mr. Davis, "improperly casts a derogatory light on someone," or requests incognizable or inappropriate relief.

For these reasons, the afore-listed filings, and all other future improper filings, should be stricken from the docket.

## VI. CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike should be granted.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated:   December 3, 2025         *Ronald L. Williams*
                                  _____
                                  RONALD L. WILLIAMS
                                  JOHN Q. HOWARD
                                  *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

I hereby certify that the foregoing Brief in Support of Motion to Strike complies with the word count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Brief, exclusive of this Certificate is 1725.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**

Dated:   December 3, 2025

*/s/ Ronald L. Williams*
RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN BUTLER,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW AMERICAN FUNDING,<br><br>    Defendant. | Case No. 1:25-cv-00690 |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION
## TO STRIKE TABLE OF EXHIBITS AND UNPUBLISHED CASES

| Exhibit | Description |
|---|---|
| 1 | Complaint |
| 2 | Order |
| 3 | Notice of Voluntary Withdrawal of Party |

| Exhibit | Unpublished Case |
|---|---|
| 4 | *Talley v. Se. Pennsylvania Transportation Auth.*, 2016 WL 6648628 (E.D. Pa. Nov. 10, 2016) |