IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

DEC 17 2025

PER  IBR
DEPUTY CLERK

MARYANN BUTLER,

Plaintiff,

v.   No: 1:25-cv-00690

NEW AMERICAN FUNDING, LLC,

Defendant.

# PLAINTIFF MARYANN BUTLER'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (ECF NO. 60) AND MOTION TO DISMISS (ECF NO. 61), AND DEFENDANT'S SUPPORTING BRIEFS (ECF NOS. 108, 109)

Plaintiff Maryann Butler ("Plaintiff" or "Ms. Butler"), proceeding pro se, respectfully submits this Response in opposition to Defendant's Motion to Strike (ECF No. 60) and Motion to Dismiss (ECF No. 61), and Defendant's supporting briefs (ECF Nos. 108, 109), consistent with the Court's scheduling order.

## I. PRELIMINARY STATEMENT AND NARROW RELIEF REQUESTED

1. Ms. Butler is the FHA borrower and homeowner and is the directly aggrieved party.

2. Ms. Butler acknowledges the docket reflects overlapping submissions earlier in this action. Ms. Butler is not requesting exemption from the Federal Rules; she is requesting a clean, court-efficient path forward: one operative pleading signed by Ms. Butler and clear record for Rule 12 review.

3. Ms. Butler submits this Response under her own signature. Ms. Butler has also personally verified her position on the docket (see, e.g., ECF No. 39). To the extent Defendant's Motion to Strike challenges prior filings on signature/representation grounds, Ms. Butler submits Exhibit A (Ratification and Signature Cure Regarding ECF No. 38) to confirm that Ms. Butler personally adopts and stands behind ECF No. 38

(Verified Curative Complaint) and to cure any arguable signature issue pursuant to Fed. R. Civ. P. 11(a).

4. Ms. Butler respectfully requests narrow relief:

    - (a) Motion to Strike (ECF 60): Deny the motion; or, in the alternative, limit any striking to only those specific filings the Court finds procedurally improper, and do so without prejudice, while allowing Ms. Butler to proceed under her own signature on a clean operative pleading.

    - (b) Motion to Dismiss (ECF 61): Deny the motion; or, in the alternative, dismiss without prejudice and grant leave to file a single clean amended complaint signed by Ms. Butler alone within a short, fixed deadline under Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178 (1962); Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004).

5. Ms. Butler is not requesting merits discovery now. She is requesting a housekeeping lane: one operative complaint, one plaintiff signature, and one clear record.

## II. BACKGROUND

6. This case concerns Ms. Butler's FHA-related refinance/loan process and alleged mishandling of the loan file and communications, resulting in concrete financial injury and downstream third-party financial pressure connected to Ms. Butler's home-related obligations.

7. At this stage, Ms. Butler's primary request is permission to cure any pleading clarity and procedural defects if the Court finds any through one properly signed, consolidated operative pleading.

## III. LEGAL STANDARDS

8. Pro se pleadings are construed liberally. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

9. Rule 12(b)(6) Standard. On a motion to dismiss, the Court accepts well-pleaded factual allegations as true and asks whether the complaint states a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). The

    Third Circuit applies this plausibility framework. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009); Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008).

10. Leave to amend should be freely granted when justice so requires, and dismissal with prejudice is disfavored where defects are curable. Foman, 371 U.S. at 182; Grayson, 293 F.3d at 108; Alston, 363 F.3d at 235–36.

11. Motions to strike under Rule 12(f) are disfavored and should be granted sparingly. See Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986).

# IV. ARGUMENT

## A. DEFENDANT'S MOTION TO STRIKE (ECF 60) SHOULD BE DENIED OR, AT MINIMUM, LIMITED AND WITHOUT PREJUDICE.

12. Defendant seeks striking relief based largely on procedural objections, including objections concerning who signed or submitted certain filings.

13. Ms. Butler does not dispute the general principle that a non-lawyer cannot represent another person in federal court. See 28 U.S.C. § 1654.

14. The issue here is the appropriate remedy. If the Court finds any specific docket entries procedurally improper due to signature/representation, the appropriate remedy is tailored: strike only those specific entries and do so without prejudice, while allowing Ms. Butler to proceed under her own signature on a clean operative pleading.

15. Ms. Butler has now appeared personally and submitted Exhibit A to confirm adoption of ECF No. 38 and to cure any arguable signature defect. This eliminates any need for broad striking that would function as a record wipe rather than housekeeping.

## B. ANY SIGNATURE DEFECT IS CURABLE, AND PLAINTIFF HAS PROVIDED A PROMPT CURE UNDER RULE 11(a).

16. Rule 11(a) requires that papers be signed by an unrepresented party and provides that an unsigned paper must be stricken unless the omission is promptly corrected after being called to the party's attention. Fed. R. Civ. P. 11(a).

17. Ms. Butler promptly corrects and cures any arguable signature issue through Exhibit A and by signing and submitting this opposition under her own name.

17A. Defendant's footnote discussion of ECF No. 47 does not support dismissal with prejudice. Plaintiff is not relying on ECF No. 47 as the operative amended complaint. To the extent the Court deems ECF No. 47 procedurally improper, Plaintiff does not oppose the Court striking or disregarding that filing without prejudice, while permitting Plaintiff to proceed on a single clean consolidated amended complaint signed by Plaintiff alone as requested herein.

