# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN BUTLER,<br><br>   Plaintiffs,<br><br>v.<br><br>NEW AMERICAN FUNDING,<br><br>   Defendant. | Case No. 1:25-cv-00690 |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE

# TABLE OF CONTENTS

                                 **Page**

1. INTRODUCTION .................................................................................................1

2. ARGUMENT.......................................................................................................1

  (a) Ms. Butler Makes Concessions That Further Warrant Granting NAF's Motion to Strike. ...................................................................1

  (b) Ms. Butler's Statements And Exhibit Contained in Her Opposition to This Motion to Strike Do Not Cure Any Defects Contained in The Complaint. ...........................................................................2

3. CONCLUSION....................................................................................................3

CERTIFICATE OF COMPLIANCE WITH L OCAL RULE 7.8 .............................4

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

28 U.S.C. § 1654 ............................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 11(a) .................................................................................................1, 2

Fed. R. Civ. P. 15(a) ......................................................................................................2

1. **INTRODUCTION**

Plaintiff Maryann Butler's ("Ms. Butler") Opposition makes several concessions that warrant granting NAF's Motion to Strike. Ms. Butler concedes that she is the sole aggrieved party and that she failed to sign numerous filings in violation of Fed. R. Civ. P. 11(a). Ms. Butler's attempt to cure this defect with a subsequent "Ratification/Adoption" is insufficient. For these reasons, and for those provided in NAF's moving brief, NAF's Motion to Strike should be granted.

2. **ARGUMENT**

   (a) **Ms. Butler Makes Concessions That Further Warrant Granting NAF's Motion to Strike.**

Ms. Butler makes several concessions in her Opposition that further warrant granting NAF's Motion to Strike. Specifically, Ms. Butler concedes that she is the aggrieved party, not Audury Davis ("Mr. Davis"). Doc. 115 at ¶ 1. Additionally, Ms. Butler also concedes that she did not sign many, if not all, of her filings that are the subject of NAF's Motion to Strike, which by extension includes her Complaint, except the "COMPLAINT IN A CIVIL CASE" form, and are therefore inadmissible. *Id*. at ¶¶ 2-3. Moreover, Ms. Butler does not dispute that a "non-lawyer cannot represent another person in federal court." (citing 28 U.S.C. § 1654). *Id*. at ¶ 13.

### (b) Ms. Butler's Statements And Exhibit Contained in Her Opposition to This Motion to Strike Do Not Cure Any Defects Contained in The Complaint.

Fed. R. Civ. P. 11(a) states that every pleading must be signed by the party making the pleading:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

As explained more thoroughly in NAF's moving brief (Doc. 109), Ms. Butler has signed few, if any, of the other papers submitted before this Court, aside from the "COMPLAINT IN A CIVIL CASE" form attached to the Complaint. This defect cannot be cured by a subsequent "Ratification/Adoption" as Ms. Butler proposes in her Opposition.[1] Therefore, all filings that run afoul of specific defect should be stricken. NAF continues to rely on its other arguments presented in its moving brief and that Ms. Butler does not address in her Opposition to the current Motion.

---

[1] More specifically, Ms. Butler requests that the Court acknowledge that she has "ratified," "adopted," or "approved" Doc. 38 (Verified Curative Complaint). That filing is not an amended complaint. But even if it were, the filing is signed by a non-party, Mr. Davis, not Ms. Butler; and it is beyond the deadlines set by Federal Rule of Civil Procedure 15(a). The filing is therefore inherently defective and not formally addressed in this Motion.

### 3. CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike should be granted.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**

Dated: December 30, 2025        _____
RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendant*

180657371.1

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

   I hereby certify that the foregoing Reply Brief in Support of Motion to Strike complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Brief, exclusive of this Certificate is 505.

                **Respectfully submitted,**

                **FOX ROTHSCHILD LLP**

Dated:  December 30, 2025   _____
                RONALD L. WILLIAMS
                JOHN Q. HOWARD
                *Attorneys for Defendant*