# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

       Plaintiffs,

v.

NEW AMERICAN FUNDING,

       Defendant.

Case No. 1:25-cv-00690

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

180657370.1

# TABLE OF CONTENTS

|      |                                                                                                                                                                              | Page |
|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                                                                                                 | 1    |
| II.  | ARGUMENT                                                                                                                                                                     | 1    |
|      | A. Ms. Butler Makes Concessions That Further Warrant Granting NAF's Motion to Dismiss.                                                                                       | 1    |
|      | B. Ms. Butler's Statements And Exhibit Contained in Her Opposition to This Motion to Dismiss Do Not Cure Any Defects Contained in The Complaint.                             | 2    |
| III. | CONCLUSION                                                                                                                                                                   | 3    |

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

28 U.S.C. § 1654 ................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 8 ..................................................................................................... 3

Fed. R. Civ. P. 11(a) .......................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 3

Fed. R. Civ. P. 15(a) .......................................................................................... 2, 3

I.  **INTRODUCTION**

In her Opposition, Plaintiff Maryann Butler ("Ms. Butler") makes several key concessions that warrant granting Defendant New American Funding, LLC's ("NAF") Motion to Dismiss. Ms. Butler concedes that she failed to sign pleadings and other filings in violation of Federal Rule of Civil Procedure 11(a). While Ms. Butler attempts to cure this fatal defect through her Opposition, her efforts fail as a matter of law. Because the Complaint is procedurally defective and Ms. Butler's Opposition fails to remedy its numerous substantive deficiencies, the Complaint should be dismissed.

II.  **ARGUMENT**

    A.  **Ms. Butler Makes Concessions That Further Warrant Granting NAF's Motion to Dismiss.**

Ms. Butler makes several concessions in her Opposition that further warrant granting NAF's Motion to Dismiss. Specifically, Ms. Butler concedes that she is the aggrieved party, not Audury Davis ("Mr. Davis"). Doc. 115 at ¶ 1. Additionally, Ms. Butler also concedes that she did not sign many, if not all, of her filings that are the subject of NAF's Motion to Strike, which by extension includes her Complaint, except the "COMPLAINT IN A CIVIL CASE" form, and are therefore inadmissible. *Id*. at ¶¶ 2-3. Moreover, Ms. Butler does not dispute that a "non-lawyer cannot represent another person in federal court." (citing 28 U.S.C. § 1654). *Id*. at ¶ 13.

### B. Ms. Butler's Statements And Exhibit Contained in Her Opposition to This Motion to Dismiss Do Not Cure Any Defects Contained in The Complaint.

Fed. R. Civ. P. 11(a) states that every pleading must be signed by the party making the pleading:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

As explained more thoroughly in NAF's moving brief (Doc. 108), Ms. Butler has only signed the "COMPLAINT IN A CIVIL CASE" form, none of the other papers in the Complaint. This defect cannot be cured by a subsequent "Ratification/Adoption" as Ms. Butler proposes in her Opposition.[1] Therefore, the Complaint should be dismissed on this basis alone. But even if the entire Complaint is accepted, the Complaint suffers from other deficiencies that are addressed more thoroughly in NAF's moving brief and that Ms. Butler does not address in her Opposition to the current Motion.

---

[1] More specifically, Ms. Butler requests that the Court acknowledge that she has "ratified," "adopted," or "approved" Doc. 38 (Verified Curative Complaint). That filing is not an amended complaint. But even if it were, the filing is signed by a non-party, Mr. Davis, not Ms. Butler; and it is beyond the deadlines set by Federal Rule of Civil Procedure 15(a). The filing is therefore inherently defective and not formally addressed in this Motion.

Plaintiff also ostensibly provides a summary of her allegations contained in her Complaint. Doc. 115 at ¶ 19. Nevertheless, whether her succinct summary clarifies her allegations, it does not remedy the inherent defects, including lack of clarity, contained in the Complaint itself. The only way for Ms. Butler to amend her Complaint, assuming the defects are curable, is to file an amended complaint. See Fed. R. Civ. P. 15(a). For the same reasons, Exhibit A ("RATIFICATION/SIGANTURE CURE") of Ms. Butler's Complaint does not in fact cure those same inherent defects.

For these reasons, the Complaint should be dismissed in its entirety.

## III. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6) and Rule 8 should be granted.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**

Dated: December 30, 2025

*Ronald L. Williams*

RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendant*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

      I hereby certify that the foregoing Reply Brief in Support of Motion to Strike complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Brief, exclusive of this Certificate is 637.

                                          **Respectfully submitted,**

                                          **FOX ROTHSCHILD LLP**

Dated:      December 30, 2025      */s/ Ronald L. Williams*
                                          RONALD L. WILLIAMS
                                          JOHN Q. HOWARD
                                          *Attorneys for Defendant*