IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

Plaintiff,

v.  No. 1:25-cv-00690

NEW AMERICAN FUNDING,

Defendant.

**FILED**
HARRISBURG, PA

JAN 08 2026

DEPUTY CLERK

# NOTICE OF FILING SUPPLEMENTAL MARKED COPY PURSUANT TO L.R. 15.1(b)

(SUPPLEMENT TO ECF 118)

Plaintiff Maryann Butler respectfully files this Notice solely to supplement Plaintiff's pending Motion for Leave to Amend (ECF 118) by providing the marked copy required by M.D. Pa. L.R. 15.1(b).

Plaintiff's proposed amended pleading was filed with ECF 118 (ECF 118-1). The attached Exhibit A is submitted only as the L.R. 15.1(b) marked copy (showing lined-through deletions and inserted/underlined or bold additions) for Local Rule compliance and the Court's convenience.

This filing is not a new motion, does not add new claims or arguments, and is submitted only to cure the omission of the L.R. 15.1(b) marked copy.

Respectfully submitted,

Date: January 8, 2026

/s/ Maryann Butler

Maryann Butler, Pro Se

1823 State Street

Harrisburg, PA 17103

ms.mare26@gmail.com

1

## CERTIFICATE OF SERVICE

I certify that on January 8, 2026, I hand-delivered a true and correct copy of the foregoing Notice and its attachment(s) to the Clerk of Court, United States District Court for the Middle District of Pennsylvania, for filing. Counsel of record will receive notice of this filing through the Court's CM/ECF system upon docketing.

/s/ Maryann Butler

Maryann Butler

---

Attachment:

Exhibit A – Marked Copy (L.R. 15.1(b)) (ECF 38 compared to Proposed Amended Complaint filed at ECF 118-1)

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MARYANN BUTLER,**

Plaintiff,

No.1-25-cv-00690

v.

**NEW AMERICAN FUNDING,**

Defendant.

# EXHIBIT A

MARKED COPY (M.D. PA. L.R. 15.1(b))

(ECF 38 compared to Proposed Amended Complaint filed at ECF 118-1)

Submitted with: Notice of Filing Supplemental Marked Copy Pursuant to L.R. 15.1(b) (Supplement to ECF 118)

Filing Date: January 8, 2026

Description: This exhibit is submitted solely to satisfy the marked-copy requirement of M.D. Pa. L.R. 15.1(b). It is not a standalone amended complaint.

FILED
HARRISBURG, PA

JAN 08 2026

PER _____
DEPUTY CLERK

MARKED COPY (L.R. 15.1(b))

*ECF 38 (Verified Curative Complaint) → ECF 118-1 (Proposed First Amended Complaint)*

~~FILED~~ **UNITED STATES DISTRICT COURT**

~~IN THE UNITED STATES DISTRICT COURT HARRISBURG PA FOR THE~~ MIDDLE DISTRICT OF PENNSYLVANIA ~~JUL 14 20 MARYANN BUTLER and AUDURY PETIE DAVIS, PER~~

~~DI CRERK Plaintiffs,~~ **MARYANN BUTLER,**

~~v. NEW AMERICAN FUNDING (a/k/a Broker Solutions, inc.), Defendant.~~ **Plaintiff,**

~~Civil Action No. 1:25-cv-690-PJC~~ **NEW AMERICAN FUNDING, LLC,**

~~VERIFIED CURATIVE COMPLAINT FOR REINSTATEMENT OF STRICKEN FILINGS~~ **Defendant.**

~~Plaintiffs Maryann Butler and Audury Petie Davis, by and through this Verified Curative Complaint, respectfully submit the following to cure the procedural standing issue referenced in the Court's July 11, 2025 Order and to reinstate all previously stricken docket filings for judicial consideration:~~ **No. 1:25-cv-00690**

~~AVERMENTS~~ **EXHIBIT A — FIRST AMENDED COMPLAINT (PROPOSED)**

~~1.~~ Plaintiff Maryann Butler ~~is a natural person residing at 1823 State Street, Harrisburg, Pennsylvania, 17103.~~ **("Plaintiff"), proceeding pro se, alleges as follows:**

~~2. Co-plaintiff Audury Petie Davis is her authorized legal representative and real party in interest, now joined as a named co-plaintiff to cure the prior procedural deficiency under Fed. R. Civ. P. 17.~~ **I. NATURE OF THE ACTION**

~~3. On July 11, 2025,~~ **1. This is a consumer lending action arising from Defendant New American Funding, LLC's ("NAF" or "Defendant") handling of Plaintiff's FHA refinance application, including: (a) application processing communications showing** the ~~Court entered an Order striking Docket Entries 3, 5, 7-10, 12, 15, 18, 20-23, 25-26, 28-29, 32-33,~~ **file progressed into processing/underwriting channels; (b) the existence of a rate-lock/discount-points posture; (c) prolonged breakdown in communication;** and ~~35-36, citing lack of standing for Mr. Davis~~ **(d) failure** to ~~file documents on behalf of Ms. Butler. The Court did so without prejudice and allowed~~

