UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARYANN BUTLER,** | : | **Civil No. 1:25-CV-690** |
| | : | |
| Plaintiff | : | |
| | : | **(Judge Neary)** |
| v. | : | |
| | : | |
| **NEW AMERICAN FUNDING, LLC,** | : | |
| et al., | : | **(Magistrate Judge Carlson)** |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff is proceeding *pro se*, in this case, and the operative pleading is the plaintiff's amended complaint (Doc. 47), a document which appears to have been prepared and filed by a non-party and non-attorney. Citing this and other alleged shortcomings in this pleading, the defendants then filed various motions to dismiss or strike the *pro se* complaint. (Docs, 60, 61). In response, Butler has now moved to further amend her complaint in ways which appear to narrow and clarify her claims. (Doc. 118). The defendants have not responded to this motion.

We will permit the filing of this amended complaint since Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly

1

favors amendment of pleadings and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1. The plaintiff's motion to amend (Doc. 118) is GRANTED and the proposed amended complaint, (Doc. 118-1), will be lodged by the clerk as the second amended complaint in this matter.

2. We believe that this development has substantive significance for the parties with respect to the pending motion to dismiss the complaint filed by the defendants since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); <u>see</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> ¶ 1476 (2d ed. 1990) ("A pleading that has been amended 'supersedes the pleading it modifies'. Once an amended pleading is interposed, the original pleading no longer performs any function in the casey."). Therefore, since the amended complaint is now a legal nullity the defendants' motions to dismiss and strike the prior complaint, (Docs 60, 61), are DISMISSED as moot.

2

3. However, this leave to file an amended complaint is granted without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the second amended complaint.

SO ORDERED, this 21st day of January 2026.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge