UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

Plaintiff,

v.

NEW AMERICAN FUNDING, LLC,

Defendant.

No. 1:25-cv-00690

# EXHIBIT A — FIRST AMENDED COMPLAINT (PROPOSED)

Plaintiff Maryann Butler ("Plaintiff"), proceeding pro se, alleges as follows:

# I. NATURE OF THE ACTION

1. This is a consumer lending action arising from Defendant New American Funding, LLC's ("NAF" or "Defendant") handling of Plaintiff's FHA refinance application, including: (a) application processing communications showing the file progressed into processing/underwriting channels; (b) the existence of a rate-lock/discount-points posture; (c) prolonged breakdown in communication; and (d) failure to provide a timely, clear written disposition notice required by Regulation B.

1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., and Regulation B, 12 C.F.R. Part 1002.

3. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania UTPCPL claim under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions occurred in this District and affected Plaintiff here.

## III. PARTIES

5. Plaintiff Maryann Butler is a resident of Pennsylvania.

6. Defendant New American Funding, LLC is a mortgage lender doing business in Pennsylvania.

## IV. FACTUAL ALLEGATIONS (DATED, ELEMENT-DRIVEN)

7. Plaintiff applied for an FHA refinance with Defendant in late January 2025, and Defendant opened a loan file for the subject property at 1823 State Street, Harrisburg, PA 17103.

8. Defendant's records reflect a formal loan application posture, including a completed Uniform Residential Loan Application/1003 generated and signed electronically by Plaintiff on February 5, 2025.

9. On February 5, 2025, Defendant's loan officer emailed Plaintiff that the loan "progressed to Step 2" and was "now with our Processing Department," stating it was common to request additional documentation at that stage.

10. Plaintiff notified Defendant that Plaintiff was having difficulty accessing documents in the portal and requested a copy of the mortgage contract/documents.

11. Defendant issued borrower "technology consent" documentation dated February 4, 2025 and signed by Plaintiff on February 5, 2025, confirming Defendant would use technology (email/text/calls) to provide communications and updates regarding the loan process.

12. Defendant issued a written Lock-In Agreement dated February 4, 2025, reflecting: (a) a lock-in date of February 3, 2025; (b) an expiration date of March 20, 2025; (c) an interest rate of 7.250%; and (d) discount points of $3,537.00. The Lock-In Agreement also states the lender "will make a good faith effort to process" the application.

13. Plaintiff incurred appraisal-related costs in connection with the application, including a $525.00 non-refundable appraisal fee paid on Plaintiff's behalf to Stewart Valuation Intelligence, LLC on February 5, 2025 (the receipt states the fee is non-refundable except if cancelled in writing prior to the appraiser's inspection), and Plaintiff also incurred mailing/administrative expenses.

14. After the appraisal was ordered/paid and as the rate-lock period continued, Plaintiff experienced a breakdown in communication and prolonged non-responsiveness

3

("ghosting") despite repeated attempts to obtain a clear loan status and required documentation.

15. On March 19, 2025, Defendant's SVP of Corporate Customer Service, Amy Dale, emailed Plaintiff stating the matter was "still under review" and promising an update "tomorrow before the end of the business day," the day before the lock expiration.

16. Defendant did not provide Plaintiff a timely, clear written notice stating whether the application was approved, denied, terminated, or treated as incomplete, nor did Defendant provide the specific reasons or required notice disclosures under Regulation B.

17. When Defendant did communicate about "requirements," it asked for additional employment/paystub documentation and referenced appraisal items, but still did not provide a clear written disposition notice explaining the application's official status and any adverse action or incompleteness determination.

18. Plaintiff was harmed by Defendant's acts and omissions, including out-of-pocket losses (including the $525.00 non-refundable appraisal fee paid on Plaintiff's behalf and mailing/administrative expenses), time and effort attempting to cure and obtain a disposition, and consequential harms from the lack of a clear written outcome during the rate-lock window and beyond.

## V. COUNT I — ECOA / REGULATION B (15 U.S.C. § 1691 et seq.; 12 C.F.R. § 1002.9)

19. Plaintiff incorporates paragraphs 1–18.

20. Defendant is a "creditor" under ECOA/Regulation B.

21. Plaintiff submitted an application for credit and provided documentation requested for underwriting and processing, and Defendant's communications confirm the file progressed into processing review.

**Regulation B notice duties — pleaded in the alternative**

22. Adverse Action Theory (12 C.F.R. § 1002.9(a)). On information and belief, Defendant took "adverse action" on Plaintiff's application (including denial, termination, or refusal to grant credit on the requested terms) without providing the required written notice and statement of specific reasons or the required disclosures.

23. Incomplete Application Theory (12 C.F.R. § 1002.9(c)). Alternatively, if Defendant contends the application was "incomplete," Defendant was required to provide an incomplete-application notice that clearly identified the information needed, provided a reasonable period to submit it, and stated that failure to provide the information would result in no further consideration. Defendant failed to provide such a compliant notice and failed to provide a clear written disposition.

24. Defendant's failure to provide compliant written notice(s) caused Plaintiff actual damages, including out-of-pocket losses and consequential harms described above.

WHEREFORE, Plaintiff requests judgment on Count I for actual damages, statutory/punitive relief as authorized by ECOA, costs, and such other relief as the Court deems just.

# VI. COUNT II — PENNSYLVANIA UTPCPL (73 P.S. § 201-1 et seq.)

25. Plaintiff incorporates paragraphs 1–24.

26. Defendant engaged in deceptive conduct in the course of consumer lending by representing that the loan had progressed through defined processing steps and would be managed with ongoing updates, while failing to provide transparent status/disposition information and allowing prolonged breakdowns in communication during a documented rate-lock window.

27. Plaintiff justifiably relied on Defendant's representations and omissions by continuing to comply with the process, continuing submissions and follow-ups, and incurring appraisal-related and administrative expenses rather than promptly pursuing alternative options.

28. Plaintiff suffered an ascertainable loss, including the $525.00 non-refundable appraisal fee paid on Plaintiff's behalf and mailing/administrative expenses, and consequential losses stemming from the lack of a clear disposition and the extended, confusing process.

WHEREFORE, Plaintiff requests judgment on Count II for actual damages, treble damages where permitted, costs, and such other relief as the Court deems just.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Judgment in Plaintiff's favor on all counts;

B. Actual damages in an amount to be proven;

C. Statutory/punitive/treble relief as permitted by law;

D. Costs; and

E. Any further relief the Court deems just and proper.

6

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## IX. VERIFICATION (28 U.S.C. § 1746)

I, Maryann Butler, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on January 5, 2026.

Signature: _/s/ Maryann Butler_

Maryann Butler, Plaintiff, Pro Se

1823 State Street

Harrisburg, PA 17103

ms.mare26@gmail.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER, Plaintiff

v. NEW AMERICAN FUNDING, LLC, Defendant

Civil Action No. 1:25-cv-00690 (use the exact number format shown on your docket)

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff Maryann Butler's Motion for Leave to File First Amended Complaint, it is hereby ORDERED:

1. The Motion is GRANTED.
2. The Clerk is directed to file Plaintiff's First Amended Complaint (Exhibit A) as the operative pleading.
3. Defendant shall respond to the First Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE