**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARYANN BUTLER,

Plaintiff,

v.                            No 1:25-cv-00690

NEW AMERICAN FUNDING, LLC,

Defendant.



# PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff seeks leave to file a Third Amended Complaint that narrows this action to a single federal claim under the Equal Credit Opportunity Act ("ECOA") and Regulation B, limited to written notice obligations in connection with Plaintiff's FHA refinance application. The proposed amendment reduces the scope of the case, promotes judicial economy, and permits the merits to be addressed on a clean and simplified pleading.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires." In evaluating whether leave should be granted, courts consider factors including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

To the extent Rule 16(b) applies, a party must show good cause. Good cause is satisfied where the movant acts diligently and the amendment narrows or clarifies claims without unfair prejudice to the opposing party.

1

## III. ARGUMENT

A. The Proposed Amendment Narrows the Case and Promotes Judicial Economy.

The proposed Third Amended Complaint removes ancillary issues and proceeds on a single notice-based Regulation B theory, pled in the alternative as permitted by the Federal Rules of Civil Procedure. This narrowing reduces the issues for the Court and the parties and supports efficient resolution on the core question presented.

B. Leave Should Be Granted Under Rule 15(a)(2).

The amendment is offered in good faith and is not brought for delay. The proposed amendment does not add parties or expand the litigation. Defendant will not be unfairly prejudiced because it remains free to assert any defenses or motions it believes appropriate in response to the proposed Third Amended Complaint. The amendment is not futile on its face because the proposed pleading sets forth a plausible notice-based claim under ECOA/Regulation B arising from Defendant's handling and disposition posture of Plaintiff's application.

C. Good Cause Exists Under Rule 16(b) to the Extent It Applies.

To the extent Rule 16(b) applies, good cause exists because Plaintiff is narrowing not expanding the litigation, and seeks to present a streamlined operative complaint that addresses the issues raised by Defendant's prior Rule 12 motion practice. Granting leave will not require reopening discovery or altering the case posture in a manner that would unfairly prejudice Defendant.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the proposed Third Amended Complaint.

Respectfully submitted,

Date: February 2, 2026

Maryann Butler, Pro Se

1823 State Street

Harrisburg, PA 17103

2