UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

FEB 0 2 2026

PER _____
DEPUTY CLERK

MARYANN BUTLER,

Plaintiff,

v.

No 1:25-cv-00690

NEW AMERICAN FUNDING, LLC,

Defendant.

# PROPOSED THIRD AMENDED COMPLAINT

(Single-Count ECOA / Regulation B – Written Notice Claim)

Plaintiff Maryann Butler alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises from Defendant's handling of a residential mortgage refinance application submitted by Plaintiff and the absence of written notice reflecting the disposition of that application following Defendant's evaluation activities.

## II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391 because the subject property and relevant events occurred within this District.

1

## III. PARTIES

4. Plaintiff Maryann Butler is a resident of Harrisburg, Pennsylvania.

5. Defendant New American Funding, LLC is a mortgage lender engaged in consumer credit transactions, including FHA-insured residential mortgage lending.

## IV. FACTUAL ALLEGATIONS

6. In or about February 2025, Plaintiff sought a cash-out refinance of her primary residence located at 1823 State Street, Harrisburg, Pennsylvania 17103.

7. In connection with the application, Defendant obtained Plaintiff's consumer credit report and collected income, employment, and asset information.

8. Defendant issued loan disclosures reflecting a rate-lock posture and proceeded with appraisal-related processing for the subject property.

9. An appraisal inspection of the subject property was completed, and an appraisal report was generated by a third-party FHA-licensed appraiser.

10. The appraisal fee associated with the inspection was paid on Plaintiff's behalf and was non-refundable.

11. Following completion of the appraisal, Defendant continued requesting and reviewing employment and income documentation as part of its internal evaluation.

12. Defendant did not provide Plaintiff a written notice stating that the application had been approved.

13. Defendant did not provide Plaintiff a written notice stating that the application had been denied.

14. Defendant did not provide Plaintiff a written notice identifying the application as incomplete and specifying information required to complete it.

2

15. Defendant did not provide Plaintiff a written notice identifying a date by which additional information was required.

16. Plaintiff did not submit a written withdrawal of the application.

17. Defendant retained possession of the appraisal and FHA case assignment following appraisal completion.

18. Defendant later acknowledged that the loan did not proceed to closing.

19. At no time following appraisal completion did Defendant provide Plaintiff a written notice corresponding to the evaluation posture reflected by Defendant's actions.

20. Defendant's communications with Plaintiff did not include a written notice reflecting the disposition of the application.

## V. COUNT I

Failure to Provide Written Notice Following Evaluation

(15 U.S.C. § 1691; 12 C.F.R. § 1002.9)

21. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

22. Defendant undertook material steps to evaluate Plaintiff's application, including appraisal completion and post-appraisal documentation review.

23. Following those evaluation steps, Defendant did not provide Plaintiff a written notice reflecting whether the application was approved, denied, or otherwise disposed of.

24. Defendant did not provide Plaintiff a written notice identifying the application as incomplete following appraisal completion.

25. Plaintiff incurred out-of-pocket expenses associated with appraisal and related processing.

26. Plaintiff was deprived of written notice necessary to understand the status of the application and pursue alternative credit options.

## VI. DAMAGES

27. Plaintiff incurred actual damages, including the non-refundable appraisal fee paid on Plaintiff's behalf and related administrative and processing expenses incurred in connection with Defendant's handling of the application.

28. Plaintiff seeks recovery of actual damages and costs of suit as permitted by law.

## VII. JURY DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award actual damages and costs of suit; and

C. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Maryann Butler

1823 State Street

Harrisburg, PA 17103

Plaintiff, Pro Se

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 2, 2026.


Maryann Butler


## CERTIFICATE OF SERVICE

I certify that on February 2, 2026, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will provide electronic notice to all counsel of record.


Maryann Butler

5