# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYANN BUTLER,

                    Plaintiff,

          v.

NEW AMERICAN FUNDING,

                Defendant.

Case No. 1:25-cv-00690

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .........................................................................................1

II.     PROCEDURAL HISTORY ..........................................................................2

III.    FACTUAL BACKGROUND.........................................................................3

IV.     QUESTIONS PRESENTED .........................................................................5

V.      ARGUMENT.................................................................................................6

      A.      Legal Standard for Dismissal Under Rule 12(b)(6). .............................6

      B.      Ms. Butler's Third Amended Complaint Fails to State an ECOA
            Notice Claim..........................................................................................8

           1.      The Third Amended Complaint Fails to Allege Adverse Action.
                ..............................................................................................8

           2.      The Third Amended Complaint Fails to Allege Lack of Timely
                Notice. ...................................................................................10

      C.      Ms. Butler Lacks Article III Standing Because She Has Not Alleged
            Concrete Injury.....................................................................................11

      D.      The Dismissal Should Be With Prejudice. ..........................................14

VI.     CONCLUSION............................................................................................16

183265439.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...................................................5, 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .................................5, 6

Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994) ............5

Garrett v. Wexford Health, 938 F.3d 69 (3d Cir. 2019) .....................5, 11

Germain v. M & T Bank Corp., 111 F. Supp. 3d 506 (S.D.N.Y. 2015)...................6

*Gray v. Cap. One Fin. Corp., No. 25-CV-0925, 2025 WL 1644421 (E.D. Pa. June 6, 2025) ...............................................................................................8

*Karupaiyan v. Int'l SOS, No. 20-3461, 2021 WL 6102077 (3d Cir. Dec. 22, 2021) ..................................................................................................................11

Lujan v. Defs. of Wildlife, 504 U.S. 555 (1992) ....................................9

Madrigal v. Kline Oldsmobile, Inc., 423 F.3d 819 (8th Cir. 2005).....................6, 7

Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) .................................4, 9, 10

TransUnion LLC v. Ramirez, 594 U.S. 413 (2021) .............................4, 9

*Trapp v. SunTrust Bank, 699 F. App'x 144 (4th Cir. 2017).................10

*Xu v. Todd, No. 1:25-CV-00439, 2025 WL 2811332 (M.D. Pa. Oct. 3, 2025) .....5

**Statutes**

15 U.S.C. § 1691 ...............................................................................1, 2, 6

15 U.S.C. § 1691(d)(1)......................................................................6, 7, 8

15 U.S.C. § 1691(d)(6).............................................................................7

183265439.1

**Other Authorities**

FED. R. CIV. P. 12(B)(6) ........................................................................................4, 5

Regulations

12 C.F.R. § 1002.2(C)(1)(I) ..........................................................................................7

12 C.F.R. § 1002.9 ...............................................................................................1, 2, 6

12 C.F.R. § 1002.9(A)(1) ..............................................................................................7

12 C.F.R. § 1002.9(A)(1)(I) ..........................................................................................8

12 C.F.R. § 1002.9(C) ...................................................................................................7

12 C.F.R. § 1002.9(C)(2) ..............................................................................................7

# I.     INTRODUCTION

Plaintiff Maryann Butler ("Ms. Butler") has now filed her Third Amended Complaint (Doc. 129), which is attached as Exhibit 1 (referred herein as "Third Am. Compl."), asserting a single claim under the Equal Credit Opportunity Act ("ECOA") and its implementing regulation, 12 C.F.R. § 1002.9 ("Regulation B"). This latest pleading represents Ms. Butler's fourth attempt to state a cognizable claim against New American Funding, LLC ("NAF" or "Defendant"), and like its predecessors, it fundamentally fails to satisfy the requirements of federal pleading standards and substantive law.

The Third Amended Complaint must be dismissed for two independent reasons. First, Ms. Butler fails to plead the essential elements of an ECOA notice claim. To state such a claim, a plaintiff must allege that: (1) the defendant is a creditor; (2) the plaintiff is a loan applicant; (3) the defendant took adverse action with respect to the plaintiff's credit application; and (4) the defendant failed to provide the plaintiff with an ECOA-compliant notice of its adverse action within thirty days. Ms. Butler's Third Amended Complaint fails to allege the third and fourth elements; it contains no allegation that NAF took any "adverse action" on her application, nor does it allege that NAF failed to provide notice within the required thirty-day period. Second, Ms. Butler lacks Article III standing because she has not alleged any concrete harm. The Supreme Court has made clear that bare procedural

violations, divorced from any concrete injury, are insufficient to confer standing in federal court.

