# EXHIBIT 4

2021 WL 6102077
Only the Westlaw citation is currently available.
United States Court of Appeals, Third Circuit.

Palani KARUPAIYAN, Appellant
v.
INTERNATIONAL SOS; Access Staffing, LLC; Kapital Data Corp; Dessi Nikolova, Individually and in her official capacity as director, product engineering of the international SOS; Gregory Harris, Individually and in his official capacity as team leader, mobile applications of the international SOS; Kumar Mangala, Individually and in their official capacity as founder and CEO of the Kapital Data Corp; Mike Weinstein, Individually and in his official capacity as principal product engineering of the Access Staffing LLC

No. 21-1853
|
Submitted Pursuant to Third Circuit
LAR 34.1(a) December 1, 2021
|
Opinion filed: December 22, 2021

On Appeal from the United States District Court for the Eastern District of Pennsylvania (D.C. Civil Action No. 2-19-cv-02259), District Judge: Honorable Petrese B. Tucker

**Attorneys and Law Firms**

Palani Karupaiyan, San Antonio, TX, Pro Se.

Emily J. Daher, Esq., David S. Fryman, Esq., Ballard Spahr, Mount Laurel, NJ, for International SOS, Gregory Harris, Individually and in His Official Capacity as Team Leader, Mobile Applications of the International SOS.

Michael S. Hanan, Esq., Gordon Rees Scully Mansukhani, Florham Park, NJ, Jessica Lucas, Esq., Gordon Rees Scully Mansukhani, Pittsburgh, PA, for Access Staffing LLC, Mike Weinstein, Individually and in His Official Capacity as Preincipal Product Engineering of the Access Staffing LLC.

Brian W. Waerig, Esq., Susanin Widman & Brennan, Berwyn, PA, for Kapital Data Corp.

Emily J. Daher, Esq., David S. Fryman, Esq., Ballard Spahr, Mount Laurel, NJ, Brian W. Waerig, Esq., Susanin Widman & Brennan, Berwyn, PA, for Dessi Nikolova, Individually and in Her Official Capacity as Director, Product Engineering of the International SOS.

Brian W. Waerig, Esq., Susanin Widman & Brennan, Berwyn, PA, for Kumar Mangala, Individually and in Their Official Capacity as Founder and CEO of the Kapital Data Corp.

Before: GREENAWAY, Jr., PORTER, and NYGAARD, Circuit Judges

OPINION[*]

PER CURIAM

**\*1** Palani Karupaiyan was employed by International SOS, through some combination of contractual arrangements with Access Staffing and Kapital Data, as a software engineer. Proceeding pro se, he filed in the District Court a complaint against these companies and numerous individuals, claiming that the termination of his contract and subsequent decision not to hire him for another position were the result of discrimination on the basis of his race, ethnicity, national origin, and disability, in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and other federal and state laws.

Identifying even these few basic details in the complaint is difficult, as it lacked any comprehensible factual narrative. Defendants moved to dismiss. Karupaiyan then sought numerous extensions, responded to the individual defendants' motions, and filed his first amended complaint. The first amended complaint cited, in the District Court's words, "a hornbook's worth of additional statues," which the defendants allegedly violated. Order 2–3, ECF No. 70. Addressing defendants' second round of motions, the District Court held that the first amended complaint failed to comply with Federal Rule of Civil Procedure 8(a),[1] and entered an order of dismissal without prejudice, ordering Karupaiyan to file his second amended complaint within thirty days.

A month after that deadline passed, Karupaiyan filed a second amended complaint that was even longer than—and equally unintelligible as—the first. Defendants again moved to dismiss, and Karupaiyan responded by moving for summary judgment. The District Court dismissed the complaint with prejudice, explaining that Karupaiyan failed to comply with its prior order and that further amendment would be futile. See Order 3–8, ECF No. 70 (citing, inter alia, Fed. R. Civ. P. 8(a), 10(b), 41(b)). Karupaiyan timely moved

the District Court for reconsideration, which was denied. Karupaiyan now appeals. [2]

In certain cases, there may be good reasons to give a plaintiff, particularly a pro se one, multiple shots at amendment. That said, "the question before us is not whether we might have chosen a more lenient course than dismissal ... but rather whether the District Court abused its discretion in ordering the dismissal." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019). There was no such abuse here. Karupaiyan has had multiple opportunities to persuade a court that he could adequately plead his claims—his original complaint, two amended complaints, responses to defendants' motions to dismiss, motion for reconsideration, and, most recently, appellate brief—and he has missed with each. See id. at 93 ("[A] district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor [his] pleading.").

 \*2  Karupaiyan argues on appeal that the District Court's order dismissing his first amended complaint did not give him sufficient instructions on how to comply with Rule 8. See Appellant Br. 11–13. First, we disagree and find that the District Court gave Karupaiyan adequate information in its first order of dismissal. See Order 5–6, ECF No. 46. Second, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004).

We conclude that dismissal of the second amended complaint on Rule 8 grounds was appropriate and detect no error in the District Court's denial of reconsideration. Accordingly, the District Court's judgment will be affirmed.

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 6102077

---

### Footnotes

| | |
|---|---|
| \* | This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent. |
| 1 | Rule 8(a) requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). |
| 2 | Karupaiyan originally appealed the order dismissing his second amended complaint. We stayed our proceedings pending disposition of his motion for reconsideration. He filed an amended notice of appeal when it was denied, so our review encompasses that order, as well. See R. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000) (en banc). We have jurisdiction under 28 U.S.C. § 1291. Our review is for abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (reconsideration review); In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (Rule 8 review). |

**End of Document**  © 2026 Thomson Reuters. No claim to original U.S. Government Works.