# EXHIBIT 5

**699 Fed.Appx. 144**
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or after
Jan. 1, 2007. See also U.S.Ct. of Appeals 4th Cir. Rule 32.1.
United States Court of Appeals, Fourth Circuit.

Michelle A. TRAPP; David Allen Trapp,
on behalf of themselves and others
similarly situated, Plaintiffs-Appellants,
v.
SUNTRUST BANK, Defendant-Appellee.

No. 16-2293
|
Submitted: June 26, 2017
|
Decided: July 6, 2017

**Synopsis**
**Background:** Consumers brought action against bank that denied their loan application, alleging this denial violated the Equal Credit Opportunity Act (ECOA). The United States District Court for the Middle District of North Carolina, No. 1:15-cv-00937-CCE-JLW, Catherine C. Eagles, J., granted bank's motion for summary judgment. Consumers appealed.

**[Holding:]** The Court of Appeals held that consumers did not allege an injury in fact, as required to establish standing.

Affirmed as modified.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (1)

[1]  **Finance, Banking, and Credit** 🔑 Credit discrimination; equal credit opportunity

Consumers did not experience an injury in fact, as required to establish their standing to pursue claim under the Equal Credit Opportunity Act (ECOA) against bank that denied their loan application; consumers did not suffer a concrete informational injury, since bank informed consumers that their application was denied because one consumer's social security number was linked to a deceased person, which had caused consumers to receive a score from a credit reporting agency indicating a high risk of fraud, and consumers were able to purchase with cash the boat they were attempting to finance with loan from bank. Consumer Credit Protection Act § 701, 15 U.S.C.A. § 1691 et seq.

4 Cases that cite this headnote
More cases on this issue

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cv-00937-CCE-JLW)

**Attorneys and Law Firms**

Leonard A. Bennett, Susan M. Rotkis, CONSUMER LITIGATION ASSOCIATES, P.C., Newport News, Virginia; Stuart T. Rossman, NATIONAL CONSUMER LAW CENTER, Boston, Massachusetts, for Appellants. Robert R. Marcus, Timothy P. Lendino, Matthew W. Krueger-Andes, SMITH MOORE LEATHERWOOD LLP, Charlotte, North Carolina, for Appellee.

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

**Opinion**

Affirmed as modified by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle A. Trapp and David Allen Trapp[*] filed a complaint alleging that SunTrust Bank (SunTrust) violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C.A. §§ 1691 to 1691f (West 2009 & Supp. 2017). The Trapps appeal the district court's order granting SunTrust's motion for summary judgment. We find no **\*145** reversible error, and affirm the district court's judgment as modified.

"We review a district court's grant of summary judgment de novo." *Dreher v. Experian Info. Solutions, Inc.*, 856 F.3d

337, 343 (4th Cir. 2017). "In doing so, we apply the same legal standards as the district court, and view all facts in the light most favorable to the nonmoving party." *Id.* (internal quotation marks omitted). We also review a district court's decision "regarding standing de novo." *Id.*

"Standing is a threshold jurisdictional question that ensures a suit is appropriate for the exercise of the federal courts' judicial powers." *Id.* (alteration and internal quotation marks omitted). To establish standing, the Trapps " 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.' " *Id.* (quoting *Spokeo, Inc. v. Robins*, ––– U.S. ––––, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)).

In *Spokeo*, the Supreme Court reiterated that "[t]o establish [an] injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " 136 S.Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). The Court clarified that "[a] concrete injury must be de facto; that is, it must actually exist," and it must be "real," "not abstract." *Id.* (internal quotation marks omitted). The Court further recognized that "[i]n determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.* at 1549. Thus, courts should "consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* Moreover, courts should consider Congress' judgment as to whether an intangible harm qualifies as an injury in fact. *Id.*

However, the Court cautioned that "standing requires a concrete injury even in the context of a statutory violation." *Id.* Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[A] plaintiff suffers a concrete informational injury where he is denied access to information required to be disclosed by statute, *and* he suffers, by being denied access to that information, the type of harm *Congress sought to prevent* by requiring disclosure." *Dreher*, 856 F.3d at 345-46.

We conclude, in light of *Spokeo* and *Dreher*, that the district court correctly determined that the Trapps lack standing. The Trapps did not suffer an information injury as contemplated by Congress. The branch manager informed the Trapps that their application was denied because of issues with David's Social Security number (SSN). While the Trapps attempt to blame the Equifax fraud score as the reason for SunTrust's denial, this is a distinction without a difference—the reason the Trapps' fraud score indicated the highest risk of fraud was because David's SSN was linked to a deceased person. The evidence in the record shows that the Trapps knew that there was a problem because of David's SSN. Moreover, they took actions, albeit actions that SunTrust found to be insufficient, to attempt to remedy the problem. Furthermore, the Trapps were able to purchase with cash the boat they were attempting to finance, as they originally intended to do before applying for a loan, thus further demonstrating that they suffered no real world harm. Thus, accepting the Trapps' contention that SunTrust **\*146** violated the ECOA, *see Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554, 581-82 (4th Cir. 2017) (en banc), *petition for cert. granted*, ––– U.S. ––––, 137 S.Ct. 2080, 198 L.Ed.2d 643, No. 16-1436, 2017 WL 2722580 (U.S. June 26, 2017), we conclude that the Trapps' claim amounts to an allegation of a bare procedural violation of the ECOA in which they suffered no concrete injury. However, we modify the district court's dismissal order to be without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

Accordingly, we affirm the district court's order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED AS MODIFIED*

**All Citations**

699 Fed.Appx. 144

## Footnotes

| | |
|---|---|
| * | We refer to Michelle and David Trapp collectively as "the Trapps," and use their first names when distinguishing between the two. |

---