# EXHIBIT 6

2025 WL 2811332
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Lirong XU, Plaintiff,
v.
Chief Judge Debra TODD, et al., Defendants.

CIVIL ACTION NO. 1:25-CV-00439
|
Signed October 3, 2025

**Attorneys and Law Firms**

Lirong Xu, Exton, PA, Pro Se.

Sonya Kivisto, Administrative Office of Pa. Courts, Philadelphia, PA, for Defendants.

**MEMORANDUM**

KAROLINE MEHALCHICK, United States District Judge

 **\*1**  Presently before the Court are the September 8, 2025, and September 17, 2025, reports and recommendations of Magistrate Judge Martin C. Carlson ("the Reports") (Doc. 75; Doc. 108) recommending the Court deny *pro se* Plaintiff Lirong Xu's ("Xu") motions for default judgment (Doc. 52; Doc. 62; Doc. 68; Doc. 72) and grant Defendants Chief Justice Debra Todd, Andrea Tuominen, Steven Rothermel, Darian Halland, and Michael F. Krimmel's (collectively, "Defendants") motion to dismiss. (Doc. 27). The Reports informed Xu that she had 14 days to file an objection. (Doc. 75, at 5; Doc. 108, at 26). Since Judge Carlson filed the Reports, Xu has continued to file numerous repetitive motions and other filings alleging judicial misconduct, demanding recusal, and asserting Judge Carlson is not an official magistrate judge. (Doc. 60; Doc. 62; Doc. 78; Doc. 80; Doc. 81; Doc. 82; Doc. 84; Doc. 85; Doc. 88; Doc. 96; Doc. 98; Doc. 100; Doc. 102; Doc. 104; Doc. 106; Doc. 109; Doc. 111; Doc. 113; Doc. 117; Doc. 118; Doc. 119; Doc. 121; Doc. 123; Doc. 125). Some of these filings are marked as objections, but all the filings contest the Reports. The Court will construe all of Xu's filings as objections to the Reports under the liberal pleading standard for *pro se* plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed' ") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also JAMES WATSON, Plaintiff v. JOSEPH PETERS, et al., Defendants. Additional Party Names: Ct. of Common Pleas of Wyoming Cnty.*, Debra Hiese, No. 3:24CV2035, 2025 WL 1647750, at \*1 (M.D. Pa. June 9, 2025) (construing a *pro se* filing in response to a report and recommendation as an objection). Based on the Court's review of Xu's filings along with the Reports, Xu's objections are **OVERRULED**, and the Reports will be **ADOPTED IN THEIR ENTIRETY**.

**I. LEGAL STANDARD**
"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at \*1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

**II. DISCUSSION**
 **\*2**  Since the Reports correctly state the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 75; Doc. 108). However, the necessary background for the purpose of the instant Order is as follows. Xu initiated this *pro se* action by filing a complaint on March 10, 2025. (Doc. 1). Xu alleges Defendants, who are the Chief Justice of the Pennsylvania Supreme Court and various Pennsylvania state court administrators, violated her constitutional rights and committed various acts of maleficence. (Doc. 1). Xu's claims arise out of her disapproval of the Pennsylvania Court System's handling of various cases involving her and her son. (Doc. 1). As explained by Judge Carlson, Xu has filed numerous similar lawsuits in various courts which have all been dismissed (Doc. 108, at 2). On

April 9, 2025, Defendants filed a motion to dismiss Xu's complaint. (Doc. 27). Despite this, Xu filed four motions seeking an entry of default judgment. (Doc. 52; Doc. 62; Doc. 68; Doc. 72). Judge Carlson issued the Reports on September 8, 2025, and September 17, 2025, recommending the Court deny Xu's motions for default judgment and dismiss the complaint with prejudice. (Doc. 75; Doc. 108).

