FILED
HARRISBURG, PA

SEP 03 2026

PER ____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MARYANN BUTLER,**
Plaintiff,

Civil Action No.
**1:25-cv-00690-KMN-MCC**

(Judge Keli M. Neary)
(Magistrate Judge Martin C. Carlson)

v.

**BROKER SOLUTIONS, INC.**
**d/b/a NEW AMERICAN FUNDING,**
Defendant.

## PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE

Plaintiff Maryann Butler, proceeding pro se, respectfully moves for an order directing the parties to conduct the conference required by Federal Rule of Civil Procedure 26(f) within seven (7) days. The parties have reached a concrete impasse over whether Rule 26(f) planning should occur while ECF 130 and ECF 134 remain pending. Plaintiff asks the Court to resolve that timing dispute now.

This Motion does not seek immediate document production, adjudication of any Rule 34 objection, sanctions, or reconsideration of any prior order. It does not ask the Court to treat ECF 134 as adopted. It asks only whether the parties should perform the planning conference contemplated by Rule 26(f), at which discovery may be phased, limited, delayed, or otherwise sequenced.

### I. PRESENT DISPUTE

1. On April 6, 2026, Plaintiff delivered an early Rule 34 request under Federal Rules of Civil Procedure 26(d)(2) and 34. Defendant acknowledged receipt and stated that, because no Rule 26(f) conference had yet occurred, it would wait until that conference so the parties could establish a discovery schedule. See Ex. C.

2. On August 17, 2026, Plaintiff requested Rule 26(f) case-management planning. The request proposed a telephonic or video conference, expressly disclaimed any demand for immediate production, and preserved both parties' positions concerning the pending dispositive matters. See Ex. A.

3. On August 19, 2026, Defendant declined. Defendant stated that it believed a Rule 26(f) conference should await the District Court's decision concerning ECF 134 and concluded, "We therefore do not consent." See Ex. B.

4. On August 20, 2026, Plaintiff filed ECF 140, a Request for Limited Case-Management Direction Regarding Rule 26(f) Timing. That request remains pending and did not resolve the parties' impasse.

5. On September 2, 2026, pre-motion contact was made with court staff regarding ECF 140 and the unresolved Rule 26(f) issue. Court staff advised that ECF 140 remained pending and identified no additional filing required concerning ECF 140. The contact did not resolve the parties' Rule 26(f) impasse.

6. On September 2, 2026, Plaintiff requested Defendant's concurrence in this Motion. Defendant expressly declined, stating that until the District Court rules on the Report and Recommendation, Defendant does not see the "prudence" in asking the Court to take the proposed action. See Ex. D.

7. Defendant's refusal is offered only to establish that the Rule 26(f) timing dispute is concrete and unresolved. Plaintiff does not offer the refusal as evidence of misconduct, concealment, spoliation, liability, or settlement value.

**II. CERTIFICATION OF NONCONCURRENCE AND GOOD-FAITH CONFERENCE**

Plaintiff certifies that she sought concurrence and attempted in good faith to resolve the timing issue without Court intervention. Plaintiff requested Rule 26(f) planning on August 17, 2026; Defendant declined on August 19; Plaintiff sought limited case-management direction at ECF 140; pre-motion contact was made with court staff on September 2; and Plaintiff renewed the concurrence request on September 2. Defendant expressly declined concurrence that same day. See Exs. A, B, and D. The unresolved issue is narrow: Plaintiff requests Rule 26(f) planning now; Defendant maintains that the conference should await disposition of ECF 134.

**III. RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. order the parties to conduct the Rule 26(f) conference within seven (7) days of the Court's Order; and

B. leave all questions concerning immediate production, objections to Plaintiff's April 2026 Rule 34 requests, proportionality, privilege, sequencing, and the disposition of ECF 130 and ECF 134 open for the Rule 26(f) process or later Court determination.

If Defendant files an opposition addressing Rule 26(f) timing under M.D. Pa. L.R. 7.06, Plaintiff respectfully requests that the Court decide the timing issue on that motion record rather than require a duplicative opposition round. Plaintiff further respectfully requests that Rule 26(f) timing not remain unresolved solely because ECF 130 or ECF 134 remains pending, because that would preserve the sequencing condition this Motion presents for decision.

Plaintiff respectfully requests a present determination of the parties' Rule 26(f) obligations under the posture now before the Court. Deferring the conference solely until disposition of ECF 130 or ECF 134 would resolve the disputed sequencing question in Defendant's favor rather than determine whether Rule 26(f) planning is presently required. Plaintiff therefore respectfully requests that the Court decide whether the conference should occur now while preserving all questions concerning production and merits discovery.

Respectfully Submitted
Maryann Butler, Pro-se
Date: Sept 03, 2026
Maryann Butler

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MARYANN BUTLER,**
Plaintiff,

Civil Action No.
**1:25-cv-00690-KMN-MCC**

(Judge Keli M. Neary)
(Magistrate Judge Martin C. Carlson)

v.

**BROKER SOLUTIONS, INC.**
**d/b/a NEW AMERICAN FUNDING,**
Defendant.

## CERTIFICATE OF NONCONCURRENCE

I, Maryann Butler, Plaintiff pro se, certify that on September 2, 2026, I requested Defendant's concurrence in Plaintiff's Motion to Compel Rule 26(f) Conference. Defendant, through counsel John Q. Howard, Esq., expressly declined concurrence that same day. See Ex. D. Plaintiff had previously requested Rule 26(f) planning on August 17, 2026, and Defendant declined on August 19, 2026. See Exs. A and B. The timing issue remains unresolved.

Respectfully Submitted

Maryann Butler, Plaintiff Pro se
1823 State st
Harrisburg PA 17103
Mfmallah87@ICloud.com
717 857-4666
Date: Sept 03, 2026
(s) Maryann Butler