FILED
HARRISBURG, PA
SEP 03 2026
PER ___ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MARYANN BUTLER,**
Plaintiff,

Civil Action No.
**1:25-cv-00690-KMN-MCC**

(Judge Keli M. Neary)
(Magistrate Judge Martin C. Carlson)

v.

**BROKER SOLUTIONS, INC.**
**d/b/a NEW AMERICAN FUNDING,**
Defendant.

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

## I. PROCEDURAL HISTORY

Defendant's motion to dismiss at ECF 130 remains pending before the District Court following the June 12, 2026 Report and Recommendation at ECF 134. ECF 134 recommends denial of ECF 130. The objection deadline expired on June 26, 2026, and no objection by Defendant appears on the docket. Plaintiff does not contend that the absence of objections makes adoption automatic or limits the District Court's authority to accept, reject, or modify the Report and Recommendation.

On April 6, 2026, Plaintiff delivered an early Rule 34 request under Rules 26(d)(2) and 34. Defendant acknowledged receipt and stated that it would wait until the Rule 26(f) conference so the parties could confer in good faith to establish a discovery schedule. Ex. C. The April requests are relevant here only because Rule 26(d)(2)(B) ties the service status of qualifying early Rule 34 requests to the first Rule 26(f) conference. Plaintiff does not seek a production order through this Motion.

On August 17, 2026, Plaintiff requested the Rule 26(f) conference itself. She proposed prospective planning only and expressly stated that the request was not a demand for immediate production, was not service of new discovery, and did not assume adoption of ECF 134. Ex. A. On August 19, Defendant declined because ECF 134 remained pending. Ex. B.

Plaintiff filed ECF 140 on August 20, 2026, seeking limited case-management direction concerning Rule 26(f) timing. That informal route did not resolve the impasse. On September 2, Plaintiff made pre-motion contact with court staff and renewed her request for Defendant's concurrence in this Motion. Defendant expressly declined, stating that until the Court rules on the Report and Recommendation it did not see the "prudence" in the proposed action. Ex. D.

## II. STATEMENT OF FACTS

No Rule 26(f) conference has occurred. Plaintiff requested the conference. Defendant declined because ECF 134 remains pending. Defendant's written responses identify no existing order staying Rule 26(f) planning. Exs. B and D.

Plaintiff's proposed agenda tracks Rule 26(f) subjects: claims and defenses, initial disclosures, ESI systems, preservation, discovery scope and sequencing, production format, proposed case-management dates, and efficiency measures including phased discovery. Ex. A. It does not demand immediate production.

Rule 26(d)(2)(B) provides that a qualifying early Rule 34 request delivered under Rule 26(d)(2)(A) is considered served at the first Rule 26(f) conference. Plaintiff does not ask the Court to decide whether any April request is objectionable or what must ultimately be produced. The point is narrower: the Federal Rules themselves assign procedural consequences to when the Rule 26(f) conference occurs.

## III. QUESTION PRESENTED

Whether, where Rule 26(f)(1) directs the parties to confer as soon as practicable unless an exemption applies or the Court orders otherwise, no contrary order has been identified, Plaintiff seeks planning rather than immediate production, and Defendant has declined to confer solely because it believes waiting for disposition of ECF 134 is more prudent, the Court should direct the parties to conduct the Rule 26(f) conference within seven days.

## IV. ARGUMENT

### A. Rule 26(f) supplies the governing default and the mechanism for changing it.

Federal Rule of Civil Procedure 26(f)(1) provides that, except in proceedings exempted from initial disclosure or "when the court orders otherwise," the parties "must confer as soon as practicable." Fed. R. Civ. P. 26(f)(1). Rule 26(f)(2) makes attorneys of record and unrepresented parties jointly responsible for arranging the conference, attempting in good faith to agree on a proposed discovery plan, and submitting the written report contemplated by the Rule. Fed. R. Civ. P. 26(f)(2).

The Rule therefore preserves the Court's authority to order a different sequence. But Defendant's September 2 statement that it does not see the "prudence" in proceeding before disposition of ECF 134 is a request for a different sequence, not an existing order changing Rule 26(f)'s default. Ex. D. If Defendant seeks a different sequence, its opposition to this Motion provides the ordinary vehicle for stating the legal and case-management basis for that request.

