**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARYANN BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>NEW AMERICAN FUNDING,LLC<br><br>Defendant. | Case No. 1:25-cv-00690 |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. PROCEDURAL AND FACTUAL BACKGROUND ..... 2

III. ARGUMENT ..... 3

A. Rule 26(f) Expressly Authorizes the Court to Order a Different Discovery Sequence. ..... 3

B. Holding the Rule 26(f) Conference in Abeyance Pending Resolution of ECF 134 Promotes Judicial Economy and Prevents Unnecessary Burden. ..... 4

C. Plaintiff's Motion Is Premature and Seeks Relief Not Warranted Under the Circumstances. ..... 6

D. Plaintiff Has Not Demonstrated Good Cause or Prejudice Requiring Immediate Conference. ..... 7

IV. CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Rules**

Fed. R. Civ. P. 16(b) ....................4, 7

Fed. R. Civ. P. 26 ....................5

Fed. R. Civ. P. 26(a)(1)(B) ....................4

Fed. R. Civ. P. 26(b)(1) ....................5

Fed. R. Civ. P. 26(d)(1) ....................4

Fed. R. Civ. P. 26(f) .................... *passim*

Fed. R. Civ. P. 26(f)(1) ....................4

Fed. R. Civ. P. 26(f)(3)(B) ....................6, 7

## I. INTRODUCTION

Defendant New American Funding, LLC ("NAF" or "Defendant") respectfully submits this Brief in Opposition to Plaintiff Maryann Butler's Motion to Compel Rule 26(f) Conference (ECF 141). For the reasons set forth below, Plaintiff's Motion should be denied, or alternatively, the Court should defer ruling until after disposition of the pending Report and Recommendation (ECF 134) concerning Defendant's Motion to Dismiss (ECF 130).

The procedural posture of this case does not support compelling a Rule 26(f) conference at this time. Defendant's Motion to Dismiss remains pending before the District Court, and the Magistrate Judge's Report and Recommendation (ECF 134) recommending denial is currently under consideration. Under these circumstances, forcing the parties to engage in discovery planning before the Court rules on threshold dispositive issues would be premature, inefficient, and potentially wasteful of the parties' and the Court's resources.

Importantly, Federal Rule of Civil Procedure 26(f)(1) expressly authorizes the Court to "order[] otherwise" with respect to the timing of the parties' conference. Defendant does not seek to permanently avoid the Rule 26(f) conference. Rather, Defendant respectfully requests that the Court exercise its discretion to defer the conference until after the District Court rules on ECF 134 and the underlying Motion

to Dismiss. This approach is consistent with sound case management principles and will avoid unnecessary discovery planning in the event the case is dismissed.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Maryann Butler, proceeding *pro se*, filed this action against NAF on April 21, 2025. ECF 1. Over the course of this litigation, Plaintiff has filed multiple iterations of her complaint and the case has had a complex procedural history, including stays, appeals, and numerous motions.

On February 19, 2026, the Court granted Plaintiff leave to file a Third Amended Complaint (ECF 128), which was subsequently lodged as ECF 129. In that same Order, the Court granted Defendant permission to assert "any defenses or dispositive motions" with respect to the Third Amended Complaint. Defendant thereafter filed its Motion to Dismiss (ECF 130) challenging the sufficiency of Plaintiff's pleadings.

On June 12, 2026, Magistrate Judge Martin C. Carlson issued a Report and Recommendation (ECF 134) concerning Defendant's Motion to Dismiss. The Report and Recommendation recommends denial of Defendant's Motion to Dismiss. The District Court has the matter under advisement and has not yet issued its ruling. Depending on the outcome of the District Court's review, the scope of any remaining claims, and the appropriate scope of any discovery, could be substantially altered or the case could be dismissed in its entirety.

On September 2, 2026, Plaintiff sent correspondence to Defendant's counsel seeking Defendant's concurrence in a motion to compel a Rule 26(f) conference. Defendant responded the same day, declining to consent to the proposed motion. Defendant's counsel explained that because "the Court has already indicated that it is considering the report and recommendation of the magistrate judge[,] [u]ntil the Court has issued its ruling on the report, we do not see the prudence in asking the Court to take [Plaintiff's] proposed action." ECF 141-6, Ex. D. Plaintiff thereafter filed the instant Motion to Compel (ECF 141) on September 3, 2026.

Defendant does not dispute that discovery will eventually occur if this case proceeds beyond the dispositive motion stage. However, Defendant submits that the prudent and judicially efficient course is to await the District Court's ruling on the Report and Recommendation before engaging in discovery planning. If the Court grants Defendant's Motion to Dismiss, the Rule 26(f) conference would become unnecessary. If the Court denies the Motion in whole or in part, the parties can promptly confer on discovery at that time.

## III. ARGUMENT

### A. <u>Rule 26(f) Expressly Authorizes the Court to Order a Different Discovery Sequence.</u>

Plaintiff's Motion fundamentally misapprehends the nature of Rule 26(f). The Rule does not mandate that a conference occur at a specific time regardless of circumstances. Rather, it expressly contemplates that the Court may order otherwise.

Federal Rule of Civil Procedure 26(f)(1) provides, in pertinent part, that "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or *when the court orders otherwise*, the parties must confer as soon as practicable - and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added).

Similarly, Rule 26(d)(1) confirms that discovery may not proceed until after the parties' conference, but again provides for judicial discretion: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added).

