**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARYANN BUTLER,** | : | **CIVIL ACTION NO. 1:25-CV-690** |
| | : | |
| **Plaintiff,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **NEW AMERICAN FUNDING,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM**

This matter comes before the court upon the Report and Recommendation ("R&R") (Doc. 134) of Magistrate Judge Martin C. Carlson, wherein Judge Carlson recommends that the court deny the defendant's pending motion to dismiss. (Doc. 130).

The court notes that no objections have been filed to date. See FED. R. CIV. P. 72(b)(2). Our court of appeals has made clear that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level." Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)). However, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the R&R, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 878), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes.

After reasoned consideration of Judge Carlson's R&R, the court finds it to be sound and adopts it in its entirety.

Plaintiff Maryann Butler is now on her third amended complaint in this matter. (Doc. 129). She asserts a single claim of violation of 15 U.S.C. § 1691, alleging that the lone remaining defendant, New American Funding ("NAF"), failed to provide her with written notice following an evaluation of credit-worthiness pursuant to Butler's attempt to refinance her mortgage. (Id. at 2-3). Butler alleges that she incurred actual damages, including a non-refundable appraisal fee as well as administrative and processing expenses. (Id. at 4).

NAF moved to dismiss, arguing the claim should be construed as arising under the Equal Credit Opportunity Act ("ECOA") and that Butler had failed to allege certain essential elements of a claim under that act. (Doc. 130 ¶¶ 3-7). In the alternative, NAF argues Butler failed to establish standing, in that she did not allege sufficient damages to state a claim. (Id. at ¶ 8).

The court, after reasoned consideration, finds Butler has plausibly alleged all four elements of a ECOA claim. NAF does not dispute that Butler is (1) a creditor, and (2) is a loan applicant, satisfying the first two elements of that claim. As to the third element: NAF argues Butler has not shown an "adverse action." (Doc. 130 ¶ 6). But denial of credit, which apparently occurred here through NAF's inaction on Butler's application, is defined by statute as an adverse action. 15 U.S.C. § 1691(d)(6) (defining a denial of credit as an adverse action). As to the fourth element: NAF alleges Butler failed to provide it with the required statutory notice of the adverse

action. (Doc. 130 ¶ 7). However, the complaint clearly states that "Defendant did not provide Plaintiff a written notice reflecting whether the application was approved, denied, or otherwise disposed of." (Doc. 129 ¶ 23). This allegation is sufficient to plead the presence of this essential element. Therefore, all four elements of the claim are sufficiently plead to survive the instant motion.

Finally, the court concurs with Judge Carlson that dismissal for lack of standing is premature at this time, when we must construe the facts in a light most favorable to the non-movant. NAF argued Butler's statement that the non-refundable deposit at issue here was "paid on Plaintiff's behalf" (Doc. 129 ¶ 27) fails to establish that Butler suffered damages. (Doc. 130 ¶¶ 8-11). The court agrees this language is ambiguous and could be read to state some other party besides Butler actually paid this fee and therefore actually incurred the relevant damages. But Butler's complaint *also* alleges damages of "related administrative and processing expenses incurred in connection with Defendant's handling of the application," and the court concludes this unambiguously states a claim to damages sufficient to allege an "injury-in-fact" and establish Article III standing for the purposes of this motion.

Having given reasoned consideration to the claims herein, the court finds that Judge Carlson's R&R should be ADOPTED without reservation, and the motion to dismiss be DENIED.

An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania