**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARYANN BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>NEW AMERICAN FUNDING, LLC,<br><br>Defendant. | : | Civil Action No. 1:25-cv-00690-KMN-MCC<br><br>(Judge Neary)<br><br>(Magistrate Judge Carlson) |

**ANSWER AND DEFENSES OF DEFENDANT NEW AMERICAN FUNDING, LLC TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant New American Funding, LLC ("NAF"), by its undersigned counsel, hereby answers the Third Amended Complaint (Doc. 129) (the "Third Amended Complaint") filed by *pro se* Plaintiff Maryann Butler ("Plaintiff") and asserts its defenses as follows:

## RESPONSES TO THE THIRD AMENDED COMPLAINT'S ALLEGATIONS

### I. Nature of the Action

1. Admitted in part and denied in part. NAF admits that Plaintiff purports to bring an action arising from a residential mortgage refinance application concerning her property. NAF denies the remaining allegations of this paragraph.

## II. Jurisdiction and Venue

2. Admitted in part and denied in part. NAF admits that Plaintiff purports to assert a claim arising under federal law within the meaning of 28 U.S.C. § 1331. NAF denies that Plaintiff has Article III standing and therefore denies that this Court has subject-matter jurisdiction over her claim.

3. Admitted.

## III. Parties

4. Admitted in part and denied in part. NAF admits that Plaintiff identified herself as a resident of Harrisburg, Pennsylvania in connection with her loan application. NAF lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Third Amended Complaint, including Plaintiff's current residence, and therefore denies them.

5. Admitted in part and denied in part. NAF admits that it is a mortgage lender that originates residential mortgage loans, including loans insured by the Federal Housing Administration ("FHA"). NAF denies the remaining allegations in paragraph 5 of the Third Amended Complaint to the extent they are inconsistent with the foregoing.

## IV. Factual Allegations

6. Admitted in part and denied in part. NAF admits that, in or about late January and February 2025, Plaintiff, communicating in substantial part through her son, Audury "Petie" Davis, sought an FHA cash-out refinance of the property located at 1823 State

Street, Harrisburg, Pennsylvania 17103. NAF lacks knowledge or information sufficient to form a belief about whether the property was Plaintiff's primary residence at all relevant times, and therefore denies that allegation. NAF denies the remaining allegations in paragraph 6 of the Third Amended Complaint.

7. Admitted.

8. Admitted in part and denied in part. NAF admits that, on or about January 31, 2025, it issued initial loan disclosures to Plaintiff and that NAF arranged, through a third-party appraisal management company, for an FHA appraisal of the subject property. NAF denies Plaintiff's characterization of the disclosures, which are documents that speak for themselves, and denies the remaining allegations in paragraph 8 of the Third Amended Complaint.

9. Admitted in part and denied in part. NAF admits that an appraisal inspection of the subject property was completed and that an appraisal report was generated by a third-party appraiser engaged through an appraisal management company. NAF avers that the appraisal was completed "subject to" the repair of all chipped paint at the property and that a copy of the appraisal report was emailed to the email address on file for Plaintiff on or about February 18, 2025. NAF denies any characterization of the appraisal beyond the facts expressly admitted herein and denies all other allegations of this paragraph.

10. Admitted in part and denied in part. NAF admits that Plaintiff was advised that she would be required to pay the appraisal management company directly for the appraiser's services and that, once the appraisal service was provided by the third-party appraiser, the fee would be non-refundable. NAF lacks knowledge or information sufficient to form a belief about the source of the funds used to pay the fee, and therefore denies the allegation that the fee was "paid on Plaintiff's behalf." NAF denies the remaining allegations in paragraph 10 of the Third Amended Complaint.

11. Admitted in part and denied in part. NAF admits that, after the appraisal was completed, it continued to request employment and income documentation from Plaintiff. NAF denies the remaining allegations in paragraph 11 of the Third Amended Complaint.

12. Admitted.

13. Admitted.

14. Denied as stated. NAF avers that, by Notice of Incomplete Application dated January 31, 2025 (Exhibit C), NAF notified Plaintiff in writing that her application was incomplete, identified the information needed to complete it, and designated April 29, 2025 as the date by which that information was required, as contemplated by 12 C.F.R. § 1002.9(c)(2). NAF further avers that it thereafter identified the specific outstanding employment and income information in writing on March 17 and March 20, 2025 (Exhibits

A and B). NAF denies the remaining allegations in paragraph 14 of the Third Amended Complaint.

