Fox Rothschild

Two Commerce Square, 2001 Market Street
Suite 1700
Philadelphia, PA 19103
215.299.2000 215.299.2150
WWW.FOXROTHSCHILD.COM

JOHN Q. HOWARD
Direct No: 215.299.2002
Email: jqhoward@foxrothschild.com

November 19, 2026

**VIA E-FILING AND FIRST-CLASS MAIL**
The Honorable Martin C. Carlson
Magistrate Judge
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

**Re: Maryann Butler v. New American Funding (Docket No.: 1:25-cv-00690-KMN)**

Dear Judge Carlson:

This firm represents Defendant New American Funding, LLC ("NAF") in the above-captioned matter. NAF respectfully submits this letter brief in opposition to Plaintiff Maryann Butler's ("Ms. Butler") Renewed, Limited Motion for Rule 16 and Rule 26(f) Directions Concerning the November 24 Joint Case Management Plan (Doc. 152) and her supporting brief, declaration, and exhibit (Docs. 152-1, 153, 153-1). Because NAF delivered a draft Joint Case Management Plan to Ms. Butler today, and because the parties have ample time to comply with the Court's existing Scheduling Order, the motion is unnecessary and should be denied.

## I. Background

On October 13, 2026, the Court denied Ms. Butler's motion to compel a Rule 26 conference, agreeing that discovery planning should await resolution of the then-pending motion to dismiss. (Doc. 145.) On October 27, 2026, the Court directed the parties to prepare and file a Joint Case Management Plan on or before November 24, 2026, and scheduled a telephonic case management conference for December 7, 2026, at 1:00 p.m. (Doc. 148 ¶¶ 1–2.) On November 10, 2026, Ms. Butler filed an expedited motion asking the Court to set interim dates for a Rule 26(f) conference, the exchange of proposed plan sections, and the circulation of a consolidated draft, and to authorize separate filings if joint preparation failed. (Doc. 150.) The Court denied that motion the same day, explaining that it "expect[s] the parties to cooperate among themselves to

accomplish this task without intervention by the Court" and declining to "intervene in the granular details of this process." (Doc. 151.)

The parties have since proceeded in writing. On November 15, 2026, NAF's counsel advised Ms. Butler that NAF would prepare and circulate a draft proposal, after which the parties could confer and reach an agreed plan through written correspondence; Ms. Butler welcomed that approach. (Doc. 152-1 ¶ 3; Ex. 1.) On November 19, 2026, Ms. Butler filed the present motion, asking the Court to order NAF to provide its proposed Appendix A entries by 5:00 p.m. on November 20, to require the parties to complete conferral by noon on November 23, and to grant her leave to file a separate statement or notice of impasse if a joint plan is not produced. (Doc. 152; Doc. 152-2 ¶¶ 1–3.) That same day, NAF's counsel informed Ms. Butler that NAF would deliver a draft Joint Case Management Plan to her that day so that the parties remain in compliance with the Court's Order, and that NAF intends to make its initial disclosures as required by the Rules. (Ex. 1.) Later that day, NAF's counsel delivered the draft Joint Case Management Plan to Ms. Butler for her review and comment, identifying the portions reserved for her input so that the parties can then identify their agreements and disagreements for submission to the Court. (Ex. 1.)

**II. Argument**

**A. The Requested Relief Is Unnecessary Because NAF Has Delivered a Draft Joint Case Management Plan.**

The principal relief Ms. Butler seeks is an order directing NAF to provide its proposed Appendix A entries by November 20. (Doc. 152-2 ¶ 1.) NAF delivered its draft Joint Case Management Plan today, November 19, before the date Ms. Butler herself proposes, and identified the portions reserved for her input. (Ex. 1.) The parties will then have several days to exchange comments and record any disagreements in the joint form before the November 24 deadline, which is precisely the process Ms. Butler describes as her goal: "one joint plan recording disagreements." (Doc. 152 at 3.) Her alternative request for leave to file a separate statement or notice of impasse is premised on a breakdown of joint preparation that has not occurred and need not be addressed in advance.