17B. Defendant also argues Plaintiff's allegations are vague and references a "Technology Consent Agreement." Plaintiff disputes that dismissal with prejudice is warranted on that basis. At the Rule 12 stage, Plaintiff's well-pleaded allegations must be taken as true, and any clarity issues are routinely cured through amendment. To the extent Defendant contends there is ambiguity regarding communications during the loan process, Plaintiff will remove any ambiguity in a consolidated amended complaint signed by Plaintiff alone, including a plain allegation identifying the authorized point of contact used during the application and the parties' course of communications.

## C. DEFENDANT'S MOTION TO DISMISS (ECF 61) SHOULD BE DENIED OR, AT MINIMUM, DISMISSED WITHOUT PREJUDICE WITH EXPRESS LEAVE TO AMEND.

18. Defendant argues the pleadings are unclear and/or legally insufficient. Plaintiff opposes dismissal and requests that the Court deny dismissal or, at minimum, permit one clean consolidated amended pleading.

19. Merits Anchor (Rule 12(b)(6)). Plaintiff alleges Defendant accepted fees and processed the application through a rate-lock period; requested specific paystubs/documentation and continued to communicate that the file was "under review;" represented that the file was being advanced for underwriting review; and yet Plaintiff did not receive a clear, compliant adverse action determination or explanation stating the specific reasons for any denial or termination. Taken as true at this stage, these allegations plausibly state claims and, at minimum, warrant one clean amended complaint signed by Plaintiff alone.

20. If the Court concludes additional clarity is required, the appropriate remedy is dismissal without prejudice with express leave to amend not dismissal with prejudice because any defects relating to clarity, organization, or signature are readily curable.

4

21. Ms. Butler requests leave to file one consolidated amended complaint that:

    (a) is signed by Ms. Butler only;

    (b) states claims in numbered counts with short, plain statements;

    (c) identifies the key conduct at issue and resulting harm; and

    (d) attaches or incorporates only limited, critical documents appropriate at the pleading stage.

22. This approach advances judicial economy and creates a single operative pleading suitable for orderly Rule 12 review.

23. Plaintiff opposes dismissal and strike on the grounds stated herein, and will address any remaining factual disputes or clarifications in a single consolidated amended complaint signed by Plaintiff alone if leave is granted.

## V. CONCLUSION

For the reasons stated, Plaintiff respectfully requests that the Court:

A. Deny Defendant's Motion to Strike (ECF No. 60), or in the alternative, limit any striking relief to specific improper filings only, without prejudice;

B. Deny Defendant's Motion to Dismiss (ECF No. 61), or in the alternative, dismiss without prejudice and grant Plaintiff leave to file a single clean amended complaint signed by Ms. Butler alone within a short deadline (e.g., 21 days); and

C. Grant such other relief as the Court deems just and proper to streamline the record and protect judicial economy.

Respectfully submitted,

/s/ Maryann Butler

MARYANN BUTLER, Pro Se
1823 State Street
Harrisburg, PA 17103
ms.mare26@gmail.com
Dated: December 17, 2025

## VERIFICATION (28 U.S.C. § 1746)

I, Maryann Butler, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 17, 2025.

/s/ Maryann Butler

Maryann Butler

## CERTIFICATE OF SERVICE

I certify that on December 17, 2025, I served a true and correct copy of the foregoing document (and attached Exhibit A) U.S. Mail, First-Class, postage prepaid, addressed to:

Ronald L. Williams, Esq.

Fox Rothschild LLP

2001 Market Street, suite1700

Philadelphia PA 19103

/s/ Maryann Butler

Maryann Butler

## CERTIFICATE OF COMPLIANCE

I certify that this brief is materially below 5,000 words.

/s/ Maryann Butler

Maryann Butler

# EXHIBIT A (RATIFICATION / SIGNATURE CURE)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARYANN BUTLER,

Plaintiff,

v.                                        No: 1:25-cv-00690

NEW AMERICAN FUNDING, LLC,

Defendant.

### EXHIBIT A

### PLAINTIFF MARYANN BUTLER'S RATIFICATION AND SIGNATURE CURE REGARDING ECF NO. 38

I, Maryann Butler, am the Plaintiff in this action.

1. Ratification / Adoption. I hereby ratify, adopt, and approve ECF No. 38 (Verified Curative Complaint) as my pleading in this case.

2. Signature Cure (Rule 11(a)). To the extent any party contends ECF No. 38 was not properly signed by me, I submit this signed statement as a prompt cure pursuant to Fed. R. Civ. P. 11(a), confirming that ECF No. 38 is adopted by Maryann Butler and that Ms. Butler will personally sign filings going forward.

3. No Non-Lawyer Representation. I am proceeding pro se. No non-lawyer represents me in this Court.

    - Court-Preferred Cleanup. If the Court prefers a cleaner procedural record, I will promptly file a single consolidated amended complaint signed by me alone by any deadline the Court sets.

## VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 17, 2025.

/s/ Maryann Butler

Maryann Butler, Pro Se

1823 State Street

Harrisburg, PA 17103
ms.mare26@gmail.com