**provide** a ~~30-day window to cure the issue.~~ **timely, clear written disposition notice required by Regulation B.**

~~4. Plaintiffs now jointly submit this Verified Curative Complaint, listing both Maryann Butler and Audury Petie Davis as co-plaintiffs, thereby curing any standing deficiency and~~ **II. JURISDICTION AND VENUE**

~~bringing~~ **2. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under** the ~~complaint into full procedural compliance.~~ **Equal Credit Opportunity Act (""ECOA"), 15 U.S.C. § 1691 et seq., and Regulation B, 12 C.F.R. Part 1002.**

~~5. Plaintiffs further request reinstatement of the complete record previously submitted, which includes substantial factual documentation, exhibits, affidavits, MP3 voicemail evidence, and other filings crucial to the adjudication of this matter.~~ **3. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania UTPCPL claim under 28 U.S.C. § 1367.**

~~6. Defendant New American Funding has been on notice~~ **4. Venue is proper under 28 U.S.C. § 1391 because a substantial part** of ~~all prior filings~~ **the events** and ~~has had ample opportunity to review the facts~~ **omissions occurred in this District** and ~~respond. The Court directed Defendant to file a response to the original Complaint within 30 days.~~ **affected Plaintiff here.**

~~7. The judicial record previously built by Plaintiffs reflects prima facie evidence of loan misconduct, regulatory violations, and third-party harm connected to an FHA loan process involving the subject property.~~ **III. PARTIES**

~~8. The Court has already reviewed the now-stricken filings and exhibits, and this Curative Complaint seeks only to re-authorize their inclusion for the purpose~~ **5. Plaintiff Maryann Butler is a resident** of ~~fair and efficient judicial review.~~ **Pennsylvania.**

~~9. Plaintiffs are not requesting new relief at this time, nor do they seek to revive previously filed motions unless ordered by the Court or necessitated by future defense actions.~~ **6. Defendant New American Funding, LLC is a mortgage lender doing business in Pennsylvania.**

~~10. These filings include but are not limited to all previously submitted exhibits, sworn declarations, MP3 voicemail evidence, judicial notices,~~ **IV. FACTUAL ALLEGATIONS (DATED, ELEMENT- DRIVEN) 7. Plaintiff applied for an FHA refinance with Defendant in late January 2025,** and ~~verified pleadings that collectively establish the prima facie record of misconduct and harm by Defendant.~~

11. ~~Plaintiffs respectfully request that~~ **Defendant opened a loan file for** the ~~Court reinstate the entire factual record previously struck without prejudice (Docs. 3, 5, 7-10, 12, 15, 18, 20-23, 25-26, 28-29, 32-33, 35-36), solely for purposes of judicial consideration and efficient adjudication.~~ **subject property at 1823 State Street, Harrisburg, PA 17103.**

~~12. For judicial economy, Plaintiffs expressly waive all previously filed motions and discovery demands, including but not limited to motions for sanctions, default judgment,~~ **8.**

~~depositions, or emergency hearings. Plaintiffs seek only the restoration of the factual record and a ruling on the corrected Complaint.~~ **10.**

~~PRAYER FOR RELIEF~~ **1**

~~WHEREFORE, Plaintiffs respectfully request that the Court:~~

~~1. Accept this Verified Curative Complaint as a procedural cure for standing under Rule 17;~~ **12.**

~~2. Reinstate all filings previously stricken by the Court's July 11, 2025 Order (Docs. 3, 5, 7-10, 12, 15, 18, 20-23, 25-26, 28-29, 32-33, 35-36);~~ **13**

~~3. Allow the case to proceed based~~ **Defendant's records reflect a formal loan application posture, including a completed Uniform Residential Loan Application/1003 generated and signed electronically by Plaintiff** on ~~the corrected parties and full factual record;~~ **February 5, 2025.**

~~4. Grant such other~~ **On February 5, 2025, Defendant's loan officer emailed Plaintiff that the loan "progressed to Step 2"** and ~~further relief as the Court deems just and proper.~~ **was "now with our Processing Department," stating it was common fo request additional documentation at that stage.**

~~VERIFICATION~~ **Plaintiff notified Defendant that Plaintiff was having difficulty accessing documents in the portal and requested a copy of the mortgage contract/documents.**

~~I, Audury Petie Davis, hereby verify under penalty of perjury under the laws of the United States that the foregoing facts and statements in this Verified Curative Complaint are true and correct to the best of my knowledge, information, and belief.~~ **. Defendant issued borrower "technology consent" documentation dated February 4, 2025**

~~Date: July 14, 2025 Respectfully submitted,~~ /s/ Audury Petie Davis —
~~Audury Petie Davis 2041 Greenwood Street Harrisburg, PA 17104 717-424-8220 mfmallah87@icloud.com~~ **and signed by Plaintiff on February 5, 2025, confirming**

Defendant would use technology (email/text/calls) to provide communications and updates regarding the loan process.

~~Plaintiff, pro se~~ Defendant issued a written Lock-In Agreement dated February 4, 2025, reflecting: (a) a lock-in date of February 3, 2025; (b) an expiration date of March 20, 2025; (c) an interest rate of 7.250%; and (d) discount points of $3,537.00. The Lock-In Agreement also states the lender "will make a good faith effort to process" the application.