Moreover, this Court should dismiss the Third Amended Complaint with prejudice. Ms. Butler has now had four opportunities to plead a viable claim: her original Complaint, the Verified Supplemental Complaint, the Amendment to Verified Complaint, and now the Third Amended Complaint. Each successive pleading has failed to cure the fundamental deficiencies identified by Defendant. Further amendment would be futile, and dismissal with prejudice is warranted to bring finality to this litigation.

## II.    PROCEDURAL HISTORY

On April 21, 2025, Ms. Butler filed her original Complaint against NAF. (Doc. 1.) Since that time, this litigation has followed a tortuous procedural path marked by numerous filings, motions, and amendments. On July 11, 2025, this Court found that Audury "Petie" Davis, a non-party and non-attorney who signed numerous pleadings on Ms. Butler's behalf, was not authorized to represent Ms. Butler. (Doc. 37.) NAF filed its original Motion to Dismiss on August 4, 2025, identifying fundamental deficiencies in Ms. Butler's pleadings. Ms. Butler subsequently filed two Appeals to the Third Circuit (Docs. 46 and 81), a myriad of motions and filings, and a "Verified Supplemental Complaint" (Doc. 47). The Court entered a Stay (Doc. 83), which was later lifted (Doc. 95).

On February 19, 2026, this Court entered an order granting Ms. Butler's Motion to File a Third Amended Complaint (Doc. 128). A true and correct copy of the Order is attached hereto as Exhibit 2. In that same order, the Court granted NAF permission to assert "any defenses or dispositive motions that the defendants may believe are appropriate with respect to the third amended complaint." *Id.* at ¶ 2. On the same day, this Court lodged Ms. Butler's Third Amended Complaint (Doc. 129). This pleading represents Ms. Butler's fourth attempt to state a claim against NAF. The Third Amended Complaint abandons all previous claims under RESPA, TILA, FCRA, and HUD Mortgagee Letter 2009-40, and instead asserts a single claim: "Count I – Failure to Provide Written Notice Following Evaluation" under 15 U.S.C. § 1691 and 12 C.F.R. § 1002.9. Despite multiple opportunities to cure the defects in her pleadings, Ms. Butler has still failed to state a cognizable claim upon which relief can be granted.

## III.  FACTUAL BACKGROUND

According to the Third Amended Complaint, in or about February 2025, Ms. Butler sought a cash-out refinance of her primary residence located at 1823 State Street, Harrisburg, Pennsylvania 17103. Third Am. Compl. ¶ 6. Ms. Butler alleges that NAF obtained her consumer credit report and collected income, employment, and asset information in connection with the application. *Id.* ¶ 7. NAF allegedly issued loan disclosures reflecting a rate-lock posture and proceeded with appraisal-

related processing for the subject property. *Id.* ¶ 8. An appraisal inspection was completed, and an appraisal report was generated by a third-party FHA-licensed appraiser. *Id.* ¶ 9. *The appraisal fee was allegedly paid on Ms. Butler's behalf and was non-refundable*. *Id.* ¶ 10.

Ms. Butler further alleges that following completion of the appraisal, NAF continued requesting and reviewing employment and income documentation as part of its internal evaluation. *Id.* ¶ 11. She claims that NAF did not provide her a written notice stating the application was approved, denied, or incomplete. *Id.* ¶¶ 12-15. Ms. Butler states she did not submit a written withdrawal of the application. *Id.* ¶ 16. She alleges that NAF retained possession of the appraisal and FHA case assignment following appraisal completion and later "acknowledged that the loan did not proceed to closing." *Id.* ¶¶ 17-18. Critically, the Third Amended Complaint contains no allegation that NAF took any "adverse action"; i.e., a denial, revocation, or refusal to grant credit on Ms. Butler's application. *See generally*, *id.*

Notably, Ms. Butler also alleges that the appraisal fee was paid "on [her] behalf." *Id.* ¶¶ 10, 27. This admission undermines her sole damages claim, as she cannot demonstrate that she personally suffered any out-of-pocket loss. The Third Amended Complaint is devoid of any specific, concrete harm suffered by Ms. Butler beyond the alleged failure to receive a written notice; a bare procedural allegation

that is insufficient to establish Article III standing under controlling Supreme Court precedent.

## IV.    QUESTIONS PRESENTED

**Question 1:** Should Ms. Butler's Third Amended Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to allege the essential elements of an ECOA notice claim, including adverse action and failure to provide timely notice?

**Recommended Answer:** Yes. The Third Amended Complaint fails to allege that NAF took any "adverse action" on Ms. Butler's application and fails to allege that NAF failed to provide notice within the thirty-day period required by ECOA and Regulation B.