Regarding Xu's motion for default judgment, Judge Carlson correctly noted that default judgment is only appropriate under Federal Rule of Civil Procedure 55(a) where a defendant fails to respond to a complaint and here, Defendants filed a motion to dismiss. (Doc. 27; Doc. 75, at 3). Regarding Defendants' motion to dismiss, Judge Carlson also correctly noted that Xu's complaint is based on the false premise that courts may not issue *per curium* decisions or decide motions without first conducting hearings. (Doc. 108, at 9). As explained by Judge Carlson, such practices are accepted and commonplace in state and federal courts throughout the country. (Doc. 108, at 9). Further, the Court agrees with Judge Carlson's conclusions that Xu's requests for injunctive relief amount to impermissible invitations for the Court to review state court decisions under the *Rooker-Feldman* doctrine and Defendants, as state court officials, are immune from liability for damages. (Doc. 108, at 8-15, 17-25).

The Court finds Judge Carlson's analysis to be well-reasoned and supported by the applicable law. (Doc. 75; Doc. 108). Courts in this Circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections when they lack legal foundation and are "more commentary than recognizable substantive objection." *Coley*, 2006 WL 1670253, at *4 (overruling *pro se* objections that were vague and unintelligible and stating "[p]laintiff's filings are more in the nature of a fishing expedition where he would have the [c]ourt accept as factual allegations what are more accurately characterized as bald assertions or legal conclusions and assume the role of advocate in fashioning a legal theory for him."); *see Miller v. Cnty. of Lancaster*, No. 1:24-CV-00014, 2024 WL 4615199, at *2 (M.D. Pa. Sept. 30, 2024), *aff'd*, No. 24-2934, 2025 WL 2104973 (3d Cir. July 28, 2025) (stating "[m]ere disagreement with the report and recommendation is not a basis to decline to adopt the report and recommendation").

Here, Xu filed numerous objections to the Court's referral of this matter to Judge Carlson without her consent. *See e.g.* (Doc. 85; Doc. 121). Under 28 U.S.C. § 636(b), this Court has the discretion to refer matters to a magistrate judge who may then issue a report and recommendation even where the plaintiff does not consent to the referral. *See Miller v. Cnty. of Lancaster*, No. 1:24-CV-00014, 2024 WL 4615199, at *1 (M.D. Pa. Sept. 30, 2024), *aff'd*, No. 24-2934, 2025 WL 2104973 (3d Cir. July 28, 2025) (finding district court judges have the discretion to refer matters to magistrate judges without the plaintiff's consent). Xu also filed numerous objections and motions based on her mistaken belief that Judge Carlson is not a magistrate judge. *See e.g.* (Doc. 100; Doc. 104; Doc. 123). Judge Carlson has explained to Xu that he is a magistrate judge, but this has not stopped Xu from filing repeated frivolous motions based on her misunderstanding. (Doc. 108, at 1). Despite the numerosity of Xu's filings, Xu fails to respond the Reports' substantive arguments beyond making conclusory statements that the *Rooker-Feldman* Doctrine and judicial immunity do not apply due to Defendants' alleged misconduct. (Doc. 117). Xu's objections also rely on meritless arguments that Judge Carlson somehow acted improperly by citing to state court records or providing unreported Westlaw citations. (Doc. 85, at 2; Doc. 89, at 1; Doc. 99, at 1; Doc. 117, at 1). Xu's objections amount to mere commentary and general disagreement with the Reports and do not provide "a basis to decline to adopt the [Reports]." *Miller*, 2024 WL 4615199, at *2; *see Coley*, 2006 WL 1670253, at *4. Accordingly, the Court **OVERRULES** Xu's objections.