### B. The requested conference is consistent with the R&R conclusion that the disputed issues require development beyond the pleadings.

ECF 134 concluded that the issues raised by Defendant "cannot be resolved on the pleadings alone" and recommended denial of ECF 130 "without prejudice to further litigation on a more fulsome record." ECF 134 at 2-3. Plaintiff does not invoke those statements as though the Report and Recommendation has already been adopted, and she does not ask the Court to compel immediate merits discovery.

The language is relevant for a narrower case-management point. If the action proceeds, the Court has already identified that resolution of Defendant's arguments requires development beyond the pleadings. Rule 26(f) is the planning mechanism through which the parties can organize any such development, including whether discovery should be phased, limited, delayed, or otherwise sequenced. Conducting that conference therefore does not prejudge ECF 134; it preserves the District Court's authority while preparing the case for the factual-development question identified in the R&R.

Defendant's present position would use the pendency of ECF 134 - the same recommendation identifying the need for a more fulsome record - as the reason to postpone even the planning process for developing that record if the case proceeds. Plaintiff respectfully submits that no merits ruling is necessary to resolve that sequencing issue. The Court may direct Rule 26(f) planning now while leaving every question of production, scope, timing, and the ultimate disposition of ECF 130 and ECF 134 fully open.

This Court's own case-management practice confirms that the existence of a pending Rule 12 motion does not categorically require case-management planning to stop. In *Birl v. Ski Shawnee, Inc.*, No. 3:22-cv-01598-MCC (M.D. Pa.), the defendant filed a Rule 12(b)(6) motion on November 21, 2022. *Id.*, Doc. 19. The next day, while that motion remained pending, the Court entered a Case Management Order establishing discovery and dispositive-motion deadlines. *Id.*, Doc. 23 (Nov. 22, 2022). The Rule 12 motion was not resolved until December 8, 2022, when an amended complaint rendered it moot. *Id.*, Doc. 27. Plaintiff cites *Birl* only for the limited proposition that a pending Rule 12 motion does not, by itself, make case-management planning procedurally unavailable.

Likewise, in *Benjamin v. KMB Plumbing & Electrical, Inc.*, No. 3:20-cv-00034-MCC (M.D. Pa. July 13, 2020), this Court denied a threshold dismissal/arbitration motion without prejudice because the dispute required a more fulsome factual record, ordered discrete and focused discovery, directed the parties to consult and confer, and required a Joint Case Management Plan within fourteen days. *Id.*, Doc. 14 at 11-12. *Benjamin* is not procedurally identical to this case, but it illustrates the Court's use of focused factual development and case-management planning when a threshold issue could not be resolved on the existing record.

**C. Rule 26(f) itself provides the place to address efficiency, sequencing, and phased discovery.**

Rule 26(f) does not require the parties to agree that all discovery should proceed immediately. The discovery plan must address the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues. Fed. R. Civ. P. 26(f)(3)(B). It also addresses preservation and ESI, privilege, discovery limitations, and other orders that may be appropriate under Rules 16 and 26(c). Fed. R. Civ. P. 26(f)(3)(C)-(F).

Accordingly, concerns about efficiency, burden, or the effect of a pending dispositive matter can be raised inside the Rule 26(f) process without requiring immediate production. Defendant may propose delayed, phased, or focused discovery. Plaintiff may disagree. The Rule requires the parties to identify those positions and attempt a plan; it does not require either party to surrender them.

**D. Defendant's April and August positions create a concrete sequencing loop that a Rule 26(f) ruling resolves.**

In April, Defendant stated that it would wait for the Rule 26(f) conference so the parties could establish a discovery schedule. Ex. C. In August, when Plaintiff requested that conference, Defendant stated that it should wait for disposition of ECF 134. Ex. B. On September 2, Defendant maintained the same position and described waiting as the prudent course. Ex. D.