These provisions reflect the drafters' recognition that rigid adherence to discovery timelines may not always serve the interests of justice, and that courts must retain the flexibility to manage their dockets efficiently. Here, where a dispositive motion is pending and the outcome could eliminate the need for any discovery at all, the Court should exercise its discretion to defer the Rule 26(f) conference until the threshold dispositive issues are resolved.

**B. Holding the Rule 26(f) Conference in Abeyance Pending Resolution of ECF 134 Promotes Judicial Economy and Prevents Unnecessary Burden.**

Defendant does not seek to permanently avoid the Rule 26(f) conference or to impede discovery indefinitely. Rather, Defendant simply requests that the Court

defer the conference until after the District Court rules on the pending Report and Recommendation (ECF 134). This approach promotes judicial economy and prevents unnecessary burden on the parties for several reasons.

First, if the District Court adopts the Magistrate Judge's recommendation and denies Defendant's Motion to Dismiss, the parties can promptly confer and develop a discovery plan tailored to the claims that survive. Conversely, if the Court grants the Motion to Dismiss, whether in whole or in part, the scope of discovery (if any) will be substantially different from what it would be if all claims remained. Conducting a discovery conference now, without knowing the contours of the case going forward, would require the parties to engage in speculative planning that may ultimately prove unnecessary.

Second, Rule 26 itself emphasizes proportionality and the avoidance of unnecessary burden and expense. The rule requires courts to consider, among other things, "the importance of the issues at stake," "the parties' resources," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Forcing the parties to engage in discovery planning before threshold legal issues are resolved runs counter to these principles. Defendant's resources should not be expended on discovery planning that may become moot if the case is dismissed.

Third, the Advisory Committee Notes recognize that courts must retain flexibility in managing discovery. As the 1983 Committee Note observed, "[t]he rule contemplates greater judicial involvement in the discovery process and thus acknowledges the reality that it cannot always operate on a self-regulating basis." Courts routinely defer discovery pending resolution of dispositive motions when, as here, doing so would prevent wasted effort and expense.

### C. Plaintiff's Motion Is Premature and Seeks Relief Not Warranted Under the Circumstances.

Plaintiff's Motion is premature because it seeks to compel a conference while a dispositive motion that could eliminate all of Plaintiff's claims remains pending. Plaintiff acknowledges in her Motion and supporting brief that the District Court is currently considering the Magistrate Judge's Report and Recommendation. *See* ECF 141; ECF 142. Yet Plaintiff nevertheless demands that the parties be ordered to confer on discovery immediately.

The Rule 26(f) conference is intended to facilitate meaningful discovery planning, not to serve as an end in itself. As Rule 26(f)(3)(B) provides, the parties' discovery plan should address "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B). Conducting such planning while a potentially dispositive motion is pending would be an exercise in speculation.

The Court's scheduling authority under Rule 16(b) similarly contemplates that scheduling orders should be tailored to the needs of the particular case. A scheduling order issued before the Court rules on the pending Motion to Dismiss would necessarily be based on incomplete information about the scope of the litigation. A more prudent course would be to await the Court's ruling and then issue a scheduling order that reflects the actual posture of the case.

Plaintiff has failed to demonstrate any good cause or prejudice that would warrant compelling an immediate Rule 26(f) conference. Plaintiff's Motion does not identify any documents that are in danger of being lost or destroyed, any witnesses who are unavailable, or any other exigent circumstances that would require immediate discovery planning. To the contrary, Plaintiff acknowledges that she seeks only "planning" and not "immediate production." *See* ECF 142 at 1.

**D. Plaintiff Has Not Demonstrated Good Cause or Prejudice Requiring Immediate Conference.**

Moreover, Defendant has not refused to engage in discovery altogether. Defendant has simply requested that the Court defer the Rule 26(f) conference until after the threshold dispositive issues are resolved. This is a reasonable position that serves the interests of judicial economy and prevents unnecessary burden on both parties. If and when the case proceeds past the dispositive motion stage, Defendant is prepared to engage in good-faith discovery planning promptly.

## IV. CONCLUSION

For the foregoing reasons, Defendant New American Funding, LLC respectfully requests that this Court deny Plaintiff's Motion to Compel Rule 26(f) Conference (ECF 141), or alternatively, defer ruling on the Motion until after the District Court issues its ruling on the pending Report and Recommendation (ECF 134). If the Motion to Dismiss is granted, no Rule 26(f) conference will be necessary. If the Motion is denied in whole or in part, the parties can promptly confer at that time.

Defendant further requests that, should the Court grant Plaintiff's Motion in any respect, the Court consider whether any costs or fees expended on discovery planning before resolution of the pending dispositive motion should be borne by Plaintiff, should the Motion to Dismiss ultimately be granted.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**

Dated: September 17, 2026

*/s/ John Q. Howard*
RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendant*

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

I hereby certify that the foregoing Brief in Opposition to Plaintiff's Motion to Compel Rule 26(f) Conference complies with the word-count limit of no more than 5,000 words in length as provided by Local Rule 7.8. The number of words in the Brief, as calculated by the word-count feature of the Microsoft Word word-processing system used to prepare this Brief, exclusive of this Certificate is approximately 1,688.

**Respectfully submitted,**

**FOX ROTHSCHILD LLP**

Dated: September 17, 2026

*/s/ John Q. Howard*
RONALD L. WILLIAMS
JOHN Q. HOWARD
*Attorneys for Defendant*