15. Denied. NAF further avers that the January 31, 2025 Notice of Incomplete Application (Exhibit C) directed Plaintiff to "submit the documents listed below as soon as possible, but no later than 04/29/2025," and advised that "[i]f we do not hear from you and do not receive the documents listed below at the end of the noted period, we will close your loan application for incompleteness."

16. Admitted.

17. Admitted in part and denied in part. NAF admits that the appraisal report remained in its loan file and that an FHA case number had been assigned to the application. NAF denies the remaining allegations in paragraph 17 of the Third Amended Complaint.

18. Admitted. NAF further avers that the loan did not close because Plaintiff did not provide the information necessary to complete the application and satisfy FHA and underwriting requirements, and because Plaintiff thereafter communicated to NAF that she was not ready to move forward with the loan application.

19. Denied. NAF avers that the Notice of Incomplete Application dated January 31, 2025 (Exhibit C) remained in effect following completion of the appraisal and that, after the appraisal report was delivered on or about February 18, 2025, NAF advised Plaintiff, by email dated March 17, 2025 (Exhibit A), that her most recent 30 days of paystubs were

required, and, by email dated March 20, 2025 (Exhibit B), that her application could not proceed without additional employment and income documentation needed to satisfy the FHA 24-month employment requirement and that NAF wished to continue moving forward with the application.

20. Denied. NAF avers that its written communications, including the Notice of Incomplete Application (Exhibit C) and the emails dated March 17 and March 20, 2025 (Exhibits A and B), informed Plaintiff that her application was incomplete and could not proceed until the requested information was provided. NAF denies that any further written notice was required.

**V. Count I – Failure to Provide Written Notice Following Evaluation (15 U.S.C. § 1691; 12 C.F.R. § 1002.9)**

21. NAF incorporates by reference its responses to paragraphs 1 through 20 of the Third Amended Complaint as if fully set forth herein.

22. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NAF specifically denies the allegations of this paragraph.

23. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NAF specifically denies the allegations of this paragraph.

24. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NAF specifically denies the allegations of this paragraph.

25. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NAF specifically denies the allegations of this paragraph.

26. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NAF specifically denies the allegations of this paragraph.

**VI. Damages**

27. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NAF specifically denies the allegations of this paragraph.

28. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, NF specifically denies the allegations of this paragraph.

**VII. Jury Demand**

29. NAF admits that Plaintiff purports to demand a trial by jury on all issues so triable. NAF denies that Plaintiff is entitled to any relief.

**VIII. Prayer for Relief**

NAF denies that Plaintiff is entitled to the relief requested in Paragraphs A through C of the Prayer for Relief or to any other relief.

## AFFIRMATIVE DEFENSES

NAF asserts the following affirmative defenses and additional defenses in response to Plaintiff's Third Amended Complaint, without assuming any burden of proof, persuasion, or production that it would not otherwise bear under applicable law.

### First Affirmative Defense

Plaintiff lacks Article III standing because she has not suffered a concrete and particularized injury fairly traceable to any alleged failure by NAF to provide written notice.

### Second Affirmative Defense

The Third Amended Complaint fails to state a claim upon which relief can be granted because it does not allege facts showing that Plaintiff submitted a completed application, that NAF took adverse action on Plaintiff's application, or that any notice obligation under 15 U.S.C. § 1691(d) or 12 C.F.R. § 1002.9 was triggered and not met within the time required.

**Third Affirmative Defense**

Plaintiff's claim is barred because NAF did not take "adverse action," as defined in 15 U.S.C. § 1691(d)(6) and 12 C.F.R. § 1002.2(c), and Plaintiff never submitted a completed application that would trigger the notice period under 12 C.F.R. § 1002.9(a)(1)(i).

**Fourth Affirmative Defense**

Plaintiff's claim is barred because NAF complied with 12 C.F.R. § 1002.9(c) by issuing a written Notice of Incomplete Application dated January 31, 2025 (Exhibit C) that designated a response date of April 29, 2025, and by thereafter identifying outstanding income documentation in writing on March 17, 2025 (Exhibit A) and outstanding prior-employment and income documentation in writing on March 20, 2025 (Exhibit B), and Plaintiff failed to provide the requested information by the designated date or at any time thereafter, following which NAF had no further notice obligation under 12 C.F.R. § 1002.9(c)(2).