**B. The Narrowed Scope of This Case Does Not Warrant Court-Directed Planning Procedures.**

Only one claim remains in this action. The discovery and case management issues are correspondingly limited. Although Ms. Butler's planning correspondence identifies a wide range of topics (*see* Ex. 1; Doc. 153-1), each can be addressed in the appropriate sections of the Appendix A form and, if necessary, at the December 7 conference, the primary purpose of which is "to

establish case management deadlines to enable this action to go forward as efficiently as possible." (Doc. 148 ¶ 3.) No additional procedural directions are needed to plan discovery on a single claim.

**C. The Parties Have Sufficient Time to Comply With the Existing Scheduling Order.**

The Scheduling Order requires the Joint Case Management Plan to be filed on or before November 24, 2026, and sets the case management conference for December 7, 2026. (Doc. 148 ¶¶ 1–2.) Ms. Butler does not ask the Court to change either date, and her proposed order confirms that both "remain in effect." (Doc. 152-2 ¶ 4.) With NAF's draft in hand today, the parties have adequate time to confer in writing and finalize a joint submission within the existing schedule. No extraordinary case management directions are required.

**D. The Court Has Already Denied Substantially the Same Relief, and No Material Circumstances Have Changed.**

The renewed motion seeks substantially the same relief the Court denied nine days ago: interim deadlines for the exchange of proposed plan entries and completion of conferral, together with an advance authorization for separate filings if joint preparation fails. (*Compare* Doc. 150-2 ¶¶ 1–4, *with* Doc. 152-2 ¶¶ 1–3.) The Court declined to "intervene in the granular details of this process" and directed the parties to cooperate. (Doc. 151.) The parties have done so, agreeing to proceed through written conferral (Doc. 152-1 ¶ 3; Ex. 1), and the only intervening development - NAF's delivery of its draft today - confirms that the process the Court contemplated is working. The renewed motion presents no changed circumstances warranting a different result.

**III. Conclusion**

For these reasons, NAF respectfully requests that the Court deny Plaintiff's Renewed, Limited Motion for Rule 16 and Rule 26(f) Directions Concerning the November 24 Joint Case Management Plan (Doc. 152). NAF will continue to work cooperatively with Ms. Butler to file a Joint Case Management Plan on or before November 24, 2026, in accordance with the Court's Scheduling Order.

We thank Your Honor for Your attention to this matter.

Sincerely,
*/s/ John Q. Howard*
John Q. Howard

Fox Rothschild



cc: Ronald L. Williams, Esq. (via e-filing)
Maryann Butler (via e-filing)

# EXHIBIT 1

**From:** Howard, John Q.
**To:** M.M; Williams, Ronald L.
**Subject:** RE: [EXT] Butler v. New American Funding — Rule 26(f) Conference and Proposed Joint Case Management Plan
**Date:** Thursday, November 19, 2026 3:10:53 PM
**Attachments:** image001.png
image002.png
image003.png
2026-11-24 JCM Plan Form(251120320.1)-C.docx

---

Ms. Butler:

Please find attached a draft of the Joint Case Management Plan for your review and comment. There are portions contained in it specifically for your input. After you have filled in those portions, the parties should be able to then identify any agreements and disagreements and submit those before the court.

Regards,

John

John Howard
Associate

Fox Rothschild LLP
Philadelphia
(215) 299-2002
jqhoward@foxrothschild.com

---

**From:** Howard, John Q.
**Sent:** Thursday, November 19, 2026 1:58 PM
**To:** 'M.M' <mfmallah87@icloud.com>; Williams, Ronald L. <RWilliams@foxrothschild.com>
**Subject:** RE: [EXT] Butler v. New American Funding — Rule 26(f) Conference and Proposed Joint Case Management Plan

Ms. Butler:

I see that you have filed another motion. Please note that we will be delivering to you a draft of the Joint Case Management Plan today so that we are all in compliance with the Court's order. We also intend to make initial disclosures as required under the rules. Please let us know if you intend to make initial disclosures as well before the end of the week.

Thank you for your patience and understanding.

Sincerely,

John

John Howard
Associate

Fox Rothschild LLP
Philadelphia
(215) 299-2002
jqhoward@foxrothschild.com

---

**From:** M.M <mfmallah87@icloud.com>
**Sent:** Tuesday, November 17, 2026 3:32 PM
**To:** Howard, John Q. <jqhoward@foxrothschild.com>; Williams, Ronald L. <RWilliams@foxrothschild.com>
**Subject:** Re: [EXT] Butler v. New American Funding — Rule 26(f) Conference and Proposed Joint Case Management Plan

Mr. Howard and Mr. Williams:

I want to bring one additional docket reference to your attention concerning the email and electronic-record issues identified in my November 2 Rule 26(f) materials.