CERTIFICATE OF SERVICE
I certify that on July 14, 2025, I served a true and correct copy of the foregoing Verified Curative Complaint on the following party via email:

James McNally, Esq.
Cohen Seglias Pallas Greenhall & Furman PC
jmcnally@cohenseglias.com
Attorney for Defendant New American Funding

/s/ Audury Petie Davis
Audury Petie Davis

~~James McNally, Esq. Cohen Seglias Pallas Greenhall & Furman PC~~ . After the appraisal was ordered/paid and as the rate-lock period continued, Plaintiff experienced a breakdown in communication and prolonged non-responsiveness

~~Attorney for Defendant New American Funding~~ ("ghosting") despite repeated attempts to obtain a clear loan status and required documentation.

~~/s/ Audury Petie Davis - Audury Petie Davis~~    -15. On March 19, 2025, Defendant's SVP of Corporate Customer Service, Amy Dale, emailed Plaintiff stating the matter was "still under review" and promising an update "tomorrow before the end of the business day," the day before the lock expiration.

16. Defendant did not provide Plaintiff a timely, clear written notice stating whether the
application was approved, denied, terminated, or treated as incomplete, nor did Defendant provide the specific reasons or required notice disclosures under Regulation B.

17. When Defendant did communicate about "requirements," it asked for additional employment/paystub documentation and referenced appraisal items, but still did not
provide a clear written disposition notice explaining the application's official status

and

any adverse action or incompleteness determination.

**18. Plaintiff was harmed by Defendant's acts and omissions, including out-of-pocket losses (including the $525.00 non-refundable appraisal fee paid on Plaintiff's behalf and mailing/administrative expenses), time and effort attempting to cure and obtain a disposition, and consequential harms from the lack of a clear written outcome during the rate-lock window and beyond.**

## V. COUNT I — ECOA / REGULATION B (15 U.S.C. § 1691 et seq.; 12 C.F.R. § 1002.9)

**19. Plaintiff incorporates paragraphs 1-18.**

**20. Defendant is a "creditor" under ECOA/Regulation B.**

**21. Plaintiff submitted an application for credit and provided documentation requested for underwriting and processing, and Defendant's communications confirm the file progressed into processing review.**

**Regulation B notice duties — pleaded in the alternative**

**22. Adverse Action Theory (12 C.F.R. § 1002.9(a)). On information and belief, Defendant took "adverse action" on Plaintiff's application (including denial, termination, or refusal to grant credit on the requested terms) without providing the required written notice and statement of specific reasons or the required disclosures.**

**23. Incomplete Application Theory (12 C.F.R. § 1002.9(c)). Alternatively, if Defendant contends the application was "incomplete," Defendant was required to provide an incomplete-application notice that clearly identified the information needed, provided a reasonable period to submit it, and stated that failure to provide the information would result in no further consideration. Defendant failed to provide such a compliant notice and failed to provide a clear written disposition.**

24, Defendant's failure to provide compliant written notice(s) caused Plaintiff actual damages, including out-of-pocket losses and consequential harms described above.

WHEREFORE, Plaintiff requests judgment on Count I for actual damages, statutory/punitive
relief as authorized by ECOA, costs, and such other relief as the Court deems just.

VI. COUNT Ii — PENNSYLVANIA UTPCPL (73 P.S. § 201-1 et seq.)

25. Plaintiff incorporates paragraphs 1-24.

26. Defendant engaged in deceptive conduct in the course of consumer lending by representing that the loan had progressed through defined processing steps and would be
managed with ongoing updates, while failing to provide transparent status/disposition
information and allowing prolonged breakdowns in communication during a documented
rate-lock window.

27. Plaintiff justifiably relied on Defendant's representations and omissions by continuing to
comply with the process, continuing submissions and follow-ups, and incurring appraisal-
related and administrative expenses rather than promptly pursuing alternative options.

28. Plaintiff suffered an ascertainable loss, including the $525.00 non-refundable appraisal
fee paid on Plaintiffs behalf and mailing/administrative expenses, and consequential losses stemming from the lack of a clear disposition and the extended, confusing process.

WHEREFORE, Plaintiff requests judgment on Count II for actual damages, treble damages
where permitted, costs, and such other relief as the Court deems just.

VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Judgment in Plaintiff's favor on all counts;

B. Actual damages in an amount to be proven;

**C. Statutory/punitive/treble relief as permitted by law;**
**D. Costs; and**

**E. Any further relief the Court deems just and proper.**

**VIN. JURY DEMAND**

**Plaintiff demands trial by jury on all issues so triable.**

**IX. VERIFICATION (28 U.S.C. § 1746)**

**I, Maryann Butler, declare under penalty of perjury that the foregoing is true and correct to the**
**best of my knowledge.**

**Executed on January 5, 2026.**

/s/ Maryann Butler

**Maryann Butler, Plaintiff, Pro Se**

**1823 State Street**
**Harrisburg, PA 17103**

**ms.mare26@gmail.com**