**Question 2:** Should Ms. Butler's Third Amended Complaint be dismissed because she lacks Article III standing, having failed to allege a concrete injury as required by the Supreme Court's decisions in *Spokeo, Inc. v. Robins* and *TransUnion LLC v. Ramirez*?

**Recommended Answer:** Yes. Ms. Butler alleges only a bare procedural violation divorced from any concrete harm. The Supreme Court has held that such allegations are insufficient to confer Article III standing.

**Question 3:** Should the dismissal be with prejudice given Ms. Butler's repeated failures to state a claim despite multiple opportunities to amend?

**Recommended Answer:** Yes. Ms. Butler has now filed four complaints, each failing to cure the fundamental deficiencies in her claims. Further amendment would be futile, and dismissal with prejudice is warranted.

## V.   ARGUMENT

### A. Legal Standard for Dismissal Under Rule 12(b)(6).

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when the complaint does not give the defendant fair notice of a cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). While the court must accept all material allegations as true and analyze them in the light most favorable to the plaintiff, this principle is inapplicable to legal conclusions. *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not taken as true. *Id.*

In analyzing whether a plaintiff's claims should be dismissed pursuant to Rule 12(b)(6), the court's review is "limited to the contents of the complaint." *Clegg* v. *Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994). Here, the documentation upon which the present motion must be analyzed is the Third Amended Complaint.

"Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (internal citations and quotation marks omitted). A court must deduce "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Although *pro se* pleadings are entitled to liberal construction, "[c]ourts in this Circuit have held that even though *pro se* pleadings must be liberally construed, courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Xu v. Todd*, No. 1:25-CV-00439, 2025 WL 2811332, at *2 (M.D. Pa. Oct. 3, 2025) (emphasis added). Dismissal of *pro se* pleadings "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019). Nevertheless, liberal construction does not relieve a plaintiff of her obligation to plead the essential elements of her claims.

## B. Ms. Butler's Third Amended Complaint Fails to State an ECOA Notice Claim.

Ms. Butler's Third Amended Complaint asserts a single cause of action: "Count I - Failure to Provide Written Notice Following Evaluation" under 15 U.S.C. § 1691 and 12 C.F.R. § 1002.9. For the sake of argument, NAF assumes that this claim is an ECOA notice claim. To state a claim under the ECOA's notice provisions, a plaintiff must allege: (1) the defendant is a creditor; (2) the plaintiff is a loan applicant; (3) the defendant took adverse action with respect to the plaintiff's credit application; and (4) the defendant failed to provide the plaintiff with an ECOA-compliant notice of its adverse action within thirty days. *See Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 533-34 (S.D.N.Y. 2015); *Madrigal v. Kline Oldsmobile, Inc.*, 423 F.3d 819, 822 (8th Cir. 2005); 15 U.S.C. § 1691(d)(1).

The Third Amended Complaint is fatally deficient because it fails to allege two essential elements: (1) that NAF took "adverse action" on Ms. Butler's application, and (2) that NAF failed to provide notice within thirty days of any adverse action.

### 1. The Third Amended Complaint Fails to Allege Adverse Action.

Under the ECOA and Regulation B, a creditor's obligation to provide written notice is triggered only when the creditor takes "adverse action" on an application. 15 U.S.C. § 1691(d)(1); 12 C.F.R. § 1002.9(a)(1). "Adverse action" is a term of art defined by statute as "a denial or revocation of credit, a change in the terms of an

existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6); *see also* 12 C.F.R. § 1002.2(c)(1)(i) (defining adverse action as "[a] refusal to grant credit in substantially the amount or on substantially the terms requested in an application").

Critically, the Third Amended Complaint contains no allegation that NAF denied Ms. Butler's application, revoked her credit, or refused to grant credit. Instead, Ms. Butler alleges only that NAF "did not provide" various types of written notices and that her "loan did not proceed to closing." Third Am. Compl. ¶¶ 12-15, 18. These allegations are insufficient to establish adverse action. The mere fact that a loan did not close does not constitute adverse action-an application may fail to proceed for numerous reasons unrelated to a creditor's denial, including the applicant's failure to provide required documentation, the applicant's withdrawal of the application, or the natural expiration of a rate-lock.

In *Madrigal v. Kline Oldsmobile, Inc.*, the Eighth Circuit held that a car dealership did not take "adverse action" when it was unable to obtain financing for a buyer on the originally requested terms, where the dealership "took significant steps to ensure that [the buyer] was extended credit on the terms that she requested" and "continuously apprised her of the action being taken on her credit application." 423 F.3d at 822. The court explained that the ECOA's notification requirements were designed to discourage credit discrimination and increase consumer knowledge

about credit status, and the defendant's actions "in no way contravened these goals." *Id.* at 823. Similarly here, Ms. Butler does not allege that NAF denied her application or refused to grant her credit; she merely alleges that her loan did not close and that she did not receive certain written notices.