### III. XU'S REQUESTS FOR RECUSAL

**\*3** Xu filed several motions demanding the undersigned's recusal from this case. (Doc. 60; Doc. 123; Doc. 125). "A party seeking recusal need not demonstrate that the judge is actually biased, but rather that she would appear to be biased to 'a reasonable person, with knowledge of all the facts.' " *N'Jai v. Pittsburgh Bd. of Pub. Educ.*, 487 F. App'x 735, 738 (3d Cir. 2012) (quoting *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007), *as amended* (July 2, 2007)). To meet that burden, a party must present an affidavit "stating facts and reasons establishing that said judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party." *Lu v. Kerry*, No. CV 24-1169, 2025 WL 888490, at *6 (E.D. Pa. Mar. 21, 2025), *appeal dismissed sub nom. Lu v. Tucker L. Grp. LLC*, No. 25-1532, 2025 WL 2771452 (3d Cir. Apr. 8, 2025). A plaintiff's disagreement with a judge's prior rulings is not a basis for recusal. *See N'Jai*, 487 F. App'x at 738 (stating "an unfavorable ruling

is not a basis for recusal"). Putting aside Xu's failure to file an affidavit supporting recusal, Xu's arguments in favor of recusal appear to be based on Xu's objections to the undersigned's decisions in unrelated cases, referral of this case to magistrate judges, and Xu's misconception that cases cannot be referred to magistrate judges through verbal orders. (Doc. 61; Doc. 124; Doc. 126). None of Xu's various requests for recusal present any facts which suggest the undersigned is biased and thus do not provide a basis for recusal. *See N'Jai, 487 F. App'x at 738*; *see also Lu*, 2025 WL 888490, at \*6. Accordingly, the Court **DENIES** Xu's requests for recusal. (Doc. 60; Doc. 123; Doc. 125).

### IV. LEAVE TO AMEND

The Court finds no clear error in Judge Carlson's recommendation that leave to amend be denied. (Doc. 108, at 25). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Granting leave to amend would be futile here because Xu's claims are based on her misunderstandings of the law and have no legal basis. *See Stephens v. Manley Deas Kochalski, LLC*, No. CV 16-3845, 2016 WL 6804441, at \*3 (E.D. Pa. Nov. 16, 2016), *dismissed*, No. 16-4346, 2017 WL 11776722 (3d Cir. Apr. 6, 2017) (stating "[b]ecause none of plaintiff's four counts has a legal basis, amendment would be futile and I will dismiss her complaint without leave to amend"). Leave to amend would also be futile because Xu's requests for injunctive relief are barred by the *Rooker-Feldman* Doctrine and Defendants are immune from Xu's claims for damages. *See Owens v. U.S. Bank Tr. Nat'l Ass'n as Tr. for RCF 2 Acquisition Tr.*, No. CV 24-6372, 2025 WL 996419, at \*7 (E.D. Pa. Mar. 31, 2025) (finding amendment futile where claims are barred by *the Rooker-Feldman* doctrine); *see also Finnegan v. Mikielski*, No. 1:23-CV-326, 2024 WL 3013738, at \*3 (W.D. Pa. June 14, 2024) (stating "leave to amend the claims against [defendant] is futile due to the application of absolute judicial immunity"). Accordingly, the complaint (Doc. 1) is **DISMISSED with prejudice**.[1]

### V. CONCLUSION

The Court agrees with the Reports' sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the Reports (Doc. 75; Doc. 108) are **ADOPTED IN THEIR ENTIRETY** as opinions of the Court. This action is **DISMISSED with prejudice**. As Xu is denied leave to amend, the Clerk of Court is directed to **CLOSE** this case.

**All Citations**

Slip Copy, 2025 WL 2811332

---

### Footnotes

| | |
|---|---|
| 1 | Because the Court dismisses this action with prejudice, Xu's pending motions are **DENIED as moot**. (Doc. 4; Doc. 44; Doc. 52; Doc. 60; Doc. 62; Doc. 68; Doc. 72; Doc. 78; Doc. 82; Doc. 84; Doc. 88; Doc. 96; Doc. 98; Doc. 100; Doc. 102; Doc. 104; Doc. 106; Doc. 109; Doc. 111; Doc. 113; Doc. 119; Doc. 121; Doc. 123; Doc. 125). |

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.