Those positions are not offered as evidence of bad faith. They establish a concrete sequencing disagreement: discovery scheduling is tied to Rule 26(f), while Defendant's Rule 26(f) position is tied to a later ruling for which no date is presently fixed. A definite ruling on Rule 26(f) timing resolves that loop. Leaving the timing issue unresolved solely until ECF 134 is decided preserves it.

**E. The April Rule 34 requests remain separate from the relief sought here.**

Rule 26(d)(2)(A) permits qualifying early Rule 34 requests to be delivered before the Rule 26(f) conference, and Rule 26(d)(2)(B) provides that such a request is considered served at the first Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2). The April requests were delivered and acknowledged. Ex. C. Plaintiff does not contend in this Motion that their Rule 34 response period is already running, and she does not seek an order compelling production.

Ordering the Rule 26(f) conference therefore would not decide the ultimate enforceability, scope, proportionality, privilege, or objections to the April requests. Defendant would retain all protections available under the Federal Rules. The conference opens the planning gateway; it does not predetermine production.

**F. The present Motion already creates the ordinary adversarial briefing mechanism.**

M.D. Pa. L.R. 7.06 gives Defendant fourteen days after service of Plaintiff's supporting brief to file an opposition. If Defendant files an opposition addressing Rule 26(f) timing, the Court will have adversarial briefing through the ordinary motion cycle. Plaintiff therefore does not request a second opposition round on the same question. M.D. Pa. L.R. 7.07 permits a reply to matters raised in opposition and provides that no further briefs may be filed without leave of Court.

This formal motion also serves a different function from ECF 140. ECF 140 sought limited case-management direction. This Motion seeks an order after concurrence was requested and denied. It therefore places the discrete Rule 26(f) timing dispute before the Court for adjudication.

**G. The requested disposition preserves the Court's authority while requiring the sequencing question to be decided directly.**

Plaintiff does not contend that Rule 26(f) strips the Court of authority to order a different sequence. The Rule expressly preserves that authority. The requested relief instead asks the Court to exercise that authority on the concrete dispute presented: either direct the parties to confer, or, if Defendant opposes, decide from the ordinary motion record whether a different sequence is warranted.

That approach does not prejudge ECF 130 or ECF 134, does not compel production, and does not convert Defendant's refusal to concur into evidence of wrongdoing. It simply prevents Rule 26(f) timing from remaining unresolved by default.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order the parties to conduct the Rule 26(f) conference within seven (7) days. The conference should be limited to planning under Rule 26(f), with all questions concerning immediate production, objections, proportionality, privilege, sequencing, and the District Court's consideration of ECF 130 and ECF 134 preserved. If Defendant files an opposition addressing Rule 26(f) timing, Plaintiff respectfully requests decision on the ordinary motion record without a duplicative opposition round. Plaintiff further requests a present determination of whether Rule 26(f) planning should occur under the posture now before the Court, rather than leaving the conference contingent solely upon disposition of ECF 130 or ECF 134. This request does not limit the Court's authority to order a different sequence; it asks the Court to decide the sequencing issue that the parties presently dispute.

Respectfully Submitted


MARYANN Butler, Pro se
1823 STATE St
Harrisburg PA 17103
Date: Sept 03, 2026
(S) Maryann Butler
717 857-4666
Mpmallah87@Icloud.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MARYANN BUTLER,**
Plaintiff,

Civil Action No.
**1:25-cv-00690-KMN-MCC**

(Judge Keli M. Neary)
(Magistrate Judge Martin C. Carlson)

v.

**BROKER SOLUTIONS, INC.**
**d/b/a NEW AMERICAN FUNDING,**
Defendant.

## CERTIFICATE OF SERVICE

I certify that on September 3, 2026, I submitted the foregoing filing papers in paper form to the Clerk of Court. Counsel for Defendant are registered Filing Users; under M.D. Pa. L.R. 5.7, transmission of the Notice of Electronic Filing constitutes service upon each registered Filing User.

Respectfully Submitted

Maryann Butler, Plaintiff Pro-se
1823 State St
Harrisburg PA 17103
Mfmallah87@ICloud com
717 857 4666
Date: Sept 03, 2026
(s) Maryann Butler