**Fifth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, as premature because Plaintiff commenced this action on April 21, 2025, before the April 29, 2025 response date in NAF's Notice of Incomplete Application had passed and before any notice obligation had matured.

**Sixth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, because Plaintiff abandoned her application, including by failing to provide the requested information by the April 29, 2025 response date designated in the Notice of Incomplete Application (Exhibit C) and by communicating to NAF on or about May 20, 2025 that she was not ready to move forward with it, or, in the alternative, because Plaintiff withdrew her application.

**Seventh Affirmative Defense**

Plaintiff's claim is barred by 15 U.S.C. § 1691e(e) because NAF acted in good faith and in conformity with Regulation B, including the incomplete-application procedures of 12 C.F.R. § 1002.9(c).

**Eighth Affirmative Defense**

In the alternative, any failure to provide a required notice was an inadvertent error within the meaning of 12 C.F.R. §§ 1002.2(s) and 1002.16(c) that occurred notwithstanding NAF's maintenance of procedures reasonably adapted to avoid such errors.

**Ninth Affirmative Defense**

Every request NAF made of Plaintiff, and every reason the loan did not proceed, was based on legitimate, non-discriminatory creditworthiness standards and FHA program requirements.

**Tenth Affirmative Defense**

Plaintiff has not sustained actual damages recoverable under 15 U.S.C. § 1691e(a), and any damages she claims, including the disclosed, non-refundable third-party appraisal fee, were not caused by any alleged failure to provide notice.

**Eleventh Affirmative Defense**

Any recovery by Plaintiff is barred or must be reduced to the extent she failed to mitigate her alleged damages, including, but not exclusively, by failing to provide outstanding documentation or information and failing to pursue alternative financing.

**Twelfth Affirmative Defense**

Any harm Plaintiff claims resulted from her own acts or omissions, or those of her authorized representative, Audury "Petie" Davis, and not from any act or omission of NAF, including the failure to supply requested documentation, the use of email addresses other than the address on file, and the failure to respond to NAF's written requests.

**Thirteenth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by estoppel because NAF issued to Plaintiff its initial disclosures, including the Notice of Incomplete Application, and Plaintiff was advised in advance that the appraisal fee was payable to a third party and non-refundable.

**Fourteenth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by waiver, to the extent Plaintiff, by her words and conduct, including her May 20, 2025 communication that she was not ready

to move forward and her failure to provide information NAF requested, knowingly relinquished any right to a further credit decision or further notice on the application.

**Fifteenth Affirmative Defense**

Plaintiff may not recover on any abandoned or unpleaded theory, including the claims she previously asserted under the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Credit Reporting Act, and HUD Mortgagee Letter 2009-40.

**Sixteenth Affirmative Defense**

Plaintiff may not recover punitive damages, which she has not requested and which in any event are subject to the factors and $10,000 individual-action limit of 15 U.S.C. § 1691e(b), nor attorneys' fees under 15 U.S.C. § 1691e(d) as a *pro se* litigant.

**Seventeenth Affirmative Defense**

Plaintiff's claimed damages are barred, in whole or in part, by the doctrine of assumption of risk as to any claim for recovery of the appraisal fee because Plaintiff was advised before the appraisal that she would pay the third-party appraisal management company directly and that the fee would be non-refundable once the appraisal service was provided, and she knowingly proceeded on those terms.

**Reservation of Rights**

NAF reserves the right to seek leave to amend this Answer to assert additional defenses, counterclaims, or other matters as may become known through discovery or further investigation, consistent with Federal Rule of Civil Procedure 15.

## NEW AMERICAN FUNDING, LLC'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant New American Funding, LLC respectfully requests that the Court:

A. Dismiss the Third Amended Complaint with prejudice and enter judgment in NAF's favor and against Plaintiff on all claims;

B. Award NAF its costs of suit as permitted by Federal Rule of Civil Procedure 54(d) and applicable law; and

C. Grant NAF such other and further relief as the Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,
FOX ROTHSCHILD LLP

*/s/ John Q. Howard*

Ronald L. Williams
John Q. Howard
Two Commerce Square
Suite 1700
(215)-299-2000
jqhoward@foxrothschild.com

*Attorneys for Defendant New American Funding, LLC*