ECF No. 86, Exhibits DD-1 and DD-3, contains the April 17, 2025 email-delivery failure report and related message-header information.

Please include these records in your consideration of the email-routing, off-portal communications, and preservation issues addressed in Defendant's forthcoming case-management proposal.

This email does not add new discovery requests or change my April 6 requests, Defendant's October 30 responses, or the November 18 and November 24 dates.

Respectfully,

Maryann Butler
Plaintiff, Pro Se

On Nov 16, 2026, at 5:54 AM, M.M <mfmallah87@icloud.com> wrote:

Mr. Howard and Mr. Williams:

Thank you for your November 15 response.

I welcome proceeding through written correspondence, as I proposed on October 26. My November 2 materials already set forth my planning positions and proposed discovery timetable.

With the Joint Case Management Plan due November 24 under ECF No. 148, please circulate Defendant's proposed entries by Wednesday, November 18, at 5:00 p.m. Eastern. If that date is not workable, please provide a definite alternative that allows sufficient time to complete the joint submission.

Defendant's proposal should address the discovery timetable outlined in my November 2 materials, including the production dates under its October 30 responses, commencement of rolling production, and my proposed December 4 core production target. The December 4 proposal does not extend any earlier production commitment.

Please also address protective-order procedures, code definition production, initial disclosures, ESI and preservation, supplemental discovery, targeted interrogatories, and remaining discovery deadlines.

I ask that Defendant identify its agreements, disagreements, and alternative proposals so the parties can accurately reflect their respective positions in the joint plan.

My April 6 discovery requests and Defendant's October 30 response commitments remain unchanged, subject to their stated terms. This correspondence does not constitute supplemental discovery or agreement to extend existing deadlines.

I remain available to confer by telephone if necessary to resolve outstanding planning issues.

Please confirm when Defendant's proposal will be provided.

Respectfully,

Maryann Butler
Plaintiff, Pro Se

On Nov 15, 2026, at 10:14 PM, Howard, John Q. <jqhoward@foxrothschild.com> wrote:

Ms. Butler:
Apologies for the late response. We will prepare a draft proposal ourselves and circulate this week, after which we can confer. At this juncture, we believe that we can confer and come to an agreed plan via written correspondence. We will be in touch shortly. Thank you again for your patience.
Regards,
John

John Howard
Associate

Fox Rothschild LLP
-- Philadelphia
-- (215) 299-2002
-- jqhoward@foxrothschild.com

---

**From:** M.M <mfmallah87@icloud.com>
**Sent:** Thursday, November 12, 2026 5:04 AM
**To:** Howard, John Q. <jqhoward@foxrothschild.com>
**Cc:** Williams, Ronald L. <RWilliams@foxrothschild.com>
**Subject:** [EXT] Butler v. New American Funding — Rule 26(f) Conference and Proposed Joint Case Management Plan

Mr. Howard and Mr. Williams:

I write to arrange the parties' Rule 26(f) conference and facilitate completion of the Joint Case Management

Plan due November 24, 2026, pursuant to ECF No. 148.

Following our earlier correspondence, I addressed discovery and conference arrangements on October 31 and submitted my written Rule 26(f) planning materials on November 2. I subsequently followed up regarding scheduling. My proposed positions are attached for your review and discussion.

I acknowledge Magistrate Judge Carlson's November 10 Order (ECF No. 151), which denied my motion without prejudice and stated the Court's expectation that the parties cooperate in preparing the Joint Case Management Plan. I remain prepared to proceed accordingly.

Mr. Howard previously proposed a discussion during the week of November 9. I am available to conduct the Rule 26(f) conference on November 12, 13, or 16, at any time after 4:30 p.m. Eastern. I am also available after 4:30 p.m. on another mutually convenient day.

Please confirm a date, time, and method for the conference, or propose an alternative. I welcome Defendant's proposed entries and identification of any disagreements so that the parties can prepare a single joint submission by November 24.

The attached proposal does not withdraw or modify my April 6 discovery requests or Defendant's October 30 written production commitments.

Respectfully,

Maryann Butler
Plaintiff, Pro Se
717-857-4666

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.