Moreover, Regulation B provides specific procedures for incomplete applications. Under 12 C.F.R. § 1002.9(c), when an application is incomplete regarding matters that an applicant can complete, the creditor shall notify the applicant within thirty (30) days either of the action taken or of the incompleteness. If additional information is needed, the creditor must send written notice specifying the information needed and designating a reasonable time period for response. "The creditor shall have no further obligation under this section if the applicant fails to respond within the designated time period." 12 C.F.R. § 1002.9(c)(2). Ms. Butler's own allegations suggest that her application may have remained incomplete; she alleges that NAF "continued requesting and reviewing employment and income documentation." Third Am. Compl. ¶ 11. If Ms. Butler failed to provide the information requested to complete her application, NAF had no obligation to take further action or provide additional notice.

## 2. The Third Amended Complaint Fails to Allege Lack of Timely Notice.

Even if the Third Amended Complaint could be construed to allege adverse action (which it cannot), it still fails because it does not allege that NAF failed to

provide notice within the time period required by the ECOA. Under 15 U.S.C. § 1691(d)(1), a creditor must notify an applicant of action taken "within thirty days (or such longer reasonable time as specified in regulations)" after receipt of a completed application. *See also* 12 C.F.R. § 1002.9(a)(1)(i) (requiring notification within "30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application").

The Third Amended Complaint is entirely silent on whether NAF failed to provide any notice within thirty days of taking adverse action. Ms. Butler does not allege when, if ever, NAF took adverse action on her application. Without identifying the date of any adverse action, Ms. Butler cannot establish that NAF failed to provide notice within the required time period. This omission is fatal to her claim. A "conclusory statement that [plaintiff] was not provided an adequate explanation for the denial of his 'application,' without more factual detail, does not state a claim under the ECOA." *Gray v. Cap. One Fin. Corp.*, No. 25-CV-0925, 2025 WL 1644421, at *2 n. 2 (E.D. Pa. June 6, 2025).

For these reasons, Ms. Butler's ECOA notice claim must be dismissed for failure to state a claim upon which relief can be granted.

C. **Ms. Butler Lacks Article III Standing Because She Has Not Alleged Concrete Injury.**

Even if the Third Amended Complaint adequately pleaded the elements of an ECOA notice claim (which it does not), it must still be dismissed because Ms. Butler

lacks Article III standing. The Supreme Court has made unmistakably clear that "standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). A plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 341.

In 2021, the Supreme Court reaffirmed and strengthened these principles in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). The Court held that "Article III standing requires a concrete injury even in the context of a statutory violation" and that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *Id.* at 414, 426 (citations and quotation marks omitted). The Court explained that "[i]f the law of Article III did not require plaintiffs to demonstrate a 'concrete harm,' Congress could authorize virtually any citizen to bring a statutory damages suit against virtually any defendant who violated virtually any federal law" *Id.* at 428 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 577 (1992)). Such a result "would flout constitutional text, history, and precedent." *TransUnion*, 594 U.S. at 428.

Here, Ms. Butler alleges only that NAF failed to provide her with certain written notices; a bare procedural violation that, without more, does not satisfy Article III's concrete injury requirement. The Third Amended Complaint is devoid of any allegation that Ms. Butler suffered actual harm as a result of the alleged failure

to provide notice. She does not allege that she was unable to obtain credit elsewhere, that she suffered any financial loss, or that she was deprived of the ability to correct any inaccuracies or pursue alternative options.

Ms. Butler's sole attempt to allege damages further demonstrates the absence of concrete harm. She claims she "incurred actual damages, including the non-refundable appraisal fee *paid on Plaintiff's behalf* and related administrative and processing expenses incurred in connection with Defendant's handling of the application." Third Am. Compl. ¶ 27 (emphasis added). But Ms. Butler admits that the appraisal fee was paid "on [her] behalf" - meaning she did not personally pay this expense. She cannot claim standing based on an out-of-pocket expense she never incurred. Moreover, appraisal fees and processing expenses are standard costs associated with any mortgage application and would have been incurred regardless of whether NAF provided the notices Ms. Butler claims she should have received. These allegations do not establish concrete injury caused by the alleged procedural violation.

The Fourth Circuit's decision in *Trapp v. SunTrust Bank*, 699 F. App'x 144 (4th Cir. 2017), is instructive. In *Trapp*, consumers alleged that a bank violated the ECOA by failing to properly explain the reasons for denying their loan application. *Id.* at 144-45. The Fourth Circuit held that the plaintiffs lacked standing because they did not suffer a "concrete informational injury"; they "knew that there was a

problem" and "took actions ... to attempt to remedy the problem," and were able to obtain the financing they sought through other means. *Id.* at 145-46. The court concluded that the plaintiffs' claim amounted to "an allegation of a bare procedural violation of the ECOA in which they suffered no concrete injury." *Id.* at 146.

Similarly here, Ms. Butler does not allege that NAF's alleged failure to provide written notice caused her any concrete harm. She does not allege that she was denied credit or that she suffered any actual monetary loss. Her allegations amount to nothing more than a bare procedural violation - exactly the type of claim the Supreme Court has held is insufficient to confer Article III standing.

As the Supreme Court cautioned in *Spokeo*, "not all inaccuracies cause harm or present any material risk of harm." 578 U.S. at 342. The Court offered the example of "an incorrect zip code," which, "without more, could [not] work any concrete harm." *Id.* Here, Ms. Butler's complaint is the ECOA equivalent of an incorrect zip code: an alleged procedural deficiency that, even if true, caused her no real-world harm. For this independent reason, the Third Amended Complaint must be dismissed.

### D. <u>The Dismissal Should Be With Prejudice.</u>

This Court should dismiss Ms. Butler's Third Amended Complaint with prejudice because further amendment would be futile. Ms. Butler has now had four opportunities to plead a viable claim against NAF: her original Complaint (filed

April 21, 2025), the Verified Supplemental Complaint (Doc. 47), the Amendment to Verified Complaint (Doc. 12), and now the Third Amended Complaint (Doc. 129). Each successive pleading has failed to cure the fundamental deficiencies identified by Defendant.

The Third Circuit has held that "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor [her] pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019). In *Karupaiyan v. International SOS*, 2021 WL 6102077 (3d Cir. Dec. 22, 2021), the Third Circuit affirmed the dismissal of a *pro se* complaint with prejudice where the plaintiff had "multiple opportunities to persuade a court that he could adequately plead his claims - his original complaint, two amended complaints, responses to defendants' motions to dismiss, motion for reconsideration, and ... appellate brief - and he ... missed with each." *Id.* at *2.

The same analysis applies here. Ms. Butler's original Complaint asserted claims under ECOA, RESPA, TILA, FCRA, and HUD Mortgagee Letter 2009-40— none of which were adequately pleaded. In response to NAF's Motion to Dismiss, Ms. Butler did not cure the deficiencies; instead, she filed additional pleadings that were equally deficient. Her Third Amended Complaint abandons all of her original claims and replaces them with a single ECOA notice claim that is equally flawed.

Despite multiple opportunities to amend, Ms. Butler has been unable to state a viable claim.

Further amendment would be futile because the fundamental deficiencies in Ms. Butler's claims cannot be cured. First, she cannot allege adverse action because, by her own admission, NAF did not deny her application - she simply alleges that her "loan did not proceed to closing." Third Am. Compl. ¶ 18. Second, she cannot allege concrete injury because the alleged failure to provide written notice did not cause her any real-world harm. These are not pleading deficiencies that can be cured through more artful drafting; they are fundamental defects in the substance of Ms. Butler's claims.

Additionally, granting leave to amend at this stage would reward Ms. Butler's dilatory conduct and prejudice NAF. This litigation has consumed substantial judicial resources and imposed significant costs on NAF. Ms. Butler's repeated filings, including two appeals to the Third Circuit, have prolonged this matter beyond any reasonable timeframe. Dismissal with prejudice is necessary to bring finality to this litigation.

## VI.    CONCLUSION

For the foregoing reasons, Defendant New American Funding, LLC respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff Maryann Butler's Third Amended Complaint with prejudice. The Third Amended

Complaint fails to state a claim upon which relief can be granted because it does not allege the essential elements of an ECOA notice claim-specifically, adverse action and failure to provide timely notice. Additionally, Ms. Butler lacks Article III standing because she has not alleged any concrete injury resulting from the alleged procedural violation. Finally, dismissal with prejudice is warranted because Ms. Butler has had four opportunities to plead a viable claim and has failed to do so each time, and further amendment would be futile.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**

Dated:     March 16, 2026     _____

RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

I hereby certify that the foregoing Brief in Support of Motion to Dismiss complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Brief, exclusive of this Certificate is 3816.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated:     March 16, 2026

_Ronald L. Williams_
RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendant*